UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


MELENDEZ, MICHAEL (Pro Se)

vs.                                                                                    CIVIL ACTION NO.


UNIVERSITY OF NEW HAMPSHIRE, in its official and individual capacity
LAUREN BERGER, in her official and individual capacity
SHANE COOPER, in his official and individual capacity
NELSON RAUST, in his official and individual capacity

## COMPLAINT with JURY DEMAND

### Parties to this Complaint:

1. Plaintiff Michael Melendez (395 Mendon Road, Apt. 12A North Smithfield, RI 02896).

2. Defendant University of New Hampshire (105 Main St, Durham, NH 03824). At all times relevant hereto it acted under color of state law. It is sued both in its official and individual capacity.

3. Defendant Lauren Berger (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

4. Defendant Shane Cooper (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

5. Defendant Nelson Raust (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

### Statement of Facts

6. Plaintiff Melendez is a "qualified individual with a disability" defined under the Americans with Disabilities Act, 42 U.S.C. § 12131(2).

7. Plaintiff Melendez is a "qualified individual with a disability" defined under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504).

1

8. Plaintiff Melendez has been enrolled as a student of University of New Hampshire Franklin Pierce School of Law since August 2020.

9. University of New Hampshire Franklin Pierce School of Law is a school within University of New Hampshire.

10. University of New Hampshire is a "public entity" defined under 42 U.S.C. § 12131(1).

11. University of New Hampshire must adhere to regulations set by 42 U.S.C. § 12132.

12. University of New Hampshire receives Federal funding.

13. University of New Hampshire must adhere to regulations set by Section 504.

14. Defendant Lauren Berger is employed by University of New Hampshire as Assistant Dean of Students.

15. Defendant Shane Cooper is an assistant dean employed by University of New Hampshire.

16. Defendant Shane Cooper is the direct supervisor of Defendant Lauren Berger.

17. Defendant Nelson Raust is a professor employed by University of New Hampshire.

## Jurisdiction and Venue

18. This is an action for damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Section 504, 42 U.S.C. § 12132 and Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 794a and 42 U.S.C. § 12133 based on 42 U.S.C. §1983 and questions of federal constitutional law. Venue is proper in the District of New Hampshire in that the events and conduct complained of herein all occurred in the District of New Hampshire.

## Statement of Claims

**Claim One**

19. In or about April 2021 through in or about January 2023, Defendant Berger has been aware Plaintiff Melendez did not have an effective academic advisor. Defendant Berger had an

obligation to address this matter, and failed to take appropriate action to rectify it. Defendant Berger was aware Plaintiff Melendez is a "qualified individual with a disability" defined under 42 U.S.C. § 12131(2) and Section 504. Defendant Berger's failure to act denied Plaintiff Melendez benefits of the services of a public entity, violating 42 U.S.C. § 12132, Section 504 and Plaintiff Melendez's Fourteenth Amendment rights. This violation of rights caused Plaintiff Melendez undue burden resulting in aggravation of disability symptoms, inability to academically perform, financial loss, loss of reputation, humiliation, mental suffering, and emotional distress.

**Claim Two**

20. In or about August 2022 through in or about January 2023, Dean Berger failed to provide Plaintiff Melendez with reasonable disability accommodations, including: 1) Ability to attend class primarily remote; 2) Have an advisor assist in course selection to minimize workload; 3) Centralized assistance with understanding the syllabus and other course requirements; 4) Centralized assistance with understanding the instructions of the assignments; and 5) Assistance with completing any formal request for disability accommodations. Defendant Berger was aware Plaintiff Melendez is a "qualified individual with a disability" defined under 42 U.S.C. § 12131(2) and Section 504. Defendant Berger's failure to act denied Plaintiff Melendez benefits of the services of a public entity, violating 42 U.S.C. § 12132, Section 504, and Plaintiff Melendez's Fourteenth Amendment rights. This violation of rights caused Plaintiff Melendez undue burden resulting in aggravation of disability symptoms, inability to academically perform, financial loss, loss of reputation, humiliation, mental suffering, and emotional distress.

**Claim Three**

21. In or about September 2022 through in or about January 2023, Defendant Berger retaliated against Plaintiff Melendez for a pending and ultimately filed complaint with the Civil Rights and

Equity Office (CREO) at the University of New Hampshire. The complaint was regarding the failure to provide disability accommodations. In retaliation and while knowing Plaintiff Melendez is a "qualified individual with a disability" defined under 42 U.S.C. § 12131(2) and Section 504, Defendant Berger failed to perform any duty and responsibility owed to Plaintiff Melendez, which continued the denial of Plaintiff Melendez's benefits of the services of a public entity, violating 42 U.S.C. § 12132, Section 504 and Plaintiff Melendez's Fourteenth Amendment rights. This violation of rights caused Plaintiff Melendez undue burden resulting in aggravation of disability symptoms, inability to academically perform, financial loss, loss of reputation, humiliation, mental suffering, and emotional distress.

**Claim Four**

22. In or about October 2022 through January 2023, Defendant Cooper was Defendant Berger's direct supervisor. Defendant Cooper knew or should have known Plaintiff Melendez is a "qualified individual with a disability" defined under 42 U.S.C. § 12131(2) and Section 504. Defendant Cooper knew or should have known Defendant Berger failed to provide Plaintiff Melendez with reasonable disability accommodations. Defendant Cooper failed to take appropriate action to rectify the matter. Defendant Cooper's failure to act furthered the denial of Plaintiff Melendez's benefits of the services of a public entity, violating 42 U.S.C. § 12132, Section 504, and Plaintiff Melendez's Fourteenth Amendment rights. This violation of rights caused Plaintiff Melendez undue burden resulting in aggravation of disability symptoms, inability to academically perform, financial loss, loss of reputation, humiliation, mental suffering, and emotional distress.

**Claim Five**

23. On or about October 5, 2022, Defendant Raust while knowing or should have known Plaintiff Melendez is a "qualified individual with a disability" defined under 42 U.S.C. § 12131(2) and

Section 504, taunted and humiliated Plaintiff Melendez regarding his disability with two comments. The first comment was "Michael's guest" when referring to Plaintiff Melendez's classmate. This comment was made publicly during a class lecture (Wills, Trusts, & Estates) to humiliate Plaintiff Melendez for requiring academic assistance from a classmate due to Plaintiff Melendez's disabilities. The second comment Defendant Raust made was "good-bye, Michael." After being humiliated from the first comment, Plaintiff Melendez was quietly existing the lecture. During this departure, Defendant Raust stopped the lecture and publicly made this comment to further taunt and humiliate Plaintiff Melendez. Defendant Raust's acts of taunting and humiliation against Plaintiff Melendez's disabilities are prohibited acts under 42 U.S.C. § 12132 and Section 504 as they are a form of harassment. This violation caused Plaintiff Melendez to be excluded from participation in the activities of a public entity, violating 42 U.S.C. § 12132, Section 504, and Plaintiff Melendez's Fourteenth Amendment rights. This violation of rights caused Plaintiff Melendez undue burden resulting in aggravation of disability symptoms, inability to academically perform, financial loss, loss of reputation, humiliation, mental suffering, and emotional distress.

**Claim Six**

24. In or about December 2022 through in or about January 2023, Defendant Raust retaliated against Plaintiff Melendez by submitting a failing grade for "Wills, Trusts, & Estates" for filing a CREO complaint against Defendant Raust for harassment. Defendant Raust knew or should have known Plaintiff Melendez is a "qualified individual with a disability" defined under 42 U.S.C. § 12131(2) and Section 504. Defendant Raust's act of retaliation further excluded Plaintiff Melendez from participation in the activities of a public entity, violating 42 U.S.C. § 12132, Section 504, and Plaintiff Melendez's Fourteenth Amendment rights. This violation of rights caused Plaintiff Melendez undue burden resulting in aggravation of disability symptoms,

inability to academically perform, financial loss, loss of reputation, humiliation, mental suffering, and emotional distress.

**Claim Seven**

25. In or about January 2021 through in or about January 2023, Defendant University of New Hampshire knew Plaintiff Melendez is a "qualified individual with a disability" defined under 42 U.S.C. § 12131(2) and Section 504. University of New Hampshire failed to provide appropriate disability accommodations: 1) Ability to attend class primarily remote; 2) Have an advisor assist in course selection to minimize workload; 3) Centralized assistance with understanding the syllabus and other course requirements; 4) Centralized assistance with understanding the instructions of the assignments; and 5) Assistance with completing any formal request for disability accommodations. Defendant University of New Hampshire's failure to accommodate denied Plaintiff Melendez benefits of the services of a public entity and excluded Plaintiff Melendez from participation in the activities of a public entity. This violates 42 U.S.C. § 12132, Section 504, and Plaintiff Melendez's Fourteenth Amendment rights. This violation of rights caused Plaintiff Melendez undue burden resulting in aggravation of disability symptoms, inability to academically perform, financial loss, loss of reputation, humiliation, mental suffering, and emotional distress.

## Prayer for Relief

A. Compensatory damages for all past and future economic losses incurred by the Plaintiff resulting from the Defendants' misconduct to be determined at trial pursuant to 42 U.S.C. § 12133 and 29 U.S.C. § 794a.

B. General damages for all past and future mental suffering, emotional distress, loss of reputation and embarrassment suffered by the Plaintiff resulting from the Defendants' misconduct to be determined at trial pursuant to 42 U.S.C. § 12133 and 29 U.S.C. § 794a.

C. Pre-judgment and post-judgment interest.

D. Declare that the Defendants' acts, taken in their official capacities, as alleged above, violate the Fourteenth Amendment to the United States Constitution.

E. Declare that the Defendants' acts, taken in their individual capacities, as alleged above, violate the Fourteenth Amendment to the United States Constitution.

F. Costs incurred in this action and reasonable attorney fees.

G. An order demanding the removal of all negatively impacted grades resulting from the Defendants' misconduct (Fall 2022 Semester).

H. An order demanding a public apology from the Defendants for violating Plaintiff's Fourteenth Amendment right.

I. An order demanding a public apology from the Defendants for Plaintiff's embarrassment and loss of reputation caused by the Defendants' misconduct.

J. Such other further specific and general relief as may become apparent from discovery as this matter matures for trial.

K. A jury trial on all appropriate issues.

L. Any and all other relief this Court may deem appropriate.

Date: March 3, 2023

Signature: /s/ Michael Melendez, pro se
Name: Michael Melendez
Address: 395 Mendon Road,
Apt. 12A
North Smithfield, RI 02896
Phone: (915) 490-6715