UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MICHAEL MELENDEZ,<br>        Plaintiff (Pro Se),<br><br>v.<br><br>UNIVERSITY OF NEW HAMPSHIRE, in its official and individual capacity, LAUREN BERGER, in her official and individual capacity, SHANE COOPER, in his official and individual capacity, and NELSON RAUST, in his official and individual capacity,<br>        Defendants. | Case Number:  23-cv-172-SM |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS

*Pro se* plaintiff Michael Melendez—a law student at the University of New Hampshire—brings this action against the University and several individual administrators and faculty, arising out of his alleged failure to obtain a desired accommodation for a disability and his dissatisfaction with his academic performance. The University of New Hampshire ("UNH" or "University") and Individual Defendants Lauren Berger, Shane Cooper, and Nelson Raust (together, "Defendants") hereby bring this Partial Motion to Dismiss Plaintiff's claims. First, Plaintiff's discrimination claims against the Individual Defendants should be dismissed where the overwhelming weight of authority provides that neither the Americans with Disabilities Act ("ADA") nor the Rehabilitation Act permit individual liability. Second, Plaintiff's corresponding claims under 42 U.S.C. § 1983 ("Section 1983") should be dismissed as to all Defendants where such claims are wholly derivative of his ADA and Rehabilitation Act claims.

I.     FACTUAL ALLEGATIONS

Plaintiff Michael Melendez enrolled as a law student at the University of New Hampshire Franklin Pierce School of Law ("UNH" or the "University") in or around August 2020.[1] Dkt. 1 (Compl.) ¶ 8. As best as can be determined, Plaintiff Melendez alleges that, at some point during his career as a UNH student, he required accommodation for a disability and that Defendant Lauren Berger, Assistant Dean of Students for the University, failed to provide certain accommodations and/or to address his alleged lack of an "effective academic advisor." Compl. ¶¶ 6-7, 14, 19.  Plaintiff claims that Dean Berger's direct supervisor, Defendant Associate Dean Shane Cooper, "knew or should have known" of this failure to accommodate and did not take corrective action. Compl. ¶¶ 15-16, 22.

At some point between September 2022 and January 2023, Plaintiff alleges that he filed a complaint with the UNH Civil Rights and Equity Office ("CREO") regarding his accommodation concerns.  Compl. ¶ 21.  Plaintiff claims that Dean Berger thereafter retaliated against him including by "fail[ing] to perform any duty and responsibility owed to Plaintiff." *Id.*

On or about October 5, 2022, during a Wills, Trusts, & Estates course, Plaintiff claims that Defendant Professor Nelson Raust referred to a classmate as Plaintiff's "guest"—which Plaintiff alleges was intended to embarrass him for requiring a classmate's assistance—and "taunted" Plaintiff by saying goodbye to him as he left the lecture.  Compl. ¶ 23.  Plaintiff claims that at some point, he filed a CREO Complaint alleging harassment against Professor Raust and that Professor Raust thereafter discriminated or retaliated against him by giving him a failing grade.  Compl. ¶ 24.

---

[1] Plaintiff's allegations are taken as true for purposes of this Partial Motion to Dismiss only.

2

On March 3, 2023, Plaintiff filed the above-captioned action against UNH and the Individual Defendants, asserting claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and 42 U.S.C. § 1983 ("Section 1983").

## II.  STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, Plaintiff must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly,* 550 U.S. 544, 570 (2007).  To do so, the Complaint must allege enough facts to "raise a right to relief above the speculative level." *Id.* at 555. Although the Court accepts as true all well-pleaded facts and draws all reasonable inferences in Plaintiff's favor, *Parker v. Hurley,* 514 F.3d 87, 90 (1st Cir.2008), the Court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements," *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 679 (internal citations omitted).

## III.  ARGUMENT

### A. All Discrimination Claims under the ADA and Rehabilitation Act against Individual Defendants Must Be Dismissed Where Neither Act Permits Personal Liability.

Consistent with the majority of Circuit Courts to consider the issue, all discrimination claims against the Individual Defendants should be dismissed because individuals may not be held personally liable under either the ADA or the Rehabilitation Act.  As best as can be determined from the face of the Complaint, Plaintiff alleges that he was discriminated against in violation of Title II of the ADA, 42 U.S.C. § 12132 ("Title II"), and Section 504 of the Rehabilitation Act ("Section 504").  Both Acts "provide, in nearly identical language, that 'no qualified individual with a disability shall, by reason of such disability, be excluded from

3

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Nunes v. Mass. Dep't of Corr.*, 766 F.3d 136, 144 (1st Cir. 2014) (citing 42 U.S.C. § 12132; 29 U.S.C. § 794(a)).  To state a plausible claim under either statute, Plaintiff must allege: "(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Parker v. Universidad de P.R.*, 225 F.3d 1, 5 (1st Cir. 2000); *Gray v. Hanks*, No. 20-CV-152-PB, 2021 WL 2593613, at *3 (D.N.H. June 8, 2021), *report and recommendation adopted sub nom. Gray v. NH Dep't of Corr.*, No. 20-CV-152-PB, 2021 WL 2592171 (D.N.H. June 23, 2021).

Neither Act, however, provides a cause of action for discrimination against individuals in their personal capacities.  Rather, Title II prohibits discrimination by a "public entity," defined as any state or local government, department, agency, or other instrumentality, 42 U.S.C. § 12131(1), while Section 504 prohibits discrimination by a federally-funded "program or activity," whether public or private. *See* 29 U.S.C. § 794(b).  Because an individual is neither a "public entity" nor a "program or activity," the District of New Hampshire has consistently held that individuals may not be sued in their personal capacities under either statute. *See, e.g., Gray*, 2021 WL 2593613, at *4 (citing *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (finding no individual liability under Title II)); *Tveter v. Derry Cooperative School District SAU #10,* 16-cv-329-PB, 2018 WL 3520827, at *5 (D.N.H. July 20, 2018) (dismissing Title II and Section 502 claims, holding that "neither the ADA nor the Rehabilitation Act permit individual capacity actions"); *Kiman v. N.H. Dept. of Corrections*, 01-cv-134-JD, 2007 WL

2247843, at *8 (D.N.H. Aug. 1, 2007) (joining five circuits to determine that the ADA does not permit individual liability and reasoning that "public entity" under Title II plainly refers to "collective units, not individuals"); *Abbott v. Town of Salem,* No. 05-CV-127-SM, 2006 WL 276704, *4 (D.N.H. Feb. 2, 2006) (dismissing as impermissible individual capacity claims under Title II and Section 504).

Numerous Circuit Courts to consider the issue agree that neither Title II nor Section 504 permit individuals to be sued in their personal capacities for alleged discrimination. *See, e.g.*, *Garcia v. State Univ. of N.Y. Health Scis. Ctr.*, 280 F.3d 98, 107 (2d Cir. 2001) (no individual liability under Title II), *Alsbrook*, 184 F.3d at 1005 n. 8 (same). Although the First Circuit has not ruled on this issue, it has joined other Circuits in the "virtually universal view" that Title I of the ADA does not provide for individual liability. *Roman–Oliveras v. P.R. Elec. Power Auth.,* 655 F.3d 43, 52 (1st Cir. 2011).

**B. Plaintiff's Constitutional Claim Must Be Dismissed Because He May Not Enforce Discrimination Claims under the ADA or Rehabilitation Act through Section 1983.**

Consistent with the majority of Circuits, the Court should further dismiss Plaintiff's civil rights claims against all Defendants because the ADA and Rehabilitation Acts bar derivative claims under 42 U.S.C. § 1983 ("Section 1983"). *See Gray*, 2021 WL 2593613, at *4 (citing *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002)). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' *Borras-Borrero v. Corporacion del Fondo del Seguro del Estado*, 958 F.3d 26, 35 (1st Cir. 2020). However, not all federal statutory rights may be pursued through Section 1983, including where "Congress has foreclosed such enforcement of the statute in the enactment itself." *Wilder v. Virginia Hosp. Assoc.*, 496 U.S. 498, 508 (1990). Rather, where Congress has instituted a "comprehensive remedial scheme for the enforcement of a statutory right," there is a

5

presumption that Congress--explicitly or implicitly--intended to foreclose resort to general remedial schemes such as Section 1983. *See, e.g.*, *Vinson*, 288 F.3d at 1155 (dismissing individual capacity claim under Sec. 1983 premised on violation of Title II and Section 504).

Consistent with that analysis, a majority of Circuit Courts to consider the issue has found that both the ADA and Rehabilitation Act provide comprehensive remedial schemes barring Section 1983 claims predicated on violations of those Acts. *See e.g.*, *Vinson*, 288 F.3d at 1155; *Lollar v. Baker,* 196 F.3d 603, 608-609 (5th Cir. 1999) (barring Section 1983 claim premised on Rehabilitation Act violation); *Alsbrook*, 184 F.3d at 1010-1012 (barring Section 1983 claim premised on Title II violation); *Holbrook v. City of Alpharetta, Ga.,* 112 F.3d 1522 (11th Cir. 1997) (barring Section 1983 claim premised on Title II violation as "duplicative at best").[2] In conformity with these Circuit Court decisions, the District of New Hampshire has dismissed Section 1983 claims premised upon alleged violations of Title II and Section 504. *See, e.g.*, *Gray*, 2021 WL 2593613, at *4. As have other courts in this Circuit. *See, e.g.*, *Logie v. Mass. Bay Transp. Auth.*, 323 F. Supp. 3d 164 (D. Mass. 2018) (report and recommendation); *Millay v. Surry Sch. Dep't*, No. 09-CV-411-B-W, 2009 WL 5184398, at *10 (D. Me. Dec. 22, 2009), report and recommendation adopted, No. CV-09-411-B-W, 2010 WL 346718 (D. Me. Jan. 22, 2010). Allowing Plaintiff to merely restyle a complaint under Section 1983 would circumvent the Acts' remedial structure, including, their prohibition on individual liability. *See e.g.*, *Tri-Corp Hous. Inc. v. Bauman*, 826 F.3d 446, 449 (7th Cir. 2016) (holding that Section 1983 cannot be used to alter categories of persons potentially liable in private actions under the ADA and Rehabilitation Act); *Vinson*, 288 F.3d at 1155; *Lollar*, 196 F.3d at 608-09 (holding that plaintiff

---

[2] *See M.M.R.-Z. ex rel. Ramirez-Senda v. Puerto Rico*, 528 F.3d 9, 13 n.3 (1st Cir. 2008) (observing generally that "Section 1983 cannot be used as a vehicle for ADA or other statutory claims that provide their own frameworks for damages.").

may not "use section 1983 as a vehicle to reach [defendant] individually" for Rehabilitation Act violation); *Alsbrook*, 184 F.3d at 1012 (8th Cir. 1999) (prohibiting plaintiff from using Section 1983 to sue individuals and impermissibly "enlarge the relief available" under Title II).

Here, the allegations underlying Plaintiff's Section 1983 claims are entirely duplicative of those supporting his claims under Title II and/or Section 504. Accordingly, consistent with previous cases in this district and guiding Circuit decisions, this Court should dismiss Plaintiff's constitutional claim against all Defendants.[3]

Where all of the claims against the Individual Defendants in their "individual" capacities must be dismissed for the foregoing reasons, the Court should dismiss them as defendants in their entirety. Any remaining claims against them in their "official" capacity are redundant and unnecessary where UNH is already a named defendant; official-capacity claims are tantamount to a "suit against . . . [their] office," i.e., to a suit against the University. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) (official capacity suits are tantamount to a "suit against [the official's] office"). Accordingly, all claims against the Individual Defendants should be dismissed.[4]

---

[3] The Court should further dismiss Plaintiff's Section 1983 claim as to Individual Defendants for the additional reason that they would likely be entitled to qualified immunity. *See Eves v. LePage*, 927 F.3d 575, 582–89 (1st Cir. 2019) (qualified immunity is intended to "protect[] all but the plainly incompetent or those who knowingly violate the law," such that plaintiff must demonstrate that "the law was 'sufficiently clear [such] that every reasonable official would understand that what he is doing is unlawful").

[4] UNH—and Individual Defendants in their official capacities—further reserve all rights to raise defenses based upon any entitlement to sovereign immunity in this matter.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Partial Motion to Dismiss be granted and Plaintiff's claims be dismissed with prejudice.

Respectfully submitted,

DEFENDANTS

UNIVERSITY OF NEW HAMPSHIRE, LAUREN BERGER, SHANE COOPER, and NELSON RAUST,

By Their Attorneys,

*/s/ Jeffrey T. Collins*
Jeffrey T. Collins (NH Bar No. 11260)
Gregory Manousos, *pro hac application pending*
Rachel Shapiro, *pro hac application pending*
**MORGAN, BROWN & JOY, LLP**
200 State Street, Suite 11A
Boston, MA  02109
T: (617) 523-6666
E: jcollins@morganbrown.com
E: gmanousos@morganbrown.com
E: rshapiro@morganbrown.com

Date: June 16, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2023, this document filed through the ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and, per written agreement of the Parties, copies shall be sent via email to Michael Melendez at Michael.Melendez@law.unh.edu.

*/s/ Jeffrey T. Collins*
Jeffrey T. Collins