UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

MELENDEZ, MICHAEL (Pro Se)

      vs.                                          CIVIL ACTION NO. 2023-CV-00172SM

UNIVERSITY OF NEW HAMPSHIRE, in its official and individual capacity
LAUREN BERGER, in her official and individual capacity
SHANE COOPER, in his official and individual capacity
NELSON RAUST, in his official and individual capacity
BRAD HINTON, in his official and individual capacity
SOPHIE SPARROW, in her official and individual capacity
EMILY WILCOX, in her official and individual capacity
MEGAN CARPENTER, in her official and individual capacity
REBECCA PURDOM, in her official and individual capacity

**FIRST AMENDED COMPLAINT with JURY DEMAND**

**PARTIES TO THIS COMPLAINT:**

1. Plaintiff Michael Melendez (395 Mendon Road, Apt. 12A, North Smithfield, RI 02896).

2. Defendant University of New Hampshire (105 Main St, Durham, NH 03824). At all times relevant hereto it acted under color of state law. It is sued both in its official and individual capacity.

3. Defendant Lauren Berger (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

4. Defendant Shane Cooper (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

5. Defendant Nelson Raust (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

6. Defendant Brad Hinton (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

1

7. Defendant Sophie Sparrow (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

8. Defendant Megan Carpenter (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

9. Defendant Emily Wilcox (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

10. Defendant Rebecca Purdom (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

**STATEMENT OF FACTS**

11. Plaintiff Melendez is a "qualified individual with a disability" defined under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131(2).

12. Plaintiff Melendez is a "qualified individual with a disability" defined under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").

13. Plaintiff Melendez has been enrolled as a student of University of New Hampshire Franklin Pierce School of Law since August 2020.

14. University of New Hampshire Franklin Pierce School of Law is a school within University of New Hampshire ("UNH").

15. University of New Hampshire is a "public entity" defined under 42 U.S.C. § 12131(1).

16. University of New Hampshire must adhere to regulations set by 42 U.S.C. § 12132.

17. University of New Hampshire receives Federal funding.

18. University of New Hampshire must adhere to regulations set by Section 504.

19. Defendant Lauren Berger is an assistant dean employed by University of New Hampshire.

20. Defendant Shane Cooper is an assistant dean employed by University of New Hampshire.

21. Defendant Shane Cooper is the direct supervisor of Defendant Lauren Berger.

22. Defendant Nelson Raust is a professor employed by University of New Hampshire.

## JURISDICTION AND VENUE

23. Plaintiff Melendez's claims arise under 42 U.S.C. § 12132; 12203 (Americans with Disability Act, ADA), Section 504 of the Rehabilitation Act of 1973 (Section 504), and New Hampshire R.S.A. 354-A (RSA 354-A).

24. This Court has jurisdiction over Plaintiff's Melendez's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

25. This Court has supplemental jurisdiction over Plaintiff Melendez's state law claims pursuant to 28 U.S.C. § 1367, because the state law claims arise from the same facts as the federal claims.

26. Venue is appropriate as all stated events occurred in New Hampshire.

## STATEMENT OF CLAIMS

**Claim One – DEFENDANTS VIOLATED 42 U.S.C. 12132 & SECTION 504**

27. Plaintiff Melendez is a "qualified individual with a disability" defined under 42 U.S.C. § 12131(2) and Section 504.

28. From in or about August 2022 through in or about June 2023 Plaintiff Melendez was excluded from using a public entity program or benefit: 1) Obtaining Leave of Absence; 2) Participation in class; 3) Completing the accommodation request process; and 4) Inability to participate in "Student Academic Success,"

29. Plaintiff Melendez was excluded from the stated programs or benefits by reason of his mental health and learning disabilities.

30. Defendants: Carpenter; Cooper; Berger; Purdom; Sparrow; and Hinton under 28 C.F.R. § 35.160 all had a statutory obligation to furnish appropriate auxiliary aid and services to allow Plaintiff Melendez an equal opportunity to participate in a public entity's program.

31. Defendants breached their duty by failing to provide Plaintiff Melendez with the following accommodations after numerous requests: 1) Ability to attend class primarily remote; 2) Have an advisor; 3) Centralized assistance with understanding the syllabus and other course requirements; 4) Centralized assistance with understanding the instructions of specific assignments; 5) Assistance in obtaining Leave of Absence; 6) Assistance in completing necessary forms and applications. 7) Assistance with discriminatory treatment and retaliation.

32. Defendants' breach of duty violated: 28 C.F.R. § 35.160; 42 U.S.C. § 12132; and Section 504.

33. As a result of Defendants actions, Plaintiff Melendez suffered: failing grades; undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; and a significantly documented, permanent increase in disability rating.

**Claim Two – DEFENDANTS VIOLATED 42 U.S.C. 12203; SECTION 504; N.H. RSA 354-A; & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

34. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations contained in the preceding paragraphs.

35. Defendants' failure to accommodate, as mentioned in Claim One, was intentional or reckless and intended to inflict emotional damage on Plaintiff.

36. Defendants' actions did inflict emotional damage on Plaintiff.

37. Defendants had no reason to believe their actions were lawful.

38. Defendants' actions were wanton, malicious, or oppressive.

39. Defendants' actions are outrageous as they: 1) Collectively encompass the school's administration; 2) Include significant number of Dean level administrators; 3) Maintained significant authority over Plaintiff Melendez; 4) Knew Plaintiff is disabled; 5) Knew Plaintiff Melendez was in a vulnerable state; 5) Knew not providing accommodations would hurt

Plaintiff Melendez; 6) Knew Plaintiff has been significantly absent from the school; 7) Intentionally or recklessly disregarded Plaintiff's rights.

40. Defendants' actions violate: 42 U.S.C. § 12203; Section 504; N.H. RSA 354-A; and IIED.

41. As a result of Defendants actions, Plaintiff Melendez suffered: failing grades; undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; and a significantly documented, permanent increase in disability rating.

**Claim Three – RAUST'S COMMENTS VIOLATED 42 U.S.C. 12203; SECTION 504; N.H. RSA 354-A; & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

42. Plaintiff Melendez is a "qualified individual with a disability" defined under 42 U.S.C. § 12131(2) and Section 504.

43. Plaintiff Melendez attended the class "Wills, Trusts, and Estates" in the Fall of 2022.

44. "Wills, Trusts, and Estates" was taught by Defendant Raust in the Fall of 2022.

45. Plaintiff Melendez was physically in class on or about October 5, 2022.

46. On or about October 5, 2022, Defendant Raust intentionally or recklessly interfered with Plaintiff Melendez's enjoyment of well established, protected rights, (participate in public program & protected from harassment).

47. Defendant Raust intentionally made two comments that harassed, taunted, and humiliated Plaintiff Melendez for needing disability assistance.

48. The first comment Defendant Raust made was "Can Michael's guest answer the question."

49. Defendant Raust interrupted the lecture from the podium to make this statement.

50. The statement intended to or recklessly brought negative attention to Plaintiff Melendez's disability.

51. It spotlighted the presence and need for disability accommodations in a degrading fashion.

52. Defendant's first statement caused embarrassment, humiliation, and interfered with Plaintiff Melendez receiving assistance, participating in class, a public entity's program, and being protected from harassment.

53. Defendant's first statement was outrageous as Defendant Raust: 1) Is a professor; 2) Maintained authority over Plaintiff Melendez during class; 3) Knew Plaintiff is disabled; 4) Knew Plaintiff Melendez was in a vulnerable state; 5) Knew the comment would hurt Plaintiff Melendez; 6) Interrupted the lecture to announce the statement 7) Knew Plaintiff Melendez was protected by right; 8) Intentionally or recklessly disregarded Plaintiff's rights.

54. Due to mental and emotional distress caused by Defendant Raust's first statement, Plaintiff Melendez was unable to medically continue with class participation and needed to leave the lecture.

55. During Plaintiff Melendez' departure, Defendant Raust interrupted the lecture a second time and publicly announced "Good-bye, Michael."

56. Defendant's second statement focused the class's attention onto Plaintiff Melendez departing the classroom.

57. Defendant's second comment further harassed, humiliated, and interfered with Plaintiff Melendez's ability to participate in a public entity's program and right to be protected from harassment.

58. Defendant's second comment was outrageous as Defendant Raust: 1) Is a professor; 2) Maintained authority over Plaintiff Melendez during class; 3) Knew Plaintiff was significantly disabled; 4) Knew Plaintiff Melendez was in a vulnerable state; 5) Knew Plaintiff Melendez was protected by right; 6) Intentionally or recklessly disregarded Plaintiff's rights. 7) Knew the comment would hurt Plaintiff Melendez; 8) Interrupted the lecture to announce a second comment; 9) Knew Plaintiff was departing due to the first comment; 10) Made comment while

smirking; 11) Made with condescending tone; and 12) made while waiving his hand in a "Good-bye" gesture."

59. Both of Defendant Raust's comments recklessly or intended to inflict emotional damage onto Plaintiff Melendez.

60. Plaintiff Melendez did receive emotional damage due to Defendant Raust's actions.

61. Defendant Raust's comments interfered with Plaintiff Melendez's right to participate in a public entity's program and be protected from discrimination.

62. Defendant Raust had no reason to believe his actions were lawful.

63. Defendant's actions were wanton, malicious, or oppressive.

64. Defendants' actions violate: 42 U.S.C. § 12203; Section 504; N.H. RSA 354-A and IIED.

65. As a result of the Defendants' actions, Plaintiff Melendez suffered: failing grades; undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; and a significantly documented, permanent increase in disability rating.

**Claim Four – RAUST RETALIATES VIOLATING 42 U.S.C. 12203; SECTION 504; N.H. RSA 354-A & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

66. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations contained in the preceding paragraphs.

67. In or about October 2022 through January 2023, Plaintiff Melendez took several protected actions against Defendant Raust's discriminatory acts described in Claim Three.

68. Plaintiff's actions that opposed disability discrimination included: 1) Direct Email to Defendant Raust; 2) Notified Advisor; 3) Notified Assistant Dean of Students; 4) Notified Assistant Dean of Academic Affairs; 5) Notified Assistant Dean of School; 6) Filed a complaint with the Civil Rights and Equity Office ("CREO") at the UNH.

69. In or about December 2022, Defendant Raust issued a failing grade in retaliation to Plaintiff Melendez for opposing disability discrimination, a well-established protected right.

70. Defendant Raust knew of Plaintiff Melendez's well-established rights to be protected from discrimination and retaliation.

71. Defendant Raust intentionally or recklessly ignored Plaintiff's well-established rights.

72. Defendant recklessly or intended to emotionally damage Plaintiff with the failing grade.

73. Plaintiff Melendez did receive emotional damage from Defendant Raust's intentional or reckless behavior.

74. Defendant Raust had no reason to believe his actions were lawful.

75. Defendant's actions were wanton, malicious, or oppressive.

76. This intentional act was outrageous as Defendant Raust: 1) Is a professor; 2) Maintained authority over Plaintiff Melendez during the semester; 3) Knew Plaintiff was significantly disabled; 4) Knew Plaintiff Melendez was in a vulnerable state; 5) Knew the grade would hurt Plaintiff Melendez; 6) Intended to or recklessly emotionally damage Plaintiff; 7) Knew Plaintiff Melendez was protected by right; 8) Intentionally or recklessly disregarded Plaintiff's right. 9) Knew Plaintiff was already emotionally damaged from the two comments described in Count Three.

77. Defendant Raust's actions violated: 42 U.S.C. § 12203; Section 504; N.H. RSA 354-A and IIED.

78. As a result of the discrimination and retaliation, Plaintiff Melendez suffered: failing grades; undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; and a significantly documented, permanent increase in disability rating.

**Claim Five – Hinton and Sparrow violated 42 U.S.C. 12203; Section 504; N.H. RSA 354-A & Intentional Infliction of Emotional Distress (IIED)**

79. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations contained in the preceding paragraphs.

80. In or about January 2023 through in or about June 2023, Defendants Hinton and Sparrow threatened, intimidated, and interfered with Plaintiff Melendez's enjoyment of Federally protected rights, violating: 42 U.S.C. § 12203; Section 504; and N.H. RSA 354-A; IIED.

81. Defendants' threats, intimidation, and interference came in the form of emails to Plaintiff.

82. The Defendants threatened and intimidated Plaintiff Melendez with disenrollment from the law school.

83. The notices of disenrollment were not made with any legitimate purpose.

84. The threats and intimidation interfered with Plaintiff Melendez's enjoyment of his Leave of Absence and protection from disability discrimination.

85. Defendants' emails were intentional or reckless and intended to inflict emotional damage onto Plaintiff.

86. Defendants' actions did inflict emotional damage on Plaintiff.

87. Defendants had no reason to believe their actions were lawful.

88. Defendants' actions were wanton, malicious, or oppressive.

89. Defendants' actions are outrageous as they: 1) Contradict the roles of the administrators involved; 2) Include the Head of Student Advising; 3) Include the chair of CASS 4) Maintained authority over Plaintiff Melendez; 5) Knew Plaintiff is disabled; 6) Knew Plaintiff Melendez was in a vulnerable state; 5) Knew threating and intimidating Plaintiff Melendez would hurt him; 7) Knew Plaintiff has been significantly absent from the school; and 8) Intentionally or recklessly disregarded Plaintiff's rights.

90. As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; and a significantly documented, permanent increase in disability rating.

**Claim Six – WILCOX'S INTERFERENCE VIOLATED 42 U.S.C. 12203; SECTION 504; & N.H. RSA 354-A INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

91. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations contained in the preceding paragraphs.

92. In or about November 2022, Plaintiff Melendez filed a discrimination complaint with Civil Rights and Equity Office (CREO).

93. Defendant Wilcox is a director of CREO

94. It was Defendant Wilcox's duty to investigate accusations of federal right violations.

95. In or about January 2023, Defendant Wilcox notified Plaintiff of the denial to investigate his claims of federal right violations.

96. Defendant intentionally or recklessly refused to perform duties owed to Plaintiff (Investigate claims of federal right violations).

97. Defendant Wilcox made this decision despite Plaintiff Melendez's supporting documentation.

98. The documentation clearly and indisputably demonstrated accusations of federal right violations.

99. By failing to act, Defendant Wilcox interfered with Plaintiff's enjoyment of the right to file a complaint against disability discrimination and retaliation.

100. Defendant Wilcox intended to or recklessly inflicted emotional damage onto Plaintiff Melendez by refusing to investigate the matter.

101. Plaintiff Melendez did receive emotional damage from Defendant Wilcox's intentional or reckless actions.

102. Defendant Wilcox had no reason to believe her actions were lawful.

103. Defendant's actions were wanton, malicious, or oppressive.

104. This intentional act was outrageous as Defendant Wilcox: 1) Works in the "Civil Rights and Equity Office;" 2) Is a director of the Civil Rights and Equity Office; 3) Knew Plaintiff is disabled; 4) Knew Plaintiff Melendez was in a vulnerable state; 5) Knew that not assisting would hurt Plaintiff Melendez; 6) Intended to hurt Plaintiff; 7) Knew Plaintiff Melendez was protected by right; and 8) Intentionally or recklessly disregarded that right.

105. Defendant's actions violated: 42 U.S.C. § 12203; Section 504; and N.H. RSA 354-A; and IIED.

106. As a result of the discrimination and retaliation, Plaintiff Melendez suffered: failing grades; undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; and a significantly documented, permanent increase in disability rating.

**PRAYER FOR RELIEF**

A. Compensatory damages for all past and future economic losses incurred by the Plaintiff resulting from the Defendants' misconduct to be determined at trial pursuant to 42 U.S.C. § 12133; 42 U.S.C. § 12203; 29 U.S.C. § 794a; and RSA 354-A.

B. General damages for all past and future mental suffering, emotional distress, loss of reputation and embarrassment suffered by the Plaintiff resulting from the Defendants' misconduct to be determined at trial pursuant to 42 U.S.C. § 12133; 42 U.S.C. § 12203; 29 U.S.C. § 794a; and RSA 354-A.

C. Enhanced Compensatory damages pursuant to RSA 354-A, for willful or reckless disregard for Plaintiff Melendez's rights and intentionally causing emotional damage.

D. Pre-judgment and post-judgment interest.

E. Declare that the Defendants' acts, taken in their official capacities, as alleged above violate 42 U.S.C. § 12132; § 12203; Section 504; and N.H. RSA 354-A.

F. Costs incurred in this action.

G. An order demanding a public apology from the Defendants for Plaintiff's embarrassment and loss of reputation caused by the Defendants' misconduct.

H. Such other further specific and general relief as may become apparent from discovery as this matter matures for trial.

I. A jury trial on all appropriate issues.

J. Any and all other relief this Court may deem appropriate.

Date: June 23, 2023               Signature: /s/ *Michael Melendez, pro se*

                                               Name: Michael Melendez

                                               Address: 395 Mendon Road

                                               Apt 12A

                                               North Smithfield, RI 02896

                                               Telephone No.: (915) 490-6715