FILED - USDC -NH
2023 OCT 6 PM 2:57

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


MELENDEZ, MICHAEL (Pro Se)


vs.                                                          CIVIL ACTION NO. 2023-CV-00172SM


UNIVERSITY OF NEW HAMPSHIRE, in its official and individual capacity
LAUREN BERGER, in her official and individual capacity
SHANE COOPER, in his official and individual capacity
NELSON RAUST, in his official and individual capacity
BRAD HINTON, in his official and individual capacity
SOPHIE SPARROW, in her official and individual capacity
EMILY WILCOX, in her official and individual capacity
MEGAN CARPENTER, in her official and individual capacity
REBECCA PURDOM, in her official and individual capacity
JON CAVICCHI, in his official and individual capacity
DALE KENNY, in her official and individual capacity
ALBERT SCHERR, in his official and individual capacity
MICHAEL DUBE, in his official and individual capacity
BIRON BEDARD, in his official and individual capacity
ELIZABETH WOODCOCK, in her official and individual capacity
MATTHEW GRADY, in his official and individual capacity
JAMES DEAN, in his official and individual capacity
MELISSA CHRISTENSEN, in her official and individual capacity
SETH ORANBURG, in his official and individual capacity
RACHEL SHAPIRO, in her official and individual capacity
MORGAN, BROWN and JOY, LLP, in its official and individual capacity


## SECOND AMENDED COMPLAINT with JURY DEMAND

### PARTIES TO THIS COMPLAINT:

1. Plaintiff Michael Melendez (395 Mendon Road, Apt. 12A, North Smithfield, RI 02896).

2. Defendant University of New Hampshire (105 Main St, Durham, NH 03824). At all times relevant

   hereto, it acted under color of state law. It is sued both in its official and individual capacity.

1

3. Defendant Lauren Berger (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

4. Defendant Shane Cooper (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

5. Defendant Nelson Raust (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

6. Defendant Brad Hinton (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

7. Defendant Sophie Sparrow (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

8. Defendant Megan Carpenter (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

9. Defendant Emily Wilcox (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

10. Defendant Rebecca Purdom (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

11. Defendant Jon Cavicchi (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

12. Defendant Dale Kenny (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

13. Defendant Albert Scherr (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

14. Defendant Michael Dube (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

15. Defendant Biron Bedard (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

16. Defendant Elizabeth Woodcock (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

17. Defendant Matthew Grady (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

18. Defendant James Dean (105 Main St, Durham, NH 03824). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

19. Melissa Christensen (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

20. Seth Oranburg (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

21. Rachel Shapiro (200 State Street, 11th Floor, Boston, MA 02109). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

22. Morgan, Brown and Joy, LLP (200 State Street, 11th Floor, Boston, MA 02109). At all times relevant hereto, it acted under color of state law. It is sued both in its official and individual capacity.

## STATEMENT OF FACTS

23. Plaintiff Melendez is a "qualified individual with a disability" defined under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131(2).

24. Plaintiff Melendez is a "qualified individual with a disability" defined under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").

3

25. Plaintiff Melendez is a "qualified individual with a disability" defined under New Hampshire R.S.A. 354-A:2.

26. Plaintiff Melendez has been enrolled as a student at the University of New Hampshire Franklin Pierce School of Law since August 2020.

27. University of New Hampshire Franklin Pierce School of Law is a school within University of New Hampshire ("UNH").

28. University of New Hampshire is a "public entity" defined under 42 U.S.C. § 12131(1).

29. University of New Hampshire must adhere to regulations set by 42 U.S.C. § 12132.

30. University of New Hampshire receives Federal funding.

31. University of New Hampshire must adhere to regulations set by Section 504.

32. University of New Hampshire is a "public entity" defined under New Hampshire R.S.A. 354-A:2.

33. At all times relevant hereto, Defendant Lauren Berger was an agent or employee of the University of New Hampshire.

34. At all times relevant hereto, Defendant Shane Cooper was an agent or employee of the University of New Hampshire.

35. At all times relevant hereto, Defendant Nelson Raust was an agent or employee of the University of New Hampshire.

36. At all times relevant hereto, Defendant Brad Hinton was an agent or employee of the University of New Hampshire.

37. At all times relevant hereto, Defendant Sophie Sparrow was an agent or employee of the University of New Hampshire.

38. At all times relevant hereto, Defendant Emily Wilcox was an agent or employee of the University of New Hampshire.

4

39. At all times relevant hereto, Defendant Megan Carpenter was an agent or employee of the University of New Hampshire.

40. At all times relevant hereto, Defendant Rebecca Purdom was an agent or employee of the University of New Hampshire.

41. At all times relevant hereto, Defendant Jon Cavicchi was an agent or employee of the University of New Hampshire.

42. At all times relevant hereto, Defendant Dale Kenny was an agent or employee of the University of New Hampshire.

43. At all times relevant hereto, Defendant Albert Scherr was an agent or employee of the University of New Hampshire.

44. At all times relevant hereto, Defendant Michael Dube was an agent or employee of the University of New Hampshire.

45. At all times relevant hereto, Defendant Biron Bedard was an agent or employee of the University of New Hampshire.

46. At all times relevant hereto, Defendant Elizabeth Woodcock was an agent or employee of the University of New Hampshire.

47. At all times relevant hereto, Defendant Matthew Grady was an agent or employee of the University of New Hampshire.

48. At all times relevant hereto, Defendant James Dean was an agent or employee of the University of New Hampshire.

49. At all times relevant hereto, Defendant Melissa Christensen was an agent or employee of the University of New Hampshire.

50. At all times relevant hereto, Seth Oranburg was an agent or employee of the University of New Hampshire.

5

51. At all times relevant hereto, Defendant Rachel Shapiro was an agent or representative of the University of New Hampshire.

52. At all times relevant hereto, Defendant Morgan, Brown and Joy, LLP was an agent or representative of the University of New Hampshire.

53. At all times relevant hereto, the incidents took place in New Hampshire.

## JURISDICTION AND VENUE

54. Plaintiff Melendez's claims arise under: 42 U.S.C. 1983; 42 U.S.C. § 12132; 12203 (Americans with Disability Act, ADA); Section 504 of the Rehabilitation Act of 1973 (Section 504); New Hampshire R.S.A. 354-A (RSA 354-A); New Hampshire R.S.A. 508:4 (RSA 508:4); and New Hampshire Common Law.

55. This Court has jurisdiction over Plaintiff's Melendez's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

56. This Court has supplemental jurisdiction over Plaintiff Melendez's state law claims pursuant to 28 U.S.C. § 1367, because the state law claims arise from the same facts as the federal claims.

57. Venue is appropriate as all stated events occurred in New Hampshire.

## STATEMENT OF CLAIMS

**DEFENDANTS COOPER; BERGER; HINTON; DUBE; SCHERR; WOODCOCK; BERDARD; & RAUST FAILED TO PROVIDE REASONABLE DISABILITY ACCOMMODATIONS NECESSARY TO ATTEND CLASS, VIOLATING: 42 U.S.C. 12132; SECTION 504; 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:17; NIED; IIED; & CONSPIRACY**

**Claim One – Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; & Raust failed to provide reasonable disability accommodations necessary for Plaintiff to attend class, violating 42 U.S.C. 12132**

58. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

59. From in or about August 2022 through December 2022, Plaintiff Melendez was excluded from participating in a public entity's program or benefit, class, by reason of his disabilities.

60. Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; and Raust had a statutory obligation to furnish appropriate auxiliary aid and services to allow Plaintiff Melendez an equal opportunity to participate in class, a public entity's program.

61. Defendants breached their duty by failing to provide Plaintiff Melendez with the following reasonable accommodations: 1) Ability to attend class primarily remote; 2) Have an advisor; 3) Centralized assistance with understanding the syllabus and other course requirements; 4) Centralized assistance with understanding the instructions of specific assignments.

62. Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; and Raust's breach of duty violated 42 U.S.C. § 12132.

63. Defendants had no reason to believe their actions were lawful.

64. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

65. Defendants' actions were wanton, malicious, or oppressive.

66. As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Two – Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; & Raust failed to provide reasonable disability accommodations, violating Section 504**

67. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

68. Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; and Raust's failure to provide accommodations, specified in Claim One (Paragraphs 58-66), likewise, violate Section 504.

69. Defendants had no reason to believe their actions were lawful.

70. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

71. Defendants' actions were wanton, malicious, or oppressive.

72. As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Three – Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; & Raust interfered with Plaintiff attending class, violating 42 U.S.C. 12203**

73. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

74. Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; and Raust's failure to provide accommodations, specified in Claim One (Paragraphs 58-66), interfered with Plaintiff Melendez exercising his right to have an opportunity to fully enjoy class, a public entity's program or benefit, likewise, violating 42 U.S.C 12203.

75. Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

76. Defendants had no reason to believe their actions were lawful.

77. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

8

78. Defendants' actions were wanton, malicious, or oppressive.

79. As a result of Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; and Raust's breach of duty, Plaintiff Melendez suffered: failing grades; undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Four – Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; & Raust's failure to provide Plaintiff with accommodations to attend class was motivated by race, violating 42 U.S.C. 1981**

80. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

81. Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; and Raust's failure to provide accommodations, specified in Claim One (Paragraphs 58-66), was motivated by race, likewise, violating 42 U.S.C 1981.

82. In discriminating against Plaintiff Melendez based on his race, Defendants acted with willful and/or reckless disregard of Plaintiff's protected rights.

83. Defendants had no reason to believe their actions were lawful.

84. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

85. Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; and Raust's actions were wanton, malicious, or oppressive.

86. As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional

9

distress; being wrongfully dismissed from the law school; and a significantly documented,

permanent increase in disability rating.

**Claim Five – Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; & Raust wrongfully withheld reasonable, disability accommodations, violating RSA 354-A:17**

87. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

88. Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; and Raust's wrongful withholding of accommodations, specified in Claim One (Paragraphs 58-66), discriminated against Plaintiff Melendez on the basis of his disability, likewise, violating RSA 354-A:17.

89. Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

90. Defendants had no reason to believe their actions were lawful.

91. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

92. Defendants' actions were wanton, malicious, or oppressive.

93. As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Six – Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; & Raust's wrongful withholding of disability accommodations, negligently inflicted emotion damage on Plaintiff Melendez, violating NIED**

94. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

10

95. Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; and Raust's failure to provide accommodations, specified in Claim One (Paragraphs 58-66), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

96. Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

97. Defendants had no reason to believe their actions were lawful.

98. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

99. Defendants' actions were wanton, malicious, or oppressive.

100.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Seven – Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; & Raust intentionally inflicted emotional damage on Plaintiff, violating IIED**

101.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

102.    Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; and Raust's failure to provide accommodations, specified in Claim One (Paragraphs 58-66), was intended to or recklessly cause emotional damage on Plaintiff.

103.    Defendants' actions did inflict emotional damage on Plaintiff, likewise, violating IIED.

104.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

105.    Defendants had no legitimate reason to violate Plaintiff's protected rights.

11

106.       Defendants had no reason to believe their actions were lawful.

107.       Defendants' actions were wanton, malicious, or oppressive.

108.       Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; and Raust's actions are outrageous as they: 1) Encompass the school's administration; 2) Include dean level administrators; 3) Maintained significant authority over Plaintiff Melendez; 4) Knew Plaintiff is disabled; 5) Knew Plaintiff Melendez was in a vulnerable state; 6) Knew not providing accommodations would hurt Plaintiff Melendez; 7) Knew Plaintiff has been significantly absent from the school; 8) Intentionally or recklessly disregarded Plaintiff's well-established rights.

109.       As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Eight – Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; & Raust created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff, by wrongfully withholding reasonable, disability accommodations, violating Conspiracy**

110.       Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

111.       Defendants Cooper; Berger; Hinton; Dube; Scherr; Woodcock; Bedard; and Raust created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez, by wrongfully withholding disability accommodations, specified in Claim One (Paragraphs 58-66), violating Conspiracy under NH Common Law.

112.       The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

113.       Defendants had no reason to believe their actions were lawful.

114.     Defendants' actions were wanton, malicious, or oppressive.

115.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

### DEFENDANTS COOPER, BERGER, & HINTON'S WRONGFUL WITHHOLDING OF ASSISTANCE IN THE DISABILITY ACCOMMODATIONS PROCESS, INTERFERED WITH PLAINTIFF MELENDEZ'S ABILITY TO RECEIVE DISABILITY ACCOMMODATIONS, VIOLATING: 42 U.S.C. 12132; SECTION 504; 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:17; NIED; IIED; & CONSPIRACY

**Claim Nine – Defendants Cooper, Berger, & Hinton wrongfully withheld assistance in the disability**

**accommodations process, interfering with Plaintiff Melendez's ability to receive disability**

**accommodations, violating 42 U.S.C. 12132**

116.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

117.     From in or about August 2022 through December 2022, Plaintiff Melendez was excluded

from obtaining disability accommodations, specified in Claim One (paragraph 58-66), a state

entity's program or benefit, by reason of his mental disabilities.

118.     Defendant Berger advised Plaintiff Melendez he would not receive any disability

accommodations without first filing a disability request form.

119.     Due to Plaintiff's disabilities, Plaintiff requires assistance in completing any disability

accommodation request form.

120.     Defendants Cooper, Berger, and Hinton had an obligation to furnish appropriate

auxiliary aid and services to allow Plaintiff Melendez an equal opportunity to complete the

disability accommodations request form.

13

121.     Defendants breached their duty by failing to provide Plaintiff Melendez with the

assistance needed to complete the disability accommodations request form, violating 42 U.S.C.

§ 12132.

122.     Defendants had no reason to believe their actions were lawful.

123.     The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

124.     Defendants' actions were wanton, malicious, or oppressive.

125.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim Ten – Defendants Cooper, Berger, & Hinton wrongfully withheld assistance in the disability**

**accommodations process, interfering with Plaintiff Melendez's ability to receive disability**

**accommodations, violating Section 504**

126.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

127.     Defendants' failure to provide assistance in the disability accommodation process,

specified in Claim Nine (Paragraphs 116-125), likewise, violated Section 504.

128.     Defendants had no reason to believe their actions were lawful.

129.     The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

130.     Defendants' actions were wanton, malicious, or oppressive.

131.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Eleven – Defendants' wrongful withholding of assistance in the disability accommodations process, interfered with Plaintiff Melendez's ability to receive disability accommodations, violating 42 U.S.C. 12203**

132.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

133.    Defendants' wrongful withholding of assistance in the disability accommodations process, specified in Claim Nine (Paragraphs 116-125), interfered with Plaintiff Melendez's ability to receive disability accommodations, a public entity's benefit, likewise, violating 42 U.S.C 12203.

134.    Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

135.    Defendants had no reason to believe their actions were lawful.

136.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

137.    Defendants' actions were wanton, malicious, or oppressive.

138.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Twelve – Defendants Cooper, Berger, & Hinton's wrongful withholding of assistance in the disability accommodations process, interfering with Plaintiff Melendez's ability to receive disability accommodations, was motivated by race, violating 42 U.S.C. 1981**

15

139.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

140.     Defendants' wrongful withholding of the assistance necessary for Plaintiff to obtain disability accommodations, specified in Claim Nine (Paragraphs 116-125), was motivated by race, likewise, violating 42 U.S.C. 1981.

141.     In discriminating against Plaintiff Melendez based on his race, Defendants acted with willful and/or reckless disregard of Plaintiff's protected rights.

142.     Defendants had no reason to believe their actions were lawful.

143.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

144.     Defendants Cooper, Berger, and Hinton's actions were wanton, malicious, or oppressive.

145.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Thirteen – Defendants' wrongful withholding of assistance in the disability accommodations process, interfered with Plaintiff Melendez's ability to receive disability accommodations, violating RSA 354-A:17**

146.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

147.     Defendants' wrongful withholding of the assistance necessary for Plaintiff to obtain disability accommodations, specified in Claim Nine (Paragraphs 116-125), discriminated against Plaintiff Melendez on the basis of his disability, likewise, violating RSA 354-A:17.

148.    Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

149.    Defendants had no reason to believe their actions were lawful.

150.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

151.    Defendants' actions were wanton, malicious, or oppressive.

152.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Fourteen – Defendants' wrongful withholding of assistance in the disability accommodations process, negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

153.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

154.    Defendants' wrongful withholding of assistance in the disability accommodations process, specified in Claim Nine (Paragraphs 116-125), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

155.    Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

156.    Defendants had no reason to believe their actions were lawful.

157.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

158.    Defendants' actions were wanton, malicious, or oppressive.

17

159.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Fifteen – Defendants' wrongful withholding of assistance in the disability accommodations process, intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

160.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

161.     Defendants' wrongful withholding of assistance in the disability accommodations process, specified in Claim Nine (Paragraphs 116-125), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

162.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

163.     Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

164.     Defendants had no reason to believe their actions were lawful.

165.     Defendants' actions were wanton, malicious, or oppressive.

166.     Defendants' actions are outrageous as they: 1) Encompass the school's administration; 2) Include Dean level administrators; 3) Maintained significant authority over Plaintiff Melendez; 4) Knew Plaintiff is disabled; 5) Knew Plaintiff Melendez was in a vulnerable state; 6) Knew not providing accommodations would hurt Plaintiff Melendez; 7) Knew Plaintiff has been significantly absent from the school; 8) Intentionally or recklessly disregarded Plaintiff's well-established rights.

167.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

**Claim Sixteen – Defendants Cooper, Berger, & Hinton created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff, by wrongfully withholding reasonable, disability accommodations, violating Conspiracy**

168.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations
and facts contained in the preceding paragraphs.

169.    Defendants Cooper, Berger, and Hinton created an agreement to intentionally or
recklessly inflict emotional damage on Plaintiff Melendez, by wrongfully withholding disability
accommodations, specified in Claim Nine (Paragraphs 116-125), likewise, violating Conspiracy
under NH Common Law.

170.    Defendants had no legitimate reason to deny or withhold reasonable accommodations
from Plaintiff Melendez.

171.    Defendants had no reason to believe their actions were lawful.

172.    The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

173.    Defendants' actions were wanton, malicious, or oppressive.

174.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

## COOPER, BERGER, & HINTON FAILED TO PROVIDE REASONABLE DISABILITY ACCOMMODATIONS NECESSARY FOR PLAINTIFF TO TAKE LEAVE OF ABSENCE, VIOLATING: 42 U.S.C. 12132; SECTION 504; 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:17; NIED; IIED; & CONSPIRACY

Claim Seventeen – Defendants Cooper, Berger, & Hinton failed to provide disability accommodations needed for Plaintiff to take a Leave of Absence, a public entity's benefit or program, violating 42 U.S.C. 12132

175.   Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

176.   From in or about October 2022 through January 2023 Plaintiff Melendez, by reason of his disability, was excluded from using a public entity program or benefit, Leave of Absence.

177.   Plaintiff Melendez's disability prevented him from having the opportunity to understand and utilize a Leave of Absence, a state entity's benefit or program.

178.   Defendants Cooper, Berger, and Hinton had a statutory obligation to furnish appropriate auxiliary aid and services to allow Plaintiff Melendez an equal opportunity to participate in a public entity's benefit or program, Leave of Absence.

179.   Defendants breached their duty by failing to provide Plaintiff Melendez with assistance in obtaining a Leave of Absence, violating 42 U.S.C. § 12132.

180.   Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

181.   Defendants had no reason to believe their actions were lawful.

182.   The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

183.   Defendants' actions were wanton, malicious, or oppressive.

184.   As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

20

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Eighteen – Defendants Cooper, Berger, & Hinton failed to provide disability accommodations needed for Plaintiff to take a Leave of Absence, a public entity's benefit or program, violating Section 504**

185.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

186.     Defendants Cooper, Berger, and Hinton's failure to provide accommodations for Plaintiff to utilize a Leave of Absence, specified in Claim Seventeen (Paragraphs 175-184), likewise, violated Section 504.

187.     Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

188.     Defendants had no reason to believe their actions were lawful.

189.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

190.     Defendants' actions were wanton, malicious, or oppressive.

191.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Nineteen – Defendants Cooper, Berger, & Hinton interfered with Plaintiff Melendez's enjoyment of utilizing a Leave of Absence, a public entity's benefit or program, violating 42 U.S.C. 12203**

21

192.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

193.    Defendants Cooper, Berger, and Hinton's failure to provide accommodations for Plaintiff to utilize a Leave of Absence, specified in Claim Seventeen (Paragraphs 175-184), interfered with Plaintiff Melendez enjoying his protected rights, violating 42 U.S.C. 12203.

194.    Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

195.    Defendants had no reason to believe their actions were lawful.

196.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

197.    Defendants' actions were wanton, malicious, or oppressive.

198.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Twenty – Defendants Cooper, Berger, & Hinton's wrongful withholding of the necessary assistance for Plaintiff to take a Leave of Absence, was motivated by race, violating 42 U.S.C. 1981**

199.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

200.    Defendants' wrongful withholding of necessary assistance for Plaintiff Melendez to take a Leave of Absence, specified in Claim Seventeen (Paragraphs 175-184), was motivated by race, likewise, violating 42 U.S.C. 1981.

201.    In discriminating against Plaintiff Melendez based on his race, the Defendants acted with willful and/or reckless disregard of Plaintiff's protected rights.

202.     Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

203.     Defendants had no reason to believe their actions were lawful.

204.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

205.     Defendants' actions were wanton, malicious, or oppressive.

206.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 21 – Defendants Cooper, Berger, & Hinton wrongfully withheld reasonable, disability accommodations needed for Plaintiff to take a Leave of Absence, a public entity's benefit or program, violating RSA 354-A:17**

207.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

208.     Defendants' wrongful withholding of necessary assistance for Plaintiff Melendez to take a Leave of Absence, specified in Claim Seventeen (Paragraphs 175-184), discriminated against Plaintiff Melendez on the basis of his disability, likewise, violating RSA 354-A:17.

209.     Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

210.     Defendants had no reason to believe their actions were lawful.

211.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

212.     Defendants' actions were wanton, malicious, or oppressive.

213.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;
         aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
         suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
         documented, permanent increase in disability rating.

**Claim 22 – Defendants Cooper, Berger, & Hinton's wrongful withholding of reasonable, disability
accommodations needed for Plaintiff to take a Leave of Absence, negligently inflicted emotional
damage on Plaintiff Melendez, violating NIED**

214.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations
         and facts contained in the preceding paragraphs.

215.     Defendants Cooper, Berger, and Hinton's wrongful withholding of disability
         accommodations, specified in Claim Seventeen (Paragraphs 175-184), negligently inflicted
         emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

216.     Defendants had no legitimate reason to deny or withhold reasonable accommodations
         from Plaintiff Melendez.

217.     Defendants had no reason to believe their actions were lawful.

218.     The damage was foreseeable, irrational, and not motivated by any conceivable
         legitimate reason.

219.     Defendants' actions were wanton, malicious, or oppressive.

220.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;
         aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
         suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
         documented, permanent increase in disability rating.

24

**Claim 23 – Defendants Cooper, Berger, & Hinton intentionally inflicted emotional damage on Plaintiff by withholding reasonable, disability accommodations needed for Plaintiff to take a Leave of Absence, a public entity's benefit or program, violating IIED**

221.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

222.    Defendants Cooper, Berger, and Hinton's wrongful withholding of disability accommodations, specified in Claim Seventeen (Paragraphs 175-184), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

223.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

224.    Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

225.    Defendants had no reason to believe their actions were lawful.

226.    Defendants' actions were wanton, malicious, or oppressive.

227.    Defendants' actions are outrageous as they: 1) Encompass the school's administration; 2) Include Dean level administrators; 3) Maintained significant authority over Plaintiff Melendez; 4) Knew Plaintiff is disabled; 5) Knew Plaintiff Melendez was in a vulnerable state; 6) Knew not providing accommodations would hurt Plaintiff Melendez; 7) Knew Plaintiff has been significantly absent from the school; 8) Intentionally or recklessly disregarded Plaintiff's well-established rights.

228.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 24 – Defendants Cooper, Berger, & Hinton created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff by wrongfully withholding reasonable, disability accommodations needed for Plaintiff to take a Leave of Absence, violating Conspiracy**

229.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

230.    Defendants Cooper, Berger, and Hinton conspired by creating an agreement to intentionally inflict emotional damage on Plaintiff Melendez, by wrongfully withholding disability accommodations, specified in Claim Seventeen (Paragraphs 175-184), likewise, violating Conspiracy under NH Common Law.

231.    Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

232.    Defendants had no reason to believe their actions were lawful.

233.    Defendants' actions were wanton, malicious, or oppressive.

234.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**DEFENDANT BERGER WRONGFULLY PUBLISHED DEFAMATORY COMMENTS REGARDING PLAINTIFF MELENDEZ'S DISABILITY, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; FALSE LIGHT; DEFAMATION OF CHARACTER; NIED; & IIED**

**Claim 25 – Defendant Berger interfered with Plaintiff's enjoyment of rights by making defamatory comments regarding Plaintiff Melendez's disability, violating 42 U.S.C. 12203**

235.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

236.     From in or about August 2022 through September 2023, Defendant Berger has published or distributed false statements regarding Plaintiff Melendez's disability.

237.     Defendant falsely advised other staff and administrators that Plaintiff Melendez's request for accommodations are not valid.

238.     Defendant falsely stated Plaintiff doesn't require disability accommodations in the class.

239.     Defendant Berger's comments were not privileged.

240.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

241.     Defendant had no reason to believe her actions were lawful.

242.     Defendant's actions were wanton, malicious, or oppressive.

243.     These discriminatory comments caused Plaintiff to suffer: discrimination; retaliation; harassment; and loss of other disability accommodations, violating Defamation of Character.

244.     As a result of Defendant's actions, Plaintiff Melendez also suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 26 – Defendant Berger's interference with Plaintiff's rights by making defamatory comments regarding Plaintiff Melendez's disability was motivated by race, violating 42 U.S.C. 1981**

245.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

246.     Defendant Berger's widely published or distributed false statements regarding Plaintiff Melendez's disability, specified in Claim 25 (Paragraphs 235-244), was motivated by race, likewise, violating 42 U.S.C. 1981.

247.     In discriminating against Plaintiff Melendez based on his race, Defendant Berger acted with willful and/or reckless disregard of Plaintiff's protected rights.

248.     Defendant Berger's comments were not privileged.

249.     Defendant Berger had no reason to believe her actions were lawful.

250.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

251.     Defendant's actions were wanton, malicious, or oppressive.

252.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 27 – Defendant Berger wrongfully published defamatory comments regarding Plaintiff Melendez's disability, violating False Light**

253.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

254.     Defendant Berger's widely published or distributed false statements regarding Plaintiff Melendez's disability, specified in Claim 25 (Paragraphs 235-244), was offensive and, likewise, violated False Light under NH Common Law.

255.     Defendant Berger's comments identified Plaintiff Melendez as the subject matter.

256.     Defendant Berger's comments false lighted Plaintiff Melendez by presenting him as someone who was not significantly disabled.

257.     Plaintiff Melendez was treated adversely due to Defendant Berger's comments.

258.     Defendant Berger's comments were not privileged.

259.     Defendant Berger had no reason to believe her actions were lawful.

260.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

261.     Defendant's actions were wanton, malicious, or oppressive.

262.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 28 – Defendant Berger wrongfully published defamatory comments regarding Plaintiff Melendez's disability, violating Defamation of Character**

263.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

264.     Defendant Berger's widely published or distributed false statements regarding Plaintiff Melendez's disability, specified in Claim 25 (Paragraphs 235-244), defamed Plaintiff Melendez's character and, likewise, violated Defamation of Character under NH Common Law.

265.     Defendant Berger's comments defamed Plaintiff Melendez by falsely presenting him as someone who was not significantly disabled.

266.     Plaintiff Melendez was treated adversely due to Defendant Berger's comments.

267.     Defendant Berger's comments were not privileged.

268.     Defendant's comments were negligent.

269.     Defendant Berger had no reason to believe her actions were lawful.

270.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

271.     Defendant's actions were wanton, malicious, or oppressive.

272.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 29 – Defendant Berger's defamatory comments regarding Plaintiff Melendez's disability, negligently inflicted emotional damage on Plaintiff, violating NIED**

273.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

274.     Defendant Berger's widely published or distributed false statements regarding Plaintiff Melendez's disability, specified in Claim 25 (Paragraphs 235-244), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

275.     Defendant Berger's comments were not privileged.

276.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

277.     Defendant had no reason to believe her actions were lawful.

278.     Defendant's actions were wanton, malicious, or oppressive.

279.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 30 – Defendant Berger's defamatory comments regarding Plaintiff Melendez's disability intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

280.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

281.    Defendant Berger's widely published or distributed false statements regarding Plaintiff Melendez's disability, specified in Claim 25 (Paragraphs 235-244), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

282.    Defendant Berger's comments were not privileged.

283.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

284.    Defendant had no reason to believe her actions were lawful.

285.    Defendant's actions were wanton, malicious, or oppressive.

286.    Defendant's actions are outrageous as Defendant Berger: 1) Is the Assistant Dean of Students; 2) Maintained significant authority over Plaintiff Melendez; 3) Knew Plaintiff is disabled; 4) Knew Plaintiff Melendez was in a vulnerable state; 5) Knew the comments were false; 6) Knew the false comments would hurt Plaintiff Melendez; 7) Intentionally or recklessly disregarded Plaintiff's well-established rights.

287.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**DEFENDANT RAUST WRONGFULLY PUBLISHED OR DISTRIBUTED A DISCRIMINATORY COMMENT TOWARDS PLAINTIFF MELENDEZ, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; FALSE LIGHT; NIED; & IIED**

**Claim 31 – Defendant Raust wrongfully published or distributed a discriminatory comment that interfered with Plaintiff Melendez's enjoyment of protected rights, violating 42 U.S.C. 12203**

288.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

289.    Plaintiff Melendez attended the class "Wills, Trusts, and Estates" in the Fall of 2022.

290.    "Wills, Trusts, and Estates" was taught by Defendant Raust in the Fall of 2022.

291.    Plaintiff Melendez was physically in class on or about October 5, 2022.

292.    On or about October 5, 2022, Defendant Raust intentionally or recklessly interfered with Plaintiff Melendez's enjoyment of well established, protected rights, (participate in public program and protected from harassment), by publishing or distributing a discriminatory comment that harassed, taunted, and humiliated Plaintiff Melendez on the basis of needing disability assistance.

293.    The comment Defendant Raust published or distributed was "Can Michael's guest answer the question."

294.    Defendant Raust interrupted the lecture from the podium to make this statement.

295.    The statement intended to or recklessly did bring negative attention to Plaintiff Melendez's disability.

296.    Defendant's statement spotlighted the presence and need for disability accommodations in a degrading fashion.

297.    Defendant's statement caused embarrassment, humiliation, and interfered with Plaintiff Melendez receiving assistance, participating in class, a public entity's program, and being protected from harassment, violating 42 U.S.C. § 12203.

298.    Plaintiff's damages were foreseeable.

299.    Defendant Raust had no reason to believe his actions were lawful.

300.    Defendant's actions were wanton, malicious, or oppressive.

301.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 32 – Defendant Raust's discriminatory comment was motivated by race, violating 42 U.S.C. 1981**

302.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

303.    Defendant Raust's discriminatory comment regarding Plaintiff Melendez's disability, specified in Claim 31 (Paragraphs 288-301), was motivated by race, likewise, violated 42 U.S.C. 1981.

304.    In discriminating against Plaintiff Melendez based on his race, Defendant Raust acted with willful and/or reckless disregard of Plaintiff's protected rights.

305.    Defendant Raust's comment was not privileged.

306.    Defendant Raust had no reason to believe his actions were lawful.

307.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

308.    Defendant's actions were wanton, malicious, or oppressive.

309.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 33 – Defendant Raust's discriminatory comment portrayed Plaintiff in an offensive manner, violating False Light**

33

310.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

311.     Defendant Raust's widely published or distributed discriminatory comment regarding Plaintiff Melendez's disability, specified in Claim 31 (Paragraphs 288-301), identified Plaintiff in an offensive manner, likewise, violated False Light under NH Common Law.

312.     Defendant Raust's comment was offensive as it negatively presented Plaintiff Melendez by his disability needs.

313.     Plaintiff Melendez was discriminated against due to Defendant Raust's comment.

314.     Defendant Raust's comment was not privileged.

315.     Defendant Raust had no reason to believe his actions were lawful.

316.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

317.     Defendant's actions were wanton, malicious, or oppressive.

318.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 34 – Defendant Raust's discriminatory comment negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

319.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

320.     Defendant Raust's discriminatory comment regarding Plaintiff Melendez's disability, specified in Claim 31 (Paragraphs 288-301), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

34

321.     Defendant Raust's comment was not privileged.

322.     Defendant Raust had no reason to believe his actions were lawful.

323.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

324.     Defendant's actions were wanton, malicious, or oppressive.

325.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 35 – Defendant Raust's discriminatory comment intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

326.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

327.     Defendant Raust's discriminatory comment regarding Plaintiff Melendez's disability, specified in Claim 31 (Paragraphs 288-301), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

328.     Defendant Raust's comment was not privileged.

329.     Defendant Raust had no reason to believe his actions were lawful.

330.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

331.     Defendant's actions were wanton, malicious, or oppressive.

332.     Defendant's comment was outrageous as Defendant Raust: 1) Is a professor; 2) Maintained authority over Plaintiff Melendez during class; 3) Knew Plaintiff was significantly disabled; 4) Knew Plaintiff Melendez was in a vulnerable state; 5) Knew Plaintiff Melendez was

35

protected by right; 6) Intentionally or recklessly disregarded Plaintiff's well-established rights. 7)
Knew the comment would hurt Plaintiff Melendez.

333.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

## DEFENDANT RAUST WRONGFULLY PUBLISHED A SECOND DISCRIMINATORY COMMENT TOWARDS PLAINTIFF MELENDEZ, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; FALSE LIGHT; NIED; & IIED

Claim 36 – Defendant Raust's second discriminatory comment interfered with Plaintiff Melendez's
enjoyment of protected rights, violating 42 U.S.C. 12203

334.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations
and facts contained in the preceding paragraphs.

335.     Due to Defendant Raust's first discriminatory comment regarding Plaintiff Melendez's
disability, specified in Claim 31 (Paragraphs 288-301), Plaintiff Melendez was medically unable
to continue with class participation and needed to leave the lecture.

336.     During Plaintiff Melendez's departure, Defendant Raust interrupted the lecture a second
time and publicly announced "Good-bye, Michael."

337.     Defendant's second statement focused the class's attention onto Plaintiff Melendez
departing the classroom.

338.     Defendant's second comment further harassed, humiliated, and interfered with Plaintiff
Melendez's ability to participate in a public entity's program and right to be protected from
harassment, violating 42 U.S.C. § 12203.

339.     The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

340.     Defendant Raust had no reason to believe his actions were lawful.

341.     Defendant's actions were wanton, malicious, or oppressive.

342.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

**Claim 37 – Defendant Raust's second discriminatory comment was motivated by race, violating 42
U.S.C. 1981**

343.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations
and facts contained in the preceding paragraphs.

344.     Defendant Raust's second discriminatory comment regarding Plaintiff Melendez's
disability, specified in Claim 36 (Paragraphs 334 – 342) was motivated by race, likewise, violating
42 U.S.C. 1981.

345.     In discriminating against Plaintiff Melendez based on his race, Defendant Raust acted
with willful and/or reckless disregard of Plaintiff's protected rights.

346.     Defendant Raust's comment was not privileged.

347.     Defendant Raust had no reason to believe his actions were lawful.

348.     The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

349.     Defendant's actions were wanton, malicious, or oppressive.

350.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

**Claim 38 – Defendant Raust's second discriminatory comment portrayed plaintiff in a discriminatory manner, violating False Light**

351.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

352.    Defendant Raust's second widely published or distributed, discriminatory comment regarding Plaintiff Melendez's disability, specified in Claim 36 (334-342) offensively identified Plaintiff Melendez, and likewise, violated False Light under NH Common Law.

353.    Plaintiff Melendez was discriminated against due to Defendant Raust's second comment.

354.    Defendant Raust's second comment was not privileged.

355.    Defendant Raust had no reason to believe his actions were lawful.

356.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

357.    Defendant's actions were wanton, malicious, or oppressive.

358.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 39 – Defendant Raust's second discriminatory comment negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

359.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

360. Defendant Raust's second discriminatory comment regarding Plaintiff Melendez's disability, specified in Claim 36 (Paragraphs 334-342), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

361. Defendant Raust's second comment was not privileged.

362. Defendant Raust had no reason to believe his actions were lawful.

363. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

364. Defendant's actions were wanton, malicious, or oppressive.

365. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 40 – Defendant Raust's second discriminatory comment intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

366. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

367. Defendant Raust's second discriminatory comment regarding Plaintiff Melendez's disability, specified in Claim 36 (Paragraphs 334-342), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

368. Defendant Raust's second comment was not privileged.

369. Defendant Raust had no reason to believe his actions were lawful.

370. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

371. Defendant's actions were wanton, malicious, or oppressive.

372.    Defendant's second comment was outrageous as Defendant Raust: 1) Is a professor; 2) Maintained authority over Plaintiff Melendez during class; 3) Knew Plaintiff was significantly disabled; 4) Knew Plaintiff Melendez was in a vulnerable state; 5) Knew Plaintiff Melendez was protected by right; 6) Intentionally or recklessly disregarded Plaintiff's well-established rights; 7) Knew the comment would hurt Plaintiff Melendez; 8) Interrupted the lecture to announce a second comment; 9) Knew Plaintiff was departing due to the first comment; 10) Published or distributed comment while smirking; 11) Published or distributed comment with condescending tone; and 12) Published comment while waiving his hand in a "Good-bye" gesture.

373.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**DEFENDANT BERGER WRONGFULLY PUBLISHED DEFAMATORY COMMENTS REGARDING THE DISCRIMINATION PLAINTIFF MELENDEZ SUFFERED FROM DEFENDANT RAUST, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; FALSE LIGHT; DEFAMATION OF CHARACTER; NIED; & IIED**

**Claim 41 – Defendant Berger retaliated against Plaintiff Melendez by making defamatory comments regarding the discrimination Plaintiff Melendez suffered from Defendant Raust, violating 42 U.S.C. 12203**

374.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

375.    From in or about October 2022 through September 2023, Defendant Berger has published or distributed false statements regarding the discrimination Plaintiff Melendez suffered from Defendant Raust's two comments, specified in Claim 31 (Paragraphs 288-301), and Claim 36 (Paragraphs 334 – 342).

376.     Defendant Berger falsely advised other staff and administrators that Plaintiff Melendez did not suffer discrimination by Defendant Raust.

377.     Defendant published or distributed these statements in retaliation to Plaintiff Melendez making a discrimination complaint, violating 42 U.S.C. 12203.

378.     Defendant Berger's comments were not privileged.

379.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

380.     Defendant had no reason to believe her actions were lawful.

381.     Defendant's actions were wanton, malicious, or oppressive.

382.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 42 – Defendant Berger's defamatory comments regarding the discrimination Plaintiff Melendez suffered from Defendant Raust was motivated by race, violating 42 U.S.C. 1981**

383.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

384.     Defendant Berger's defamatory comments regarding the discrimination Plaintiff Melendez suffered from Defendant Raust, specified in Claim 41 (Paragraphs 374-382), was motivated by race, likewise, violating 42 U.S.C. 1981.

385.     In discriminating against Plaintiff Melendez based on his race, Defendant Berger acted with willful and/or reckless disregard of Plaintiff's protected rights.

386.     Defendant Berger's comments were not privileged.

387.     Defendant Berger had no reason to believe her actions were lawful.

388.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

389.     Defendant's actions were wanton, malicious, or oppressive.

390.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 43 – Defendant Berger retaliated against Plaintiff Melendez by making defamatory comments regarding the discrimination Plaintiff Melendez suffered from Defendant Raust, violating RSA 354-A:19**

391.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

392.     Defendant Berger's defamatory comments regarding the discrimination Plaintiff Melendez suffered from Defendant Raust, specified in Claim 41 (Paragraphs 374-382) were retaliation, likewise, violating RSA 354-A:19.

393.     Defendant Berger's comments were not privileged.

394.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

395.     Defendant had no reason to believe her actions were lawful.

396.     Defendant's actions were wanton, malicious, or oppressive.

397.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 44 – Defendant Berger wrongfully published defamatory comments regarding the discrimination Plaintiff Melendez suffered from Defendant Raust, violating False Light**

398.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

399.     Defendant Berger's widely published or distributed false statements regarding the discrimination Plaintiff Melendez suffered from Defendant Raust, specified in Claim 41 (Paragraphs 374-382), offensively identified Plaintiff, and, likewise, violated False Light under NH Common Law.

400.     Defendant Berger's comments offensively presented Plaintiff Melendez as someone who is misrepresenting the truth.

401.     Plaintiff Melendez was discriminated against due to Defendant Berger's comments.

402.     Defendant Berger's comments were not privileged.

403.     Defendant Berger had no reason to believe her actions were lawful.

404.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

405.     Defendant's actions were wanton, malicious, or oppressive.

406.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 45 – Defendant Berger wrongfully published defamatory comments regarding the discrimination Plaintiff Melendez suffered from Defendant Raust, violating Defamation of Character**

407.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

408.    Defendant Berger's defamatory comments against Plaintiff Melendez regarding the discrimination Plaintiff Melendez suffered from Defendant Raust, specified in Claim 41 (Paragraphs 374-382), defamed Plaintiff Melendez's character and, likewise, violated Defamation of Character under NH Common Law.

409.    Plaintiff Melendez was discriminated against due to Defendant Berger's comments.

410.    Defendant Berger's comments were not privileged.

411.    Defendant's comments were negligent.

412.    Defendant Berger had no reason to believe her actions were lawful.

413.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

414.    Defendant's actions were wanton, malicious, or oppressive.

415.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 46 – Defendant Berger negligently inflicted emotional damage on Plaintiff by making defamatory comments regarding the discrimination from Defendant Raust, violating NIED**

416.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

417.    Defendant Berger's defamatory comments, specified in Claim 41 (Paragraphs 374-382), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

418.    Defendant Berger's comments were not privileged.

419.     The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

420.     Defendant had no reason to believe her actions were lawful.

421.     Defendant's actions were wanton, malicious, or oppressive.

422.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

**Claim 47 – Defendant Berger intentionally or recklessly inflicted emotional damage on Plaintiff by
making defamatory comments regarding the discrimination from Defendant Raust, violating IIED**

423.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations
and facts contained in the preceding paragraphs.

424.     Defendant Berger's defamatory comments, specified in Claim 41 (Paragraphs 374-382),
intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating
IIED under NH Common Law.

425.     Defendant Berger's comments were not privileged.

426.     The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

427.     Defendant had no reason to believe her actions were lawful.

428.     Defendant's actions were wanton, malicious, or oppressive.

429.     Defendant's actions are outrageous as Defendant Berger: 1) Is the Assistant Dean of
Students; 2) Maintained significant authority over Plaintiff Melendez; 3) Knew Plaintiff is
disabled; 4) Knew Plaintiff Melendez was in a vulnerable state; 5) Knew the comments were

false; 6) Knew the false comments would hurt Plaintiff Melendez; 7) Intentionally or recklessly disregarded Plaintiff's well-established rights.

430.　　As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### DEFENDANTS BERGER; PURDOM; & COOPER WRONGFULLY WITHHELD STUDENT ADVOCACY AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; IIED; & CONSPIRACY

**Claim 48 – Defendants Berger, Purdom, & Cooper wrongfully withheld advocacy as retaliation against Plaintiff Melendez for opposing discrimination, violating 42 U.S.C. 12203**

431.　　Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

432.　　In or about October 2022 through September 2023, Plaintiff Melendez sought advocacy, a public program or benefit, from Defendants Berger, Purdom, and Cooper, regarding Defendant Raust's discriminatory treatment, specified in Claim 31 (Paragraphs 288-301), and Claim 36 (Paragraphs 334 – 342).

433.　　Defendants' official position created their obligation to advocate for Plaintiff Melendez.

434.　　Defendants Berger, Purdom, and Cooper wrongfully withheld advocacy from Plaintiff Melendez in retaliation to Plaintiff Melendez creating a complaint against Defendant Raust for discrimination, violating 42 U.S.C. § 12203.

435.　　The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

436.　　Defendants had no reason to believe their actions were lawful.

437.　　Defendants' actions were wanton, malicious, or oppressive.

438.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 49 – Defendants Berger, Purdom, & Cooper's wrongful withholding of student advocacy was motivated by race, violating 42 U.S.C. 1981**

439.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

440.     Defendants Berger, Purdom, and Cooper's wrongful withholding of advocacy, specified in Claim 48 (Paragraphs 431-438), was motivated by race, likewise, violating 42 U.S.C. 1981.

441.     In discriminating against Plaintiff Melendez based on his race, Defendants acted with willful and/or reckless disregard of Plaintiff's protected rights.

442.     Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

443.     Defendants had no reason to believe their actions were lawful.

444.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

445.     Defendants' actions were wanton, malicious, or oppressive.

446.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 50 – Defendants Berger, Purdom, & Cooper wrongfully withheld advocacy as retaliation against Plaintiff Melendez for opposing discrimination, violating 354-A:19**

447.	Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

448.	Defendants Berger, Purdom, and Cooper's retaliatory and wrongful withholding of advocacy, specified in Claim 48 (Paragraphs 431-438), likewise, violated RSA 354-A:19.

449.	Defendants had no reason to believe their actions were lawful.

450.	The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

451.	Defendants' actions were wanton, malicious, or oppressive.

452.	As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 51 – Defendants Berger, Purdom, & Cooper's wrongful withholding of advocacy from Plaintiff Melendez negligently inflicted emotional damage on Plaintiff, violating NIED**

453.	Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

454.	Defendants Berger, Purdom, and Cooper's retaliatory and wrongful withholding of advocacy, specified in Claim 48 (Paragraphs 431-438), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

455.	Defendants had no reason to believe their actions were lawful.

456.	The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

457.	Defendants' actions were wanton, malicious, or oppressive.

458.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 52 – Defendants Berger, Purdom, & Cooper's wrongful withholding of advocacy from Plaintiff Melendez intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

459.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

460.     Defendants Berger, Purdom, and Cooper's retaliatory and wrongful withholding of advocacy, specified in Claim 48 (Paragraphs 431-438), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

461.     Defendants had no reason to believe their actions were lawful.

462.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

463.     Defendants' actions were wanton, malicious, or oppressive.

464.     Defendants' actions are outrageous as they: 1) Encompass the school's administration; 2) Include Dean level administrators; 3) Maintained significant authority over Plaintiff Melendez; 4) Knew Plaintiff is disabled; 5) Knew Plaintiff Melendez was in a vulnerable state; 6) Knew not providing advocacy would hurt Plaintiff Melendez; 7) Intentionally or recklessly disregarded Plaintiff's well-established rights.

465.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 53 – Defendants Berger, Purdom, & Cooper created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez, by wrongfully withholding advocacy, likewise, violating Conspiracy**

466. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

467. Defendants Berger, Purdom, and Cooper created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez, by wrongfully withholding advocacy, specified in Claim 48 (Paragraphs 431-438), likewise, violating Conspiracy under NH Common Law.

468. Defendants had no reason to believe their actions were lawful.

469. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

470. Defendants' actions were wanton, malicious, or oppressive.

471. As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### DEFENDANT WILCOX WRONGFULLY WITHHELD AN INVESTIGATION INTO PLAINTIFF MELENDEZ'S CLAIMS OF DISCRIMINATION AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 54 – Defendant Wilcox wrongfully withheld an investigation into Plaintiff Melendez's claims of discrimination as retaliation, violating 42 U.S.C. 12203**

472. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

473.    In or about November 2022 through September 2023, Plaintiff Melendez sought assistance from the Civil Rights and Equity Office (CREO) Director, Defendant Wilcox, regarding ongoing discrimination claims.

474.    Defendant Wilcox wrongfully withheld a duty owed to Plaintiff, investigate claims of protected right violations, in retaliation to Plaintiff filing discrimination complaints, violating 42 U.S.C. 12203.

475.    Defendant Wilcox wrongfully made the decision not to investigate despite Plaintiff Melendez's significant, supporting documentation of civil rights violations.

476.    Defendant Wilcox had no reason to believe her actions were lawful.

477.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

478.    Defendant's actions were wanton, malicious, or oppressive.

479.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 55 – Defendant Wilcox's wrongful withholding of an investigation into Plaintiff Melendez's claims of discrimination was motivated by race, violating 42 U.S.C. 1981**

480.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

481.    Defendant Wilcox's wrongful withholding of advocacy into Plaintiff Melendez's claims of discrimination, specified in Claim 54 (Paragraphs 472-479), was motivated by race, likewise, violating 42 U.S.C. 1981.

482.    In discriminating against Plaintiff Melendez based on his race, Defendant Wilcox acted with willful and/or reckless disregard of Plaintiff's protected rights.

483.    Defendant had no legitimate reason to deny or withhold the investigation.

484.    Defendant Wilcox had no reason to believe her actions were lawful.

485.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

486.    Defendant's actions were wanton, malicious, or oppressive.

487.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 56 – Defendant Wilcox wrongfully withheld an investigation into Plaintiff Melendez's claims of discrimination as retaliation, violating RSA 354-A:19**

488.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

489.    Defendant Wilcox's wrongful withholding of an investigation into Plaintiff Melendez's claims of discrimination, specified in Claim 54 (Paragraphs 472-479), was retaliation against Plaintiff Melendez for filing discrimination complaints, likewise, violating RSA 354-A:19.

490.    Defendant Wilcox had no reason to believe her actions were lawful.

491.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

492.    Defendant's actions were wanton, malicious, or oppressive.

493.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 57 – Defendant Wilcox's wrongful withholding of an investigation into Plaintiff Melendez's claims of discrimination negligently inflicted emotional damage on Plaintiff, violating NIED**

494.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

495.     Defendant Wilcox's wrongful withholding of an investigation into Plaintiff Melendez's claims of discrimination, specified in Claim 54 (Paragraphs 472-479), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

496.     Defendant Wilcox had no reason to believe her actions were lawful.

497.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

498.     Defendant's actions were wanton, malicious, or oppressive.

499.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 58 – Defendant Wilcox's wrongful withholding of an investigation into Plaintiff Melendez's claims of discrimination intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

500.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

501.     Defendant Wilcox's wrongful withholding of an investigation into Plaintiff Melendez's claims of discrimination, specified in Claim 54 (Paragraphs 472-479), intentionally or recklessly

inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

502.     Defendant Wilcox had no reason to believe her actions were lawful.

503.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

504.     Defendant's actions were wanton, malicious, or oppressive.

505.     Defendant Wilcox's actions were outrageous as she: 1) Works in the "Civil Rights and Equity Office;" 2) Is a director of the "Civil Rights and Equity Office;" 3) Knew Plaintiff is disabled; 4) Knew Plaintiff Melendez was in a vulnerable state; 5) Knew that not assisting would hurt Plaintiff Melendez; 6) Intended to hurt Plaintiff; 7) Knew Plaintiff Melendez was protected by right; and 8) Intentionally or recklessly disregarded that well-established right.

506.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### DEFENDANTS DUBE; SCHERR; WOODCOCK; BEDARD; & RAUST WRONGFULLY ISSUED PLAINTIFF MELENDEZ A FAILING GRADE IN RETALIATION TO PLAINTIFF FILING DISCRIMINATION COMPLAINTS, VIOLATING 42 U.S.C. 12203; 42 U.S.C. 1981 RSA 354-A:19; NIED; IIED; & CONSPIRACY

**Claim 59 – Defendants Dube; Scherr; Woodcock; Bedard; & Raust wrongfully issued Plaintiff Melendez a failing grade in retaliation to Plaintiff filing discrimination complaints, violating 42 U.S.C. 12203**

507.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

508.     In or about November 2022, Plaintiff Melendez filed a complaint with the Civil Rights and Equity Office (CREO) for ongoing discrimination Plaintiff Melendez has been experiencing.

509. Defendants Dube; Scherr; Woodcock; Bedard; and Raust were all Plaintiff Melendez's professors in the Fall 2022 semester and were included in the CREO complaint as violators of discrimination.

510. In retaliation to Plaintiff filing a complaint with CREO, Defendants wrongfully issued Plaintiff Melendez a failing grade of "F" in their respective course, violating 42 U.S.C. 12203.

511. Defendants Dube; Scherr; Woodcock; Bedard; and Raust had no reason to believe their actions were lawful.

512. Defendants' actions were wanton, malicious, or oppressive.

513. As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 60 – Defendants Dube; Scherr; Woodcock; Bedard; & Raust's wrongful issuing of a failing grade to Plaintiff Melendez was motivated by race, violating 42 U.S.C. 1981.**

514. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

515. Defendants Dube; Scherr; Woodcock; Bedard; and Raust's wrongful issuing of a failing grade of "F," specified in Claim 59 (Paragraphs 507-513), was motivated by race, likewise, violating 42 U.S.C. 1981.

516. In discriminating against Plaintiff Melendez based on his race, Defendants Dube; Scherr; Woodcock; Bedard; and Raust acted with willful and/or reckless disregard of Plaintiff's protected rights.

517. Defendants Dube; Scherr; Woodcock; Bedard; and Raust had no reason to believe their actions were lawful.

518.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

519.     Defendants' actions were wanton, malicious, or oppressive.

520.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 61 – Defendants Dube; Scherr; Woodcock; Bedard; & Raust wrongfully issued plaintiff Melendez a failing grade in retaliation to Plaintiff filing discrimination complaints, violating RSA 354-A:19**

521.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

522.     Defendants Dube; Scherr; Woodcock; Bedard; and Raust's wrongful issuing of a failing grade of "F," specified in Claim 59 (Paragraphs 507-513), was retaliation against Plaintiff for filing discrimination complaints, likewise, violating RSA 354-A-19.

523.     Defendants Dube; Scherr; Woodcock; Bedard; and Raust had no reason to believe their actions were lawful.

524.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

525.     Defendants' actions were wanton, malicious, or oppressive.

526.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 62 – Defendants Dube; Scherr; Woodcock; Bedard; & Raust's wrongful issuing of failing grades to Plaintiff Melendez negligently inflicted emotional damage on Plaintiff, violating NIED**

527.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

528.     Defendants Dube; Scherr; Woodcock; Bedard; and Raust's wrongful issuing of a failing grade of "F," specified in Claim 59 (Paragraphs 507-513), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

529.     Defendants Dube; Scherr; Woodcock; Bedard; and Raust had no reason to believe their actions were lawful.

530.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

531.     Defendants' actions were wanton, malicious, or oppressive.

532.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 63 – Defendants Dube; Scherr; Woodcock; Bedard; & Raust's wrongful issuing of failing grades to Plaintiff Melendez intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

533.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

534.     Defendants Dube; Scherr; Woodcock; Bedard; and Raust's wrongful issuing of a failing grade of "F," specified in Claim 59 (Paragraphs 507-513), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

535.     Defendants Dube; Scherr; Woodcock; Bedard; and Raust had no reason to believe their actions were lawful.

536.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

537.     Defendants' actions were wanton, malicious, or oppressive.

538.     Defendants' discriminatory and intentional acts were outrageous as Defendants: 1) Are Plaintiff's professors; 2) Maintained authority over Plaintiff Melendez during the semester; 3) Knew Plaintiff was significantly disabled; 4) Knew Plaintiff Melendez was in a vulnerable state; 5) Knew the grade would hurt Plaintiff Melendez; 6) Intended to or recklessly emotionally damage Plaintiff; 7) Knew Plaintiff Melendez was protected by right; 8) Intentionally or recklessly disregarded Plaintiff's well-established right.

539.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 64 – Defendants Dube; Scherr; Woodcock; Bedard; & Raust created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez by wrongfully issuing Plaintiff failing grades, violating Conspiracy.**

540.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

541.     Defendants Dube; Scherr; Woodcock; Bedard; and Raust created an agreement to inflict emotional damage intentionally or recklessly on Plaintiff Melendez by wrongfully issuing Plaintiff failing grades of "F," specified in Claim 59 (Paragraphs 507-513), likewise, violating Conspiracy under NH Common Law.

542.     Defendants Dube; Scherr; Woodcock; Bedard; and Raust had no reason to believe their

actions were lawful.

543.     The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

544.     Defendants' actions were wanton, malicious, or oppressive.

545.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

### DEFENDANTS COOPER, BERGER, & HINTON FAILED TO PROVIDE REASONABLE DISABILITY ACCOMMODATIONS NECESSARY FOR PLAINTIFF MELENDEZ TO TAKE A LEAVE OF ABSENCE, VIOLATING: 42 U.S.C. 12132; SECTION 504; 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; IIED; & CONSPIRACY

**Claim 65 – Defendants Cooper, Berger, & Hinton failed to provide reasonable disability**

**accommodations necessary for Plaintiff to take a Leave of Absence, violating 42 U.S.C. 12132**

546.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

547.     From in or about September 2022 through January 2023, Plaintiff Melendez was

excluded from using a public entity's program or benefit, Leave of Absence.

548.     Plaintiff Melendez was excluded from using a Leave of Absence by reason of his

disabilities.

549.     Defendants Cooper, Berger, and Hinton had a statutory obligation to furnish appropriate

auxiliary aid and services to allow Plaintiff Melendez an equal opportunity to use a Leave of

Absence, a public entity's program.

550.     Defendants breached their duty by failing to provide Plaintiff Melendez with assistance in understanding: 1) Leave of Absence is available; 2) What a Leave of Absence is; 3) Assistance in completing the Leave of Absence process.

551.     Defendants Cooper, Berger, and Hinton's breach of duty violated 42 U.S.C. § 12132.

552.     Defendants had no reason to believe their actions were lawful.

553.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

554.     Defendants' actions were wanton, malicious, or oppressive.

555.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 66 – Defendants Cooper, Berger, & Hinton failed to provide reasonable disability accommodations necessary for Plaintiff to take a Leave of Absence, violating Section 504**

556.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

557.     Defendants Cooper, Berger, and Hinton's failure to provide accommodations to allow Plaintiff to use a Leave of Absence, specified in Claim 65 (Paragraphs 546-555), likewise, violated Section 504.

558.     Defendants had no reason to believe their actions were lawful.

559.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

560.     Defendants' actions were wanton, malicious, or oppressive.

561.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 67 – Defendants Cooper, Berger, & Hinton retaliated against Plaintiff Melendez for filing discrimination complaints by wrongfully withholding reasonable disability accommodations necessary for Plaintiff to take a Leave of Absence, violating 42 U.S.C. 12203**

562.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

563.     Defendants Cooper, Berger, and Hinton's failure to provide accommodations to allow Plaintiff to use a Leave of Absence, specified in Claim 65 (Paragraphs 546-555), was retaliation for Plaintiff Melendez filing discrimination complaints, likewise, violating 42 U.S.C. 12203.

564.     Defendants had no reason to believe their actions were lawful.

565.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

566.     Defendants' actions were wanton, malicious, or oppressive.

567.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 68 - Defendants Cooper, Berger, & Hinton's wrongful withholding of reasonable disability accommodations necessary for Plaintiff to take a Leave of Absence was motivated by race, violating 42 U.S.C. 1981**

568.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

569.     Defendants Cooper, Berger, and Hinton's failure to provide accommodations to allow Plaintiff to use a Leave of Absence, specified in Claim 65 (Paragraphs 546-555), was motivated by race, likewise, violating 42 U.S.C. 1981.

570.     In discriminating against Plaintiff Melendez based on his race, Defendants Cooper, Berger, and Hinton acted with willful and/or reckless disregard of Plaintiff's protected rights.

571.     Defendants had no reason to believe their actions were lawful.

572.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

573.     Defendants' actions were wanton, malicious, or oppressive.

574.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 69 – Defendants Cooper, Berger, & Hinton retaliated against Plaintiff Melendez for filing discrimination complaints by wrongfully withholding reasonable disability accommodations necessary for Plaintiff to take a Leave of Absence, violating RSA 354-A:19**

575.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

576.     Defendants Cooper, Berger, and Hinton's failure to provide accommodations to allow Plaintiff to use a Leave of Absence, specified in Claim 65 (Paragraphs 546-555), was retaliation for Plaintiff Melendez filing discrimination complaints, likewise, violating RSA 354-A:19.

577.     Defendants had no reason to believe their actions were lawful.

578. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

579. Defendants' actions were wanton, malicious, or oppressive.

580. As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 70 – Defendants Cooper, Berger, & Hinton's wrongful withholding of reasonable disability accommodations necessary for Plaintiff to take a Leave of Absence, negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

581. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

582. Defendants Cooper, Berger, and Hinton's failure to provide accommodations to allow Plaintiff to use a Leave of Absence, specified in Claim 65 (Paragraphs 546-555), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

583. Defendants had no reason to believe their actions were lawful.

584. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

585. Defendants' actions were wanton, malicious, or oppressive.

586. As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 71 – Defendants Cooper, Berger, & Hinton's wrongful withholding of reasonable disability accommodations necessary for Plaintiff to take a Leave of Absence, intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

587.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

588.    Defendants Cooper, Berger, and Hinton's failure to provide accommodations to allow Plaintiff to use a Leave of Absence, specified in Claim 65 (Paragraphs 546-555), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

589.    Defendants had no reason to believe their actions were lawful.

590.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

591.    Defendants' actions were wanton, malicious, or oppressive.

592.    Defendants Cooper, Berger, and Hinton's actions are outrageous as they: 1) Encompass the school's administration; 2) Include Dean level administrators; 3) Maintained significant authority over Plaintiff Melendez; 4) Knew Plaintiff is disabled; 5) Knew Plaintiff Melendez was in a vulnerable state; 6) Knew not providing accommodations would hurt Plaintiff Melendez; 7) Knew Plaintiff has been significantly absent from the school; 8) Intentionally or recklessly disregarded Plaintiff's well-established rights.

593.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 72 – Defendants Cooper, Berger, & Hinton created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez by wrongfully withholding reasonable, disability accommodations necessary for Plaintiff to take a Leave of Absence, violating Conspiracy.**

594.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

595.    Defendants Cooper, Berger, and Hinton created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez by wrongfully withholding reasonable, disability accommodations necessary for Plaintiff to take a Leave of Absence, specified in Claim 65 (Paragraphs 546-555), violating Conspiracy under NH Common Law.

596.    Defendants had no reason to believe their actions were lawful.

597.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

598.    Defendants' actions were wanton, malicious, or oppressive.

599.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### DEFENDANTS PURDOM, COOPER, & CARPENTER WRONGFULLY WITHHELD ADMINISTRATIVE ACTION AS RETALIATION AGAINST PLAINTIFF MELENDEZ, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; IIED; & CONSPIRACY

**Claim 73 – Defendants Purdom, Cooper, & Carpenter wrongfully withheld administrative action as retaliation against Plaintiff Melendez, violating 42 U.S.C. 12203**

600.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

601.     In or about August 2022 through December 2022, Plaintiff Melendez was unable to attend class by reason of his mental disability.

602.     Plaintiff Melendez received failing grades in five (5) individual classes for being unable to attend.

603.     Defendants Carpenter, Cooper, and Purdom, had the authority to withdraw Plaintiff Melendez from his classes.

604.     Defendants had the authority to issue Plaintiff Melendez withdraws or "W's" instead of "F's," failing grades.

605.     Defendants were aware of Plaintiff's exigent circumstances during the Fall 2022 semester.

606.     Despite knowing Plaintiff's severe disabilities, which prevented him from attending class, Defendants Carpenter, Cooper, and Purdom intentionally withheld administrative action, wrongfully allowing Plaintiff to receive five (5) failing grades, "F's."

607.     Defendants Purdom, Cooper, and Carpenter's wrongful withholding of administrative action, a public entity's benefit or program, was retaliation against Plaintiff Melendez for filing discrimination complaints, violating 42 U.S.C. § 12203.

608.     Defendants had no reason to believe their actions were lawful.

609.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

610.     Defendants' actions were wanton, malicious, or oppressive.

611.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 74 – Defendants Purdom, Cooper, & Carpenter's wrongful withholding of administrative action was motivated by race, violating 42 U.S.C. 1981**

612.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

613.    Defendants Cooper, Berger, and Hinton's wrongful withholding of administrative action, specified in Claim 73 (Paragraphs 600-611), was motivated by race, likewise, violating 42 U.S.C. 1981.

614.    In discriminating against Plaintiff Melendez based on his race, Defendants Purdom, Cooper, and Carpenter acted with willful and/or reckless disregard of Plaintiff's protected rights.

615.    Defendants had no reason to believe their actions were lawful.

616.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

617.    Defendants' actions were wanton, malicious, or oppressive.

618.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 75 – Defendants Purdom, Cooper, & Carpenter wrongfully withheld administrative action as retaliation against Plaintiff Melendez, violating 354-A:19**

619.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

620.    Defendants Cooper, Berger, and Hinton's wrongful withholding of administrative action, specified in Claim 73 (Paragraphs 600-611), was retaliation against Plaintiff Melendez for filing discrimination complaints, likewise, violating RSA 354-A:19.

621.     Defendants had no reason to believe their actions were lawful.

622.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

623.     Defendants' actions were wanton, malicious, or oppressive.

624.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 76 – Defendants Purdom, Cooper, & Carpenter's wrongful withholding of administrative action negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

625.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

626.     Defendants Purdom, Cooper, and Carpenter's wrongful withholding of administrative action, specified in Claim 73 (Paragraphs 600-611), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

627.     Defendants had no reason to believe their actions were lawful.

628.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

629.     Defendants' actions were wanton, malicious, or oppressive.

630.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 77 – Defendants Purdom, Cooper, & Carpenter's wrongful withholding of administrative action intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

631.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

632.    Defendants Purdom, Cooper, and Carpenter's wrongful withholding of administrative action, specified in Claim 73 (Paragraphs 600-611), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

633.    Defendants had no reason to believe their actions were lawful.

634.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

635.    Defendants' actions were wanton, malicious, or oppressive.

636.    Defendants' actions are outrageous as they: 1) Encompass the school's administration; 2) Include Dean level administrators; 3) Maintained significant authority over Plaintiff Melendez; 4) Knew Plaintiff is disabled; 5) Knew Plaintiff Melendez was in a vulnerable state; 6) Knew not providing administrative action would hurt Plaintiff Melendez; 7) Intentionally or recklessly disregarded Plaintiff's well-established rights.

637.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 78 – Defendants Purdom, Cooper, & Carpenter created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez, by wrongfully withholding administrative action, violating Conspiracy under NH Common Law.**

638.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

639.     Defendants Purdom, Cooper, and Carpenter created an agreement to intentionally or

recklessly inflict emotional damage on Plaintiff Melendez, by wrongfully withholding

administrative action, specified in Claim 73 (Paragraphs 600-611), likewise, violating Conspiracy

under NH Common Law.

640.     Defendants had no reason to believe their actions were lawful.

641.     The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

642.     Defendants' actions were wanton, malicious, or oppressive.

643.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

## DEFENDANTS BERGER, HINTON, & SPARROW FAILED TO PROVIDE REASONABLE DISABILITY ACCOMMODATIONS NECESSARY FOR PLAINTIFF MELENDEZ TO COMPLETE AN ACADEMIC PLAN, REQUIRED BY THE SCHOOL, VIOLATING: 42 U.S.C. 12132; SECTION 504; 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; IIED; & CONSPIRACY

**Claim 79 – Defendants Berger, Hinton, & Sparrow failed to provide reasonable disability**

**accommodations necessary for Plaintiff Melendez to complete an Academic Plan, violating 42 U.S.C.**

**12132**

644.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

645.     From in or about January 2023 through July 2023, Plaintiff Melendez was excluded from

completing an Academic Plan, a public entity's requirement.

646.    Plaintiff Melendez was excluded from completing the Academic Plan by reason of his disabilities.

647.    Defendants Berger, Hinton, and Sparrow had a statutory obligation to furnish appropriate auxiliary aid and services to allow Plaintiff Melendez an equal opportunity to complete an Academic Plan.

648.    Defendants breached their duty by failing to provide Plaintiff Melendez assistance with: 1) What the Academic Plan actually is; 2) Assistance in completing the required Academic Plan.

649.    Defendants Berger, Hinton, and Sparrow's breach of duty violated 42 U.S.C. § 12132.

650.    Defendants had no reason to believe their actions were lawful.

651.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

652.    Defendants' actions were wanton, malicious, or oppressive.

653.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 80 – Defendants Berger, Hinton, & Sparrow failed to provide reasonable disability accommodations necessary for Plaintiff Melendez to complete an Academic Plan, violating Section 504**

654.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

655.    Defendants Berger, Hinton, and Sparrow's failure to provide Plaintiff Melendez an equal opportunity to complete an Academic Plan, specified in Claim 79 (Paragraphs 644-653), likewise, violated Section 504.

656.     Defendants had no reason to believe their actions were lawful.

657.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

658.     Defendants' actions were wanton, malicious, or oppressive.

659.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 81 – Defendants Berger, Hinton, & Sparrow wrongfully withheld reasonable disability accommodations necessary for Plaintiff Melendez to complete an Academic Plan, violating 42 U.S.C. 12203**

660.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

661.     Defendants Berger, Hinton, and Sparrow's wrongful withholding of reasonable disability accommodations necessary for Plaintiff Melendez to have an equal opportunity to complete an Academic Plan, specified in Claim 79 (Paragraphs 644-653), was retaliation against Plaintiff Melendez for filing discrimination complaints, likewise, violating 42 U.S.C. 12203.

662.     Defendants had no reason to believe their actions were lawful.

663.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

664.     Defendants' actions were wanton, malicious, or oppressive.

665.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 82 – Defendants Berger, Hinton, & Sparrow's wrongful withholding of reasonable disability**

**accommodations necessary for Plaintiff Melendez to complete an Academic Plan was motivated by**

**race, violating 42 U.S.C. 1981**

666.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

667.     Defendants Berger, Hinton, and Sparrow's wrongful withholding of reasonable disability

accommodations necessary for Plaintiff Melendez to have an equal opportunity to complete an

Academic Plan, specified in Claim 79 (Paragraphs 644-653), was motivated by race, likewise,

violating 42 U.S.C. 1981.

668.     In discriminating against Plaintiff Melendez based on his race, Defendants Berger,

Hinton, and Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

669.     Defendants had no reason to believe their actions were lawful.

670.     The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

671.     Defendants' actions were wanton, malicious, or oppressive.

672.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 83 – Defendants Berger, Hinton, & Sparrow wrongfully withheld reasonable disability**

**accommodations necessary for Plaintiff Melendez to complete an Academic Plan, violating RSA 354-**

**A:19**

673.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

674.     Defendants Berger, Hinton, and Sparrow's wrongful withholding of reasonable disability accommodations necessary for Plaintiff Melendez to have an equal opportunity to complete an Academic Plan, specified in Claim 79 (Paragraphs 644-653), was retaliation against Plaintiff Melendez for filing discrimination complaints, likewise, violating RSA 354-A:19

675.     Defendants had no reason to believe their actions were lawful.

676.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

677.     Defendants' actions were wanton, malicious, or oppressive.

678.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 84 – Defendants Berger, Hinton, & Sparrow's wrongful withholding of reasonable disability accommodations necessary for Plaintiff Melendez to complete an Academic Plan negligently inflicted emotional damage on Plaintiff, violating NIED**

679.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

680.     Defendants Berger, Hinton, and Sparrow's wrongful withholding of reasonable disability accommodations necessary for Plaintiff Melendez to have an equal opportunity to complete an Academic Plan, specified in Claim 79 (Paragraphs 644-653), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

681.     Defendants had no reason to believe their actions were lawful.

682.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

683.    Defendants' actions were wanton, malicious, or oppressive.

684.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 85 – Defendants Berger, Hinton, & Sparrow's wrongful withholding of reasonable disability accommodations necessary for Plaintiff Melendez to complete an Academic Plan intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

685.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

686.    Defendants Berger, Hinton, and Sparrow's wrongful withholding of reasonable disability accommodations necessary for Plaintiff Melendez to have an equal opportunity to complete an Academic Plan, specified in Claim 79 (Paragraphs 644-653), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

687.    Defendants had no reason to believe their actions were lawful.

688.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

689.    Defendants' actions were wanton, malicious, or oppressive.

690.    Defendants' actions are outrageous as they: 1) Encompass the school's administration; 2) Include Dean level administrators; 3) Maintained significant authority over Plaintiff Melendez; 4) Knew Plaintiff is disabled; 5) Knew Plaintiff Melendez was in a vulnerable state; 6) Knew not

providing accommodations would hurt Plaintiff Melendez; 7) Intentionally or recklessly disregarded Plaintiff's well-established rights.

691.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 86 – Defendants Berger, Hinton, & Sparrow created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez, by wrongfully withholding disability accommodations necessary for Plaintiff to complete an Academic Plan, violating Conspiracy**

692.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

693.    Defendants Berger, Hinton, and Sparrow created an agreement to intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, by wrongfully withholding reasonable disability accommodations necessary for Plaintiff to complete an Academic Plan, specified in Claim 79 (Paragraphs 644-653), likewise, violating Conspiracy under NH Common Law.

694.    Defendants had no reason to believe their actions were lawful.

695.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

696.    Defendants' actions were wanton, malicious, or oppressive.

697.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**DEFENDANTS GRADY; BERGER; HINTON; & SPARROW ASSIGNED PLAINTIFF MELENDEZ TO THE JURISDICTION OF "CASS" AS DISCRIMINATION AND RETALIATION AGAINST PLAINTIFF MELENDEZ, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; IIED; & CONSPIRACY**

**Claim 87 – Defendants Grady; Berger; Hinton; & Sparrow assigned Plaintiff Melendez to the jurisdiction of "CASS" as retaliation for filing discrimination complaints, violating 42 U.S.C. 12203**

698.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

699.    In or about January 2023 through September 2023, Defendants Grady, Berger, Hinton, and Sparrow assigned Plaintiff Melendez to the jurisdiction of the Committee of Academic Standing and Success, "CASS," as discrimination and retaliation.

700.    Defendants used the pretext of following school policy as their motivation for assigning Plaintiff Melendez to CASS's jurisdiction.

701.    Defendants were aware of Plaintiff Melendez's exigent circumstances and severe disabilities that forced Plaintiff Melendez into CASS's jurisdiction.

702.    Defendants Grady; Berger; Hinton; and Sparrow were aware Plaintiff Melendez fell under the jurisdiction of CASS due to no fault of Plaintiff Melendez.

703.    Defendants were aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

704.    Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

705.    Defendants retaliated against Plaintiff Melendez for filing discrimination complaints, by wrongfully assigning him to CASS's jurisdiction, violating 42 U.S.C. 12203.

706.    Defendants assigned Plaintiff to CASS's jurisdiction despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit.

707.    Defendants had no reason to believe their actions were lawful.

77

708.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

709.     Defendants' actions were wanton, malicious, or oppressive.

710.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 88 – Defendants Grady; Berger; Hinton; & Sparrow's wrongful assigning of Plaintiff Melendez to the jurisdiction of "CASS" was motivated by race, violating 42 U.S.C. 1981**

711.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

712.     Defendants Grady; Berger; Hinton; and Sparrow's wrongful assigning of Plaintiff Melendez to the jurisdiction of the Committee of Academic Standing and Success, "CASS," specified in Claim 87 (Paragraphs 698-710), was motivated by race, likewise, violating 42 U.S.C. 1981.

713.     In discriminating against Plaintiff Melendez based on his race, Defendants Grady, Berger, Hinton, and Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

714.     Defendants had no reason to believe their actions were lawful.

715.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

716.     Defendants' actions were wanton, malicious, or oppressive.

717.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 89 – Defendants Grady; Berger; Hinton; & Sparrow's wrongful assigning of Plaintiff Melendez to the jurisdiction of "CASS" was retaliation against Plaintiff Melendez, violating RSA 354-A:19**

718.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

719.     Defendants Grady; Berger; Hinton; and Sparrow's wrongful assigning of Plaintiff Melendez to the jurisdiction of the Committee of Academic Standing and Success, "CASS," specified in Claim 87 (Paragraphs 698-710), was retaliation against Plaintiff Melendez for filing discrimination complaints, likewise, violating RSA 354-A:19.

720.     Defendants had no reason to believe their actions were lawful.

721.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

722.     Defendants' actions were wanton, malicious, or oppressive.

723.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 90 – Defendants Grady; Berger; Hinton; & Sparrow's wrongful assigning of Plaintiff Melendez to the jurisdiction of "CASS" negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

724.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

725.     Defendants Grady; Berger; Hinton; and Sparrow's wrongful assigning of Plaintiff Melendez to the jurisdiction of the Committee of Academic Standing and Success, "CASS,"

specified in Claim 87 (Paragraphs 698-710), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

726. Defendants had no reason to believe their actions were lawful.

727. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

728. Defendants' actions were wanton, malicious, or oppressive.

729. As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 91 – Defendants Grady; Berger; Hinton; & Sparrow's wrongful assigning of Plaintiff Melendez to the jurisdiction of "CASS" intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

730. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

731. Defendants Grady; Berger; Hinton; and Sparrow's wrongful assigning of Plaintiff Melendez to the jurisdiction of the Committee of Academic Standing and Success, "CASS," specified in Claim 87 (Paragraphs 698-710), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

732. Defendants had no reason to believe their actions were lawful.

733. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

734. Defendants' actions were wanton, malicious, or oppressive.

735.     Defendants' actions are outrageous as they: 1) Encompass the school's administration; 2) Include Dean level administrators; 3) Maintained significant authority over Plaintiff Melendez; 4) Knew Plaintiff is disabled; 5) Knew Plaintiff Melendez was in a vulnerable state; 6) Knew assigning Plaintiff to CASS's jurisdiction would inflict harm; 7) Intentionally or recklessly disregarded Plaintiff's well-established rights.

736.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 92 – Defendants Grady; Berger; Hinton; & Sparrow created an agreement to intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, by wrongfully assigning Plaintiff Melendez to the jurisdiction of "CASS," violating Conspiracy**

737.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

738.     Defendants Grady; Berger; Hinton; and Sparrow created an agreement to inflict emotional damage intentionally or recklessly on Plaintiff Melendez, by wrongfully assigning Plaintiff Melendez to the jurisdiction of the Committee of Academic Standing and Success, "CASS," specified in Claim 87 (Paragraphs 698-710), likewise, violating Conspiracy under NH Common Law.

739.     Defendants had no reason to believe their actions were lawful.

740.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

741.     Defendants' actions were wanton, malicious, or oppressive.

742.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### DEFENDANTS BERGER; HINTON; SPARROW; KENNY; & CHRISTENSEN USED AN ADMINISTRATIVE TOOL, "ACADEMIC PLAN" TO COERCE AND RETALIATE AGAINST PLAINTIFF MELENDEZ, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; IIED; & CONSPIRACY

**Claim 93 – Defendants Berger; Hinton; Sparrow; Kenny; & Christensen used an administrative tool, "Academic Plan" to coerce and retaliate against Plaintiff Melendez, violating 42 U.S.C. 12203**

743.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

744.     In or about January 2023 through August 2023, Defendants Berger; Hinton; Sparrow; Kenny; and Christensen used an administrative tool, "Academic Plan," to coerce and retaliate against Plaintiff Melendez.

745.     Defendants used the pretext of following school policy as their motivation for demanding the Academic Plan.

746.     Defendants were aware there was no legitimate reason to request the Academic Plan from Plaintiff.

747.     The Academic Plan is associated when a student falls under the jurisdiction of CASS.

748.     Defendants Berger; Hinton; Sparrow; Kenny; and Christensen were aware Plaintiff Melendez fell under the jurisdiction of CASS due to no fault of Plaintiff Melendez.

749.     Defendants were aware of Plaintiff Melendez's exigent circumstances and severe disabilities that forced Plaintiff Melendez into CASS's jurisdiction.

750. Defendants were aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

751. Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

752. Defendants assigning Plaintiff Melendez to CASS's jurisdiction despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating and retaliating against Plaintiff Melendez on the basis of his disability.

753. Despite knowing there was no legitimate reason to continue with the CASS process against Plaintiff, Defendants Berger; Hinton; Sparrow; Kenny; and Christensen were adamant about Plaintiff Melendez completing the Academic Plan.

754. Defendants knew the Academic Plan does not apply to Plaintiff Melendez's circumstance.

755. Defendants' true motive to use the Academic Plan was to retaliate against Plaintiff Melendez, and coerce him into wrongfully, assuming negligence for matters controlled by the Defendants, violating 42 U.S.C. 12203.

756. Defendants had no reason to believe their actions were lawful.

757. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

758. Defendants' actions were wanton, malicious, or oppressive.

759. As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

83

**Claim 94 – Defendants Berger; Hinton; Sparrow; Kenny; & Christensen's wrongful use of an administrative tool, "Academic Plan" to coerce and retaliate against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

760.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

761.     Defendants Berger; Hinton; Sparrow; Kenny; and Christensen's wrongful use of an administrative tool, "Academic Plan" to coerce and retaliate against Plaintiff Melendez, specified in Claim 93 (Paragraphs 743-759), was motivated by race, likewise, violating 42 U.S.C. 1981.

762.     In discriminating against Plaintiff Melendez based on his race, Defendants Berger; Hinton; Sparrow; Kenny; and Christensen acted with willful and/or reckless disregard of Plaintiff's protected rights.

763.     Defendants had no reason to believe their actions were lawful.

764.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

765.     Defendants' actions were wanton, malicious, or oppressive.

766.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 95 – Defendants Berger; Hinton; Sparrow; Kenny; & Christensen used an administrative tool, "Academic Plan" to coerce and retaliate against Plaintiff Melendez, violating RSA 354-A:19**

767.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

768. Defendants Berger; Hinton; Sparrow; Kenny; and Christensen wrongfully used an administrative tool, "Academic Plan," specified in Claim 93 (Paragraphs 743-759), to coerce and retaliate against Plaintiff Melendez for filing discrimination complaints, likewise, violating RSA 354-A:19.

769. Defendants had no reason to believe their actions were lawful.

770. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

771. Defendants' actions were wanton, malicious, or oppressive.

772. As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 96 – Defendants Berger; Hinton; Sparrow; Kenny; & Christensen's wrongful use of an administrative tool, "Academic Plan," negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

773. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

774. Defendants Berger; Hinton; Sparrow; Kenny; and Christensen's wrongful use of an administrative tool, "Academic Plan," specified in Claim 93 (Paragraphs 743-759), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

775. Defendants had no reason to believe their actions were lawful.

776. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

777.      Defendants' actions were wanton, malicious, or oppressive.

778.      As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 97 – Defendants Berger; Hinton; Sparrow; Kenny; & Christensen's wrongful use of an**

**administrative tool, "Academic Plan," intentionally or recklessly inflicted emotional damage on**

**Plaintiff Melendez, violating IIED**

779.      Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

780.      Defendants Berger; Hinton; Sparrow; Kenny; and Christensen's wrongful use of an

administrative tool, "Academic Plan," specified in Claim 93 (Paragraphs 743-759), intentionally

or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH

Common Law.

781.      Defendants had no reason to believe their actions were lawful.

782.      The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

783.      Defendants' actions were wanton, malicious, or oppressive.

784.      Defendants' actions are outrageous as they: 1) Encompass the school's administration;

2) Include Dean level administrators; 3) Maintained significant authority over Plaintiff Melendez;

4) Knew Plaintiff is disabled; 5) Knew Plaintiff Melendez was in a vulnerable state; 6) Knew

requesting completion of the Academic Plan would inflict harm; 7) Intentionally or recklessly

disregarded Plaintiff's well-established rights.

785.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 98 – Defendants Berger; Hinton; Sparrow; Kenny; & Christensen created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez with the wrongful use of an administrative tool, "Academic Plan," violating Conspiracy**

786.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

787.     Defendants Berger; Hinton; Sparrow; Kenny; and Christensen created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez with the wrongful use of an administrative tool, "Academic Plan," specified in Claim 93 (Paragraphs 743-759), likewise, wrongfully violating Conspiracy under NH Common Law.

788.     Defendants had no reason to believe their actions were lawful.

789.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

790.     Defendants' actions were wanton, malicious, or oppressive.

791.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**ON JANUARY 13, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A DISCRIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED**

**Claim 99 – On January 13, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

792.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

793.    On January 13, 2023, Defendant Sparrow sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

794.    Defendant Sparrow was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

795.    Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

796.    Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

797.    Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

798.    Defendant knew Plaintiff never had an equal opportunity to participate in class.

799.     Defendant Sparrow contacting Plaintiff Melendez to further the CASS Process was retaliation against Plaintiff for filing discrimination claims, violating 42 U.S.C. 12203.

800.    Defendant had no reason to believe her actions were lawful.

801.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

802.    Defendant's actions were wanton, malicious, or oppressive.

803.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 100 – On January 13, 2023, Defendant Sparrow's discriminatory email against Plaintiff**

**Melendez, was motivated by race, violating 42 U.S.C. 1981**

804.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

805.    Defendant Sparrow's January 13, 2023, discriminatory email against Plaintiff Melendez,

specified in Claim 99 (Paragraphs 792-803), was motivated by race, likewise, violating 42 U.S.C.

1981.

806.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted

with willful and/or reckless disregard of Plaintiff's protected rights.

807.    Defendant had no reason to believe her actions were lawful.

808.    The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

809.    Defendant's actions were wanton, malicious, or oppressive.

810.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 101 – On January 13, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as**

**retaliation, violating RSA 354-A:19**

811.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

812.     Defendant Sparrow's January 13, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 99 (Paragraphs 792-803), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

813.     Defendant had no reason to believe her actions were lawful.

814.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

815.     Defendant's actions were wanton, malicious, or oppressive.

816.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 102 – On January 13, 2023, Defendant Sparrow's discriminatory email, negligently inflicted emotional damage on Plaintiff, violating NIED**

817.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

818.     Defendant Sparrow's January 13, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 99 (Paragraphs 792-803), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

819.     Defendant had no reason to believe her actions were lawful.

820.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

821.     Defendant's actions were wanton, malicious, or oppressive.

822.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 103 – On January 13, 2023, Defendant Sparrow's discriminatory email, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

823.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

824.     Defendant Sparrow's January 13, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 99 (Paragraphs 792-803), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

825.     Defendant had no reason to believe her actions were lawful.

826.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

827.     Defendant's actions were wanton, malicious, or oppressive.

828.     Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

829.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JANUARY 13, 2023, DEFENDANT SPARROW WRONGFULLY ISSUED PLAINTIFF MELENDEZ A DEADLINE TO COMPLETE THE ACADEMIC PLAN AS RETALIATON, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 104 – On January 13, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a deadline to complete the Academic Plan as retaliation, violating 42 U.S.C. 12203**

830.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

831.    On January 13, 2023, Defendant Sparrow contacted Plaintiff Melendez through email under the pretext of discussing school policy.

832.    Defendant demanded Plaintiff complete an Academic Plan by January 16, 2023.

833.    Defendant knows the Academic Plan does not apply to Plaintiff Melendez.

834.    Defendant was aware there was no legitimate reason to set any deadlines regarding the Academic Plan.

835.    Defendant set this date in retaliation against Plaintiff for filing discrimination complaints, and in attempts to coerce him into completing the Academic Plan, violating 42 U.S.C. 12203.

836.    Defendant had no reason to believe her actions were lawful.

837.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

838.    Defendant's actions were wanton, malicious, or oppressive.

839.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 105 – On January 13, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, was motivated by race, violating 42 U.S.C. 1981**

840.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations
         and facts contained in the preceding paragraphs.

841.     Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete
         the Academic Plan, specified in Claim 104 (Paragraphs 830-839), was motivated by race,
         violating 42 U.S.C. 1981.

842.     In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted
         with willful and/or reckless disregard of Plaintiff's protected rights.

843.     Defendant had no reason to believe her actions were lawful.

844.     The damage was foreseeable, irrational, and not motivated by any conceivable
         legitimate reason.

845.     Defendant's actions were wanton, malicious, or oppressive.

846.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden;
         aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
         suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
         documented, permanent increase in disability rating.

**Claim 106 – On January 13, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a deadline
to complete the Academic Plan as retaliation, violating RSA 354-A:19**

847.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations
         and facts contained in the preceding paragraphs.

848.     Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete
         the Academic Plan, specified in Claim 104 (Paragraphs 830-839), was retaliation against Plaintiff
         for filing discrimination complaints, and in attempts to coerce him into completing the Academic
         Plan, violating RSA 354-A:19.

849.     Defendant had no reason to believe her actions were lawful.

850. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

851. Defendant's actions were wanton, malicious, or oppressive.

852. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 107 – On January 13, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, negligently inflicted emotional damage on Plaintiff, violating NIED**

853. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

854. Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 104 (Paragraphs 830-839), negligently inflicted emotional damage on Plaintiff, violating NIED under NH Common Law.

855. Defendant had no reason to believe her actions were lawful.

856. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

857. Defendant's actions were wanton, malicious, or oppressive.

858. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 108 – On January 13, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

859. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

860. Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 104 (Paragraphs 830-839), intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED under NH Common Law.

861. Defendant had no reason to believe her actions were lawful.

862. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

863. Defendant's actions were wanton, malicious, or oppressive.

864. Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

865. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

<u>ON JANUARY 17, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A DISCRIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED</u>

**Claim 109 – On January 17, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

866.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

867.     On January 17, 2023, Defendant Sparrow sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

868.     Defendant Sparrow was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

869.     Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

870.     Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

871.     Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

872.     Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

873.     Defendant had no reason to believe her actions were lawful.

874.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

875.     Defendant's actions were wanton, malicious, or oppressive.

876.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 110 – On January 17, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

877.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

878.     Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 109 (Paragraphs 866-876), was motivated by race, likewise, violating 42 U.S.C. 1981.

879.     In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

880.     Defendant had no reason to believe her actions were lawful.

881.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

882.     Defendant's actions were wanton, malicious, or oppressive.

883.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 111 – On January 17, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

884.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

885.     Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 109 (Paragraphs 866-876), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

886.     Defendant had no reason to believe her actions were lawful.

97

887.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

888.    Defendant's actions were wanton, malicious, or oppressive.

889.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 112 – On January 17, 2023, Defendant Sparrow's discriminatory email, negligently inflicted emotional damage on Plaintiff, violating NIED**

890.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

891.    Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 109 (Paragraphs 866-876), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

892.    Defendant had no reason to believe her actions were lawful.

893.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

894.    Defendant's actions were wanton, malicious, or oppressive.

895.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 113 – Defendant Sparrow's discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

896.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

897.     Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 109 (Paragraphs 866-876), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

898.     Defendant had no reason to believe her actions were lawful.

899.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

900.     Defendant's actions were wanton, malicious, or oppressive.

901.     Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

902.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JANUARY 25, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A DISCRIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 114 – On January 25, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

903.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

904. On January 25, 2023, Defendant Sparrow sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

905. Defendant Sparrow was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

906. Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

907. Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

908. Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

909. Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

910. Defendant had no reason to believe her actions were lawful.

911. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

912. Defendant's actions were wanton, malicious, or oppressive.

913. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 115 – Defendant Sparrow's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

914. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

915. Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 114 (Paragraphs 903-913), was motivated by race, likewise, violating 42 U.S.C. 1981.

916. In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

917. Defendant had no reason to believe her actions were lawful.

918. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

919. Defendant's actions were wanton, malicious, or oppressive.

920. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 116 – Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

921. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

922. Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 114 (Paragraphs 903-913), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

923. Defendant had no reason to believe her actions were lawful.

924. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

925. Defendant's actions were wanton, malicious, or oppressive.

926. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 117 –Defendant Sparrow's discriminatory email, negligently inflicted emotional damage on Plaintiff, violating NIED**

927. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

928. Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 114 (Paragraphs 903-913), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

929. Defendant had no reason to believe her actions were lawful.

930. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

931. Defendant's actions were wanton, malicious, or oppressive.

932. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 118 – Defendant Sparrow's discriminatory email, intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

933. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

934.     Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 114 (Paragraphs 903-913), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

935.     Defendant had no reason to believe her actions were lawful.

936.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

937.     Defendant's actions were wanton, malicious, or oppressive.

938.     Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

939.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JANUARY 25, 2023, DEFENDANT SPARROW WRONGFULLY ISSUED PLAINTIFF MELENDEZ A DEADLINE TO COMPLETE THE ACADEMIC PLAN AS RETALIATON, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 119 – On January 25, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a deadline to complete the Academic Plan as retaliation, violating 42 U.S.C. 12203**

940.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

941.     On January 25, 2023, Defendant Sparrow contacted Plaintiff Melendez through email under the pretext of discussing school policy.

942.     Defendant demanded Plaintiff complete an Academic Plan by January 27, 2023.

943.     Defendant knows the Academic Plan does not apply to Plaintiff Melendez.

944.     Defendant was aware there was no legitimate reason to set any deadlines regarding the Academic Plan.

945.     Defendant set this date in retaliation against Plaintiff for filing discrimination complaints, and in attempts to coerce him into completing the Academic Plan, violating 42 U.S.C. 12203.

946.     Defendant had no reason to believe her actions were lawful.

947.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

948.     Defendant's actions were wanton, malicious, or oppressive.

949.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 120 – On January 25, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, was motivated by race, violating 42 U.S.C. 1981**

950.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

951.     Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 119 (Paragraphs 940-949), was motivated by race, violating 42 U.S.C. 1981.

952.     In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

953.     Defendant had no reason to believe her actions were lawful.

954.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

955.     Defendant's actions were wanton, malicious, or oppressive.

956.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 121 – On January 25, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a deadline to complete the Academic Plan as retaliation, violating RSA 354-A:19**

957.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

958.     Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 119 (Paragraphs 940-949), was retaliation against Plaintiff for filing discrimination complaints, and in attempts to coerce him into completing the Academic Plan, violating RSA 354-A:19.

959.     Defendant had no reason to believe her actions were lawful.

960.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

961.     Defendant's actions were wanton, malicious, or oppressive.

962.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 122 – On January 25, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, negligently inflicted emotional damage on Plaintiff, violating NIED**

963.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

964.    Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 119 (Paragraphs 940-949), negligently inflicted emotional damage on Plaintiff, violating NIED under NH Common Law.

965.    Defendant had no reason to believe her actions were lawful.

966.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

967.    Defendant's actions were wanton, malicious, or oppressive.

968.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 123 – On January 25, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

969.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

970.    Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 119 (Paragraphs 940-949), intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED under NH Common Law.

971.     Defendant had no reason to believe her actions were lawful.

972.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

973.     Defendant's actions were wanton, malicious, or oppressive.

974.     Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

975.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JANUARY 25, 2023, DEFENDANT SPARROW WRONGFULLY ISSUED PLAINTIFF MELENDEZ A DISENROLLMENT DEADLINE AS RETALIATON, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 124 – On January 25, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a disenrollment deadline as retaliation, violating 42 U.S.C. 12203**

976.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

977.     On January 25, 2023, Defendant Sparrow sent an email to Plaintiff Melendez under the pretext of discussing school policy.

978.     Defendant Sparrow informed Plaintiff Melendez that he will be disenrolled from the law school on January 27, 2023.

979.     This date is arbitrary.

980.     The disenrollment from the law school is wrongful.

981. This date of disenrollment was given to retaliate against Plaintiff for filing discrimination complaints, violating 42 U.S.C. 12203.

982. Defendant was aware there was no legitimate reason to set any deadlines regarding disenrollment of Plaintiff Melendez.

983. Defendant Sparrow knew there were no grounds to legally disenroll Plaintiff Melendez.

984. Defendant had no reason to believe her actions were lawful.

985. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

986. Defendant's actions were wanton, malicious, or oppressive.

987. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 125 – On January 25, 2023, Defendant Sparrow's wrongful issuing of a disenrollment deadline to Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

988. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

989. Defendant Sparrow's wrongful issuing of a disenrollment deadline, specified in Claim 124 (Paragraphs 976-987), was motivated by race, likewise, violating 42 U.S.C. 1981.

990. In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

991. Defendant had no reason to believe her actions were lawful.

992. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

993. Defendant's actions were wanton, malicious, or oppressive.

994. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 126 – On January 25, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a disenrollment deadline as retaliation, violating RSA 354-A:19**

995. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

996. Defendant Sparrow's wrongful issuing of a disenrollment deadline, specified in Claim 124 (Paragraphs 976-987), was given to retaliate against Plaintiff for filing discrimination complaints, violating RSA 354-A:19.

997. Defendant had no reason to believe her actions were lawful.

998. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

999. Defendant's actions were wanton, malicious, or oppressive.

1000. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 127 – On January 25, 2023, Defendant Sparrow's wrongful issuing of a disenrollment deadline, negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

1001. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1002.    Defendant Sparrow's wrongful issuing of a disenrollment deadline, specified in Claim
124 (Paragraphs 976-987), negligently inflicted emotional damage on Plaintiff Melendez,
likewise, violating NIED under NH Common Law.

1003.    Defendant had no reason to believe her actions were lawful.

1004.    The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

1005.    Defendant's actions were wanton, malicious, or oppressive.

1006.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

**Claim 128 – On January 25, 2023, Defendant Sparrow's wrongful issuing of a disenrollment deadline,
intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

1007.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations
and facts contained in the preceding paragraphs.

1008.    Defendant Sparrow's wrongful issuing of a disenrollment deadline, specified in Claim
124 (Paragraphs 976-987), intentionally or recklessly inflicted emotional damage on Plaintiff
Melendez, likewise, violating IIED under NH Common Law.

1009.    Defendant had no reason to believe her actions were lawful.

1010.    The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

1011.    Defendant's actions were wanton, malicious, or oppressive.

1012.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew
Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate

reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1013.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

## ON JANUARY 26, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A DISCIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

Claim 129 – On January 26, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203

1014.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1015.    On January 26, 2023, Defendant Sparrow sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

1016.    Defendant Sparrow was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

1017.    Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

1018.    Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

1019.    Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

1020.    Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or

111

benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

1021.    Defendant had no reason to believe her actions were lawful.

1022.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1023.    Defendant's actions were wanton, malicious, or oppressive.

1024.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 130 – On January 26, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

1025.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1026.    Defendant Sparrow's January 26, 2023, discriminatory email, specified in Claim 129 (Paragraphs 1014-1024), was motivated by race, likewise, violating 42 U.S.C. 1981.

1027.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

1028.    Defendant had no reason to believe her actions were lawful.

1029.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1030.    Defendant's actions were wanton, malicious, or oppressive.

1031.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 131 – On January 26, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

1032.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1033.    Defendant Sparrow's January 26, 2023, discriminatory email, specified in Claim 129 (Paragraphs 1014-1024), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

1034.    Defendant had no reason to believe her actions were lawful.

1035.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1036.    Defendant's actions were wanton, malicious, or oppressive.

1037.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 132 – On January 26, 2023, Defendant Sparrow's discriminatory email, negligently inflicted emotional damage on Plaintiff, violating NIED**

1038.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1039.    Defendant Sparrow's January 26, 2023, discriminatory email, specified in Claim 129 (Paragraphs 1014-1024), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1040.    Defendant had no reason to believe her actions were lawful.

1041.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1042.    Defendant's actions were wanton, malicious, or oppressive.

1043.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 133 – On January 26, 2023, Defendant Sparrow's discriminatory email, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1044.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1045.    Defendant Sparrow's January 26, 2023, discriminatory email, specified in Claim 129 (Paragraphs 1014-1024), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1046.    Defendant had no reason to believe her actions were lawful.

1047.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1048.    Defendant's actions were wanton, malicious, or oppressive.

1049.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1050.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JANUARY 26, 2023, DEFENDANT SPARROW WRONGFULLY ISSUED PLAINTIFF MELENDEZ A DEADLINE TO COMPLETE THE ACADEMIC PLAN AS RETALIATON, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 134 – On January 26, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a deadline to complete the Academic Plan as retaliation, violating 42 U.S.C. 12203**

1051.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1052.    On January 26, 2023, Defendant Sparrow contacted Plaintiff Melendez through email under the pretext of discussing school policy.

1053.    Defendant demanded Plaintiff complete an Academic Plan by January 29, 2023.

1054.    Defendant knows the Academic Plan does not apply to Plaintiff Melendez.

1055.    Defendant was aware there was no legitimate reason to set any deadlines regarding the Academic Plan.

1056.    Defendant set this date in retaliation against Plaintiff for filing discrimination complaints, and in attempts to coerce him into completing the Academic Plan, violating 42 U.S.C. 12203.

1057.    Defendant had no reason to believe her actions were lawful.

1058.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1059.    Defendant's actions were wanton, malicious, or oppressive.

1060.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 135 – On January 26, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, was motivated by race, violating 42 U.S.C. 1981**

1061.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1062.    Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 134 (Paragraphs 1051-1060), was motivated by race, violating 42 U.S.C. 1981.

1063.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

1064.    Defendant had no reason to believe her actions were lawful.

1065.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1066.    Defendant's actions were wanton, malicious, or oppressive.

1067.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 136 – On January 26, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a deadline to complete the Academic Plan as retaliation, violating RSA 354-A:19**

1068.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1069.     Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 134 (Paragraphs 1051-1060), was retaliation against Plaintiff for filing discrimination complaints, in attempts to coerce him into completing the Academic Plan, violating RSA 354-A:19.

1070.     Defendant had no reason to believe her actions were lawful.

1071.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1072.     Defendant's actions were wanton, malicious, or oppressive.

1073.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 137 – On January 26, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, negligently inflicted emotional damage on Plaintiff, violating NIED**

1074.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1075.     Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 134 (Paragraphs 1051-1060), negligently inflicted emotional damage on Plaintiff, violating NIED under NH Common Law.

1076.     Defendant had no reason to believe her actions were lawful.

1077.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1078.    Defendant's actions were wanton, malicious, or oppressive.

1079.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 138 – On January 26, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1080.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1081.    Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 134 (Paragraphs 1051-1060), intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED under NH Common Law.

1082.    Defendant had no reason to believe her actions were lawful.

1083.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1084.    Defendant's actions were wanton, malicious, or oppressive.

1085.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

118

1086.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

### ON JANUARY 26, 2023, DEFENDANT SPARROW WRONFULLY ISSUED PLAINTIFF MELENDEZ A DISENROLLMENT DEADLINE AS RETALIATON, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 139 – On January 26, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a**

**disenrollment deadline as retaliation, violating 42 U.S.C. 12203**

1087.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

1088.     On January 26, 2023, Defendant Sparrow sent an email to Plaintiff Melendez under the

pretext of discussing school policy.

1089.     Defendant Sparrow informed Plaintiff Melendez that he will be disenrolled from the law

school on January 29, 2023.

1090.     This date is arbitrary.

1091.     The disenrollment from the law school is wrongful.

1092.     This date of disenrollment was given to retaliate against Plaintiff for filing discrimination

complaints, violating 42 U.S.C. 12203.

1093.     Defendant was aware there was no legitimate reason to set any deadlines regarding

disenrollment of Plaintiff Melendez.

1094.     Defendant Sparrow knew there were no grounds to legally disenroll Plaintiff Melendez.

1095.     Defendant had no reason to believe her actions were lawful.

1096.     The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

1097.    Defendant's actions were wanton, malicious, or oppressive.

1098.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 140 – On January 26, 2023, Defendant Sparrow's wrongful issuing of a deadline to disenroll Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

1099.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1100.    Defendant Sparrow's wrongful issuing of a disenrollment deadline, specified in Claim 139 (Paragraphs 1087-1098), was motivated by race, likewise, violating 42 U.S.C. 1981.

1101.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

1102.    Defendant had no reason to believe her actions were lawful.

1103.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1104.    Defendant's actions were wanton, malicious, or oppressive.

1105.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 141 – On January 26, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a disenrollment deadline as retaliation, violating RSA 354-A:19**

1106.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1107.    Defendant Sparrow's wrongful issuing of a disenrollment deadline, specified in Claim 139 (Paragraphs 1087-1098), was retaliation against Plaintiff for filing discrimination complaints, violating RSA 354-A:19.

1108.    Defendant had no reason to believe her actions were lawful.

1109.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1110.    Defendant's actions were wanton, malicious, or oppressive.

1111.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 142 – On January 26, 2023, Defendant Sparrow's wrongful issuing of a disenrollment deadline, negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

1112.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1113.    Defendant Sparrow's wrongful issuing of a disenrollment deadline, specified in Claim 139 (Paragraphs 1087-1098), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1114.    Defendant had no reason to believe her actions were lawful.

1115.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1116.    Defendant's actions were wanton, malicious, or oppressive.

1117.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 143 – On January 26, 2023, Defendant Sparrow's wrongful issuing of a disenrollment deadline, intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

1118.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1119.    Defendant Sparrow's wrongful issuing of a disenrollment deadline, specified in Claim 139 (Paragraphs 1087-1098), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1120.    Defendant had no reason to believe her actions were lawful.

1121.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1122.    Defendant's actions were wanton, malicious, or oppressive.

1123.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1124.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

122

**ON JANUARY 26, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A SECOND DISCRIMRINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED**

**Claim 144 – On January 26, 2023, Defendant Sparrow sent Plaintiff Melendez a second discriminatory email as retaliation, violating 42 U.S.C. 12203**

1125.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1126.     On January 26, 2023, Defendant Sparrow sent a second email to Plaintiff Melendez under the pretext of discussing official CASS matters.

1127.     Defendant Sparrow was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

1128.     Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

1129.     Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

1130.     Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

1131.     Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

1132.     Defendant had no reason to believe her actions were lawful.

1133.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1134.     Defendant's actions were wanton, malicious, or oppressive.

1135.      As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 145 – On January 26, 2023, Defendant Sparrow's second discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

1136.      Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1137.      Defendant Sparrow's January 26, 2023, second discriminatory email against Plaintiff Melendez, specified in Claim 144 (Paragraphs 1125-1135), was motivated by race, likewise, violating 42 U.S.C. 1981.

1138.      In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

1139.      Defendant had no reason to believe her actions were lawful.

1140.      The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1141.      Defendant's actions were wanton, malicious, or oppressive.

1142.      As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 146 – On January 26, 2023, Defendant Sparrow sent Plaintiff Melendez a second discriminatory email as retaliation, violating RSA 354-A:19**

1143.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1144.     Defendant Sparrow's January 26, 2023, second discriminatory email against Plaintiff Melendez, specified in Claim 144 (Paragraphs 1125-1135), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

1145.     Defendant had no reason to believe her actions were lawful.

1146.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1147.     Defendant's actions were wanton, malicious, or oppressive.

1148.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 147 – On January 26, 2023, Defendant Sparrow's second discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

1149.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1150.     Defendant Sparrow's January 26, 2023, second discriminatory email against Plaintiff Melendez, specified in Claim 144 (Paragraphs 1125-1135), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1151.     Defendant had no reason to believe her actions were lawful.

1152.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1153.     Defendant's actions were wanton, malicious, or oppressive.

1154.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 148 – On January 26, 2023, Defendant Sparrow's second discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1155.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1156.     Defendant Sparrow's January 26, 2023, second discriminatory email against Plaintiff Melendez, specified in Claim 144 (Paragraphs 1125-1135), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1157.     Defendant had no reason to believe her actions were lawful.

1158.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1159.     Defendant's actions were wanton, malicious, or oppressive.

1160.     Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1161.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**ON JANUARY 26, 2023, DEFENDANT SPARROW WRONGFULLY ISSUED PLAINTIFF
MELENDEZ A SECOND DEADLINE TO COMPLETE THE ACADEMIC PLAN AS
RETALIATON, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED**

**Claim 149 – On January 26, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a second
deadline to complete the Academic Plan as retaliation, violating 42 U.S.C. 12203**

1162.       Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

1163.       On January 26, 2023, Defendant Sparrow contacted Plaintiff Melendez through email a

second time under the pretext of discussing school policy.

1164.       Defendant demanded Plaintiff complete an Academic Plan by January 29, 2023.

1165.       Defendant knows the Academic Plan does not apply to Plaintiff Melendez.

1166.       Defendant was aware there was no legitimate reason to set any deadlines regarding the

Academic Plan.

1167.       Defendant set this date in retaliation against Plaintiff for filing discrimination

complaints, and in attempts to coerce him into completing the Academic Plan, violating 42

U.S.C. 12203.

1168.       Defendant had no reason to believe her actions were lawful.

1169.       The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

1170.       Defendant's actions were wanton, malicious, or oppressive.

1171.       As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 150 – On January 26, 2023, Defendant Sparrow's wrongful issuing of a second deadline for Plaintiff Melendez to complete the Academic Plan, was motivated by race, violating 42 U.S.C. 1981**

1172.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1173.    Defendant Sparrow's wrongful issuing of a second deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 149 (Paragraphs 1162-1171), was motivated by race, violating 42 U.S.C. 1981.

1174.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

1175.    Defendant had no reason to believe her actions were lawful.

1176.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1177.    Defendant's actions were wanton, malicious, or oppressive.

1178.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 151 – On January 26, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a second deadline to complete the Academic Plan as retaliation, violating RSA 354-A:19**

1179.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1180.    Defendant Sparrow's wrongful issuing of a second deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 149 (Paragraphs 1162-1171), was retaliation

against Plaintiff for filing discrimination complaints, and in attempts to coerce him into completing the Academic Plan, violating RSA 354-A:19.

1181. Defendant had no reason to believe her actions were lawful.

1182. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1183. Defendant's actions were wanton, malicious, or oppressive.

1184. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 152 – On January 26, 2023, Defendant Sparrow's wrongful issuing of a second deadline for Plaintiff Melendez to complete the Academic Plan, negligently inflicted emotional damage on Plaintiff, violating NIED**

1185. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1186. Defendant Sparrow's wrongful issuing of a second deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 149 (Paragraphs 1162-1171), negligently inflicted emotional damage on Plaintiff, violating NIED under NH Common Law.

1187. Defendant had no reason to believe her actions were lawful.

1188. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1189. Defendant's actions were wanton, malicious, or oppressive.

1190. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 153 – On January 26, 2023, Defendant Sparrow's wrongful issuing of a second deadline for Plaintiff Melendez to complete the Academic Plan, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1191.   Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1192.   Defendant Sparrow's wrongful issuing of a second deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 149 (Paragraphs 1162-1171), intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED under NH Common Law.

1193.   Defendant had no reason to believe her actions were lawful.

1194.   The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1195.   Defendant's actions were wanton, malicious, or oppressive.

1196.   Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1197.   As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

<u>ON JANUARY 26, 2023, DEFENDANT SPARROW WRONGFULLY ISSUED PLAINTIFF MELENDEZ A SECOND DISENROLLMENT DEADLINE, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED</u>

**Claim 154 – On January 26, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a second disenrollment deadline as retaliation, violating 42 U.S.C. 12203**

1198.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1199.    On January 26, 2023, Defendant Sparrow sent a second email to Plaintiff Melendez under the pretext of discussing school policy.

1200.    Defendant Sparrow informed Plaintiff Melendez a second time that he will be disenrolled from the law school on January 29, 2023.

1201.    This date is arbitrary.

1202.    The disenrollment from the law school is wrongful.

1203.    This date of disenrollment was retaliation against Plaintiff for filing discrimination complaints, violating 42 U.S.C. 12203.

1204.    Defendant was aware there was no legitimate reason to set any deadlines regarding disenrollment of Plaintiff Melendez.

1205.    Defendant Sparrow knew there were no grounds to legally disenroll Plaintiff Melendez.

1206.    Defendant had no reason to believe her actions were lawful.

1207.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1208.    Defendant's actions were wanton, malicious, or oppressive.

1209.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 155 – On January 26, 2023, Defendant Sparrow's wrongful issuing of a second disenrollment deadline against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

1210.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1211.     Defendant Sparrow's wrongful issuing of a second disenrollment deadline against Plaintiff Melendez, specified in Claim 154 (Paragraphs 1198-1209), was motivated by race, likewise, violating 42 U.S.C. 1981.

1212.     In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

1213.     Defendant had no reason to believe her actions were lawful.

1214.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1215.     Defendant's actions were wanton, malicious, or oppressive.

1216.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 156 – On January 26, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a second disenrollment deadline as retaliation violating RSA 354-A:19**

1217.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1218.     Defendant Sparrow's wrongful issuing of a second disenrollment deadline against Plaintiff Melendez, specified in Claim 154 (Paragraphs 1198-1209), was retaliation against Plaintiff for filing discrimination complaints, violating RSA 354-A:19.

1219.    Defendant had no reason to believe her actions were lawful.

1220.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1221.    Defendant's actions were wanton, malicious, or oppressive.

1222.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 157 – On January 26, 2023, Defendant Sparrow's wrongful issuing of a second disenrollment deadline against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

1223.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1224.    Defendant Sparrow's wrongful issuing of a second disenrollment deadline against Plaintiff Melendez, specified in Claim 154 (Paragraphs 1198-1209), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1225.    Defendant had no reason to believe her actions were lawful.

1226.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1227.    Defendant's actions were wanton, malicious, or oppressive.

1228.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 158 – On January 26, 2023, Defendant Sparrow's wrongful issuing of a second disenrollment deadline against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

1229.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1230.     Defendant Sparrow's wrongful issuing of a second disenrollment deadline against Plaintiff Melendez, specified in Claim 154 (Paragraphs 1198-1209), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1231.     Defendant had no reason to believe her actions were lawful.

1232.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1233.     Defendant's actions were wanton, malicious, or oppressive.

1234.     Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1235.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JANUARY 26, 2023, DEFENDANT SPARROW PRESENTED PLAINTIFF MELENDEZ IN AN OFFENSIVE MANNER AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; IIED; & FALSE LIGHT

**Claim 159 – On January 26, 2023, Defendant Sparrow presented Plaintiff Melendez in an offensive manner as retaliation, violating 42 U.S.C. 12203**

1236.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1237.     In or about August 2022 through December 2022, Plaintiff Melendez was unable to attend class by reason of his mental disability and extenuating circumstances.

1238.     Plaintiff Melendez received failing grades in five (5) individual classes for being unable to attend.

1239.     Defendant Sparrow was aware of Plaintiff Melendez's exigent circumstances and disabilities during the Fall 2022 semester.

1240.     Despite knowing Plaintiff Melendez's severe disabilities and circumstances were the actual reasons for Plaintiff's failing grades, Defendant Sparrow makes a statement that falsely implies Plaintiff Melendez is at fault for the failing grades.

1241.     Defendant Sparrow widely publishes or distributed the following comment: "The content is based on your reflection and thoughts about your academic performance and what steps you can and will take to improve it."

1242.     This comment is regarding and identifies Plaintiff Melendez.

1243.     This comment maliciously and wrongfully implies the Fall 2022 failing grades are due to Plaintiff's performance.

1244.     Defendant Sparrow made this comment in retaliation to Plaintiff filing discrimination complaints, violating 42 U.S.C. 12203.

1245.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 160 – On January 26, 2023, Defendant Sparrow's presenting of Plaintiff Melendez in an**

**offensive manner, was motivated by race, violating 42 U.S.C. 1981**

1246.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

1247.    Defendant Sparrow's offensive statement implying the Fall 2022 failing grades were the

consequence of Plaintiff's "academic performance," specified in Claim 159 (Paragraphs 1236-

1245), was motivated by race, likewise, violating 42 U.S.C. 1981.

1248.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted

with willful and/or reckless disregard of Plaintiff's protected rights.

1249.    Defendant had no reason to believe her actions were lawful.

1250.    The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

1251.    Defendant's actions were wanton, malicious, or oppressive.

1252.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 161 – On January 26, 2023, Defendant Sparrow presented Plaintiff Melendez in an offensive**

**manner as retaliation, violating RSA 354-A:19**

1253.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

1254. Defendant Sparrow's offensive statement implying the Fall 2022 failing grades were the consequence of Plaintiff's "academic performance," specified in Claim 159 (Paragraphs 1236-1245), was retaliation against Plaintiff for filing discrimination complaints, likewise, violating RSA 354-A:19.

1255. Defendant had no reason to believe her actions were lawful.

1256. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1257. Defendant's actions were wanton, malicious, or oppressive.

1258. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 162 – On January 26, 2023, Defendant Sparrow's presenting Plaintiff Melendez in an offensive manner, negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

1259. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1260. Defendant Sparrow's offensive statement implying the Fall 2022 failing grades were the consequence of Plaintiff's "academic performance," specified in Claim 159 (Paragraphs 1236-1245), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1261. Defendant had no reason to believe her actions were lawful.

1262. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1263. Defendant's actions were wanton, malicious, or oppressive.

1264.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 163 – On January 26, 2023, Defendant Sparrow's presenting Plaintiff Melendez in an offensive manner, negligently inflicted emotional damage on Plaintiff Melendez, violating IIED**

1265.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1266.     Defendant Sparrow's offensive statement implying the Fall 2022 failing grades were the consequence of Plaintiff's "academic performance," specified in Claim 159 (Paragraphs 1236-1245), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1267.     Defendant had no reason to believe her actions were lawful.

1268.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1269.     Defendant's actions were wanton, malicious, or oppressive.

1270.     Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1271.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 164 – On January 26, 2023, Defendant Sparrow negligently portrayed Plaintiff Melendez in an offensive manner, violating False Light**

1272.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1273.    Defendant Sparrow negligently, widely published or distributed an offensive statement, specified in Claim 159 (Paragraphs 1236-1245), implying the Fall 2022 failing grades were the consequence of Plaintiff's "academic performance," violating False Light under NH Common Law.

1274.    Defendant had no reason to believe her actions were lawful.

1275.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1276.    Defendant's actions were wanton, malicious, or oppressive.

1277.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JANUARY 26, 2023, DEFENDANT HINTON SENT PLAINTIFF MELENDEZ A DISCIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 165 – On January 26, 2023, Defendant Hinton sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

1278.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1279.    On January 26, 2023, Defendant Hinton sent an email to Plaintiff Melendez under the pretext of discussing enrollment policy.

139

1280. Defendant Hinton was aware there was no legitimate reason to have any contact with Plaintiff Melendez.

1281. Defendant was aware the email gave Plaintiff Melendez no benefit.

1282. Defendant only sent the email to further the wrongful disenrollment of Plaintiff Melendez.

1283. Defendant's actions were in retaliation to Plaintiff Melendez filing discrimination complaints, violating 42 U.S.C. 12203.

1284. Defendant had no reason to believe his actions were lawful.

1285. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1286. Defendant's actions were wanton, malicious, or oppressive.

1287. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 166 – On January 26, 2023, Defendant Hinton's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

1288. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1289. Defendant Hinton's discriminatory email against Plaintiff Melendez, specified in Claim 165 (Paragraphs 1278-1287), was motivated by race, likewise, violating 42 U.S.C. 1981.

1290. In discriminating against Plaintiff Melendez based on his race, Defendant Hinton acted with willful and/or reckless disregard of Plaintiff's protected rights.

1291. Defendant had no reason to believe his actions were lawful.

1292.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1293.    Defendant's actions were wanton, malicious, or oppressive.

1294.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 167 – On January 26, 2023, Defendant Hinton sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

1295.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1296.    Defendant Hinton's discriminatory email against Plaintiff Melendez, specified in Claim 165 (Paragraphs 1278-1287), was retaliation against Plaintiff for filing discrimination complaints, likewise, violating RSA 354-A:19.

1297.    Defendant had no reason to believe his actions were lawful.

1298.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1299.    Defendant's actions were wanton, malicious, or oppressive.

1300.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 168 – On January 26, 2023, Defendant Hinton's discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

1301.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1302.     Defendant Hinton's discriminatory email against Plaintiff Melendez, specified in Claim 165 (Paragraphs 1278-1287), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1303.     Defendant had no reason to believe his actions were lawful.

1304.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1305.     Defendant's actions were wanton, malicious, or oppressive.

1306.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 169 – On January 26, 2023, Defendant Hinton's discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1307.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1308.     Defendant Hinton's discriminatory email against Plaintiff Melendez, specified in Claim 165 (Paragraphs 1278-1287), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1309.     Defendant had no reason to believe his actions were lawful.

1310.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1311.     Defendant's actions were wanton, malicious, or oppressive.

1312.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew

Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate

reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established

rights.

1313.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**ON JANUARY 26, 2023, DEFENDANT HINTON WRONGFULLY ISSUED PLAINTIFF
MELENDEZ A DISCRIMINATORY DEADLINE TO COMPLETE A LEAVE OF ABSENCE AS
RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; &
IIED**

**Claim 170 – On January 26, 2023, Defendant Hinton wrongfully issued Plaintiff Melendez a**

**discriminatory deadline to complete a Leave of Absence as retaliation, violating 42 U.S.C. 12203**

1314.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

1315.    On January 26, 2023, Defendant Hinton contacted Plaintiff Melendez through email

under the pretext of discussing enrollment policy.

1316.    Defendant demanded Plaintiff complete a Leave of Absence by January 30, 2023.

1317.    Defendant was aware there was no legitimate reason to set this deadline regarding the

Leave of Absence.

1318.    Defendant set this date in retaliation against Plaintiff for filing discrimination

complaints, violating 42 U.S.C. 12203.

1319.    Defendant had no reason to believe his actions were lawful.

1320.    The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

1321.     Defendant's actions were wanton, malicious, or oppressive.

1322.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 171 – On January 26, 2023, Defendant Hinton's wrongful issuing of a discriminatory deadline to complete a Leave of Absence, was motivated by race, violating 42 U.S.C. 1981**

1323.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1324.     Defendant Hinton's wrongful issuing of a discriminatory deadline for Plaintiff Melendez to complete a Leave of Absence, specified in Claim 170 (Paragraphs 1314-1322), was motivated by race, likewise, violating 42 U.S.C. 1981.

1325.     In discriminating against Plaintiff Melendez based on his race, Defendant Hinton acted with willful and/or reckless disregard of Plaintiff's protected rights.

1326.     Defendant had no reason to believe her actions were lawful.

1327.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1328.     Defendant's actions were wanton, malicious, or oppressive.

1329.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 172 – On January 26, 2023, Defendant Hinton wrongfully issued Plaintiff Melendez a discriminatory deadline to complete a Leave of Absence as retaliation, violating RSA 354-A:19**

1330.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1331.    Defendant Hinton's wrongful issuing of a discriminatory deadline for Plaintiff Melendez to complete a Leave of Absence, specified in Claim 170 (Paragraphs 1314-1322), was retaliation against Plaintiff for filing discrimination complaints, violating RSA 354-A:19.

1332.    Defendant had no reason to believe his actions were lawful.

1333.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1334.    Defendant's actions were wanton, malicious, or oppressive.

1335.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 173 – On January 26, 2023, Defendant Hinton's wrongful issuing of a discriminatory deadline to complete a Leave of Absence, negligently inflicted emotional damage on Plaintiff, violating NIED**

1336.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1337.    Defendant Hinton's wrongful issuing of a discriminatory deadline for Plaintiff Melendez to complete a Leave of Absence, specified in Claim 170 (Paragraphs 1314-1322), negligently inflicted emotional damage on Plaintiff, violating NIED under NH Common Law.

1338.    Defendant had no reason to believe his actions were lawful.

1339.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1340.    Defendant's actions were wanton, malicious, or oppressive.

1341.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 174 – On January 26, 2023, Defendant Hinton's wrongful issuing of a discriminatory deadline to complete a Leave of Absence, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1342.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1343.     Defendant Hinton's wrongful issuing of a discriminatory deadline for Plaintiff Melendez to complete a Leave of Absence, specified in Claim 170 (Paragraphs 1314-1322), intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED under NH Common Law.

1344.     Defendant had no reason to believe his actions were lawful.

1345.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1346.     Defendant's actions were wanton, malicious, or oppressive.

1347.     Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1348.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

## ON JANUARY 26, 2023, DEFENDANT HINTON SENT PLAINTIFF MELENDEZ A SECOND DISCRIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 175 – On January 26, 2023, Defendant Hinton sent Plaintiff Melendez a second discriminatory email as retaliation, violating 42 U.S.C. 12203**

1349.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1350.     On 26 January 2023, Defendant Hinton sent a second email to Plaintiff Melendez under the pretext of discussing enrollment policy.

1351.     Defendant Hinton was aware there was no legitimate reason to have any contact with Plaintiff Melendez.

1352.     Defendant was aware the second email gave Plaintiff Melendez no benefit.

1353.     Defendant only sent the email to further the wrongful disenrollment of Plaintiff Melendez.

1354.     Defendant's actions were in retaliation to Plaintiff Melendez filing discrimination complaints, violating 42 U.S.C. 12203.

1355.     Defendant had no reason to believe his actions were lawful.

1356.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1357.     Defendant's actions were wanton, malicious, or oppressive.

1358.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

147

**Claim 176 – On January 26, 2023, Defendant Hinton's wrongful sending of a second discriminatory email as retaliation, was motivated by race, violating 42 U.S.C. 1981**

1359.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1360.    Defendant Hinton's wrongful sending of a second discriminatory email, specified in Claim 175 (Paragraphs 1349-1358), was motivated by race, likewise, violating 42 U.S.C. 1981.

1361.    In discriminating against Plaintiff Melendez based on his race, Defendant Hinton acted with willful and/or reckless disregard of Plaintiff's protected rights.

1362.    Defendant had no reason to believe his actions were lawful.

1363.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1364.    Defendant's actions were wanton, malicious, or oppressive.

1365.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 177 – On January 26, 2023, Defendant Hinton sent Plaintiff Melendez a second discriminatory email as retaliation, violating RSA 354-A:19**

1366.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1367.    Defendant Hinton's wrongful sending of a second discriminatory email, specified in Claim 175 (Paragraphs 1349-1358), was retaliation against Plaintiff for filing discrimination complaints, likewise, violating RSA 354-A:19.

1368.    Defendant had no reason to believe his actions were lawful.

1369.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1370.    Defendant's actions were wanton, malicious, or oppressive.

1371.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 178 – On January 26, 2023, Defendant Hinton's wrongful sending of second discriminatory email, negligently inflicted emotional damage on Plaintiff, violating NIED**

1372.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1373.    Defendant Hinton's wrongful sending of a second discriminatory email, specified in Claim 175 (Paragraphs 1349-1358), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1374.    Defendant had no reason to believe his actions were lawful.

1375.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1376.    Defendant's actions were wanton, malicious, or oppressive.

1377.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 179 – On January 26, 2023, Defendant Hinton's wrongful sending of a second discriminatory email, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1378.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1379.    Defendant Hinton's wrongful sending of a second discriminatory email, specified in Claim 175 (Paragraphs 1349-1358), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1380.    Defendant had no reason to believe his actions were lawful.

1381.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1382.    Defendant's actions were wanton, malicious, or oppressive.

1383.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1384.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JANUARY 26, 2023, DEFENDANT HINTON WRONGFULLY ISSUED PLAINTIFF MELENDEZ A SECOND DISCRIMINATORY DEADLINE TO COMPLETE A LEAVE OF ABSENCE AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 180 – On January 26, 2023, Defendant Hinton wrongfully issued Plaintiff Melendez a second discriminatory deadline to complete a Leave of Absence as retaliation, violating 42 U.S.C. 12203**

1385.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1386. On January 26, 2023, Defendant Hinton contacted Plaintiff Melendez through email a second time under the pretext of discussing enrollment policy.

1387. Defendant demanded Plaintiff complete a Leave of Absence by February 17, 2023.

1388. Defendant was aware there was no legitimate reason to set this deadline regarding the Leave of Absence.

1389. Defendant set this date in retaliation against Plaintiff for filing discrimination complaints, violating 42 U.S.C. 12203.

1390. Defendant had no reason to believe his actions were lawful.

1391. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1392. Defendant's actions were wanton, malicious, or oppressive.

1393. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 181 – On January 26, 2023, Defendant Hinton's wrongful issuing of a second discriminatory deadline to complete a Leave of Absence, was motivated by race, violating 42 U.S.C. 1981**

1394. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1395. Defendant Hinton's wrongful issuing of a second discriminatory deadline for Plaintiff Melendez to complete a Leave of Absence, specified in Claim 180 (Paragraphs 1385-1393), was motivated by race, likewise, violating 42 U.S.C. 1981.

1396. In discriminating against Plaintiff Melendez based on his race, Defendant Hinton acted with willful and/or reckless disregard of Plaintiff's protected rights.

1397.    Defendant had no reason to believe her actions were lawful.

1398.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1399.    Defendant's actions were wanton, malicious, or oppressive.

1400.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 182 – On January 26, 2023, Defendant Hinton wrongfully issued Plaintiff Melendez a second discriminatory deadline to complete a Leave of Absence as retaliation, violating RSA 354-A:19**

1401.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1402.    Defendant Hinton's wrongful issuing of a second discriminatory deadline for Plaintiff Melendez to complete a Leave of Absence, specified in Claim 180 (Paragraphs 1385-1393), was retaliation against Plaintiff for filing discrimination complaints, violating RSA 354-A:19.

1403.    Defendant had no reason to believe his actions were lawful.

1404.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1405.    Defendant's actions were wanton, malicious, or oppressive.

1406.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 183 – On January 26, 2023, Defendant Hinton's wrongful issuing of a second discriminatory deadline to complete a Leave of Absence, negligently inflicted emotional damage on Plaintiff, violating NIED**

1407.      Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1408.      Defendant Hinton's wrongful issuing of a second discriminatory deadline for Plaintiff Melendez to complete a Leave of Absence, specified in Claim 180 (Paragraphs 1385-1393), negligently inflicted emotional damage on Plaintiff, violating NIED under NH Common Law.

1409.      Defendant had no reason to believe his actions were lawful.

1410.      The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1411.      Defendant's actions were wanton, malicious, or oppressive.

1412.      As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 184 – On January 26, 2023, Defendant Hinton's wrongful issuing of a second discriminatory deadline to complete a Leave of Absence, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1413.      Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1414.      Defendant Hinton's wrongful issuing of a second discriminatory deadline for Plaintiff Melendez to complete a Leave of Absence, specified in Claim 180 (Paragraphs 1385-1393),

intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED under NH Common Law.

1415.     Defendant had no reason to believe his actions were lawful.

1416.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1417.     Defendant's actions were wanton, malicious, or oppressive.

1418.     Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1419.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

## ON JANUARY 26, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A THIRD DISCRIMRINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 185 – On January 26, 2023, Defendant Sparrow sent Plaintiff Melendez a third discriminatory email as retaliation, violating 42 U.S.C. 12203**

1420.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1421.     On January 26, 2023, Defendant Sparrow sent a third email to Plaintiff Melendez under the pretext of discussing official CASS matters.

1422.     Defendant Sparrow was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

1423. Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

1424. Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

1425. Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

1426. Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

1427. Defendant had no reason to believe her actions were lawful.

1428. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1429. Defendant's actions were wanton, malicious, or oppressive.

1430. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 186 – On January 26, 2023, Defendant Sparrow's third discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

1431. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1432. Defendant Sparrow's January 26, 2023, third discriminatory email against Plaintiff Melendez, specified in Claim 185 (Paragraphs 1420-1430), was motivated by race, likewise, violating 42 U.S.C. 1981.

1433. In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

1434. Defendant had no reason to believe her actions were lawful.

1435. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1436. Defendant's actions were wanton, malicious, or oppressive.

1437. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 187 – On January 26, 2023, Defendant Sparrow sent Plaintiff Melendez a third discriminatory email as retaliation, violating RSA 354-A:19**

1438. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1439. Defendant Sparrow's January 26, 2023, third discriminatory email against Plaintiff Melendez, specified in Claim 185 (Paragraphs 1420-1430), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

1440. Defendant had no reason to believe her actions were lawful.

1441. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1442. Defendant's actions were wanton, malicious, or oppressive.

156

1443.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 188 – On January 26, 2023, Defendant Sparrow's third discriminatory email against Plaintiff**

**Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

1444.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

1445.    Defendant Sparrow's January 26, 2023, third discriminatory email against Plaintiff

Melendez, specified in Claim 185 (Paragraphs 1420-1430), negligently inflicted emotional

damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1446.    Defendant had no reason to believe her actions were lawful.

1447.    The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

1448.    Defendant's actions were wanton, malicious, or oppressive.

1449.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 189 – On January 26, 2023, Defendant Sparrow's third discriminatory email against Plaintiff**

**Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1450.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

1451.    Defendant Sparrow's January 26, 2023, third discriminatory email against Plaintiff Melendez, specified in Claim 185 (Paragraphs 1420-1430), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1452.    Defendant had no reason to believe her actions were lawful.

1453.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1454.    Defendant's actions were wanton, malicious, or oppressive.

1455.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1456.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JANUARY 26, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A FOURTH DISCRIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 190 – On January 26, 2023, Defendant Sparrow sent Plaintiff Melendez a fourth discriminatory email as retaliation, violating 42 U.S.C. 12203**

1457.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1458.    On January 26, 2023, Defendant Sparrow sent a fourth email to Plaintiff Melendez under the pretext of discussing official CASS matters.

1459.	Defendant Sparrow was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

1460.	Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

1461.	Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

1462.	Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

1463.	Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

1464.	Defendant had no reason to believe her actions were lawful.

1465.	The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1466.	Defendant's actions were wanton, malicious, or oppressive.

1467.	As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 191 – On January 26, 2023, Defendant Sparrow's fourth discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

1468.	Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1469.    Defendant Sparrow's January 26, 2023, fourth discriminatory email against Plaintiff Melendez, specified in Claim 190 (Paragraphs 1457-1467), was motivated by race, likewise, violating 42 U.S.C. 1981.

1470.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

1471.    Defendant had no reason to believe her actions were lawful.

1472.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1473.    Defendant's actions were wanton, malicious, or oppressive.

1474.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 192 – On January 26, 2023, Defendant Sparrow sent Plaintiff Melendez a fourth discriminatory email as retaliation, violating RSA 354-A:19**

1475.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1476.    Defendant Sparrow's January 26, 2023, fourth discriminatory email against Plaintiff Melendez, specified in Claim 190 (Paragraphs 1457-1467), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

1477.    Defendant had no reason to believe her actions were lawful.

1478.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1479.    Defendant's actions were wanton, malicious, or oppressive.

1480.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 193 – On January 26, 2023, Defendant Sparrow's fourth discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

1481.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1482.    Defendant Sparrow's January 26, 2023, fourth discriminatory email against Plaintiff Melendez, specified in Claim 190 (Paragraphs 1457-1467), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1483.    Defendant had no reason to believe her actions were lawful.

1484.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1485.    Defendant's actions were wanton, malicious, or oppressive.

1486.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 194 – On January 26, 2023, Defendant Sparrow's fourth discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1487.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1488.     Defendant Sparrow's January 26, 2023, fourth discriminatory email against Plaintiff Melendez, specified in Claim 190 (Paragraphs 1457-1467), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1489.     Defendant had no reason to believe her actions were lawful.

1490.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1491.     Defendant's actions were wanton, malicious, or oppressive.

1492.     Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1493.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JANUARY 26, 2023, DEFENDANT BERGER SENT PLAINTIFF MELENDEZ A DISCRIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 195 – On January 26, 2023, Defendant Berger sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

1494.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1495.     On 26 January 2023, Defendant Berger sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

1496.     Defendant Berger was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

1497.     Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

1498.     Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

1499.     Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

1500.     Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

1501.     Defendant had no reason to believe her actions were lawful.

1502.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1503.     Defendant's actions were wanton, malicious, or oppressive.

1504.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 196 – On January 26, 2023, Defendant Berger's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

1505.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1506.     Defendant Berger's January 26, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 195 (Paragraphs 1494-1504), was motivated by race, likewise, violating 42 U.S.C. 1981.

1507.     In discriminating against Plaintiff Melendez based on his race, Defendant Berger acted with willful and/or reckless disregard of Plaintiff's protected rights.

1508.     Defendant had no reason to believe her actions were lawful.

1509.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1510.     Defendant's actions were wanton, malicious, or oppressive.

1511.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 197 – On January 26, 2023, Defendant Berger sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

1512.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1513.     Defendant Berger's January 26, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 195 (Paragraphs 1494-1504), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

1514.     Defendant had no reason to believe her actions were lawful.

1515.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1516.     Defendant's actions were wanton, malicious, or oppressive.

1517.   As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 198 – On January 26, 2023, Defendant Berger's discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

1518.   Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1519.   Defendant Berger's January 26, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 195 (Paragraphs 1494-1504), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1520.   Defendant had no reason to believe her actions were lawful.

1521.   The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1522.   Defendant's actions were wanton, malicious, or oppressive.

1523.   As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 199 – On January 26, 2023, Defendant Berger's discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1524.   Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1525.   Defendant Berger's January 26, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 195 (Paragraphs 1494-1504), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1526.   Defendant had no reason to believe her actions were lawful.

1527.   The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1528.   Defendant's actions were wanton, malicious, or oppressive.

1529.   Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1530.   As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JANUARY 27, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A DISCRIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 200 – On January 27, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

1531.   Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1532.   On January 27, 2023, Defendant Sparrow sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

1533.    Defendant Sparrow was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

1534.    Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

1535.    Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

1536.    Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

1537.    Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

1538.    Defendant had no reason to believe her actions were lawful.

1539.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1540.    Defendant's actions were wanton, malicious, or oppressive.

1541.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 201 – On January 27, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

1542.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

167

1543. Defendant Sparrow's January 27, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 200 (Paragraphs 1531-1541), was motivated by race, likewise, violating 42 U.S.C. 1981.

1544. In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

1545. Defendant had no reason to believe her actions were lawful.

1546. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1547. Defendant's actions were wanton, malicious, or oppressive.

1548. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 202 – On January 27, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

1549. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1550. Defendant Sparrow's January 27, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 200 (Paragraphs 1531-1541), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

1551. Defendant had no reason to believe her actions were lawful.

1552. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1553. Defendant's actions were wanton, malicious, or oppressive.

1554.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 203 – On January 27, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

1555.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1556.     Defendant Sparrow's January 27, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 200 (Paragraphs 1531-1541), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1557.     Defendant had no reason to believe her actions were lawful.

1558.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1559.     Defendant's actions were wanton, malicious, or oppressive.

1560.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 204 – On January 27, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1561.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1562.    Defendant Sparrow's January 27, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 200 (Paragraphs 1531-1541), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1563.    Defendant had no reason to believe her actions were lawful.

1564.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1565.    Defendant's actions were wanton, malicious, or oppressive.

1566.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1567.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JANUARY 27, 2023, DEFENDANT SPARROW WRONGFULLY ISSUED PLAINTIFF MELENDEZ A DEADLINE TO COMPLETE THE ACADEMIC PLAN AS RETALIATON, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 205 – On January 27, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a deadline to complete the Academic Plan as retaliation, violating 42 U.S.C. 12203**

1568.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1569.    On January 27, 2023, Defendant Sparrow contacted Plaintiff Melendez through email a second time under the pretext of discussing school policy.

1570.    Defendant demanded Plaintiff complete an Academic Plan by February 1, 2023.

1571.     Defendant knows the Academic Plan does not apply to Plaintiff Melendez.

1572.     Defendant was aware there was no legitimate reason to set any deadlines regarding the Academic Plan.

1573.     Defendant set this date in retaliation against Plaintiff for filing discrimination complaints, and in attempts to coerce him into completing the Academic Plan, violating 42 U.S.C. 12203.

1574.     Defendant had no reason to believe her actions were lawful.

1575.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1576.     Defendant's actions were wanton, malicious, or oppressive.

1577.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 206 – On January 27, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, was motivated by race, violating 42 U.S.C. 1981**

1578.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1579.     On January 27, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 205 (Paragraphs 1568-1577), was motivated by race, violating 42 U.S.C. 1981.

1580.     In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

1581.     Defendant had no reason to believe her actions were lawful.

1582.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1583.    Defendant's actions were wanton, malicious, or oppressive.

1584.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 207 – On January 27, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a deadline to complete the Academic Plan as retaliation, violating RSA 354-A:19**

1585.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1586.    On January 27, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 205 (Paragraphs 1568-1577), was retaliation against Plaintiff for filing discrimination complaints, and in attempts to coerce him into completing the Academic Plan, violating RSA 354-A:19.

1587.    Defendant had no reason to believe her actions were lawful.

1588.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1589.    Defendant's actions were wanton, malicious, or oppressive.

1590.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 208 – On January 27, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, negligently inflicted emotional damage on Plaintiff, violating NIED**

1591.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1592.     On January 27, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 205 (Paragraphs 1568-1577), inflicted emotional damage on Plaintiff, violating NIED under NH Common Law.

1593.     Defendant had no reason to believe her actions were lawful.

1594.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1595.     Defendant's actions were wanton, malicious, or oppressive.

1596.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 209 – On January 27, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1597.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1598.     On January 27, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 205 (Paragraphs 1568-1577),

intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED under NH Common Law.

1599.    Defendant had no reason to believe her actions were lawful.

1600.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1601.    Defendant's actions were wanton, malicious, or oppressive.

1602.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1603.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JANUARY 27, 2023, DEFENDANT SPARROW WRONFULLY ISSUED PLAINTIFF MELENDEZ A DISENROLLMENT DEADLINE AS RETALIATON, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 210 – On January 27, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a disenrollment deadline as retaliation, violating 42 U.S.C. 12203**

1604.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1605.    On January 27, 2023, Defendant Sparrow sent an email to Plaintiff Melendez under the pretext of discussing school policy.

1606.    Defendant Sparrow informed Plaintiff Melendez that he will be disenrolled from the law school on February 1, 2023.

1607.    This date is arbitrary.

1608.    The disenrollment from the law school is wrongful.

1609.    This date of disenrollment was given to retaliate against Plaintiff for filing discrimination complaints, violating 42 U.S.C. 12203.

1610.    Defendant was aware there was no legitimate reason to set any deadlines regarding disenrollment of Plaintiff Melendez.

1611.    Defendant Sparrow knew there were no grounds to legally disenroll Plaintiff Melendez.

1612.    Defendant had no reason to believe her actions were lawful.

1613.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1614.    Defendant's actions were wanton, malicious, or oppressive.

1615.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 211 – On January 27, 2023, Defendant Sparrow's wrongful issuing of a deadline to disenroll Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

1616.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1617.    Defendant Sparrow's wrongful issuing of a disenrollment date, specified in Claim 210 (Paragraphs 1604-1615), was motivated by race, likewise, violating 42 U.S.C. 1981.

1618.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

1619.    Defendant had no reason to believe her actions were lawful.

1620. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1621. Defendant's actions were wanton, malicious, or oppressive.

1622. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 212 – On January 27, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a disenrollment deadline as retaliation, violating RSA 354-A:19**

1623. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1624. Defendant Sparrow's wrongful issuing of a disenrollment date, specified in Claim 210 (Paragraphs 1604-1615), was retaliation against Plaintiff for filing discrimination complaints, violating RSA 354-A:19.

1625. Defendant had no reason to believe her actions were lawful.

1626. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1627. Defendant's actions were wanton, malicious, or oppressive.

1628. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 213 – On January 27, 2023, Defendant Sparrow's wrongful issuing of a deadline to disenroll Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

1629. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1630. Defendant Sparrow's wrongful issuing of a disenrollment date, specified in Claim 210 (Paragraphs 1604-1615), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1631. Defendant had no reason to believe her actions were lawful.

1632. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1633. Defendant's actions were wanton, malicious, or oppressive.

1634. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 214 – On January 27, 2023, Defendant Sparrow's wrongful issuing of a deadline to disenroll Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

1635. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1636. Defendant Sparrow's wrongful issuing of a disenrollment date, specified in Claim 210 (Paragraphs 1604-1615), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1637. Defendant had no reason to believe her actions were lawful.

1638. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1639.     Defendant's actions were wanton, malicious, or oppressive.

1640.     Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1641.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JANUARY 27, 2023, DEFENDANT SPARROW PRESENTED PLAINTIFF MELENDEZ IN AN OFFENSIVE MANNER AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; IIED; & FALSE LIGHT

**Claim 215 – On January 27, 2023, Defendant Sparrow presented Plaintiff Melendez in an offensive manner as retaliation, violating 42 U.S.C. 12203**

1642.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1643.     In or about August 2022 through December 2022, Plaintiff Melendez was unable to attend class by reason of his mental disability and extenuating circumstances.

1644.     Plaintiff Melendez received failing grades in five (5) individual classes for being unable to attend.

1645.     Defendant Sparrow was aware of Plaintiff Melendez's exigent circumstances and disabilities during the Fall 2022 semester.

1646.     Despite knowing Plaintiff Melendez's severe disabilities and circumstances were the actual reasons for Plaintiff's failing grades, Defendant Sparrow makes a statement that falsely implies Plaintiff Melendez is at fault for the failing grades.

1647.    Defendant Sparrow published or distributed the following comment: "we will proceed with the CASS process and schedule a meeting with you to discuss your academic performance."

1648.    This comment is regarding the content of an academic plan.

1649.    This comment maliciously and wrongfully implies the Fall 2022 failing grades are due to Plaintiff's performance.

1650.    Defendant Sparrow made this comment in retaliation to Plaintiff filing discrimination complaints, violating 42 U.S.C. 12203.

1651.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 216 – On January 27, 2023, Defendant Sparrow's presenting of Plaintiff Melendez in an offensive manner, was motivated by race, violating 42 U.S.C. 1981**

1652.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1653.    Defendant Sparrow's offensive statement of implying the Fall 2022 failing grades were the consequence of Plaintiff's "academic performance," specified in Claim 215 (Paragraphs 1642-1651), was motivated by race, likewise, violating 42 U.S.C. 1981.

1654.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

1655.    Defendant had no reason to believe her actions were lawful.

1656.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1657.    Defendant's actions were wanton, malicious, or oppressive.

1658.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 217 – On January 27, 2023, Defendant Sparrow presented Plaintiff Melendez in an offensive manner as retaliation, violating RSA 354-A:19**

1659.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1660.    Defendant Sparrow's offensive statement of implying the Fall 2022 failing grades were the consequence of Plaintiff's "academic performance," specified in Claim 215 (Paragraphs 1642-1651), was retaliation against Plaintiff for filing discrimination complaints, likewise, violating RSA 354-A:19.

1661.    Defendant had no reason to believe her actions were lawful.

1662.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1663.    Defendant's actions were wanton, malicious, or oppressive.

1664.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 218 – On January 27, 2023, Defendant Sparrow's presenting of Plaintiff Melendez in an offensive manner, negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

1665.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1666.    Defendant Sparrow's offensive statement of implying the Fall 2022 failing grades were the consequence of Plaintiff's "academic performance," specified in Claim 215 (Paragraphs 1642-1651), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1667.    Defendant had no reason to believe her actions were lawful.

1668.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1669.    Defendant's actions were wanton, malicious, or oppressive.

1670.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 219 – On January 27, 2023, Defendant Sparrow's presenting Plaintiff Melendez in an offensive manner, intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

1671.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1672.    Defendant Sparrow's offensive statement of implying the Fall 2022 failing grades were the consequence of Plaintiff's "academic performance," specified in Claim 215 (Paragraphs 1642-1651), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1673.    Defendant had no reason to believe her actions were lawful.

1674.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1675.    Defendant's actions were wanton, malicious, or oppressive.

1676.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1677.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 220 – On January 27, 2023, Defendant Sparrow negligently portrayed Plaintiff Melendez in an offensive manner, violating False Light**

1678.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1679.    Defendant Sparrow negligently and widely published or distributed an offensive statement identifying Plaintiff, while implying the Fall 2022 failing grades were the consequence of his "academic performance," as specified in Claim 215 (Paragraphs 1642-1651), likewise, violating False Light under NH Common Law.

1680.    Defendant had no reason to believe her actions were lawful.

1681.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1682.    Defendant's actions were wanton, malicious, or oppressive.

1683.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**ON MARCH 27, 2023, DEFENDANT GRADY INTERFERED WITH PLAINTIFF'S EQUAL OPPORTUNITY TO ENJOY A DISABILITY ACCOMMODATION, LEAVE OF ABSENCE, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; NIED; & IIED**

**Claim 221 – On March 27, 2023, Defendant Grady interfered with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, violating 42 U.S.C. 12203**

1684.	Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1685.	On March 27, 2023, Defendant Grady interfered with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, by wrongfully contacting Plaintiff Melendez through Plaintiff's school email.

1686.	Defendant Grady was aware Plaintiff Melendez was on a medical Leave of Absence, a disability accommodation.

1687.	Defendant Grady interfered with Plaintiff Melendez's ability to equally enjoy the benefit of a disability accommodation, Leave of Absence, to discuss official school matters, violating 42 U.S.C. 12203.

1688.	Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that required Plaintiff to be on a Leave of Absence.

1689.	Defendant had no legitimate purpose to contact Plaintiff Melendez during a medical Leave of Absence.

1690.	Defendant had no reason to believe his actions were lawful.

1691.	The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1692.	Defendant's actions were wanton, malicious, or oppressive.

1693.	As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 222 – On March 27, 2023, Defendant Grady's interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, was motivated by race, violating 42 U.S.C. 1981**

1694.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1695.    Defendant Grady's interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, specified in Claim 221 (Paragraphs 1684-1693), was motivated by race, likewise, violating 42 U.S.C. 1981.

1696.    In discriminating against Plaintiff Melendez based on his race, Defendant Grady acted with willful and/or reckless disregard of Plaintiff's protected rights.

1697.    Defendant had no reason to believe his actions were lawful.

1698.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1699.    Defendant's actions were wanton, malicious, or oppressive.

1700.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 223 – On March 27, 2023, Defendant Grady's interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, negligently inflicted emotional damage on Plaintiff, violating NIED**

1701.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1702.    Defendant Grady's interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, specified in Claim 221 (Paragraphs 1684-1693), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1703.    Defendant had no reason to believe his actions were lawful.

1704.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1705.    Defendant's actions were wanton, malicious, or oppressive.

1706.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 224 – On March 27, 2023, Defendant Grady's interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1707.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1708.    Defendant Grady's interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, specified in Claim 221 (Paragraphs 1684-1693), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1709.    Defendant had no reason to believe his actions were lawful.

1710.    The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

1711.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew
Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate
reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established
rights.

1712.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

### ON MARCH 27, 2023, DEFENDANT GRADY'S SECOND EMAIL INTERFERED WITH PLAINTIFF'S EQUAL OPPORTUNITY TO ENJOY A DISABILITY ACCOMMODATION, LEAVE OF ABSENCE, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; NIED; & IIED

**Claim 225 – On March 27, 2023, Defendant Grady's second email interfered with Plaintiff Melendez's
equal opportunity to enjoy a disability accommodation, Leave of Absence, violating 42 U.S.C. 12203**

1713.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations
and facts contained in the preceding paragraphs.

1714.    On March 27, 2023, Defendant Grady's second email interfered with Plaintiff
Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, by
wrongfully contacting Plaintiff Melendez through Plaintiff's school email.

1715.    Defendant Grady was aware Plaintiff Melendez was on a medical Leave of Absence, a
disability accommodation.

1716.    Defendant Grady's second email interfered with Plaintiff Melendez's ability to equally
enjoy the benefit of a disability accommodation, Leave of Absence, to discuss official school
matters, violating 42 U.S.C. 12203.

1717.    Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that required Plaintiff to be on a Leave of Absence.

1718.    Defendant had no legitimate purpose to contact Plaintiff Melendez during a medical Leave of Absence.

1719.    Defendant had no reason to believe his actions were lawful.

1720.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1721.    Defendant's actions were wanton, malicious, or oppressive.

1722.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 226 – On March 27, 2023, Defendant Grady's sending of a second email and interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, was motivated by race, violating 42 U.S.C. 1981**

1723.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1724.    Defendant Grady's sending of a second email and interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, specified in Claim 225 (Paragraphs 1713-1722), was motivated by race, likewise, violating 42 U.S.C. 1981.

1725.    In discriminating against Plaintiff Melendez based on his race, Defendant Grady acted with willful and/or reckless disregard of Plaintiff's protected rights.

1726.    Defendant had no reason to believe his actions were lawful.

1727. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1728. Defendant's actions were wanton, malicious, or oppressive.

1729. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 227 – On March 27, 2023, Defendant Grady's sending of a second email and interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, negligently inflicted emotional damage on Plaintiff, violating NIED**

1730. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1731. Defendant Grady's sending of a second email and interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, specified in Claim 225 (Paragraphs 1713-1722), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1732. Defendant had no reason to believe his actions were lawful.

1733. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1734. Defendant's actions were wanton, malicious, or oppressive.

1735. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 228 – On March 27, 2023, Defendant Grady's sending of a second email and interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1736.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1737.     Defendant Grady's sending of a second email and interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, specified in Claim 225 (Paragraphs 1713-1722), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1738.     Defendant had no reason to believe his actions were lawful.

1739.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1740.     Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1741.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON MARCH 27, 2023, DEFENDANT GRADY'S THIRD EMAIL INTERFERED WITH PLAINTIFF'S EQUAL OPPORTUNITY TO ENJOY A DISABILITY ACCOMMODATION, LEAVE OF ABSENCE, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; NIED; & IIED

**Claim 229 – On March 27, 2023, Defendant Grady's third email interfered with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, violating 42 U.S.C. 12203**

189

1742.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1743.     On March 27, 2023, Defendant Grady interfered with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, by wrongfully contacting Plaintiff Melendez through Plaintiff's personal email.

1744.     Defendant Grady was aware Plaintiff Melendez was on a medical Leave of Absence, a disability accommodation.

1745.     Defendant Grady's third email interfered with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, to discuss official school matters, violating 42 U.S.C. 12203.

1746.     Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that required Plaintiff to be on a Leave of Absence.

1747.     Defendant had no legitimate purpose to contact Plaintiff Melendez during a medical Leave of Absence.

1748.     Defendant had no reason to believe his actions were lawful.

1749.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1750.     Defendant's actions were wanton, malicious, or oppressive.

1751.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 230 – On March 27, 2023, Defendant Grady's sending of a third email and interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, was motivated by race, violating 42 U.S.C. 1981**

1752.   Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1753.   Defendant Grady's sending of a third email and interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, specified in Claim 229 (Paragraphs 1742-1751), was motivated by race, likewise, violating 42 U.S.C. 1981.

1754.   In discriminating against Plaintiff Melendez based on his race, Defendant Grady acted with willful and/or reckless disregard of Plaintiff's protected rights.

1755.   Defendant had no reason to believe his actions were lawful.

1756.   The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1757.   Defendant's actions were wanton, malicious, or oppressive.

1758.   As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 231 – On March 27, 2023, Defendant Grady's sending of a third email and interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, negligently inflicted emotional damage on Plaintiff, violating NIED**

1759.   Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1760.    Defendant Grady's sending of a third email and interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, specified in Claim 229 (Paragraphs 1742-1751), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1761.    Defendant had no reason to believe his actions were lawful.

1762.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1763.    Defendant's actions were wanton, malicious, or oppressive.

1764.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 232 – On March 27, 2023, Defendant Grady's sending of a third email and interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1765.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1766.    Defendant Grady's sending of a third email and interference with Plaintiff Melendez's equal opportunity to enjoy a disability accommodation, Leave of Absence, specified in Claim 229 (Paragraphs 1742-1751), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1767.    Defendant had no reason to believe his actions were lawful.

1768.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1769.     Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1770.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JUNE 5, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A DISCRIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 233 – On June 5, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

1771.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1772.     On June 5, 2023, Defendant Sparrow sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

1773.     Defendant Sparrow was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

1774.     Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

1775.     Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

1776.     Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

1777.    Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing

Plaintiff never had an equal opportunity to participate in class, a public entity's program or

benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability,

violating 42 U.S.C. 12203.

1778.    Defendant had no reason to believe her actions were lawful.

1779.    The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

1780.    Defendant's actions were wanton, malicious, or oppressive.

1781.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 234 – On June 5, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez,**

**was motivated by race, violating 42 U.S.C. 1981**

1782.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

1783.    Defendant Sparrow's June 5, 2023, discriminatory email, specified in Claim 233

(Paragraphs 1771-1781), was motivated by race, likewise, violating 42 U.S.C. 1981.

1784.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted

with willful and/or reckless disregard of Plaintiff's protected rights.

1785.    Defendant had no reason to believe her actions were lawful.

1786.    The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

1787.    Defendant's actions were wanton, malicious, or oppressive.

1788.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 235 – On June 5, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

1789.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1790.    Defendant Sparrow's June 5, 2023, discriminatory email, specified in Claim 233 (Paragraphs 1771-1781), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

1791.    Defendant had no reason to believe her actions were lawful.

1792.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1793.    Defendant's actions were wanton, malicious, or oppressive.

1794.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 236 – On June 5, 2023, Defendant Sparrow's discriminatory email, negligently inflicted emotional damage on Plaintiff, violating NIED**

1795.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1796. Defendant Sparrow's June 5, 2023, discriminatory email, specified in Claim 233 (Paragraphs 1771-1781), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1797. Defendant had no reason to believe her actions were lawful.

1798. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1799. Defendant's actions were wanton, malicious, or oppressive.

1800. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 237 – On June 5, 2023, Defendant Sparrow's discriminatory email, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1801. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1802. Defendant Sparrow's June 5, 2023, discriminatory email, specified in Claim 233 (Paragraphs 1771-1781), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1803. Defendant had no reason to believe her actions were lawful.

1804. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1805. Defendant's actions were wanton, malicious, or oppressive.

1806. Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate

reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1807.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JUNE 5, 2023, DEFENDANT SPARROW WRONGFULLY ISSUED PLAINTIFF MELENDEZ A DEADLINE TO COMPLETE THE ACADEMIC PLAN AS RETALIATON, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 238 – On June 5, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a deadline to complete the Academic Plan as retaliation, violating 42 U.S.C. 12203**

1808.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1809.    On June 5, 2023, Defendant Sparrow contacted Plaintiff Melendez through email under the pretext of discussing school policy.

1810.    Defendant demanded Plaintiff complete an Academic Plan with a due date of immediate.

1811.    Defendant knows the Academic Plan does not apply to Plaintiff Melendez.

1812.    Defendant was aware there was no legitimate reason to set any deadlines regarding the Academic Plan.

1813.    Defendant set this date in retaliation against Plaintiff for filing discrimination complaints, and in attempts to coerce him into completing the Academic Plan, violating 42 U.S.C. 12203.

1814.    Defendant had no reason to believe her actions were lawful.

1815.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1816.    Defendant's actions were wanton, malicious, or oppressive.

1817.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 239 – On June 5, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, was motivated by race, violating 42 U.S.C. 1981**

1818.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1819.    Defendant Sparrow's wrongful issuing of an immediate deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 238 (Paragraphs 1808-1817), was motivated by race, violating 42 U.S.C. 1981.

1820.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

1821.    Defendant had no reason to believe her actions were lawful.

1822.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1823.    Defendant's actions were wanton, malicious, or oppressive.

1824.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 240 – On June 5, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a deadline to complete the Academic Plan as retaliation, violating RSA 354-A:19**

1825.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1826.    Defendant Sparrow's wrongful issuing of an immediate deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 238 (Paragraphs 1808-1817), was retaliation against Plaintiff for filing discrimination complaints, and in attempts to coerce him into completing the Academic Plan, violating RSA 354-A:19.

1827.    Defendant had no reason to believe her actions were lawful.

1828.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1829.    Defendant's actions were wanton, malicious, or oppressive.

1830.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 241 – On June 5, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, negligently inflicted emotional damage on Plaintiff, violating NIED**

1831.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1832.    Defendant Sparrow's wrongful issuing of an immediate deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 238 (Paragraphs 1808-1817), negligently inflicted emotional damage on Plaintiff, violating NIED under NH Common Law.

1833. Defendant had no reason to believe her actions were lawful.

1834. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1835. Defendant's actions were wanton, malicious, or oppressive.

1836. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 242 – On June 5, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1837. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1838. Defendant Sparrow's wrongful issuing of an immediate deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 238 (Paragraphs 1808-1817), intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED under NH Common Law.

1839. Defendant had no reason to believe her actions were lawful.

1840. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1841. Defendant's actions were wanton, malicious, or oppressive.

1842. Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1843.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

## ON JUNE 21, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A DISCIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 243 – On June 21, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

1844.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

1845.     On June 21, 2023, Defendant Sparrow sent an email to Plaintiff Melendez under the

pretext of discussing official CASS matters.

1846.     Defendant Sparrow was aware there was no legitimate reason to have any contact with

Plaintiff Melendez regarding the CASS process.

1847.     Defendant was aware of Plaintiff Melendez's exigent circumstances and severe

disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

1848.     Defendant was aware the administration failed to provide Plaintiff with the necessary

disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022

semester.

1849.     Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

1850.     Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing

Plaintiff never had an equal opportunity to participate in class, a public entity's program or

benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability,

violating 42 U.S.C. 12203.

1851.     Defendant had no reason to believe her actions were lawful.

1852.     The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

1853.     Defendant's actions were wanton, malicious, or oppressive.

1854.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

**Claim 244 – On June 21, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez,
was motivated by race, violating 42 U.S.C. 1981**

1855.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations
and facts contained in the preceding paragraphs.

1856.     Defendant Sparrow's June 21, 2023, discriminatory email, specified in Claim 243
(Paragraphs 1844-1854), was motivated by race, likewise, violating 42 U.S.C. 1981.

1857.     In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted
with willful and/or reckless disregard of Plaintiff's protected rights.

1858.     Defendant had no reason to believe her actions were lawful.

1859.     The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

1860.     Defendant's actions were wanton, malicious, or oppressive.

1861.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

**Claim 245 – On June 21, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

1862. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1863. Defendant Sparrow's June 21, 2023, discriminatory email, specified in Claim 243 (Paragraphs 1844-1854), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

1864. Defendant had no reason to believe her actions were lawful.

1865. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1866. Defendant's actions were wanton, malicious, or oppressive.

1867. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 246 – On June 21, 2023, Defendant Sparrow's discriminatory email, negligently inflicted emotional damage on Plaintiff, violating NIED**

1868. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1869. Defendant Sparrow's June 21, 2023, discriminatory email, specified in Claim 243 (Paragraphs 1844-1854), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1870. Defendant had no reason to believe her actions were lawful.

1871.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1872.    Defendant's actions were wanton, malicious, or oppressive.

1873.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 247 – On June 21, 2023, Defendant Sparrow's discriminatory email, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1874.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1875.    Defendant Sparrow's June 21, 2023, discriminatory email, specified in Claim 243 (Paragraphs 1844-1854), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1876.    Defendant had no reason to believe her actions were lawful.

1877.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1878.    Defendant's actions were wanton, malicious, or oppressive.

1879.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1880.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**ON JUNE 21, 2023, DEFENDANT SPARROW WRONGFULLY ISSUED PLAINTIFF MELENDEZ A DEADLINE TO COMPLETE THE ACADEMIC PLAN AS RETALIATON, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED**

**Claim 248 – On June 21, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a deadline to complete the Academic Plan as retaliation, violating 42 U.S.C. 12203**

1881.　　Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1882.　　On June 21, 2023, Defendant Sparrow contacted Plaintiff Melendez through email under the pretext of discussing school policy.

1883.　　Defendant demanded Plaintiff complete an Academic Plan with a due date of immediate.

1884.　　Defendant knows the Academic Plan does not apply to Plaintiff Melendez.

1885.　　Defendant was aware there was no legitimate reason to set any deadlines regarding the Academic Plan.

1886.　　Defendant set this date in retaliation against Plaintiff for filing discrimination complaints, and in attempts to coerce him into completing the Academic Plan, violating 42 U.S.C. 12203.

1887.　　Defendant had no reason to believe her actions were lawful.

1888.　　The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1889.　　Defendant's actions were wanton, malicious, or oppressive.

1890.　　As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 249 – On June 21, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, was motivated by race, violating 42 U.S.C. 1981**

1891.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1892.    Defendant Sparrow's wrongful issuing of an immediate deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 248 (Paragraphs 1881-1890), was motivated by race, violating 42 U.S.C. 1981.

1893.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

1894.    Defendant had no reason to believe her actions were lawful.

1895.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1896.    Defendant's actions were wanton, malicious, or oppressive.

1897.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 250 – On June 21, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a deadline to complete the Academic Plan as retaliation, violating RSA 354-A:19**

1898.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1899.    Defendant Sparrow's wrongful issuing of an immediate deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 248 (Paragraphs 1881-1890), was retaliation against Plaintiff for filing discrimination complaints, and in attempts to coerce him into completing the Academic Plan, violating RSA 354-A:19.

1900.    Defendant had no reason to believe her actions were lawful.

1901.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1902.    Defendant's actions were wanton, malicious, or oppressive.

1903.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 251 – On June 21, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, negligently inflicted emotional damage on Plaintiff, violating NIED**

1904.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1905.    Defendant Sparrow's wrongful issuing of an immediate deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 248 (Paragraphs 1881-1890), negligently inflicted emotional damage on Plaintiff, violating NIED under NH Common Law.

1906.    Defendant had no reason to believe her actions were lawful.

1907.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1908.    Defendant's actions were wanton, malicious, or oppressive.

1909.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 252 – On June 21, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1910.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1911.    Defendant Sparrow's wrongful issuing of an immediate deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 248 (Paragraphs 1881-1890), intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED under NH Common Law.

1912.    Defendant had no reason to believe her actions were lawful.

1913.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1914.    Defendant's actions were wanton, malicious, or oppressive.

1915.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

1916.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**ON JULY 5, 2023, DEFENDANTS CAVICCHI & ORANBURG SENT A DISCRIMINATORY AND RETALIATORY EMAIL TO PLAINTIFF MELENDEZ, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; FALSE LIGHT; NIED; & IIED**

**Claim 255 – On July 5, 2023, Defendants Cavicchi & Oranburg sent a discriminatory and retaliatory email to Plaintiff Melendez, violating 42 U.S.C. 12203**

1917. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1918. On July 5, 2023, Defendants Cavicchi and Oranburg intentionally or recklessly published comments in an email that discriminated, harassed, taunted, and humiliated Plaintiff Melendez for needing disability accommodations and making discrimination complaints.

1919. Defendants intentionally or recklessly sent the email to Plaintiff Melendez and 5 other administrators.

1920. Defendants' email reminded the 5 other administrators of a "long string of [ac]cusatory emails from [Plaintiff Melendez] in January before he took leave for a semester."

1921. When referring to a "long string" of emails, Defendants Cavicchi and Oranburg are referring to emails Plaintiff sent to Defendants Berger and Sparrow in January 2023.

1922. The January emails contained Plaintiff's request for disability accommodations, and accusations of disability discrimination and retaliation.

1923. The "leave" Defendants Cavicchi and Oranburg are referring to is Plaintiff Melendez's approved Medical Leave of Absence.

1924. Defendants are referring to Plaintiff by his disability accommodation and discrimination opposition.

1925. Defendants Cavicchi and Oranburg describe Plaintiff Melendez in such a manner while prompting an administrative consensus.

1926. The consensus was whether a public entity should discriminate against Plaintiff by whether to withhold services from Plaintiff.

1927. Defendants Cavicchi and Oranburg discriminated and retaliated against Plaintiff Melendez for opposing discrimination, violating 42 U.S. C. 12203.

1928. Defendants had no reason to believe their actions were lawful.

1929. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1930. Defendants' actions were wanton, malicious, or oppressive.

1931. As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 256 – On July 5, 2023, Defendants Cavicchi and Oranburg's discriminatory and retaliatory email against Plaintiff Melendez, was motivated by race, 42 U.S.C. 1981**

1932. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1933. Defendants Cavicchi and Oranburg's discriminatory and retaliatory email against Plaintiff Melendez, specified in Claim 255 (Paragraphs 1917-1931), was motivated by race, likewise, violating 42 U.S.C. 1981.

1934. In discriminating against Plaintiff Melendez based on his race, Defendants Cavicchi and Oranburg acted with willful and/or reckless disregard of Plaintiff's protected rights.

1935. Defendants had no reason to believe their actions were lawful.

1936. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

210

1937.    Defendants' actions were wanton, malicious, or oppressive.

1938.    As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 257 - On July 5, 2023, Defendants Cavicchi & Oranburg sent a discriminatory and retaliatory email to Plaintiff Melendez, violating RSA 354-A:19**

1939.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1940.    Defendants Cavicchi and Oranburg's discriminatory and retaliatory email against Plaintiff Melendez, specified in Claim 255 (Paragraphs 1917-1931), was retaliation against Plaintiff Melendez for opposing discrimination, likewise, violating RSA 354-A:19.

1941.    Defendants had no reason to believe their actions were lawful.

1942.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1943.    Defendants' actions were wanton, malicious, or oppressive.

1944.    As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 258 - On July 5, 2023, Defendants Cavicchi and Oranburg widely published a discriminatory and retaliatory email against Plaintiff Melendez, violating False Light**

1945.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1946.    Defendants Cavicchi and Oranburg's discriminatory and retaliatory email against Plaintiff Melendez, specified in Claim 255 (Paragraphs 1917-1931), identified Plaintiff Melendez in an offensive manner regarding his disabilities and discrimination complaints, likewise, violating False Light under NH Common Law.

1947.    Defendants were negligent for the publication.

1948.    Defendants had no reason to believe their actions were lawful.

1949.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1950.    Defendants' actions were wanton, malicious, or oppressive.

1951.    As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 259 - On July 5, 2023, Defendants Cavicchi and Oranburg's discriminatory and retaliatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

1952.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1953.    Defendants Cavicchi and Oranburg's discriminatory and retaliatory email against Plaintiff Melendez, specified in Claim 255 (Paragraphs 1917-1931), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1954.    Defendants had no reason to believe their actions were lawful.

1955.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1956.    Defendants' actions were wanton, malicious, or oppressive.

1957.    As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 260 - On July 5, 2023, Defendants Cavicchi and Oranburg's discriminatory and retaliatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

1958.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1959.    Defendants Cavicchi and Oranburg's discriminatory and retaliatory email against Plaintiff Melendez, specified in Claim 255 (Paragraphs 1917-1931), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1960.    Defendants had no reason to believe their actions were lawful.

1961.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1962.    Defendants' actions were wanton, malicious, or oppressive.

1963.    Defendants' actions were outrageous as Defendants: 1) Are administrators; 2) Knew Plaintiff is disabled; 3) Knew Plaintiff Melendez was in a vulnerable state; 4) Knew the email would hurt Plaintiff Melendez; 5) Emailed significant number of administrators; 6) Knew Plaintiff Melendez was protected by right; 7) Intentionally or recklessly disregarded Plaintiff's rights.

1964.    As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

### ON JULY 5, 2023, DEFENDANT CAVICCHI SENT PLAINTIFF MELENDEZ A SECOND DISCRIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 261 – On July 5, 2023, Defendant Cavicchi sent Plaintiff Melendez a second email as retaliation for opposing discrimination, violating 42 U.S.C. 12203**

1965.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1966.     On July 5, 2023, Defendant Cavicchi sent a second email to Plaintiff Melendez under the pretext of discussing official CASS matters.

1967.     Defendant Cavicchi was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

1968.     Defendant Cavicchi was following up regarding the July 5, 2023, discriminatory email Defendant inadvertently, previously sent to Plaintiff.

1969.     Defendant Cavicchi was aware the previous email was inappropriate, but it did not create a need to contact Plaintiff.

1970.     Defendant's follow-up email was to further Defendant Cavicchi's discrimination efforts against Plaintiff for opposing discrimination, violating 42 U.S.C. 12203.

1971.     Defendant had no reason to believe his actions were lawful.

1972.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1973.     Defendant's actions were wanton, malicious, or oppressive.

1974.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 262 – Defendant Cavicchi's second discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

1975.	Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1976.	Defendant Cavicchi's sending of a second email as retaliation against Plaintiff, specified in Claim 261 (Paragraphs 1965-1974), was motivated by race, likewise, violating 42 U.S.C. 1981.

1977.	In discriminating against Plaintiff Melendez based on his race, Defendant Cavicchi acted with willful and/or reckless disregard of Plaintiff's protected rights.

1978.	Defendant had no reason to believe his actions were lawful.

1979.	The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1980.	Defendant's actions were wanton, malicious, or oppressive.

1981.	As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 263 – On July 5, 2023, Defendant Cavicchi sent Plaintiff Melendez a second email as retaliation for opposing discrimination, violating RSA 354-A:19**

1982.	Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1983. Defendant Cavicchi's sending of a second email as retaliation against Plaintiff, specified in Claim 261 (Paragraphs 1965-1974), continued Defendant's retaliation against Plaintiff Melendez for opposing discrimination, likewise, violating RSA 354-A:19.

1984. Defendant had no reason to believe his actions were lawful.

1985. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1986. Defendant's actions were wanton, malicious, or oppressive.

1987. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 264 – On July 5, 2023, Defendant Cavicchi's second discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

1988. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1989. Defendant Cavicchi's sending of a second email as retaliation against Plaintiff, specified in Claim 261 (Paragraphs 1965-1974), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

1990. Defendant had no reason to believe his actions were lawful.

1991. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1992. Defendant's actions were wanton, malicious, or oppressive.

1993. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 265 – On July 5, 2023, Defendant Cavicchi's second discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

1994.  Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

1995.  Defendant Cavicchi's sending of a second email as retaliation against Plaintiff, specified in Claim 261 (Paragraphs 1965-1974), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

1996.  Defendant had no reason to believe his actions were lawful.

1997.  The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

1998.  Defendant's actions were wanton, malicious, or oppressive.

1999.  Defendant's actions were outrageous as Defendant: 1) Is an administrator; 2) Knew Plaintiff is disabled; 3) Knew Plaintiff Melendez was in a vulnerable state; 4) Knew the email would hurt Plaintiff Melendez; 5) Knew Plaintiff Melendez was protected by right; 6) Intentionally or recklessly disregarded Plaintiff's rights.

2000.  As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JULY 5, 2023, DEFENDANTS SPARROW & KENNY SENT PLAINTIFF MELENDEZ A DISCRIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 266 – On July 5, 2023, Defendants Sparrow & Kenny sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

2001.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2002.    Defendants Sparrow and Kenny sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

2003.    Defendants Sparrow and Kenny were aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

2004.    Defendants Sparrow and Kenny were aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

2005.    Defendants were aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

2006.    Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

2007.    Defendants contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

2008.    Defendants had no reason to believe their actions were lawful.

2009.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2010.    Defendants' actions were wanton, malicious, or oppressive.

2011.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 267 – On July 5, 2023, Defendants Sparrow & Kenny's discriminatory email against Plaintiff**

**Melendez, was motivated by race, violating 42 U.S.C. 1981**

2012.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

2013.    Defendants Sparrow and Kenny's discriminatory email against Plaintiff Melendez,

specified in Claim 266 (Paragraphs 2001-2011), was motivated by race, likewise, violating 42

U.S.C. 1981.

2014.    In discriminating against Plaintiff Melendez based on his race, Defendants Sparrow and

Kenny acted with willful and/or reckless disregard of Plaintiff's protected rights.

2015.    Defendants had no reason to believe their actions were lawful.

2016.    The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

2017.    Defendants' actions were wanton, malicious, or oppressive.

2018.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 268 – On July 5, 2023, Defendants Sparrow & Kenny sent Plaintiff Melendez a discriminatory**

**email as retaliation, violating RSA 354-A:19**

2019.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2020.    Defendants Sparrow and Kenny's discriminatory email against Plaintiff Melendez, specified in Claim 266 (Paragraphs 2001-2011), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

2021.    Defendants had no reason to believe their actions were lawful.

2022.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2023.    Defendants' actions were wanton, malicious, or oppressive.

2024.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 269 – On July 5, 2023, Defendants Sparrow & Kenny's discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

2025.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2026.    Defendants Sparrow and Kenny's discriminatory email against Plaintiff Melendez, specified in Claim 266 (Paragraphs 2001-2011), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2027.    Defendants had no reason to believe their actions were lawful.

2028.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2029.    Defendants' actions were wanton, malicious, or oppressive.

2030.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 270 – On July 5, 2023, Defendants Sparrow & Kenny's discriminatory email against Plaintiff**
**Melendez intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2031.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

2032.     Defendants Sparrow and Kenny's discriminatory email against Plaintiff Melendez,

specified in Claim 266 (Paragraphs 2001-2011), intentionally or recklessly inflicted emotional

damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2033.     Defendants had no reason to believe their actions were lawful.

2034.     The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

2035.     Defendants' actions were wanton, malicious, or oppressive.

2036.     Defendants' actions are outrageous as Defendants: 1) Knew Plaintiff is disabled; 2) Knew

Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate

reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established

rights.

2037.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 271 – On July 5, 2023, Defendants Sparrow & Kenny created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff, by sending a discriminatory email against Plaintiff, violating Conspiracy**

2038.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2039.    Defendants Sparrow and Kenny created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff, by sending a discriminatory email against Plaintiff, specified in Claim 266 (Paragraphs 2001-2011), likewise, violating Conspiracy under NH Common Law.

2040.    Defendants had no reason to believe their actions were lawful.

2041.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2042.    Defendants' actions were wanton, malicious, or oppressive.

2043.    Defendants' actions are outrageous as Defendants: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2044.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JULY 6, 2023, DEFENDANT KENNY SENT PLAINTIFF MELENDEZ A DISCRIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 272 – On July 6, 2023, Defendant Kenny sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

2045.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2046.    On July 6, 2023, Defendant Kenny sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

2047.    Defendant Kenny was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

2048.    Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

2049.    Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

2050.    Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

2051.    Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

2052.    Defendant had no reason to believe her actions were lawful.

2053.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2054.    Defendant's actions were wanton, malicious, or oppressive.

2055.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

223

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

**Claim 273 – On July 6, 2023, Defendant Kenny's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

2056.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2057.    Defendant Kenny's July 6, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 272 (Paragraphs 2045-2055), was motivated by race, likewise, violating 42 U.S.C. 1981.

2058.    In discriminating against Plaintiff Melendez based on his race, Defendant Kenny acted with willful and/or reckless disregard of Plaintiff's protected rights.

2059.    Defendant had no reason to believe her actions were lawful.

2060.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2061.    Defendant's actions were wanton, malicious, or oppressive.

2062.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 274 – On July 6, 2023, Defendant Kenny sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

2063.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2064.    Defendant Kenny's July 6, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 272 (Paragraphs 2045-2055), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

2065.    Defendant had no reason to believe her actions were lawful.

2066.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2067.    Defendant's actions were wanton, malicious, or oppressive.

2068.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 275 – On July 6, 2023, Defendant Kenny's discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

2069.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2070.    Defendant Kenny's July 6, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 272 (Paragraphs 2045-2055), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2071.    Defendant had no reason to believe her actions were lawful.

2072.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2073.    Defendant's actions were wanton, malicious, or oppressive.

2074.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 276 – On July 6, 2023, Defendant Kenny's discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2075.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2076.    Defendant Kenny's July 6, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 272 (Paragraphs 2045-2055), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2077.    Defendant had no reason to believe her actions were lawful.

2078.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2079.    Defendant's actions were wanton, malicious, or oppressive.

2080.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2081.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**ON JULY 11, 2023, DEFENDANT BERGER SENT PLAINTIFF MELENDEZ A DISCRIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED**

**Claim 277 – On July 11, 2023, Defendant Berger sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

2082.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2083.    On July 11, 2023, Defendant Berger sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

2084.    Defendant Berger was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

2085.    Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

2086.    Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

2087.    Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

2088.    Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

2089.    Defendant had no reason to believe her actions were lawful.

2090.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2091.    Defendant's actions were wanton, malicious, or oppressive.

2092.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 278 – On July 11, 2023, Defendant Berger's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

2093.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2094.     Defendant Berger's July 11, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 277 (Paragraphs 2082-2092), was motivated by race, likewise, violating 42 U.S.C. 1981.

2095.     In discriminating against Plaintiff Melendez based on his race, Defendant Berger acted with willful and/or reckless disregard of Plaintiff's protected rights.

2096.     Defendant had no reason to believe her actions were lawful.

2097.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2098.     Defendant's actions were wanton, malicious, or oppressive.

2099.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 279 – On July 11, 2023, Defendant Berger sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

2100.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2101.    Defendant Berger's July 11, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 277 (Paragraphs 2082-2092), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

2102.    Defendant had no reason to believe her actions were lawful.

2103.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2104.    Defendant's actions were wanton, malicious, or oppressive.

2105.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 280 – On July 11, 2023, Defendant Berger's discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

2106.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2107.    Defendant Berger's July 11, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 277 (Paragraphs 2082-2092), negligently inflicted emotional damage on Plaintiff, violating NIED under NH Common Law.

2108.    Defendant had no reason to believe her actions were lawful.

2109.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2110.    Defendant's actions were wanton, malicious, or oppressive.

2111.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 281 – On July 11, 2023, Defendant Berger's discriminatory email against Plaintiff Melendez intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2112.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2113.     Defendant Berger's July 11, 2023, discriminatory email against Plaintiff Melendez, specified in Claim 277 (Paragraphs 2082-2092), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2114.     Defendant had no reason to believe her actions were lawful.

2115.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2116.     Defendant's actions were wanton, malicious, or oppressive.

2117.     Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2118.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JULY 13, 2023, DEFENDANTS SHAPIRO & MORGAN, BROWN AND JOY, LLP SENT PLAINTIFF MELENDEZ A DISCRIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 282 – On July 13, 2023, Defendants Shapiro & Morgan, Brown and Joy, LLP sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

2119.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2120.    On July 13, 2023, Defendants Shapiro and Morgan, Brown and Joy, LLP sent an email to Plaintiff Melendez under the pretext of discussing the university's policy and procedures with Plaintiff.

2121.    Defendants were aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the enforcement of the university's policy and procedures.

2122.    Defendants Shapiro and Morgan, Brown and Joy, LLP are Defendant Berger's defense counsel.

2123.    Defendants Shapiro and Morgan, Brown and Joy, LLP are not administrators at the university.

2124.    Defendants Shapiro and Morgan, Brown and Joy, LLP's role as counsel for Defendant Berger doesn't include advising Plaintiff Melendez of the university's standard operating procedures.

2125.    Defendants' role isn't to counsel Plaintiff Melendez on how to conduct himself regarding school matters.

2126.    Defendants' July 13, 2023, email was retaliation against Plaintiff Melendez's July 11, 2023, email that was sent directly to Defendant Berger.

2127.    Defendants Shapiro and Morgan, Brown and Joy, LLP were copied recipients on Plaintiff's email.

2128.    Defendants read the following statement in Plaintiff's July 11, 2023, email to Defendant Berger: "I have already demanded that the university and its staff refrain from contacting me

without legal counsel. You and your staff have done nothing but discriminated against me, retaliated, and humiliated me. If there is any further contact from the university or its members, I will be forced to seek assistance from the court".

2129.    Defendants Shapiro and Morgan, Brown and Joy, LLP were aware Plaintiff Melendez was demanding communications from all Defendants to cease due to continuous discrimination and harassment.

2130.    Despite Defendants understanding that Plaintiff's demand was for the discriminatory communications and harassment to cease, Defendants Shapiro and Morgan, Brown and Joy, LLP advised Plaintiff Melendez that the Defendants, including Defendant Berger, were allowed to continue to contact Plaintiff as Defendants deem necessary.

2131.    Defendant Shapiro advised Plaintiff Melendez he is obligated to communicate with the Defendants who continue to discriminate against him.

2132.    Defendants Shapiro and Morgan, Brown and Joy, LLP knew Defendant Berger has a significant number of serious claims of discrimination against her brought by Plaintiff.

2133.    Defendants knew their July 13, 2023, email was misleading and would hurt Plaintiff Melendez.

2134.    Defendants wrongly portrayed Plaintiff Melendez's email to be regarding standard school policy, rather than a demand for discrimination to cease.

2135.    Defendants Shapiro and Morgan, Brown and Joy, LLP used the July 13, 2023, email in combination with their position to retaliate against Plaintiff Melendez for opposing discrimination, and as an attempt to coerce Plaintiff Melendez to submit to the continued discrimination against him, violating 42 U.S.C. 12203.

2136.    Defendants' email is not privileged communication.

2137.    Defendants had no reason to believe their actions were lawful.

2138.　　The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2139.　　Defendants' actions were wanton, malicious, or oppressive.

2140.　　As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; increased severity of discrimination by the defendants; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 283 – On July 13, 2023, Defendants Shapiro & Morgan, Brown and Joy, LLP's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

2141.　　Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2142.　　Defendants Shapiro & Morgan, Brown and Joy, LLP's discriminatory email against Plaintiff Melendez, specified in Claim 282 (Paragraphs 2119-2140), was motivated by race, likewise, violating 42 U.S.C. 1981.

2143.　　In discriminating against Plaintiff Melendez based on his race, Defendants acted with willful and/or reckless disregard of Plaintiff's protected rights.

2144.　　Defendants had no reason to believe their actions were lawful.

2145.　　The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2146.　　Defendants' actions were wanton, malicious, or oppressive.

2147.　　As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; increased severity of discrimination by the defendants; being

wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 284 – On July 13, 2023, Defendants Shapiro & Morgan, Brown and Joy, LLP sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

2148.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2149.    Defendants Shapiro & Morgan, Brown and Joy, LLP's discriminatory email against Plaintiff Melendez, specified in Claim 282 (Paragraphs 2119-2140), was retaliation against Plaintiff Melendez for opposing discrimination, likewise, violating RSA 354-A:19.

2150.    Defendants had no reason to believe their actions were lawful.

2151.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2152.    Defendants' actions were wanton, malicious, or oppressive.

2153.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; increased severity of discrimination by the defendants; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 285 – On July 13, 2023, Defendants Shapiro & Morgan, Brown and Joy, LLP's discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

2154.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2155.        Defendants Shapiro & Morgan, Brown and Joy, LLP's discriminatory email against

Plaintiff Melendez, specified in Claim 282 (Paragraphs 2119-2140), negligently inflicted

emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2156.        Defendants had no reason to believe their actions were lawful.

2157.        The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

2158.        Defendants' actions were wanton, malicious, or oppressive.

2159.        As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; increased severity of discrimination by the defendants; being

wrongfully dismissed from the law school; and a significantly documented, permanent increase

in disability rating.

**Claim 286 – On July 13, 2023, Defendants Shapiro & Morgan, Brown and Joy, LLP's discriminatory**
**email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff,**
**violating IIED**

2160.        Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

2161.        Defendants Shapiro & Morgan, Brown and Joy, LLP's discriminatory email against

Plaintiff Melendez, specified in Claim 282 (Paragraphs 2119-2140), intentionally or recklessly

inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common

Law.

2162.        Defendant had no reason to believe their actions were lawful.

2163.        The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

2164.    Defendants' actions were wanton, malicious, or oppressive.

2165.    Defendants' actions are outrageous as Defendants: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights 5) Is a licensed attorney.

2166.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; increased severity of discrimination by the defendants; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JULY 13, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A DISCIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 287 – On July 13, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

2167.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2168.    On July 13, 2023, Defendant Sparrow sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

2169.    Defendant Sparrow was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

2170.    Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

2171.     Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

2172.     Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

2173.     Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

2174.     Defendant had no reason to believe her actions were lawful.

2175.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2176.     Defendant's actions were wanton, malicious, or oppressive.

2177.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 288 – On July 13, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

2178.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2179.     Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 287 (Paragraphs 2167-2177), was motivated by race, likewise, violating 42 U.S.C. 1981.

2180.     In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

2181. Defendant had no reason to believe her actions were lawful.

2182. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2183. Defendant's actions were wanton, malicious, or oppressive.

2184. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 289 – On July 13, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

2185. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2186. Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 287 (Paragraphs 2167-2177), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

2187. Defendant had no reason to believe her actions were lawful.

2188. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2189. Defendant's actions were wanton, malicious, or oppressive.

2190. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 290 – On July 13, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

2191.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2192.     Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 287 (Paragraphs 2167-2177), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2193.     Defendant had no reason to believe her actions were lawful.

2194.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2195.     Defendant's actions were wanton, malicious, or oppressive.

2196.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 291 – On July 13, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2197.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2198.     Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 287 (Paragraphs 2167-2177), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2199.     Defendant had no reason to believe her actions were lawful.

2200. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2201. Defendant's actions were wanton, malicious, or oppressive.

2202. Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2203. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 292 – On July 13, 2023, Defendants Sparrow & Shapiro created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez, by sending Plaintiff Melendez discriminatory emails, violating Conspiracy**

2204. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2205. Defendants Sparrow and Shapiro created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez, by sending Plaintiff Melendez discriminatory emails, specified in Claim 282 (Paragraphs 2119-2140), and Claim 287 (Paragraphs 2167-2177), violating Conspiracy under NH Common Law.

2206. Defendants had no reason to believe their actions were lawful.

2207. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2208. Defendants' actions were wanton, malicious, or oppressive.

2209.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

### ON JULY 13, 2023, DEFENDANT SPARROW WRONGFULLY ISSUED PLAINTIFF MELENDEZ A DEADLINE TO COMPLETE THE ACADEMIC PLAN AS RETALIATON, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 293 – On July 13, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a deadline to complete the Academic Plan as retaliation, violating 42 U.S.C. 12203**

2210.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

2211.     On July 13, 2023, Defendant Sparrow contacted Plaintiff Melendez through email under

the pretext of discussing school policy.

2212.     Defendant demanded Plaintiff complete an Academic Plan with a due date of July 31,

2023.

2213.     Defendant knows the Academic Plan does not apply to Plaintiff Melendez.

2214.     Defendant was aware there was no legitimate reason to set any deadlines regarding the

Academic Plan.

2215.     Defendant set this date in retaliation against Plaintiff for filing discrimination

complaints, and in attempts to coerce him into completing the Academic Plan, violating 42

U.S.C. 12203.

2216.     Defendant had no reason to believe her actions were lawful.

2217.     The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

2218.     Defendant's actions were wanton, malicious, or oppressive.

2219. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 294 – On July 13, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, was motivated by race, violating 42 U.S.C. 1981**

2220. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2221. Defendant Sparrow's wrongful issuing of a July 31, 2023, deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 293 (Paragraphs 2210-2219), was motivated by race, violating 42 U.S.C. 1981.

2222. In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

2223. Defendant had no reason to believe her actions were lawful.

2224. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2225. Defendant's actions were wanton, malicious, or oppressive.

2226. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 295 – On July 13, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a deadline to complete the Academic Plan as retaliation, violating RSA 354-A:19**

2227.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2228.     Defendant Sparrow's wrongful issuing of a July 31, 2023, deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 293 (Paragraphs 2210-2219), was retaliation against Plaintiff for filing discrimination complaints, and in attempts to coerce him into completing the Academic Plan, violating RSA 354-A:19.

2229.     Defendant had no reason to believe her actions were lawful.

2230.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2231.     Defendant's actions were wanton, malicious, or oppressive.

2232.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 296 – On July 13, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, negligently inflicted emotional damage on Plaintiff, violating NIED**

2233.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2234.     Defendant Sparrow's wrongful issuing of a July 31, 2023, deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 293 (Paragraphs 2210-2219), negligently inflicted emotional damage on Plaintiff, violating NIED under NH Common Law.

2235.     Defendant had no reason to believe her actions were lawful.

2236.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2237.    Defendant's actions were wanton, malicious, or oppressive.

2238.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 297 – On July 13, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2239.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2240.    Defendant Sparrow's wrongful issuing of a July 31, 2023, deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 293 (Paragraphs 2210-2219), intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED under NH Common Law.

2241.    Defendant had no reason to believe her actions were lawful.

2242.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2243.    Defendant's actions were wanton, malicious, or oppressive.

2244.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2245.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON JULY 13, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A SECOND DISCIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 298 – On July 13, 2023, Defendant Sparrow sent Plaintiff Melendez a second discriminatory email as retaliation, violating 42 U.S.C. 12203**

2246.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2247.    On July 13, 2023, Defendant Sparrow sent a second email to Plaintiff Melendez under the pretext of discussing official CASS matters.

2248.    Defendant Sparrow was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

2249.    Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

2250.    Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

2251.    Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

2252.    Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

2253.    Defendant had no reason to believe her actions were lawful.

2254.    The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

2255.    Defendant's actions were wanton, malicious, or oppressive.

2256.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

**Claim 299 – On July 13, 2023, Defendant Sparrow's second discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

2257.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations
and facts contained in the preceding paragraphs.

2258.    Defendant Sparrow's second discriminatory email against Plaintiff Melendez, specified
in Claim 298 (Paragraphs 2246-2256), was motivated by race, likewise, violating 42 U.S.C. 1981.

2259.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted
with willful and/or reckless disregard of Plaintiff's protected rights.

2260.    Defendant had no reason to believe her actions were lawful.

2261.    The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

2262.    Defendant's actions were wanton, malicious, or oppressive.

2263.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

**Claim 300 – On July 13, 2023, Defendant Sparrow sent Plaintiff Melendez a second discriminatory email as retaliation, violating RSA 354-A:19**

2264.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2265.     Defendant Sparrow's second discriminatory email against Plaintiff Melendez, specified in Claim 298 (Paragraphs 2246-2256), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

2266.     Defendant had no reason to believe her actions were lawful.

2267.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2268.     Defendant's actions were wanton, malicious, or oppressive.

2269.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 301 – On July 13, 2023, Defendant Sparrow's second discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

2270.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2271.     Defendant Sparrow's second discriminatory email against Plaintiff Melendez, specified in Claim 298 (Paragraphs 2246-2256), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2272.     Defendant had no reason to believe her actions were lawful.

2273.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2274.    Defendant's actions were wanton, malicious, or oppressive.

2275.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 302 – On July 13, 2023, Defendant Sparrow's second discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2276.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2277.    Defendant Sparrow's second discriminatory email against Plaintiff Melendez, specified in Claim 298 (Paragraphs 2246-2256), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2278.    Defendant had no reason to believe her actions were lawful.

2279.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2280.    Defendant's actions were wanton, malicious, or oppressive.

2281.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2282.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

## ON AUGUST 1, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A DISCIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 303 – On August 1, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

2283.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2284.    On August 1, 2023, Defendant Sparrow sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

2285.    Defendant Sparrow was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

2286.    Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

2287.    Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

2288.    Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

2289.    Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

2290.    Defendant had no reason to believe her actions were lawful.

2291.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2292.     Defendant's actions were wanton, malicious, or oppressive.

2293.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 304 – On August 1, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

2294.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2295.     Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 303 (Paragraphs 2283-2293), was motivated by race, likewise, violating 42 U.S.C. 1981.

2296.     In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

2297.     Defendant had no reason to believe her actions were lawful.

2298.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2299.     Defendant's actions were wanton, malicious, or oppressive.

2300.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 305 – On August 1, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

2301.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2302.     Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 303 (Paragraphs 2283-2293), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

2303.     Defendant had no reason to believe her actions were lawful.

2304.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2305.     Defendant's actions were wanton, malicious, or oppressive.

2306.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 306 – On August 1, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

2307.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2308.     Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 303 (Paragraphs 2283-2293), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2309.     Defendant had no reason to believe her actions were lawful.

2310.     The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

2311.     Defendant's actions were wanton, malicious, or oppressive.

2312.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

**Claim 307 – On August 1, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2313.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations
and facts contained in the preceding paragraphs.

2314.     Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim
303 (Paragraphs 2283-2293), intentionally or recklessly inflicted emotional damage on Plaintiff
Melendez, likewise, violating IIED under NH Common Law.

2315.     Defendant had no reason to believe her actions were lawful.

2316.     The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

2317.     Defendant's actions were wanton, malicious, or oppressive.

2318.     Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew
Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate
reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established
rights.

2319.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**ON AUGUST 5, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A DISCIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED**

**Claim 308 – On August 5, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

2320.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2321.    On August 5, 2023, Defendant Sparrow sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

2322.    Defendant Sparrow was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

2323.    Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

2324.    Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

2325.    Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

2326.    Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

2327.    Defendant had no reason to believe her actions were lawful.

2328.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2329.    Defendant's actions were wanton, malicious, or oppressive.

2330.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 309 – On August 5, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

2331.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2332.    Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 308 (Paragraphs 2320-2330), was motivated by race, likewise, violating 42 U.S.C. 1981.

2333.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

2334.    Defendant had no reason to believe her actions were lawful.

2335.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2336.    Defendant's actions were wanton, malicious, or oppressive.

2337.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 310 – On August 5, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

2338.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2339.     Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 308 (Paragraphs 2320-2330), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

2340.     Defendant had no reason to believe her actions were lawful.

2341.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2342.     Defendant's actions were wanton, malicious, or oppressive.

2343.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 311 – On August 5, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

2344.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2345.     Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 308 (Paragraphs 2320-2330), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2346.     Defendant had no reason to believe her actions were lawful.

2347.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2348.    Defendant's actions were wanton, malicious, or oppressive.

2349.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 312 – On August 5, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2350.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2351.    Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 308 (Paragraphs 2320-2330), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2352.    Defendant had no reason to believe her actions were lawful.

2353.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2354.    Defendant's actions were wanton, malicious, or oppressive.

2355.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2356.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON AUGUST 5, 2023, DEFENDANT SPARROW WRONGFULLY ISSUED PLAINTIFF MELENDEZ A DEADLINE TO COMPLETE THE ACADEMIC PLAN AS RETALIATON, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 313 – On August 5, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a deadline to complete the Academic Plan as retaliation, violating 42 U.S.C. 12203**

2357.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2358.    On August 5, 2023, Defendant Sparrow contacted Plaintiff Melendez through email under the pretext of discussing school policy.

2359.    Defendant demanded Plaintiff complete an Academic Plan with a due date of August 11, 2023.

2360.    Defendant knows the Academic Plan does not apply to Plaintiff Melendez.

2361.    Defendant was aware there was no legitimate reason to set any deadlines regarding the Academic Plan.

2362.    Defendant set this date in retaliation against Plaintiff for filing discrimination complaints, and in attempts to coerce him into completing the Academic Plan, violating 42 U.S.C. 12203.

2363.    Defendant had no reason to believe her actions were lawful.

2364.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2365.    Defendant's actions were wanton, malicious, or oppressive.

2366.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

257

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 314 – On August 5, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, was motivated by race, violating 42 U.S.C. 1981**

2367.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2368.    Defendant Sparrow's wrongful issuing of an August 11, 2023, deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 313 (Paragraphs 2357-2366), was motivated by race, violating 42 U.S.C. 1981.

2369.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

2370.    Defendant had no reason to believe her actions were lawful.

2371.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2372.    Defendant's actions were wanton, malicious, or oppressive.

2373.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 315 – On August 5, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a deadline to complete the Academic Plan as retaliation, violating RSA 354-A:19**

2374.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2375. Defendant Sparrow's wrongful issuing of an August 11, 2023, deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 313 (Paragraphs 2357-2366), was retaliation against Plaintiff for filing discrimination complaints, and in attempts to coerce him into completing the Academic Plan, violating RSA 354-A:19.

2376. Defendant had no reason to believe her actions were lawful.

2377. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2378. Defendant's actions were wanton, malicious, or oppressive.

2379. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 316 – On August 5, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, negligently inflicted emotional damage on Plaintiff, violating NIED**

2380. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2381. Defendant Sparrow's wrongful issuing of an August 11, 2023, deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 313 (Paragraphs 2357-2366), negligently inflicted emotional damage on Plaintiff, violating NIED under NH Common Law.

2382. Defendant had no reason to believe her actions were lawful.

2383. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2384. Defendant's actions were wanton, malicious, or oppressive.

2385. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 317 – On August 5, 2023, Defendant Sparrow's wrongful issuing of a deadline for Plaintiff Melendez to complete the Academic Plan, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2386. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2387. Defendant Sparrow's wrongful issuing of an August 11, 2023, deadline for Plaintiff Melendez to complete the Academic Plan, specified in Claim 313 (Paragraphs 2357-2366), intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED under NH Common Law.

2388. Defendant had no reason to believe her actions were lawful.

2389. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2390. Defendant's actions were wanton, malicious, or oppressive.

2391. Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2392. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON AUGUST 5, 2023, DEFENDANT SPARROW WRONGFULLY ISSUED PLAINTIFF MELENDEZ A DISENROLLMENT DEADLINE AS RETALIATON, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 318 – On August 5, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a disenrollment deadline as retaliation, violating 42 U.S.C. 12203**

2393.   Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2394.   On August 5, 2023, Defendant Sparrow sent an email to Plaintiff Melendez under the pretext of discussing school policy.

2395.   Defendant Sparrow informed Plaintiff Melendez that he will be disenrolled from the law school on August 11, 2023.

2396.   This date is arbitrary.

2397.   The disenrollment from the law school is wrongful.

2398.   This date of disenrollment was given to retaliate against Plaintiff for filing discrimination complaints, violating 42 U.S.C. 12203.

2399.   Defendant was aware there was no legitimate reason to set any deadlines regarding disenrollment of Plaintiff Melendez.

2400.   Defendant Sparrow knew there were no grounds to legally disenroll Plaintiff Melendez.

2401.   Defendant had no reason to believe her actions were lawful.

2402.   The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2403.   Defendant's actions were wanton, malicious, or oppressive.

2404.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 319 – On August 5, Defendant Sparrow's wrongful issuing of a disenrollment deadline to Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

2405.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2406.    Defendant Sparrow's wrongful issuing of a disenrollment deadline, specified in Claim 318 (Paragraphs 2393-2404), was motivated by race, likewise, violating 42 U.S.C. 1981.

2407.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

2408.    Defendant had no reason to believe her actions were lawful.

2409.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2410.    Defendant's actions were wanton, malicious, or oppressive.

2411.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 320 – On August 5, 2023, Defendant Sparrow wrongfully issued Plaintiff Melendez a disenrollment deadline as retaliation, violating RSA 354-A:19**

2412.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2413.    Defendant Sparrow's wrongful issuing of a disenrollment deadline, specified in Claim 318 (Paragraphs 2393-2404), was given to retaliate against Plaintiff for filing discrimination complaints, violating RSA 354-A:19.

2414.    Defendant had no reason to believe her actions were lawful.

2415.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2416.    Defendant's actions were wanton, malicious, or oppressive.

2417.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 321 – On August 5, 2023, Defendant Sparrow's wrongful issuing of a disenrollment deadline, negligently inflicted emotional damage on Plaintiff, violating NIED**

2418.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2419.    Defendant Sparrow's wrongful issuing of a disenrollment deadline, specified in Claim 318 (Paragraphs 2393-2404), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2420.    Defendant had no reason to believe her actions were lawful.

2421.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2422.    Defendant's actions were wanton, malicious, or oppressive.

2423.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 322 – On August 5, 2023, Defendant Sparrow's wrongful issuing of a disenrollment deadline, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2424.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2425.    Defendant Sparrow's wrongful issuing of a disenrollment deadline, specified in Claim 318 (Paragraphs 2393-2404), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2426.    Defendant had no reason to believe her actions were lawful.

2427.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2428.    Defendant's actions were wanton, malicious, or oppressive.

2429.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2430.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**ON AUGUST 5, 2023, DEFENDANT SPARROW WRONGFULLY PUBLISHED DEFAMATORY COMMENTS REGARDING PLAINTIFF'S ACADEMIC PERFORMANCE, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; FALSE LIGHT; DEFAMATION OF CHARACTER; NIED; & IIED**

**Claim 323 – On August 5, 2023, Defendant Sparrow wrongfully published defamatory comments regarding Plaintiff's academic performance, violating 42 U.S.C. 12203**

2431.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2432.     In or about August 2022 through December 2022, Plaintiff Melendez was unable to attend class by reason of his mental disability and extenuating circumstances.

2433.     Plaintiff Melendez received failing grades in five (5) individual classes for being unable to attend.

2434.     Defendant Sparrow was aware of Plaintiff Melendez's exigent circumstances and disabilities during the Fall 2022 semester.

2435.     Despite knowing Plaintiff Melendez's severe disabilities and circumstances were the actual reasons for Plaintiff's failing grades, Defendant Sparrow states: "because of your academic performance, you are under the jurisdiction of the Committee of Academic Standing and Success," in an August 5, 2023, email.

2436.     Defendant Sparrow's defaming statement that Plaintiff fell under CASS's jurisdiction due to his "academic performance," which caused Plaintiff to suffer undue consequences, was retaliation to Plaintiff filing discrimination complaints, violating 42 U.S.C. 12203.

2437.     Defendant had no reason to believe her actions were lawful.

2438.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2439.     Defendant's actions were wanton, malicious, or oppressive.

265

2440.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 324 – On August 5, 2023, Defendant Sparrow's wrongful publishing of defamatory comments regarding Plaintiff's academic performance, was motivated by race, violating 42 U.S.C. 1981**

2441.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2442.     Defendant Sparrow's wrongful publishing of defamatory comments regarding Plaintiff's academic performance, specified in Claim 323 (Paragraphs 2431-2440), was motivated by race, likewise, violating 42 U.S.C. 1981.

2443.     In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

2444.     Defendant had no reason to believe her actions were lawful.

2445.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2446.     Defendant's actions were wanton, malicious, or oppressive.

2447.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 325 – On August 5, 2023, Defendant Sparrow wrongfully published defamatory comments regarding Plaintiff's academic performance, violating RSA 354-A:19**

2448. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2449. Defendant Sparrow's wrongful publishing of defamatory comments regarding Plaintiff's academic performance, specified in Claim 323 (Paragraphs 2431-2440), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

2450. Defendant had no reason to believe her actions were lawful.

2451. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2452. Defendant's actions were wanton, malicious, or oppressive.

2453. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 326 – On August 5, 2023, Defendant Sparrow's wrongful publishing of defamatory comments regarding Plaintiff's academic performance, negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

2454. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2455. Defendant Sparrow's wrongful publishing of defamatory comments regarding Plaintiff's academic performance, specified in Claim 323 (Paragraphs 2431-2440), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2456. Defendant had no reason to believe her actions were lawful.

2457. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2458. Defendant's actions were wanton, malicious, or oppressive.

2459. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 327 – On August 5, 2023, Defendant Sparrow's wrongful publishing of defamatory comments regarding Plaintiff's academic performance, intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

2460. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2461. Defendant Sparrow's wrongful publishing of defamatory comments regarding Plaintiff's academic performance, specified in Claim 323 (Paragraphs 2431-2440), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2462. Defendant had no reason to believe her actions were lawful.

2463. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2464. Defendant's actions were wanton, malicious, or oppressive.

2465. Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2466. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 328 – On August 5, 2023, Defendant Sparrow's defaming of Plaintiff Melendez's character negligently portrayed Plaintiff Melendez in an offensive manner, violating False Light**

2467.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2468.     Defendant Sparrow negligently, widely published or distributed, a defaming statement identifying Plaintiff and his academic performance in an offensive manner, specified in Claim 323 (Paragraphs 2431-2440), likewise, violating False Light under NH Common Law.

2469.     Defendant had no reason to believe her actions were lawful.

2470.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2471.     Defendant's actions were wanton, malicious, or oppressive.

2472.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 329 – August 5, 2023, Defendant Sparrow defamed Plaintiff Melendez's character, violating Defamation of Character**

2473.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2474.     Defendant Sparrow's wrongful publishing of defamatory comments regarding Plaintiff's academic performance, specified in Claim 323 (Paragraphs 2431-2440), likewise, violated Defamation of Character under NH Common Law.

2475.    The statement was not privileged.

2476.    Defendant had no reason to believe her actions were lawful.

2477.    The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

2478.    Defendant's actions were wanton, malicious, or oppressive.

2479.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

### ON AUGUST 5, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A SECOND DISCIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 330 – On August 5, 2023, Defendant Sparrow sent Plaintiff Melendez a second discriminatory**

**email as retaliation, violating 42 U.S.C. 12203**

2480.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

2481.    On August 5, 2023, Defendant Sparrow sent a second email to Plaintiff Melendez under

the pretext of discussing official CASS matters.

2482.    Defendant Sparrow was aware there was no legitimate reason to have any contact with

Plaintiff Melendez regarding the CASS process.

2483.    Defendant was aware of Plaintiff Melendez's exigent circumstances and severe

disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

2484.    Defendant was aware the administration failed to provide Plaintiff with the necessary

disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022

semester.

2485.     Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

2486.     Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing

Plaintiff never had an equal opportunity to participate in class, a public entity's program or

benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability,

violating 42 U.S.C. 12203.

2487.     Defendant had no reason to believe her actions were lawful.

2488.     The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

2489.     Defendant's actions were wanton, malicious, or oppressive.

2490.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 331 – On August 5, 2023, Defendant Sparrow's second discriminatory email against Plaintiff**

**Melendez, was motivated by race, violating 42 U.S.C. 1981**

2491.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

2492.     Defendant Sparrow's second discriminatory email against Plaintiff Melendez, specified

in Claim 330 (Paragraphs 2480-2490), was motivated by race, likewise, violating 42 U.S.C. 1981.

2493.     In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted

with willful and/or reckless disregard of Plaintiff's protected rights.

2494.     Defendant had no reason to believe her actions were lawful.

2495.     The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

2496.    Defendant's actions were wanton, malicious, or oppressive.

2497.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 332 – On August 5, 2023, Defendant Sparrow sent Plaintiff Melendez a second discriminatory email as retaliation, violating RSA 354-A:19**

2498.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2499.    Defendant Sparrow's second discriminatory email against Plaintiff Melendez, specified in Claim 330 (Paragraphs 2480-2490), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

2500.    Defendant had no reason to believe her actions were lawful.

2501.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2502.    Defendant's actions were wanton, malicious, or oppressive.

2503.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 333 – On August 5, 2023, Defendant Sparrow's second discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

2504.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2505. Defendant Sparrow's second discriminatory email against Plaintiff Melendez, specified in Claim 330 (Paragraphs 2480-2490), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2506. Defendant had no reason to believe her actions were lawful.

2507. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2508. Defendant's actions were wanton, malicious, or oppressive.

2509. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 334 – On August 5, 2023, Defendant Sparrow's second discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2510. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2511. On August 5, 2023, Defendant Sparrow's second discriminatory email against Plaintiff Melendez, specified in Claim 330 (Paragraphs 2480-2490), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2512. Defendant had no reason to believe her actions were lawful.

2513. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2514. Defendant's actions were wanton, malicious, or oppressive.

2515. Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate

reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2516.	As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON AUGUST 9, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A DISCIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 335 – On August 9, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

2517.	Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2518.	On August 9, 2023, Defendant Sparrow sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

2519.	Defendant Sparrow was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

2520.	Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

2521.	Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

2522.	Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

2523.	Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or

benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

2524.    Defendant had no reason to believe her actions were lawful.

2525.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2526.    Defendant's actions were wanton, malicious, or oppressive.

2527.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 336 – On August 9, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

2528.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2529.    Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 335 (Paragraphs 2517-2527), was motivated by race, likewise, violating 42 U.S.C. 1981.

2530.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

2531.    Defendant had no reason to believe her actions were lawful.

2532.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2533.    Defendant's actions were wanton, malicious, or oppressive.

2534.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

275

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 337 – On August 9, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

2535.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2536.    Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 335 (Paragraphs 2517-2527), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

2537.    Defendant had no reason to believe her actions were lawful.

2538.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2539.    Defendant's actions were wanton, malicious, or oppressive.

2540.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 338 – On August 9, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

2541.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2542.    Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 335 (Paragraphs 2517-2527), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2543. Defendant had no reason to believe her actions were lawful.

2544. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2545. Defendant's actions were wanton, malicious, or oppressive.

2546. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 339 – On August 9, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2547. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2548. Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 335 (Paragraphs 2517-2527), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2549. Defendant had no reason to believe her actions were lawful.

2550. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2551. Defendant's actions were wanton, malicious, or oppressive.

2552. Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2553.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

## ON AUGUST 15, 2023, DEFENDANT SPARROW SENT PLAINTIFF MELENDEZ A DISCIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 340 – On August 15, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

2554.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2555.    On August 15, 2023, Defendant Sparrow sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

2556.    Defendant Sparrow was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

2557.    Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

2558.    Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

2559.    Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

2560.    Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

2561.     Defendant had no reason to believe her actions were lawful.

2562.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2563.     Defendant's actions were wanton, malicious, or oppressive.

2564.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 341 – On August 15, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

2565.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2566.     Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 340 (Paragraphs 2554-2564), was motivated by race, likewise, violating 42 U.S.C. 1981.

2567.     In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

2568.     Defendant had no reason to believe her actions were lawful.

2569.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2570.     Defendant's actions were wanton, malicious, or oppressive.

2571.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 342 – On August 15, 2023, Defendant Sparrow sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

2572.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2573.     Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 340 (Paragraphs 2554-2564), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

2574.     Defendant had no reason to believe her actions were lawful.

2575.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2576.     Defendant's actions were wanton, malicious, or oppressive.

2577.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 343 – On August 15, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

2578.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2579.     Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 340 (Paragraphs 2554-2564), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2580.     Defendant had no reason to believe her actions were lawful.

2581. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2582. Defendant's actions were wanton, malicious, or oppressive.

2583. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 344 – On August 15, 2023, Defendant Sparrow's discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2584. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2585. Defendant Sparrow's discriminatory email against Plaintiff Melendez, specified in Claim 340 (Paragraphs 2554-2564), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2586. Defendant had no reason to believe her actions were lawful.

2587. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2588. Defendant's actions were wanton, malicious, or oppressive.

2589. Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2590. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

## ON AUGUST 15, 2023, DEFENDANT SPARROW WRONGFULLY PUBLISHED DEFAMATORY COMMENTS REGARDING PLAINTIFF'S ACADEMIC PERFORMANCE, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; FALSE LIGHT; DEFAMATION OF CHARACTER; NIED; & IIED

**Claim 345 – On August 15, 2023, Defendant Sparrow wrongfully published defamatory comments regarding Plaintiff's academic performance, violating 42 U.S.C. 12203**

2591.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2592.    In or about August 2022 through December 2022, Plaintiff Melendez was unable to attend class by reason of his mental disability and extenuating circumstances.

2593.    Plaintiff Melendez received failing grades in five (5) individual classes for being unable to attend.

2594.    Defendant Sparrow was aware of Plaintiff Melendez's exigent circumstances and disabilities during the Fall 2022 semester.

2595.    Despite knowing Plaintiff Melendez's severe disabilities and circumstances were the actual reasons for Plaintiff's failing grades, Defendant Sparrow states: "because of your academic performance, you are under the jurisdiction of the Committee of Academic Standing and Success," in an August 5, 2023, email.

2596.    Defendant Sparrow's defaming statement that Plaintiff fell under CASS's jurisdiction due to his "academic performance," which caused Plaintiff to suffer undue consequences, was retaliation to Plaintiff filing discrimination complaints, violating 42 U.S.C. 12203.

2597.    Defendant had no reason to believe her actions were lawful.

2598.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2599. Defendant's actions were wanton, malicious, or oppressive.

2600. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 346 – On August 15, 2023, Defendant Sparrow's wrongful publishing of defamatory comments regarding Plaintiff's academic performance, was motivated by race, violating 42 U.S.C. 1981**

2601. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2602. Defendant Sparrow's wrongful publishing of defamatory comments regarding Plaintiff's academic performance, specified in Claim 345 (Paragraphs 2591-2600), was motivated by race, likewise, violating 42 U.S.C. 1981.

2603. In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

2604. Defendant had no reason to believe her actions were lawful.

2605. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2606. Defendant's actions were wanton, malicious, or oppressive.

2607. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 347 – On August 15, 2023, Defendant Sparrow wrongfully published defamatory comments regarding Plaintiff's academic performance, violating RSA 354-A:19**

2608.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2609.    Defendant Sparrow's wrongful publishing of defamatory comments regarding Plaintiff's academic performance, specified in Claim 345 (Paragraphs 2591-2600), was retaliation for Plaintiff filing discrimination claims, likewise, violating RSA 354-A:19.

2610.    Defendant had no reason to believe her actions were lawful.

2611.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2612.    Defendant's actions were wanton, malicious, or oppressive.

2613.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 348 – On August 15, 2023, Defendant Sparrow's wrongful publishing of defamatory comments regarding Plaintiff's academic performance, negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

2614.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2615.    Defendant Sparrow's wrongful publishing of defamatory comments regarding Plaintiff's academic performance, specified in Claim 345 (Paragraphs 2591-2600), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2616.    Defendant had no reason to believe her actions were lawful.

2617.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2618. Defendant's actions were wanton, malicious, or oppressive.

2619. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 349 – On August 15, 2023, Defendant Sparrow's wrongful publishing of defamatory comments regarding Plaintiff's academic performance, intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

2620. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2621. Defendant Sparrow's wrongful publishing of defamatory comments regarding Plaintiff's academic performance, specified in Claim 345 (Paragraphs 2591-2600), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2622. Defendant had no reason to believe her actions were lawful.

2623. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2624. Defendant's actions were wanton, malicious, or oppressive.

2625. Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2626. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 350 – On August 15, 2023, Defendant Sparrow's wrongful defaming of Plaintiff Melendez's character negligently portrayed Plaintiff Melendez in an offensive manner, violating False Light**

2627.	Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2628.	Defendant Sparrow negligently, widely published or distributed, a defaming statement identifying Plaintiff and his academic performance in an offensive manner, specified in Claim 345 (Paragraphs 2591-2600), likewise, violating False Light under NH Common Law.

2629.	Defendant had no reason to believe her actions were lawful.

2630.	The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2631.	Defendant's actions were wanton, malicious, or oppressive.

2632.	As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 351 – On August 15, 2023, Defendant Sparrow wrongfully defamed Plaintiff Melendez's character, violating Defamation of Character**

2633.	Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2634.	Defendant Sparrow's wrongful publishing of defamatory comments regarding Plaintiff's academic performance, specified in Claim 345 (Paragraphs 2591-2600), likewise, violated Defamation of Character under NH Common Law.

2635.    The statement was not privileged.

2636.    Defendant had no reason to believe her actions were lawful.

2637.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2638.    Defendant's actions were wanton, malicious, or oppressive.

2639.    As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON AUGUST 16, 2023, DEFENDANT BERGER SENT PLAINTIFF MELENDEZ A DISCRIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 352 – On August 16, 2023, Defendant Berger sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

2640.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2641.    On August 16, 2023, Defendant Berger sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

2642.    Defendant Berger was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

2643.    Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

2644.    Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

2645. Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

2646. Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

2647. Defendant had no reason to believe her actions were lawful.

2648. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2649. Defendant's actions were wanton, malicious, or oppressive.

2650. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 353 – On August 16, 2023, Defendant Berger's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

2651. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2652. Defendant Berger's discriminatory email against Plaintiff Melendez, specified in Claim 352 (Paragraphs 2640-2650), was motivated by race, likewise, violating 42 U.S.C. 1981.

2653. In discriminating against Plaintiff Melendez based on his race, Defendant Berger acted with willful and/or reckless disregard of Plaintiff's protected rights.

2654. Defendant had no reason to believe her actions were lawful.

2655. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

288

2656.    Defendant's actions were wanton, malicious, or oppressive.

2657.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 354 – On August 16, 2023, Defendant Berger sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

2658.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2659.    Defendant Berger's discriminatory email against Plaintiff Melendez, specified in Claim 352 (Paragraphs 2640-2650), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

2660.    Defendant had no reason to believe her actions were lawful.

2661.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2662.    Defendant's actions were wanton, malicious, or oppressive.

2663.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 355 – On August 16, 2023, Defendant Berger's discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

2664.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2665.    Defendant Berger's discriminatory email against Plaintiff Melendez, specified in Claim
352 (Paragraphs 2640-2650), negligently inflicted emotional damage on Plaintiff Melendez,
likewise, violating NIED under NH Common Law.

2666.    Defendant had no reason to believe her actions were lawful.

2667.    The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

2668.    Defendant's actions were wanton, malicious, or oppressive.

2669.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

**Claim 356 – On August 16, 2023, Defendant Berger's discriminatory email against Plaintiff Melendez,
intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2670.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations
and facts contained in the preceding paragraphs.

2671.    Defendant Berger's discriminatory email against Plaintiff Melendez, specified in Claim
352 (Paragraphs 2640-2650), intentionally or recklessly inflicted emotional damage on Plaintiff
Melendez, likewise, violating IIED under NH Common Law.

2672.    Defendant had no reason to believe her actions were lawful.

2673.    The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

2674.    Defendant's actions were wanton, malicious, or oppressive.

2675.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew
Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate

290

reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2676.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

## DEFENDANT BERGER DEFAMED PLAINTIFF MELENDEZ BY FALSELY STATING PLAINTIFF WAS NOT ON A LEAVE OF ABSENCE AS RETALIATION, VIOLATING 42 U.S.C. 12203; 42 U.S.C. 1981; DEFAMATION OF CHARACTER; NIED; & IIED

**Claim 357 – Defendant Berger defamed Plaintiff Melendez by stating Plaintiff was not on a Leave of Absence as retaliation, violating 42 U.S.C. 12203**

2677.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2678.    From in or about August 2023 through September 2023, Defendant Berger has wrongfully published or distributed false statements regarding Plaintiff Melendez not being on an active Leave of Absence.

2679.    Defendant falsely advised other staff and administrators the following: "As a result of [Plaintiff Melendez's] enrollment in fall 2023 classes, [Plaintiff Melendez is] no longer considered a student on a leave of absence."

2680.    Due to Defendant Berger's wrongful mischaracterization of Plaintiff's status, Plaintiff suffered undue consequences.

2681.    Defendant Berger made defamatory comments about Plaintiff Melendez as retaliation for Plaintiff filing discrimination complaints, violating 42 U.S.C. 12203.

2682.    Defendant Berger's comments were not privileged.

2683.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2684.    Defendant had no reason to believe her actions were lawful.

2685.    Defendant's actions were wanton, malicious, or oppressive.

2686.    These discriminatory comments caused Plaintiff to suffer: discrimination; retaliation; harassment; and loss of other disability accommodations, violating Defamation of Character.

2687.    As a result of Defendant's actions, Plaintiff Melendez also suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 358 – Defendant Berger's defaming of Plaintiff Melendez by stating Plaintiff was not on a Leave of Absence, was motivated by race, violating 42 U.S.C. 1981**

2688.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2689.    Defendant Berger's defaming statement regarding Plaintiff Melendez not being on a Leave of Absence, specified in Claim 357 (Paragraphs 2677-2687), was motivated by race, likewise, violating 42 U.S.C. 1981.

2690.    In discriminating against Plaintiff Melendez based on his race, Defendant Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

2691.    Defendant Berger's comments were not privileged.

2692.    Defendant Berger had no reason to believe her actions were lawful.

2693.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2694.    Defendant's actions were wanton, malicious, or oppressive.

2695.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 359 – Defendant Berger defamed Plaintiff Melendez by stating Plaintiff was not on a Leave of Absence, violating Defamation of Character**

2696.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2697.    Defendant Berger's widely published or distributed false statements regarding Plaintiff Melendez not being on a Leave of Absence, specified in Claim 357 (Paragraphs 2677-2687), defamed Plaintiff Melendez's character and, likewise, violated Defamation of Character under NH Common Law.

2698.    Defendant Berger's comments defamed Plaintiff Melendez by falsely presenting him as someone who was not academically capable.

2699.    Plaintiff Melendez was discriminated against due to Defendant Berger's comments.

2700.    Defendant Berger's comments were not privileged.

2701.    Defendant's comments were negligent.

2702.    Defendant Berger had no reason to believe her actions were lawful.

2703.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2704.    Defendant's actions were wanton, malicious, or oppressive.

2705.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 360 – Defendant Berger's defaming of Plaintiff Melendez by stating Plaintiff was not on a Leave of Absence, negligently inflicted emotional damage on Plaintiff, violating NIED**

2706.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2707.    Defendant Berger's defaming statement regarding Plaintiff Melendez not being on a Leave of Absence, specified in Claim 357 (Paragraphs 2677-2687), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2708.    Defendant Berger's comments were not privileged.

2709.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2710.    Defendant had no reason to believe her actions were lawful.

2711.    Defendant's actions were wanton, malicious, or oppressive.

2712.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 361 – Defendant Berger's defaming of Plaintiff Melendez by stating Plaintiff was not on a Leave of Absence, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2713.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2714.    Defendant Berger's defaming statement regarding Plaintiff Melendez not being on a Leave of Absence, specified in Claim 357 (Paragraphs 2677-2687), intentionally or recklessly

inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2715.     Defendant Berger's comments were not privileged.

2716.     Defendant had no reason to believe her actions were lawful.

2717.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2718.     Defendant's actions were wanton, malicious, or oppressive.

2719.     Defendant's actions are outrageous as Defendant Berger: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2720.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON AUGUST 17, 2023, DEFENDANT BERGER SENT PLAINTIFF MELENDEZ A DISCRIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 362 – On August 17, 2023, Defendant Berger sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

2721.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2722.     On August 17, 2023, Defendant Berger sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

2723.     Defendant Berger was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

2724.     Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

2725.     Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

2726.     Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

2727.     Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

2728.     Defendant had no reason to believe her actions were lawful.

2729.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2730.     Defendant's actions were wanton, malicious, or oppressive.

2731.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 363 – On August 17, 2023, Defendant Berger's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

2732.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2733.    Defendant Berger's discriminatory email against Plaintiff Melendez, specified in Claim 362 (Paragraphs 2721-2731), was motivated by race, likewise, violating 42 U.S.C. 1981.

2734.    In discriminating against Plaintiff Melendez based on his race, Defendant Berger acted with willful and/or reckless disregard of Plaintiff's protected rights.

2735.    Defendant had no reason to believe her actions were lawful.

2736.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2737.    Defendant's actions were wanton, malicious, or oppressive.

2738.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 364 – On August 17, 2023, Defendant Berger sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

2739.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2740.    Defendant Berger's discriminatory email against Plaintiff Melendez, specified in Claim 362 (Paragraphs 2721-2731), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

2741.    Defendant had no reason to believe her actions were lawful.

2742.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2743.    Defendant's actions were wanton, malicious, or oppressive.

2744.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 365 – On August 17, 2023, Defendant Berger's discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

2745.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

2746.     Defendant Berger's discriminatory email against Plaintiff Melendez, specified in Claim

362 (Paragraphs 2721-2731), negligently inflicted emotional damage on Plaintiff Melendez,

likewise, violating NIED under NH Common Law.

2747.     Defendant had no reason to believe her actions were lawful.

2748.     The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason.

2749.     Defendant's actions were wanton, malicious, or oppressive.

2750.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 366 – On August 17, 2023, Defendant Berger's discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2751.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

2752.    Defendant Berger's discriminatory email against Plaintiff Melendez, specified in Claim 362 (Paragraphs 2721-2731), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2753.    Defendant had no reason to believe her actions were lawful.

2754.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2755.    Defendant's actions were wanton, malicious, or oppressive.

2756.    Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2757.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### ON AUGUST 29, 2023, DEFENDANT BERGER SENT PLAINTIFF MELENDEZ A DISCRIMINATORY EMAIL AS RETALIATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; & IIED

**Claim 367 – On August 29, 2023, Defendant Berger sent Plaintiff Melendez a discriminatory email as retaliation, violating 42 U.S.C. 12203**

2758.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2759.    On August 29, 2023, Defendant Berger sent an email to Plaintiff Melendez under the pretext of discussing official CASS matters.

2760.     Defendant Berger was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the CASS process.

2761.     Defendant was aware of Plaintiff Melendez's exigent circumstances and severe disabilities that wrongly forced Plaintiff Melendez to fall under CASS's jurisdiction.

2762.     Defendant was aware the administration failed to provide Plaintiff with the necessary disability accommodations, forcing Plaintiff Melendez to fail five (5) classes for the Fall 2022 semester.

2763.     Plaintiff Melendez fell under CASS's jurisdiction due to the five (5) failing grades.

2764.     Defendant contacting Plaintiff Melendez to further the CASS Process, despite knowing Plaintiff never had an equal opportunity to participate in class, a public entity's program or benefit, was knowingly discriminating against Plaintiff Melendez on the basis of his disability, violating 42 U.S.C. 12203.

2765.     Defendant had no reason to believe her actions were lawful.

2766.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2767.     Defendant's actions were wanton, malicious, or oppressive.

2768.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 368 – On August 29, 2023, Defendant Berger's discriminatory email against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981**

2769.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2770.     Defendant Berger's discriminatory email against Plaintiff Melendez, specified in Claim 367 (Paragraphs 2758-2768), was motivated by race, likewise, violating 42 U.S.C. 1981.

2771.     In discriminating against Plaintiff Melendez based on his race, Defendant Berger acted with willful and/or reckless disregard of Plaintiff's protected rights.

2772.     Defendant had no reason to believe her actions were lawful.

2773.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2774.     Defendant's actions were wanton, malicious, or oppressive.

2775.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 369 – On August 29, 2023, Defendant Berger sent Plaintiff Melendez a discriminatory email as retaliation, violating RSA 354-A:19**

2776.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2777.     Defendant Berger's discriminatory email against Plaintiff Melendez, specified in Claim 367 (Paragraphs 2758-2768), was retaliation for Plaintiff filing discrimination complaints, likewise, violating RSA 354-A:19.

2778.     Defendant had no reason to believe her actions were lawful.

2779.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2780.     Defendant's actions were wanton, malicious, or oppressive.

2781.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 370 – On August 29, 2023, Defendant Berger's discriminatory email against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

2782.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2783.    Defendant Berger's discriminatory email against Plaintiff Melendez, specified in Claim 367 (Paragraphs 2758-2768), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2784.    Defendant had no reason to believe her actions were lawful.

2785.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2786.    Defendant's actions were wanton, malicious, or oppressive.

2787.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 371 – On August 29, 2023, Defendant Berger's discriminatory email against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2788.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2789. Defendant Berger's discriminatory email against Plaintiff Melendez, specified in Claim 367 (Paragraphs 2758-2768), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2790. Defendant had no reason to believe her actions were lawful.

2791. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2792. Defendant's actions were wanton, malicious, or oppressive.

2793. Defendant's actions are outrageous as Defendant: 1) Knew Plaintiff is disabled; 2) Knew Plaintiff Melendez was in a vulnerable state; 3) Knew contacting Plaintiff for an illegitimate reason would inflict harm; 4) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2794. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### DEFENDANTS DEAN; CARPENTER; COOPER; BERGER; GRADY & SPARROW DEPRIVED PLAINTIFF MELENDEZ OF A PROTECTED PROPERTY OR LIBERTY INTEREST WITHOUT DUE PROCESS, VIOLATING: 14TH AMENDMENT; 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; IIED; & CONSPIRACY

**Claim 372 – Defendants Dean; Carpenter; Cooper; Berger; Grady & Sparrow deprived Plaintiff Melendez of a protected property or liberty interest without due process, violating 14th Amendment**

2795. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2796. From in or about August 2020 through September 2023, Plaintiff Melendez was a student at the UNH.

2797.    Plaintiff Melendez was pursuing a public education from the University of New Hampshire.

2798.    A public education is a property interest protected by the Due Clause of the 14th Amendment.

2799.    Defendants disenrolled Plaintiff Melendez without adhering to the required minimum process set forth by policy, wrongfully taking away Plaintiff's property interest, violating the 14th Amendment.

2800.    Defendants had no reason to believe their actions were lawful.

2801.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2802.    Defendants' actions were wanton, malicious, or oppressive.

2803.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 373 – Defendants Dean; Carpenter; Cooper; Berger; Grady & Sparrow deprived Plaintiff Melendez of a protected property or liberty interest as retaliation, violating 42 U.S.C. 12203**

2804.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2805.    Defendants Dean; Carpenter; Cooper; Berger; Grady and Sparrow's depriving Plaintiff Melendez of a protected property or liberty interest, a public education, specified in Claim 372 (Paragraphs 2795-2803), was retaliation against Plaintiff Melendez for filing discrimination complaints, likewise, violating 42 U.S.C. 12203.

2806.    Defendants had no reason to believe their actions were lawful.

2807.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2808.    Defendants' actions were wanton, malicious, or oppressive.

2809.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 374 – Defendants Dean; Carpenter; Cooper; Berger; Grady & Sparrow's depriving Plaintiff Melendez of a protected property or liberty interest, was motivated by race, violating 42 U.S.C. 1981**

2810.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2811.    Defendants Dean; Carpenter; Cooper; Berger; Grady and Sparrow's depriving Plaintiff Melendez of a protected property or liberty interest, a public education, specified in Claim 372 (Paragraphs 2795-2803), was motivated by race, likewise, violating 42 U.S.C. 1981.

2812.    In discriminating against Plaintiff Melendez based on his race, the Defendants acted with willful and/or reckless disregard of Plaintiff's protected rights.

2813.    Defendants had no reason to believe their actions were lawful.

2814.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2815.    Defendants' actions were wanton, malicious, or oppressive.

2816.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 375 – Defendants Dean; Carpenter; Cooper; Berger; Grady & Sparrow deprived Plaintiff Melendez of a protected property or liberty interest as retaliation, violating RSA 354-A:19**

2817.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2818.     Defendants Dean; Carpenter; Cooper; Berger; Grady and Sparrow's depriving Plaintiff Melendez of a protected property or liberty interest, a public education, specified in Claim 372 (Paragraphs 2795-2803), was retaliation against Plaintiff for filing discrimination complaints, likewise, violating RSA 354-A:19.

2819.     Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

2820.     Defendants had no reason to believe their actions were lawful.

2821.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2822.     Defendants' actions were wanton, malicious, or oppressive.

2823.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 376 – Defendants Dean; Carpenter; Cooper; Berger; Grady & Sparrow's depriving Plaintiff Melendez of a protected property or liberty interest, negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

2824.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2825.  Defendants Dean; Carpenter; Cooper; Berger; Grady and Sparrow's depriving Plaintiff Melendez of a protected property or liberty interest, a public education, specified in Claim 372 (Paragraphs 2795-2803), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2826.  Defendants had no reason to believe their actions were lawful.

2827.  The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2828.  Defendants' actions were wanton, malicious, or oppressive.

2829.  As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

2830.  suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 377 – Defendants Dean; Carpenter; Cooper; Berger; Grady & Sparrow's depriving Plaintiff Melendez of a protected property or liberty interest, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2831.  Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2832.  Defendants Dean; Carpenter; Cooper; Berger; Grady and Sparrow's depriving Plaintiff Melendez of a protected property or liberty interest, a public education, specified in Claim 372 (Paragraphs 2795-2803), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2833.  Defendants had no reason to believe their actions were lawful.

2834.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2835.    Defendants' actions were wanton, malicious, or oppressive.

2836.    Defendants' actions are outrageous as they: 1) Encompass the school's administration; 2) Include Dean level administrators; 3) Maintained significant authority over Plaintiff Melendez; 4) Knew Plaintiff is disabled; 5) Knew Plaintiff Melendez was in a vulnerable state; 6) Included the president of the university; 7) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2837.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 378 – Defendants Dean; Carpenter; Cooper; Berger; Grady & Sparrow created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez, by depriving Plaintiff of a protected property, violating Conspiracy**

2838.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2839.    Defendants Dean; Carpenter; Cooper; Berger; Grady and Sparrow created an agreement to intentionally inflict emotional damage on Plaintiff Melendez, by depriving Plaintiff of a protected property, public education, specified in Claim 372 (Paragraphs 2795-2803), likewise, violating Conspiracy under NH Common Law.

2840.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2841.    Defendants had no reason to believe their actions were lawful.

2842.    Defendants' actions were wanton, malicious, or oppressive.

2843.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**DEFENDANTS BERGER & SPARROW FAILED TO PROVIDE REASONABLE, DISABILITY
ACCOMMODATIONS NECESSARY FOR PLAINTIFF TO HAVE A FAIR OPPORTUNITY TO APPEAL HIS
DISENROLLMENT, VIOLATING: 42 U.S.C. 12132; SECTION 504; 42 U.S.C. 12203; 42 U.S.C. 1981; RSA
354-A:19; NIED; IIED; & CONSPIRACY**

**Claim 379 – Defendants Berger & Sparrow failed to provide reasonable, disability accommodations**

**necessary for Plaintiff to have a fair opportunity to appeal his disenrollment, violating 42 U.S.C. 12132**

2844.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

2845.    In September 2023, Plaintiff Melendez was wrongfully disenrolled from the law school.

2846.    Defendants Berger and Sparrow knew Plaintiff Melendez intended to file an appeal

against the disenrollment.

2847.    Defendants were aware Plaintiff Melendez was excluded from participation in the

appeal process by reason of his disabilities.

2848.    Defendants Berger and Sparrow had a statutory obligation to furnish appropriate

auxiliary aid and services to allow Plaintiff Melendez an equal opportunity to participate in the

appeal process.

2849.    Plaintiff requested the following accommodations: 1) Extended allotted time to

understand and complete the appeal process; 2) Assistance in understanding what is required in

the appeal process.

2850.    Defendants breached their duty by failing to provide Plaintiff Melendez with the

requested accommodations, violating 42 U.S.C. § 12132.

2851.    Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

2852.    Defendants had no reason to believe their actions were lawful.

2853.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2854.    Defendants' actions were wanton, malicious, or oppressive.

2855.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 380 – Defendants Berger & Sparrow failed to provide reasonable, disability accommodations necessary for Plaintiff to have a fair opportunity to appeal his disenrollment, violating Section 504**

2856.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2857.    Defendants Berger and Sparrow's failure to provide accommodations for Plaintiff to appeal his disenrollment, specified in Claim 379 (Paragraphs 2844-2855), likewise, violated Section 504.

2858.    Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

2859.    Defendants had no reason to believe their actions were lawful.

2860.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2861.    Defendants' actions were wanton, malicious, or oppressive.

2862.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 381 – Defendants Berger & Sparrow's wrongful withholding of reasonable, disability accommodations, was retaliation against Plaintiff Melendez for filing discrimination complaints, violating 42 U.S.C. 12203**

2863.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2864.    Defendants Berger and Sparrow's failure to provide accommodations for Plaintiff to appeal his disenrollment, specified in Claim 379 (Paragraphs 2844-2855), was retaliation against Plaintiff Melendez for filing discrimination complaints, likewise, violating 42 U.S.C. 12203.

2865.    Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

2866.    Defendants had no reason to believe their actions were lawful.

2867.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2868.    Defendants' actions were wanton, malicious, or oppressive.

2869.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 382 – Defendants Berger & Sparrow's wrongful withholding of reasonable, disability accommodations was motivated by race, violating 42 U.S.C. 1981**

2870.      Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2871.      Defendants Berger and Sparrow's failure to provide accommodations for Plaintiff to appeal his disenrollment, specified in Claim 379 (Paragraphs 2844-2855), was motivated by race, likewise, violating 42 U.S.C. 1981.

2872.      In discriminating against Plaintiff Melendez based on his race, Defendants Berger and Sparrow acted with willful and/or reckless disregard of Plaintiff's protected rights.

2873.      Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

2874.      Defendants had no reason to believe their actions were lawful.

2875.      The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2876.      Defendants' actions were wanton, malicious, or oppressive.

2877.      As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 383 – Defendants Berger & Sparrow's wrongful withholding of reasonable, disability accommodations was retaliation against Plaintiff Melendez for filing discrimination complaints, violating RSA 354-A:19**

2878.      Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2879. Defendants Berger and Sparrow's failure to provide accommodations for Plaintiff to appeal his disenrollment, specified in Claim 379 (Paragraphs 2844-2855), was retaliation against Plaintiff Melendez for filing discrimination complaints, likewise, violating RSA 354-A:19.

2880. Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

2881. Defendants had no reason to believe their actions were lawful.

2882. The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2883. Defendants' actions were wanton, malicious, or oppressive.

2884. As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 384 – Defendants Berger & Sparrow's wrongful withholding of reasonable, disability accommodations, negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

2885. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2886. Defendants Berger and Sparrow's failure to provide accommodations for Plaintiff to appeal his disenrollment, specified in Claim 379 (Paragraphs 2844-2855), negligently inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2887. Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

2888. Defendants had no reason to believe their actions were lawful.

2889. The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

2890. Defendants' actions were wanton, malicious, or oppressive.

2891. As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

**Claim 385 – Defendants Berger & Sparrow's wrongful withholding of reasonable, disability
accommodations, intentionally or recklessly inflicted emotional damage on Plaintiff Melendez,
violating IIED**

2892. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations
and facts contained in the preceding paragraphs.

2893. Defendants Berger and Sparrow's wrongful withholding of disabilities accommodations
necessary for Plaintiff to appeal his disenrollment, specified in Claim 379 (Paragraphs 2844-
2855), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise,
violating IIED under NH Common Law.

2894. Defendants had no legitimate reason to deny or withhold reasonable accommodations
from Plaintiff Melendez.

2895. Defendants had no reason to believe their actions were lawful.

2896. The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

2897. Defendants' actions were wanton, malicious, or oppressive.

2898. Defendants' actions are outrageous as they: 1) Encompass the school's administration;
2) Include dean level administrator; 3) Maintained significant authority over Plaintiff Melendez;

4) Knew Plaintiff is disabled; 5) Knew Plaintiff Melendez was in a vulnerable state; 6) Knew not providing accommodations would hurt Plaintiff Melendez; 7) Intentionally or recklessly disregarded Plaintiff's well-established rights.

2899.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 386 – Defendants Berger & Sparrow created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez, by wrongfully withholding reasonable, disability accommodations, violating Conspiracy**

2900.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2901.    Defendants Berger and Sparrow created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez, by wrongfully withholding disabilities accommodations necessary for Plaintiff to appeal his disenrollment, specified in Claim 379 (Paragraphs 2844-2855), likewise, violating Conspiracy under NH Common Law.

2902.    Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

2903.    Defendants had no reason to believe their actions were lawful.

2904.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2905.    Defendants' actions were wanton, malicious, or oppressive.

2906.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

315

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

### DEFENDANTS DEAN; CARPENTER; COOPER; BERGER; & SPARROW WITHHELD ADVOCACY AS RETALIATION AGAINST PLAINTIFF MELENDEZ VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; RSA 354-A:19; NIED; IIED; & CONSPIRACY

**Claim 387 – Defendants Dean; Carpenter; Cooper; Berger; & Sparrow wrongfully withheld advocacy as retaliation against Plaintiff Melendez for opposing discrimination, violating 42 U.S.C. 12203**

2907.   Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2908.   Since in or about August 2020 and ongoing as of September 2023, Plaintiff Melendez has been discriminated against by a significant number of UNH staff members and administrators.

2909.   Plaintiff Melendez requires administrative advocacy, a public program or benefit, from Defendants Dean; Carpenter; Cooper; Berger; and Sparrow, regarding this ongoing discrimination, specified in all the claims above.

2910.   Defendants' respective, official position created their obligation to advocate for Plaintiff Melendez against any form of discrimination.

2911.   Defendants Dean; Carpenter; Cooper; Berger; and Sparrow wrongfully withheld advocacy from Plaintiff Melendez in retaliation against Plaintiff for filing a discrimination complaint, violating 42 U.S.C. § 12203.

2912.   The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2913.   Defendants had no reason to believe their actions were lawful.

2914.   Defendants' actions were wanton, malicious, or oppressive.

2915.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 388 – Defendants Dean; Carpenter; Cooper; Berger; & Sparrow's wrongful withholding of student advocacy for Plaintiff Melendez was motivated by race, violating 42 U.S.C. 1981**

2916.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2917.    Defendants Dean; Carpenter; Cooper; Berger; and Sparrow's wrongful withholding of advocacy against discrimination, specified in Claim 387 (Paragraphs 2907-2915), was motivated by race, likewise, violated 42 U.S.C. 1981.

2918.    In discriminating against Plaintiff Melendez based on his race, Defendants acted with willful and/or reckless disregard of Plaintiff's protected rights.

2919.    Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez.

2920.    Defendants had no reason to believe their actions were lawful.

2921.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2922.    Defendants' actions were wanton, malicious, or oppressive.

2923.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 389 – Defendants Dean; Carpenter; Cooper; Berger; & Sparrow's wrongful withholding of student advocacy for Plaintiff Melendez was retaliation against Plaintiff Melendez for opposing discrimination, violating 354-A:19**

2924.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2925.    Defendants Dean; Carpenter; Cooper; Berger; and Sparrow's wrongful withholding of advocacy against discrimination, specified in Claim 387 (Paragraphs 2907-2915), was retaliation against Plaintiff Melendez for filing discrimination complaints, likewise, violating RSA 354-A:19.

2926.    Defendants had no reason to believe their actions were lawful.

2927.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2928.    Defendants' actions were wanton, malicious, or oppressive.

2929.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 390 – Defendants Dean; Carpenter; Cooper; Berger; & Sparrow's wrongful withholding of student advocacy for Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

2930.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2931.    Defendants Dean; Carpenter; Cooper; Berger; and Sparrow's wrongful withholding of advocacy against discrimination, specified in Claim 387 (Paragraphs 2907-2915), negligently

inflicted emotional damage on Plaintiff Melendez, likewise, violating NIED under NH Common Law.

2932.     Defendants had no reason to believe their actions were lawful.

2933.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2934.     Defendants' actions were wanton, malicious, or oppressive.

2935.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 391 – Defendants Dean; Carpenter; Cooper; Berger; & Sparrow's wrongful withholding of student advocacy for Plaintiff Melendez intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

2936.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2937.     Defendants Dean; Carpenter; Cooper; Berger; and Sparrow's wrongful withholding of advocacy against discrimination, specified in Claim 387 (Paragraphs 2907-2915), intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

2938.     Defendants had no reason to believe their actions were lawful.

2939.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2940.     Defendants' actions were wanton, malicious, or oppressive.

2941.    Defendants' actions are outrageous as they: 1) Encompass the school's administration; 2) Include Dean level administrators; 3) Maintained significant authority over Plaintiff Melendez; 4) Knew Plaintiff is disabled; 5) Knew Plaintiff Melendez was in a vulnerable state; 6) Knew not providing advocacy would hurt Plaintiff Melendez; 7) Intentionally or recklessly disregarded Plaintiff's well-established rights; 8) Included President of University.

2942.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 392 – Defendants Dean; Carpenter; Cooper; Berger; & Sparrow created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez, by wrongfully withholding student advocacy from Plaintiff, violating Conspiracy**

2943.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

2944.    Defendants Dean; Carpenter; Cooper; Berger; and Sparrow created an agreement to intentionally or recklessly inflict emotional damage on Plaintiff Melendez, by wrongfully withholding advocacy needed against discrimination, specified in Claim 387 (Paragraphs 2907-2915), likewise, violating Conspiracy under NH Common Law.

2945.    Defendants had no reason to believe their actions were lawful.

2946.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

2947.    Defendants' actions were wanton, malicious, or oppressive.

2948.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

## PRAYER FOR RELIEF

A. Compensatory damages for all past and future economic losses incurred by the Plaintiff resulting from the Defendants' misconduct to be determined at trial pursuant to 42 U.S.C. § 12133; 42 U.S.C. § 12203; 29 U.S.C. § 794a; and RSA 354-A:34.

B. General damages for all past and future mental suffering, emotional distress, loss of reputation and embarrassment suffered by the Plaintiff resulting from the Defendants' misconduct to be determined at trial pursuant to 42 U.S.C. § 12133; 42 U.S.C. § 12203; 29 U.S.C. § 794a; and RSA 354-A:34.

C. Enhanced Compensatory damages pursuant to RSA 354-A:34, for willful or reckless disregard for Plaintiff Melendez's rights and intentionally causing emotional damage.

D. Pre-judgment and post-judgment interest.

E. Declare that the Defendants' acts, taken in their official capacities, as alleged above violate 42 U.S.C. § 12132; § 12203; Section 504; and RSA 354-A and 14[th]Amendment.

F. Costs incurred in this action.

G. An order demanding a public apology from the Defendants for Plaintiff's embarrassment and loss of reputation caused by the Defendants' misconduct.

H. Such other further specific and general relief as may become apparent from discovery as this matter matures for trial.

I. A jury trial on all appropriate issues.

J. Any and all other relief this Court may deem appropriate.

Date: October 3, 2023

Signature: /s/ *Michael Melendez, pro se*
Name: Michael Melendez

Address: 395 Mendon Road
Apt 12A
North Smithfield, RI 02896
Telephone No.: (915) 490-6715

very date specified for domestic use.

ments include $100 of insurance (restrictions apply).*

national destinations.

ired.

**UNITED STATES POSTAL SERVICE.**   *Retail*

**P**

US POSTAGE PAID
**$17.10**

Origin: 22853
10/03/23
5189880745-2

## PRIORITY MAIL®

4 Lb 7.00 Oz
**RDC 03**

EXPECTED DELIVERY DAY: 10/05/23

C011

SHIP
TO:

55 PLEASANT ST
CONCORD NH 03301-3954

USPS TRACKING® #



9505 5124 6426 3276 0505 74




000001

FRB2 July 2022
ID: 11.875 x 3.375 x 13.625
OD: 12 x 3.5 x 14.125
ODCUFT: 0.343

FROM:





**PRIORITY MAIL ★**

**UNITED STATES POSTAL SERVICE ®**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

Michael Melendez
156 Tina Dr
Pembroke, NH 03275

TO:

Office of the Clerk of Court
U.S District Court
District of New Hampshire
Warren B Rudman U.S. Courthouse
55 Pleasant St, Rm 110
Concord, NH 03301-3941

Label 228, March 2016      FOR DOMESTIC AND INTERNATIONAL USE

**VISIT US AT USPS.COM**
ORDER FREE SUPPLIES ONLINE