FILED - USDC -NH
2023 NOV 29 AM10:14

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

MELENDEZ, MICHAEL (Pro Se)

vs.                                                    CIVIL ACTION NO. 2023-CV-00172SM

UNIVERSITY OF NEW HAMPSHIRE, in its official and individual capacity
LAUREN BERGER, in her official and individual capacity
SHANE COOPER, in his official and individual capacity
NELSON RAUST, in his official and individual capacity
BRAD HINTON, in his official and individual capacity
SOPHIE SPARROW, in her official and individual capacity
EMILY WILCOX, in her official and individual capacity
MEGAN CARPENTER, in her official and individual capacity
REBECCA PURDOM, in her official and individual capacity
JON CAVICCHI, in his official and individual capacity
DALE KENNY, in her official and individual capacity
ALBERT SCHERR, in his official and individual capacity
MICHAEL DUBE, in his official and individual capacity
BIRON BEDARD, in his official and individual capacity
ELIZABETH WOODCOCK, in her official and individual capacity
MATTHEW GRADY, in his official and individual capacity
JAMES DEAN, in his official and individual capacity
MELISSA CHRISTENSEN, in her official and individual capacity
SETH ORANBURG, in his official and individual capacity
RACHEL SHAPIRO, in her official and individual capacity
MORGAN, BROWN and JOY, LLP, in its official and individual capacity

## THIRD AMENDED COMPLAINT with JURY DEMAND

### PARTIES TO THIS COMPLAINT:

1. Plaintiff Michael Melendez (395 Mendon Road, Apt. 12A, North Smithfield, RI 02896).

2. Defendant University of New Hampshire (105 Main St, Durham, NH 03824). At all times relevant

   hereto, it acted under color of state law. It is sued both in its official and individual capacity.

1

3.  Defendant Lauren Berger (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

4.  Defendant Shane Cooper (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

5.  Defendant Nelson Raust (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

6.  Defendant Brad Hinton (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

7.  Defendant Sophie Sparrow (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

8.  Defendant Megan Carpenter (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

9.  Defendant Emily Wilcox (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

10. Defendant Rebecca Purdom (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

11. Defendant Jon Cavicchi (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

12. Defendant Dale Kenny (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

13. Defendant Albert Scherr (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

14. Defendant Michael Dube (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

15. Defendant Biron Bedard (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

16. Defendant Elizabeth Woodcock (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

17. Defendant Matthew Grady (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

18. Defendant James Dean (105 Main St, Durham, NH 03824). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

19. Melissa Christensen (2 White Street, Concord, NH 03301). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

20. Seth Oranburg (2 White Street, Concord, NH 03301). At all times relevant hereto, he acted under color of state law. He is sued both in his official and individual capacity.

21. Rachel Shapiro (200 State Street, 11th Floor, Boston, MA 02109). At all times relevant hereto, she acted under color of state law. She is sued both in her official and individual capacity.

22. Morgan, Brown and Joy, LLP (200 State Street, 11th Floor, Boston, MA 02109). At all times relevant hereto, it acted under color of state law. It is sued both in its official and individual capacity.

## STATEMENT OF FACTS

23. Plaintiff is diagnosed with the following mental health disorders: PTSD (combat related); Insomnia; Paranoia; Major Depressive Disorder; and ADHD.

24. Plaintiff is rated at 100% disabled by the Department of Veteran Affairs (VA) and the Social Security Administration (SSA).

25. Plaintiff Melendez is a "qualified individual with a disability" defined under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131(2).

26. Plaintiff Melendez was enrolled as a student at the University of New Hampshire Franklin Pierce School of Law in August 2020.

27. University of New Hampshire Franklin Pierce School of Law is a school within University of New Hampshire ("UNH").

28. University of New Hampshire is a "public entity" defined under 42 U.S.C. § 12131(1).

29. University of New Hampshire must adhere to regulations set by 42 U.S.C. § 12132.

30. At all times relevant hereto, Defendant Lauren Berger was an agent or employee of the University of New Hampshire.

31. At all times relevant hereto, Defendant Shane Cooper was an agent or employee of the University of New Hampshire.

32. At all times relevant hereto, Defendant Nelson Raust was an agent or employee of the University of New Hampshire.

33. At all times relevant hereto, Defendant Brad Hinton was an agent or employee of the University of New Hampshire.

34. At all times relevant hereto, Defendant Sophie Sparrow was an agent or employee of the University of New Hampshire.

35. At all times relevant hereto, Defendant Emily Wilcox was an agent or employee of the University of New Hampshire.

36. At all times relevant hereto, Defendant Megan Carpenter was an agent or employee of the University of New Hampshire.

37. At all times relevant hereto, Defendant Rebecca Purdom was an agent or employee of the University of New Hampshire.

4

38. At all times relevant hereto, Defendant Jon Cavicchi was an agent or employee of the University of New Hampshire.

39. At all times relevant hereto, Defendant Dale Kenny was an agent or employee of the University of New Hampshire.

40. At all times relevant hereto, Defendant Albert Scherr was an agent or employee of the University of New Hampshire.

41. At all times relevant hereto, Defendant Michael Dube was an agent or employee of the University of New Hampshire.

42. At all times relevant hereto, Defendant Biron Bedard was an agent or employee of the University of New Hampshire.

43. At all times relevant hereto, Defendant Elizabeth Woodcock was an agent or employee of the University of New Hampshire.

44. At all times relevant hereto, Defendant Matthew Grady was an agent or employee of the University of New Hampshire.

45. At all times relevant hereto, Defendant James Dean was an agent or employee of the University of New Hampshire.

46. At all times relevant hereto, Defendant Melissa Christensen was an agent or employee of the University of New Hampshire.

47. At all times relevant hereto, Seth Oranburg was an agent or employee of the University of New Hampshire.

48. At all times relevant hereto, Defendant Rachel Shapiro was an agent or representative of the University of New Hampshire.

49. At all times relevant hereto, Defendant Morgan, Brown and Joy, LLP was an agent or representative of the University of New Hampshire.

50. At all times relevant hereto, the incidents took place in New Hampshire.

## JURISDICTION AND VENUE

51. Plaintiff Melendez's claims arise under: The Fourteenth Amendment; 42 U.S.C. 1981; 42 U.S.C. §

    12132 (Americans with Disability Act, ADA); and New Hampshire Common Law.

52. This Court has jurisdiction over Plaintiff Melendez's federal law claims pursuant to 28 U.S.C. §

    1331, as this case involves questions of federal law.

53. This Court has jurisdiction over Plaintiff Melendez's federal law claims pursuant to 28 U.S.C. §

    1983, as this case involves questions of Constitutional Rights.

54. This Court has supplemental jurisdiction over Plaintiff Melendez's state law claims pursuant to

    28 U.S.C. § 1367, due to the state law claims arising from the same facts as the federal claims.

55. Venue is appropriate as all stated events occurred in New Hampshire.

## STATEMENT OF CLAIMS

### DEFENDANTS COOPER, BERGER, & HINTON FAILED TO PROVIDE REASONABLE DISABILITY ACCOMMODATIONS NECESSARY FOR PLAINTIFF TO ATTEND CLASS, VIOLATING: 42 U.S.C. 12132 & IIED

**Claim One – Defendants Cooper, Berger, and Hinton failed to provide reasonable disability**

**accommodations necessary for Plaintiff to attend class, violating 42 U.S.C. 12132**

56. Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations and facts

    contained in the preceding paragraphs.

57. From in or about August 2022 through December 2022, Plaintiff Melendez was excluded from

    participating in a public entity's program or benefit, class, by reason of his disabilities: PTSD

    (combat related); Insomnia; Paranoia; Major Depressive Disorder; and ADHD.

58. Due to the nature of Plaintiff's disabilities, Plaintiff Melendez's symptoms are significantly

    aggravated by being in public.

59. When Plaintiff's symptoms become aggravated, Plaintiff is mentally incapable of performing

    social, work, or life sustaining tasks.

6

60. Plaintiff requested to attend class remotely on a permanent basis as a disability accommodation.

61. The remote accommodation would minimize Plaintiff Melendez's exposure to the public and the resulting harm, allowing Plaintiff an opportunity to attend class.

62. The remote accommodation is insufficient without additional accommodations, causing Plaintiff to request the following additional accommodations: Have an advisor; centralized assistance with understanding the syllabus and other course requirements; and centralized assistance with understanding the instructions of specific assignments.

63. Plaintiff Melendez's disabilities create a barrier when learning new information, hindering Plaintiff's ability to understand instruction.

64. Having a centralized source of information for all courses and requirements would significantly reduce the stimulus overload Plaintiff Melendez is exposed to, providing an opportunity for Plaintiff to understand the instruction.

65. Plaintiff Melendez requested disability accommodations from Defendant Berger prior to the Fall 2022 semester, and additionally, Defendants Cooper and Hinton throughout the semester.

66. Plaintiff Melendez made the accommodation requests to the Defendants verbally, through emails, and by an advisor (Melissa Davis) on numerous occasions.

67. Defendants Cooper, Berger, and Hinton had a statutory obligation to furnish appropriate auxiliary aid and services to allow Plaintiff Melendez an equal opportunity to participate in class, a public entity's program.

68. Defendants failed to provide the requested accommodations or a legitimate reason for the denial.

69. Defendants were aware of Plaintiff's severe mental health condition, and could foresee the harm that withholding the accommodations would cause on Plaintiff.

7

70. Defendants have no rational or legitimate reason to withhold the accommodations.

71. Defendants have the capability to allow Plaintiff Melendez to attend class remotely without incurring a financial or logistical burden.

72. Defendants have the capability to provide Plaintiff Melendez with an advisor that acts as a central source of information, without incurring a financial or logistical burden.

73. Defendants Cooper, Berger, and Hinton's failure to provide Plaintiff Melendez with the requested disability accommodations, prevented Plaintiff Melendez from having an opportunity to attend class, violating 42 U.S.C. § 12132.

74. As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Two – Defendants Cooper, Berger and Hinton recklessly inflicted emotional damage on Plaintiff, violating IIED**

75. Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations and facts contained in the preceding paragraphs.

76. Defendants Cooper, Berger, and Hinton's failure to provide accommodations, specified in Claim One (Paragraphs 56-74), was reckless due to the Defendants' official position and foreseeable harm.

77. Defendants' respective position created an obligation for the Defendants to ensure student safety.

78. Plaintiff Melendez was entitled safety as a student.

79. Defendants Cooper, Berger, and Hinton were aware of the foreseeable and significant harm that would be inflicted on Plaintiff if disability accommodations were not provided.

8

80. Prior to the Fall 2022 semester, Defendants were provided an extensive, detailed report about Plaintiff's disabilities, the symptoms involved, and factors that would aggravate Plaintiff's disability symptoms.

81. The report explains how aggravated symptoms debilitate Plaintiff Melendez, and being in public is the strongest aggravating factor.

82. Despite having this medical report on file, Defendants Cooper, Berger, and Hinton continued to recklessly deny Plaintiff Melendez the necessary disability accommodations without any legitimate reason.

83. Defendants forced Plaintiff to be unnecessarily exposed to public, recklessly inflicting emotional damage, violating IIED under NH Common Law.

84. Defendants' actions are outrageous as they occurred: 1) by the positions Defendants held during the discrimination (Assistant Dean of School; Assistant Dean of Students; Head of Advising); 2) with the level of knowledge Defendants had regarding Plaintiff's serious symptoms; 3) with the knowledge of how denying the accommodations would significantly affect Plaintiff; 4) and with Defendants' complete indifference to Plaintiff's safety.

85. Defendants' actions are oppressive as Plaintiff Melendez has the potential to successfully complete the law school program, and by failing to provide Plaintiff with the necessary accommodations, Defendants are directly denying Plaintiff Melendez the opportunity to advance in the law program.

86. As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**DEFENDANT BERGER RECKLESSLY PUBLISHED DEFAMATORY COMMENTS REGARDING THE SEVERITY OF PLAINTIFF MELENDEZ'S DISABILITY, VIOLATING: DEFAMATION OF CHARACTER; IIED; & 42 U.S.C. 1981**

**Claim Three – Defendant Berger recklessly published defamatory comments regarding the severity of Plaintiff Melendez's disability, violating Defamation of Character under NH Common Law.**

87. Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations and facts contained in the preceding paragraphs.

88. From in or about August 2022 through September 2023, Defendant Berger, orally and through written form, recklessly distributed false statements regarding the severity of Plaintiff Melendez's disability, violating Defamation of Character under NH Common Law.

89. Defendant Berger recklessly advised other staff and administrators that Plaintiff Melendez's request and need for additional accommodations are invalid and baseless.

90. Defendant Berger's comments are misleading as Plaintiff Melendez is medically diagnosed with multiple, mental health disorders that create a need for Plaintiff's additional accommodations.

91. Defendant Berger's comments were reckless as they directly conflict with the medical documentation Defendant's previously received regarding Plaintiff's disabilities.

92. Defendant Berger's comments were made for no legitimate reason, without privilege or reason to believe the actions were lawful.

93. Due to Defendant Berger's defamatory comments, Plaintiff was perceived negatively by other staff and administrators, and as a result, suffered adverse treatment (i.e. lack of accommodations; failing grades; isolation).

94. The harm caused by Defendant Berger distributing false statements regarding Plaintiff's disability and the prevention of accommodations was foreseeable, as it is described in the medical documentation Defendant previously received.

95. Defendant had no reason to believe her actions were lawful.

96. Defendant's actions were oppressive as it caused Plaintiff to suffer discrimination from others and be denied necessary accommodations.

97. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Four – Defendant Berger's defamatory comments regarding the severity of Plaintiff Melendez's disability recklessly inflicted emotional damage on Plaintiff, violating IIED**

98. Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations and facts contained in the preceding paragraphs.

99. Defendant Berger's defamatory comments regarding the severity of Plaintiff Melendez's disability and need for accommodations, specified in Claim Three (Paragraphs 87-97), recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

100. Defendant's actions were reckless and outrageous as they: 1) were made by the Assistant Dean of Students; 2) by someone who maintained significant authority over Plaintiff Melendez; 3) made while having medical documentation of the extent of Plaintiff's disabilities; 4) made while Plaintiff Melendez was in a vulnerable state; 5) contradicted previously received medical documentation; 6) were made with disregard to the foreseeable prevention of accommodations and resulting harm.

101. The damage was foreseeable as Defendant previously received medical documentation describing the potential harm.

102. Defendant Berger's actions are irrational, and not motivated by any conceivable legitimate reason.

103.     Defendant's actions were oppressive as it aggravated Plaintiff's disability symptoms, significantly, effecting Plaintiff's ability to perform social tasks.

104.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Five – Defendant Berger's defamatory comments regarding the severity of Plaintiff Melendez's disability was motivated by race, violating 42 U.S.C. 1981**

105.     Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations and facts contained in the preceding paragraphs.

106.     Defendant Berger's defamatory comments regarding the severity of Plaintiff Melendez's disability and need for accommodations, specified in Claim Three (Paragraphs 87-97), was motivated by race, likewise, violating 42 U.S.C. 1981.

107.     Defendant Berger's defamatory comments were motivated by race as: 1) Plaintiff Melendez is Hispanic; 2) Plaintiff is a minority at the school; 3) no other race is experiencing defamatory comments by Defendant Berger; 4) Defendant Berger did not have privilege or any legitimate reason to make the defamatory comments against Plaintiff; 5) Defendant's comments recklessly and directly contradicted medical documentation Defendant Berger previously received.

108.     Defendant Berger is exclusively responsible for Defendant Berger's distributed false statements regarding Plaintiff's disabilities and need for accommodations.

109.     Plaintiff had no role in distributing the false statements.

110.     Defendant Berger's baseless and defamatory statements don't occur without race being a motivating factor.

111.     In discriminating against Plaintiff Melendez based on his race, Defendant Berger acted

with willful and/or reckless disregard of Plaintiff's protected rights.

112.     Defendant's actions were oppressive as Plaintiff suffered harm and discrimination due

to race.

113.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

## DEFENDANT RAUST RECKLESSLY AND WIDELY DISTRIBUTED COMMENTS PRESENTING PLAINTFF IN A FALSE LIGHT VIOLATING: FALSE LIGHT; IIED; & 42 U.S.C. 1981

**Claim Six – Defendant Raust widely distributed discriminatory comments presenting Plaintiff**

**Melendez in a false light, violating False Light**

114.     Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations

and facts contained in the preceding paragraphs.

115.     Plaintiff Melendez attended the class "Wills, Trusts, and Estates" taught by Defendant

Raust in the Fall 2022 Semester.

116.     Plaintiff Melendez was physically in class on or about October 5, 2022.

117.     On or about October 5, 2022, Defendant Raust widely distributed two discriminatory

comments presenting Plaintiff Melendez in a false light, violating False Light under NH Common

Law.

118.     Defendant Raust was aware Plaintiff Melendez was dealing with exigent circumstances

that prevented Plaintiff from participating in class.

119.     In or about September 2022, Defendant Raust removed Plaintiff Melendez from class to

speak in private regarding Plaintiff's academic performance and participation.

13

120.     Plaintiff Melendez advised Defendant Raust there were disabilities and exigent
circumstances that were being addressed with Defendant Berger, the Assistant Dean of
Students.

121.     Due to Plaintiff's disabilities and inability to obtain accommodations from the school,
Plaintiff personally requested assistance from a classmate during "Wills, Trusts, and Estates."

122.     In response to Plaintiff utilizing a peer-aid, Defendant Raust interrupted the lecture from
the podium and stated, "Can Michael's guest answer the question."

123.     The individual Defendant Raust was referring to was not Plaintiff Melendez's guest, but
another student of Defendant Raust, registered to the same "Wills, Trusts, and Estates" course.

124.     Defendant Raust's comment presented Plaintiff Melendez in an offensive manner and
humiliated Plaintiff for requiring accommodations.

125.     Due to Plaintiff's vulnerability, Plaintiff was severely emotionally damaged by the public
mockery and medically required to depart the lecture.

126.     During Plaintiff Melendez's departure, Defendant Raust interrupted the lecture a second
time and publicly announced "Good-bye, Michael."

127.     Defendant's second statement focused the class's attention onto Plaintiff Melendez
departing the classroom, and was made with a condescending tone, while smirking, and waiving
"good-bye."

128.     This comment further discriminated against and humiliated Plaintiff Melendez in the
presence of the entire class.

129.     The damage was foreseeable as Defendant Raust was aware Plaintiff Melendez was in a
vulnerable state by Plaintiff's personal appearance and being advised by administration.

130. Defendant Raust had no reason to believe his actions were privileged or lawful as there was no legitimate purpose to highlight Plaintiff's need for assistance, or legitimate purpose for calling the student who is registered to the class, "Michael's guest."

131. Defendant's actions were oppressive as Plaintiff Melendez could no longer participate in class due to being significantly emotionally damaged.

132. As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Seven – Defendant Raust's discriminatory comments recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

133. Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations and facts contained in the preceding paragraphs.

134. Defendant Raust's discriminatory comments regarding Plaintiff Melendez's disability accommodations, specified in Claim 6 (Paragraphs 114-132), recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

135. Defendant's actions and comment were reckless and outrageous as Defendant Raust: 1) Is a professor humiliating a student (Plaintiff); 2) Maintained authority over Plaintiff Melendez during class; 3) Knew Plaintiff was significantly disabled; 4) Knew Plaintiff Melendez was in a vulnerable state; 5) Knew Plaintiff Melendez was protected by right; 6) Recklessly disregarded Plaintiff's well-established rights. 7) Knew the comments would hurt Plaintiff Melendez; 8) Interrupted the lecture to announce a second comment; 9) Knew Plaintiff was departing due to being harmed by the first comment; 10) Distributed comment while smirking; 11) Distributed

15

comment with condescending tone; and 12) Distributed comment while waiving his hand in a "Good-bye" gesture.

136.     The damage was foreseeable as Defendant Raust was aware Plaintiff Melendez was in a vulnerable state by Plaintiff's personal appearance and being advised by administration.

137.     Defendant Raust's actions are irrational, and not motivated by any conceivable legitimate reason.

138.     Defendant's actions were oppressive as it aggravated Plaintiff's disability symptoms, significantly effecting Plaintiff's ability to attend class.

139.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim Eight – Defendant Raust's discriminatory comments were motivated by race, violating 42 U.S.C. 1981**

140.     Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations and facts contained in the preceding paragraphs.

141.     Defendant Raust's discriminatory comments regarding Plaintiff Melendez's disability accommodations, specified in Claim 6 (Paragraphs 114-132), was motivated by race, likewise, violating 42 U.S.C. 1981.

142.     Defendant Raust's discriminatory comments were motivated by race as: 1) Plaintiff Melendez is Hispanic; 2) Plaintiff is a minority at the school; 3) no other race is experiencing discriminatory or humiliating comments by Defendant Raust; 4) Defendant Raust did not have privilege or any legitimate reason to make the discriminatory comments against Plaintiff.

16

143.     Defendant Raust is exclusively responsible for Defendant Raust's discriminatory

statements regarding Plaintiff's disabilities and need for accommodations.

144.     Plaintiff had no role in distributing the discriminatory statements.

145.     Defendant Raust's baseless comment regarding "Michael's guest," and the proceeding

humiliation Plaintiff endured, don't occur without race being a factor.

146.     In discriminating against Plaintiff Melendez based on his race, Defendant Raust acted

with willful and/or reckless disregard of Plaintiff's protected rights.

147.     Defendant's actions were oppressive as Plaintiff suffered harm and discrimination due

to race.

148.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

## DEFENDANTS: COOPER; BERGER; PURDOM; HINTON; DUBE; SCHERR; WOODCOCK; BEDARD; & RAUST CONSPIRED TO ENSURE PLAINTIFF MELENDEZ FAIL THE FALL 2022 SEMESTER, VIOLATING: IIED; CONSPIRACY; & 42 U.S.C. 1981

**Claim Nine – Defendants: Cooper; Berger; Purdom; Hinton; Dube; Scherr; Woodcock; Bedard; and**

**Raust intentionally inflicted emotional damage by conspiring to ensure Plaintiff Melendez fail the Fall**

**2022 Semester, violating IIED**

149.     Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations

and facts contained in the preceding paragraphs.

150.     During the Fall 2022 Semester, Defendants Cooper; Berger; Hinton; Purdom; Dube;

Scherr; Woodcock; Bedard; and Raust were aware Plaintiff Melendez was prevented from

academically participating by reason of Plaintiff's mental health.

17

151.     Despite Defendants being aware of the exigent circumstances affecting Plaintiff
Melendez and their statutory obligation to provide necessary disability accommodations,
Defendants utilized their respective authority to intentionally ensure Plaintiff Melendez would
fail the semester and experience emotional harm, violating IIED under NH Common Law.

152.     Defendants Cooper (Assistant Dean of the Law School); Berger (Assistant Dean of
Students); Purdom (Assistant Dean of Academics) Hinton (Head of Advising); Dube; Scherr;
Woodcock; Bedard; and Raust (Professors) individually had an administrative tool and obligation
to prevent Plaintiff Melendez from receiving a failing grade resulting from Plaintiff's disability.

153.     Defendants discussed amongst themselves orally and through written form (i.e. email;
texts) the intent to ignore Plaintiff's need for disability accommodations and fail Plaintiff
Melendez.

154.     Defendants withholding the necessary accommodations and issuing failing grades was
retaliation to Plaintiff Melendez filing a discrimination complaint against the named Defendants
in November 2022 with the school's Civil Rights and Equity Office (CREO).

155.     Defendants are in exclusive control of the documentation, all parties involved, and
administrative accommodations regarding Plaintiff's circumstance.

156.     Plaintiff took all required action to obtain disability accommodations.

157.     Plaintiff Melendez receiving the five (5) failing grades in the Fall 2022 semester does not
occur without the negligence and intention of the Defendants.

158.     The first year of law school statistically is the most difficult.

159.     Plaintiff Melendez's first semester was Fall 2020, during the COVID-19 pandemic.

160.     The law school taught remotely due to the pandemic.

161.     Plaintiff Melendez successfully completed the first year through remote learning.

162.     Plaintiff Melendez was 3L when disenrolled from the law school.

18

163.    Plaintiff Melendez was enrolled in 6 classes in the Fall 2022 semester, which physical attendance on campus was required.

164.    Five of the six Fall 2022 courses were electives for Plaintiff.

165.    Plaintiff Melendez received five failing grades out of the six courses.

166.    Plaintiff Melendez received a passing grade in one of the six courses, Criminal Clinic.

167.    Professor Davis is the Director of the Criminal Clinic and provided Plaintiff Melendez the requested accommodations.

168.    Professor Davis did not have any independent, additional, or special knowledge of Plaintiff Melendez's circumstance when providing the requested accommodations.

169.    Plaintiff Melendez successfully completed the only course of the Fall 2022 semester that provided disability accommodations.

170.    Professor Davis is not a defendant in the instant case.

171.    Plaintiff Melendez has significant potential in a legal career.

172.    Plaintiff Melendez's ability and potential exceeds the expectations placed on Plaintiff's peers.

173.    Plaintiff failing the electives is not an accurate depiction of Plaintiff's ability, performance, or attitude.

174.    Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez, as each Defendant had sufficient information and notice of the need.

175.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason as there is no reason to withhold reasonable and necessary accommodations.

176.    Defendants' actions were malicious as Defendants knew Plaintiff Melendez was experiencing significant harm and intentionally continued to inflict additional harm.

177.    Due to the number of Defendants involved and aware of Plaintiff's circumstance, along

with the amount of documentation and discussion regarding Plaintiff's disability and symptoms,

Defendants have no legitimate or reasonable explanation, other than malicious intent, as to why

Plaintiff Melendez could not receive disability accommodations, but instead, received five failing

grades during a documented suicide watch.

178.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim Ten – Defendants: Cooper; Berger; Hinton; Purdom; Dube; Scherr; Woodcock; Bedard; and
Raust conspired to intentionally inflicted emotional damage by ensuring Plaintiff Melendez fail The
Fall 2022 Semester, violating Conspiracy**

179.    Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations

and facts contained in the preceding paragraphs.

180.    Defendants: Cooper; Berger; Hinton; Purdom; Dube; Scherr; Woodcock; Bedard; and

Raust conspired to intentionally inflict emotional damage on Plaintiff Melendez by wrongfully

withholding disability accommodations, likewise, violating Conspiracy under NH Common Law.

181.    As specified in Claim 9 (Paragraphs 149-178), Defendants were aware of Plaintiff's need

for accommodations, and despite having sufficient notice and disclosure, Defendants created a

plan to knowingly inflict emotional harm on Plaintiff Melendez by illegitimately withholding

necessary accommodations.

182.    Defendants conspired to withhold the necessary accommodations and issuing of failing

grades was retaliation to Plaintiff Melendez filing a discrimination complaint against the named

Defendants in November 2022 with the school's Civil Rights and Equity Office (CREO).

183.    Defendants had no legitimate reason to deny or withhold reasonable accommodations from Plaintiff Melendez, as each Defendant had sufficient information and notice of the need.

184.    The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason as there is no reason to withhold reasonable and necessary accommodations.

185.    Defendants' actions were malicious as Defendants knew Plaintiff Melendez was experiencing significant harm and intentionally continued to inflict additional harm.

186.    Due to the number of Defendants involved and aware of Plaintiff's circumstance, along with the amount of documentation and discussion regarding Plaintiff's disability and symptoms, Defendants have no legitimate or reasonable explanation, other than conspiracy, as to why Plaintiff Melendez could not receive disability accommodations from a significant portion of the administration and staff members.

187.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 11 – Defendants: Cooper; Berger; Purdom; Hinton; Dube; Scherr; Woodcock; Bedard; and Raust, motivated by race, intentionally inflicted emotional damage by conspiring to ensure Plaintiff Melendez fail The Fall 2022 Semester, violating 42 U.S.C. 1981**

188.    Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations and facts contained in the preceding paragraphs.

189.    As specified in Claim 9 (Paragraphs 149-178), Defendants were aware of Plaintiff's need for accommodations, and despite having sufficient notice and disclosure, Defendants, motivated by race, created a plan to knowingly inflict emotional harm on Plaintiff Melendez by

illegitimately issuing failing grades and withholding necessary accommodations, likewise, violating 42 U.S.C. 1981.

190.     Defendants: Cooper; Berger; Hinton; Purdom; Dube; Scherr; Woodcock; Bedard; and Raust's actions were motivated by race as: 1) Plaintiff Melendez is Hispanic; 2) Plaintiff is a minority at the school; 3) no other race is experiencing discriminatory behavior by Defendants: Cooper; Berger; Purdom; Hinton; Dube; Scherr; Woodcock; Bedard; and Raust; 4) Defendants' actions don't occur without being motivated by race; 5) Defendants have no reasonable or legitimate purpose for their actions.

191.     Defendants: Cooper; Berger; Purdom; Hinton; Dube; Scherr; Woodcock; Bedard; and Raust are exclusively responsible for their discriminatory actions to legitimately issue failing grades to Plaintiff Melendez and withhold necessary accommodations.

192.     Plaintiff had no role in distributing the discriminatory grades or withholding the accommodations.

193.     Number of Defendants illegitimately issuing failing grades and withholding accommodations don't occur without being motivated by race.

194.     In discriminating against Plaintiff Melendez based on his race, Defendants acted with reckless disregard of Plaintiff's protected rights.

195.     Defendant's actions were oppressive as Plaintiff suffered harm and discrimination due to race.

196.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

197.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

22

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

### DEFENDANT WILCOX RECKLESSLY INFLICTED EMOTIONAL DAMAGE ON PLAINTIFF BY WRONGFULLY WITHHOLDING AN INVESTIGATION INTO PLAINTIFF MELENDEZ'S CLAIMS OF DISCRIMINATION, VIOLATING: IIED & 42 U.S.C. 1981

**Claim 12 – Defendant Wilcox recklessly inflicted emotional damage on Plaintiff Melendez by wrongfully withholding an investigation into Plaintiff Melendez's claims of discrimination, violating IIED**

198.     Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations and facts contained in the preceding paragraphs.

199.     In or about November 2022 through January 2023, Plaintiff Melendez sought assistance from the Civil Rights and Equity Office (CREO) Director, Defendant Wilcox, regarding ongoing discrimination.

200.     Due to the preexisting relationship between Defendants Wilcox and Berger and in attempts to shield Defendant Berger from a discrimination investigation, Defendant Wilcox wrongfully withheld an investigation into Plaintiff Melendez's claims of discrimination, recklessly exposing Plaintiff Melendez to further acts of discrimination and emotional damage, violating IIED under NH Common Law.

201.     Defendant Wilcox's behavior is outrageous as: 1) Defendant is the director of the Civil Rights and Equity Office committing acts of discrimination; 2) Defendant Wilcox took no action to assure Plaintiff Melendez's safety; 3) Defendant Wilcox had the ability to resolve this matter before evolving into a civil law suit; 4) Defendant Wilcox was federally required to investigate Plaintiff Melendez's claims of discrimination and failed; 5) Defendant Wilcox's lack of obligated action directly subjected Plaintiff Melendez to further discrimination and harm.

202.      Defendant's actions were irrational, and not motivated by any conceivable legitimate reason, as Defendant Wilcox's position, training, and experience gives Defendant Wilcox the reasonable opportunity to understand the foreseeable harm disregarding Plaintiff's claims could inflict.

203.      Defendant's actions were wanton as Defendant Wilcox showed complete indifference to Plaintiff Melendez's obvious need for CREO's intervention.

204.      Plaintiff Melendez's discrimination complaint made with CREO involves overlapping defendants and issues as the instant case.

205.      Defendant Wilcox decided there was no indication of discrimination or need to investigate, despite being given significant evidence discrimination may be occurring.

206.      Given the significant number of claims raised to CREO that are now incorporated into the instant complaint, for Defendant Wilcox to have believed no investigation should have occurred was reckless, as Defendant Wilcox was the final opportunity to prevent Plaintiff Melendez from being required to file the instant lawsuit.

207.      The instant lawsuit demonstrates Defendant Wilcox had a reason to investigate Plaintiff's claims of discrimination.

208.      As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 13 – Defendant Wilcox's wrongful withholding of an investigation into Plaintiff Melendez's claims of discrimination was motivated by race, violating 42 U.S.C. 1981**

209.      Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations and facts contained in the preceding paragraphs.

210.     Defendant Wilcox's wrongful withholding of advocacy into Plaintiff Melendez's claims of

discrimination, specified in Claim 12 (Paragraphs 198-208), was motivated by race, likewise,

violating 42 U.S.C. 1981.

211.     Defendant Wilcox's actions were motivated by race as: 1) Plaintiff Melendez is Hispanic;

2) Plaintiff is a minority at the school; 3) no other race is experiencing a wrongful withholding of

a public entity benefit; 3) Defendant Wilcox did not have any legitimate reason to withhold an

investigation into Plaintiff's claims.

212.     Plaintiff Melendez took the required action to obtain assistance from CREO, and had no

role in the illegitimate withholding of the investigation.

213.     In discriminating against Plaintiff Melendez based on his race, Defendant Wilcox acted

with willful and/or reckless disregard of Plaintiff's protected rights.

214.     Defendant's actions were oppressive as Plaintiff suffered harm and discrimination due

to race.

215.     Due to Defendant's position, training, and experiences, Defendant Wilcox is aware of

the foreseeable harm the discriminatory action would have on Plaintiff Melendez.

216.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

### DEFENDANTS: BERGER; HINTON; SPARROW; KENNY; CHRISTENSEN; ORANBURG; & CAVICCHI, COLLECTIVELY AS "CASS," CONSPIRED TO ABUSE THEIR AUTHORITY AND INTENTIONALLY INFLICT EMOTIONAL DAMAGE ON PLAINTIFF MELENDEZ, VIOLATING: IIED; CONSPIRACY; FALSE LIGHT; & 42 U.S.C. 1981

Claim 14 – Defendants: Berger; Hinton; Sparrow; Kenny; Christensen; Oranburg; & Cavicchi,

collectively as "CASS," conspired to abuse their authority and intentionally inflict emotional damage

on Plaintiff Melendez, violating IIED

217.    Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations
and facts contained in the preceding paragraphs.

218.    In January 2023 through September 2023, Defendants: Berger; Hinton; Sparrow; Kenny;
Christensen; Oranburg; and Cavicchi, collectively as the Committee of Academic Standing and
Success, "CASS," contacted Plaintiff Melendez through a series of emails.

219.    Defendants contacted Plaintiff Melendez under the pretext of following law school
policy, specifically "Rule VI: Academic Standing and Review."

220.    Defendants advised Plaintiff Melendez due to receiving the five failing grades in the Fall
2022 semester, Plaintiff was under the jurisdiction of CASS.

221.    Defendants were aware the five failing grades were due to Plaintiff Melendez's inability
to attend class due to Plaintiff's disability.

222.    Defendants were aware Plaintiff Melendez's inability to attend class due to disability
was never appropriately addressed, depriving Plaintiff the opportunity to participate in class.

223.    Assigning Plaintiff Melendez to CASS's jurisdiction and continuing to contact Plaintiff
Melendez served no rational or legitimate purpose, but was motivated by the intent to cause
harm to Plaintiff Melendez for filing a complaint with CREO, violating IIED under NH Common
Law.

224.    Defendants actions were outrageous as: 1) the contact Plaintiff received from
Defendants was hostile; 2) despite knowing Plaintiff Melendez had no negligence in receiving
the five failing grades, Defendants continued to harass Plaintiff for receiving the grades; 3)
Plaintiff was on an active Medical Leave of Absence and suicide watch when Defendants: Berger;
Hinton; Sparrow; Kenny; Christensen; Oranburg; and Cavicchi continuously harassed,
humiliated, and threatened Plaintiff with illegitimate threats of disenrollment.

26

225.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 15 – Defendants: Berger; Hinton; Sparrow; Kenny; Christensen; Oranburg; & Cavicchi, collectively as "CASS," conspired to abuse their authority and intentionally inflict emotional damage on Plaintiff Melendez, violating Conspiracy**

226.    Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations

and facts contained in the preceding paragraphs.

227.    Defendants: Berger; Hinton; Sparrow; Kenny; Christensen; Oranburg; and Cavicchi,

collectively as "CASS," as specified in Claim 14 (paragraphs 217-225), conspired to abuse their

authority to intentionally inflict emotional damage on Plaintiff Melendez, likewise, violating

Conspiracy under NH Common Law.

228.    Defendants were aware Plaintiff Melendez was inappropriately assigned to CASS,

making each contact regarding CASS matters an intentional, illegitimate act, with no rational or

reasonable purpose other than to maliciously conspire to inflict emotional damage on Plaintiff

Melendez, violating Conspiracy under NH Common Law.

229.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 16 – Defendants: Berger; Hinton; Sparrow; Kenny; Christensen; Oranburg; & Cavicchi, collectively as "CASS," motivated by race, abused their authority and intentionally inflicted emotional damage on Plaintiff Melendez, violating 42 U.S.C. 1981**

230.     Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations
and facts contained in the preceding paragraphs.

231.     Defendants: Berger; Hinton; Sparrow; Kenny; Christensen; Oranburg; and Cavicchi,
collectively as "CASS," as specified in Claim 14 (paragraphs 217-225), motivated by race, abused
their authority and intentionally inflicted emotional damage on Plaintiff Melendez, likewise,
violating 42 U.S. C. 1981.

232.     Defendants: Cooper; Berger; Hinton; Purdom; Dube; Scherr; Woodcock; Bedard; and
Raust's actions were motivated by race as: 1) Plaintiff Melendez is Hispanic; 2) Plaintiff is a
minority at the school; 3) no other race is experiencing discriminatory behavior by Defendants:
Cooper; Berger; Purdom; Hinton; Dube; Scherr; Woodcock; Bedard; and Raust; 4) Defendants'
actions don't occur without being motivated by race; 5) Defendants have no reasonable or
legitimate purpose for their actions.

233.     Defendants: Cooper; Berger; Purdom; Hinton; Dube; Scherr; Woodcock; Bedard; and
Raust are exclusively responsible for their discriminatory actions to legitimately issue failing
grades to Plaintiff Melendez and withhold necessary accommodations.

234.     Plaintiff had no role in distributing the discriminatory grades or withholding the
accommodations.

235.     Number of Defendants illegitimately issuing failing grades and withholding
accommodations don't occur without being motivated by race.

236.     In discriminating against Plaintiff Melendez based on his race, Defendants acted with
reckless disregard of Plaintiff's protected rights.

237.     Defendant's actions were oppressive as Plaintiff suffered harm and discrimination due
to race.

238.     The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

239.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

**Claim 17 – During CASS's communication with Plaintiff, Defendant Sparrow presented Plaintiff**
**Melendez in an offensive manner as retaliation, violating False Light**

240.     Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations
and facts contained in the preceding paragraphs.

241.     During the communication from CASS to Plaintiff Melendez, specified in Claim 14
(paragraphs 217-225), Defendant Sparrow, in multiple emails, widely publishes the following
comment: "The content is based on your reflection and thoughts about your academic
performance and what steps you can and will take to improve it."

242.     This comment identifies Plaintiff Melendez, and maliciously implies the Fall 2022 failing
grades are due to Plaintiff's performance and not due to Plaintiff's disability.

243.     Defendant Sparrow's comment inappropriately portrays Plaintiff Melendez's
performance as the cause of the failing grades, violating False Light under NH Common Law.

244.     Defendant Sparrow is aware Plaintiff did not receive disability accommodations
necessary to attend class.

245.     Defendant Sparrow is aware Plaintiff has no negligence regarding the disability
accommodations and ability to attend class.

246.     Defendant Sparrow made the comment while knowing it to be false.

247.     Defendant Sparrow made this comment in retaliation to Plaintiff filing discrimination

complaints, filing the instant civil action, and in attempts to degrade Plaintiff's character.

248.     Defendant Sparrow could foresee the damage the comment would inflict on Plaintiff,

and the foreseeable damage was Defendant Sparrow's motive for publishing the comment, as

Defendant Sparrow has no rational or legitimate reason for having published the comment.

249.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

### ON MARCH 27, 2023, DEFENDANT GRADY RECKLESSLY INFLICTED EMOTIONAL DAMAGE ON PLAINTIFF BY INAPPROPRIATELY CONTACTING PLAINTIFF WITH NO LEGITIMATE PURPOSE, VIOLATING IIED

**Claim 18 – On March 27, 2023, Defendant Grady recklessly inflicted emotional damage on Plaintiff by inappropriately contacting Plaintiff with no legitimate purpose, violating IIED**

250.     Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations

and facts contained in the preceding paragraphs.

251.     On March 27, 2023, Defendant Grady recklessly inflicted emotional damage on Plaintiff

by inappropriately contacting Plaintiff with no legitimate purpose, violating IIED

252.     Defendant Grady was aware of Plaintiff Melendez's exigent circumstances and severe

disabilities that required Plaintiff to be on a Medical Leave of Absence.

253.     Defendant had no legitimate purpose to contact Plaintiff Melendez during a Medical

Leave of Absence.

254.     On March 27, 2023, Defendant Grady sent three emails to Plaintiff Melendez over the

course of hours, instructing Plaintiff to register for Fall 2023 classes.

255.     Defendant Grady sent two emails to Plaintiff's official school address and one email to
Plaintiff's personal email.

256.     Due to Defendant Grady's position, combined with the amount of times emailed within
hours, and contacting Plaintiff through a personal email, Plaintiff was coerced into further
interacting with the Defendants.

257.     Plaintiff's further communication with Defendants further aggravated Plaintiff's
symptoms, causing further emotional and mental harm.

258.     Defendant had no reason to believe his actions were lawful as the actions are not
supported by policy, nor are they supported by Defendant's normal behavior of contacting a
student on a Medical Leave of Absence.

259.     The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason.

260.     Defendant's actions were wanton as Defendant Grady was completely indifferent to the
medical protection Plaintiff should have received being on a Medical Leave of Absence.

261.     Defendant Grady's actions were outrageous as Defendant was completely indifferent to
Plaintiff being on a Medical Leave of Absence but still coercing Plaintiff to be promptly involved
in official activities.

262.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

## ON JULY 5, 2023, DEFENDANTS BERGER; SPARROW; KENNY; CHRISTENSEN; ORANBURG; & CAVICCHI RECKLESSLY INFLICTED EMOTIONAL DAMAGE ON PLAINTIFF BY TAKING A POLL ON WHETHER TO DEPRIVE PLAINTIFF OF PUBLIC BENEFIT, VIOLATING IIED & 42 U.S.C. 1981

31

**Claim 19 – On July 5, 2023, Defendants Berger; Sparrow; Kenny; Christensen; Oranburg; & Cavicchi**

**recklessly inflicted emotional damage on Plaintiff by conducting a poll on whether to deprive Plaintiff**

**of public benefit, violating IIED**

263.	Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations and facts contained in the preceding paragraphs.

264.	On July 5, 2023, Defendants Berger; Sparrow; Kenny; Christensen; Oranburg; and Cavicchi recklessly inflicted emotional damage on Plaintiff by conducting a poll on whether to deprive Plaintiff of public benefit, violating IIED.

265.	Defendants were having an official, group discussion through email regarding Plaintiff Melendez.

266.	Defendant Cavicchi unintentionally and recklessly included Plaintiff Melendez in the conversations regarding Plaintiff Melendez.

267.	Defendants' discussion regarding Plaintiff Melendez was inappropriate.

268.	Defendants discussed a "long string of [ac]cusatory emails from [Plaintiff Melendez] in January before he took leave for a semester."

269.	When referring to a "long string" of emails, Defendants are referring to emails Plaintiff sent to Defendants Berger and Sparrow in January 2023.

270.	The January emails contained Plaintiff's request for disability accommodations, and accusations of disability discrimination and retaliation.

271.	The "leave" Defendants are referring to is Plaintiff Melendez's approved Medical Leave of Absence.

272.	Defendants are referring to Plaintiff by his disability accommodation and discrimination opposition.

32

273.     Defendants describe Plaintiff Melendez in a negative and humiliating fashion before conducting an administrative consensus on whether to withhold services from Plaintiff.

274.     The damage was foreseeable, irrational, and not motivated by any conceivable legitimate reason, as there is no legitimate reason to conduct a poll to withhold a student's entitlement.

275.     Defendants' actions were malicious as Defendants intentionally discussed Plaintiff in a humiliating and degrading fashion.

276.     Defendants' actions are outrageous as Defendants are administrators that engaged in discussions to discriminate and retaliate against Plaintiff, and recklessly inflicted emotional damage by unintentionally including Plaintiff in the conversations.

277.     Plaintiff Melendez was significantly damaged to be included in the administration's covert discussions to discriminate against Plaintiff.

278.     As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 20 – On July 5, 2023, Defendants Berger; Sparrow; Kenny; Christensen; Oranburg; & Cavicchi's conducting a poll on whether to deprive Plaintiff of public benefit was motivated by race, violating 42 U.S.C. 1981**

279.     Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations and facts contained in the preceding paragraphs.

280.     On July 5, 2023, Defendants Berger; Sparrow; Kenny; Christensen; Oranburg; and Cavicchi's conducting a poll on whether to deprive Plaintiff of public benefit was motivated by race, likewise, violating 42 U.S.C. 1981.

281.    Defendants' discriminatory discussions, specified in Claim 19 (paragraphs 263-278) were

motivated by race as: 1) Plaintiff Melendez is Hispanic; 2) Plaintiff is a minority at the school; 3)

no other race is experiencing discriminatory polls regarding benefit; 4) Defendants had no

legitimate reason for discussion.

282.    Defendants' discussion regarding Plaintiff Melendez's benefit doesn't occur unless

motivated by race.

283.    In discriminating against Plaintiff Melendez based on his race, Defendants acted with

willful and/or reckless disregard of Plaintiff's protected rights.

284.    Defendants' actions were oppressive as Plaintiff suffered harm and discrimination due

to race.

285.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

### ON JULY 13, 2023, DEFENDANTS SHAPIRO, AND MORGAN, BROWN & JOY, LLP ABUSED THEIR POSITION AND AUTHORITY IN ATTEMPTS TO COERCE PLAINTIFF MELENDEZ TO SUBMIT TO DEFENDANTS' DISCRIMINATION, VIOLATING: IIED & 42 U.S.C. 1981

Claim 21 – On July 13, 2023, Defendants Shapiro, and Morgan, Brown and Joy, LLP abused their

position and authority in attempts to coerce Plaintiff Melendez to submit to Defendants'

discrimination, violating IIED

286.    Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations

and facts contained in the preceding paragraphs.

287.    On July 11, 2023, Plaintiff Melendez sent Defendants an email that contained the

statement, "I have already demanded that the university and its staff refrain from contacting me

without legal counsel. You and your staff have done nothing but discriminated against me,

retaliated, and humiliated me. If there is any further contact from the university or its members, I will be forced to seek assistance from the court".

288.     On July 13, 2023, Despite Defendants' understanding that Plaintiff's demand was for the discriminatory communications and harassment to cease, Defendants Shapiro and Morgan, Brown and Joy, LLP advised Plaintiff Melendez that the Defendants were allowed to continue to contact Plaintiff as Defendants deem necessary.

289.     Defendant Shapiro sent Plaintiff Melendez an email under the pretext of discussing the university's policy and procedures with Plaintiff.

290.     Defendant Shapiro was aware there was no legitimate reason to have any contact with Plaintiff Melendez regarding the enforcement of the university's policy and procedures.

291.     Defendant Shapiro is not an administrator at the university.

292.     Defendant Shapiro's role as Defendants' counsel doesn't include advising Plaintiff Melendez of the university's standard operating procedures.

293.     Defendant's role isn't to counsel Plaintiff Melendez on how to conduct himself regarding school matters.

294.     It is inappropriate for Defendant Shapiro to counsel Plaintiff Melendez on how to conduct himself regarding school matters.

295.     Defendant Shapiro is no longer at Morgan, Brown, & Joy for reasons directly related to Defendant Shapiro's July 13, 2023 email.

296.     Defendant Morgan, Brown and Joy, LLP is responsible for Defendant Shapiro's actions taken while representing the Defendants in the instant case.

297.     Defendants Shapiro and Morgan, Brown and Joy, LLP abused their authority and furthered the discriminatory behavior Plaintiff Melendez was exposed to, recklessly inflicting emotional damage on Plaintiff, violating IIED.

35

298.    Defendant Shapiro's behavior is outrageous as she is a licensed attorney who used her position in attempts to coerce Plaintiff Melendez to endure further discrimination, and recklessly inflicted emotional damage.

299.    Defendant Shapiro's email is not privileged communication.

300.    Defendant Shapiro had no reason to believe her actions were lawful.

301.    The damage caused by Defendant Shapiro's actions was foreseeable, irrational, and not motivated by any conceivable legitimate reason.

302.    Defendant's actions were wanton as Defendant Shapiro understood the severity of the circumstances and was indifferent to the foreseeable harm.

303.    As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; increased severity of discrimination by the defendants; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 22 – Defendants Shapiro, and Morgan, Brown and Joy, LLP abuse of their position and authority in attempts to coerce Plaintiff Melendez to submit to Defendants' discrimination, was motivated by race, violating 42 U.S.C. 1981**

304.    Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations and facts contained in the preceding paragraphs.

305.    Defendants Shapiro, and Morgan, Brown and Joy, LLP's abuse of their position and authority in attempts to coerce Plaintiff Melendez to submit to Defendants' discrimination, specified in Claim 21 (paragraphs 286-303), was motivated by race, violating 42 U.S.C. 1981.

306.     Defendant Shapiro's actions were motivated by race as: 1) Plaintiff Melendez is

Hispanic; 2) Plaintiff is a minority at the school; 3) Defendant Shapiro's behavior was unethical

and had no legitimate basis; 4) Defendant Shapiro isn't discriminating against another race.

307.     Defendant Shapiro's baseless and coercive behavior doesn't occur without race being a

motivating factor.

308.     In discriminating against Plaintiff Melendez based on his race, Defendant Shapiro acted

with willful and/or reckless disregard of Plaintiff's protected rights.

309.     Defendant's actions were oppressive as Plaintiff suffered harm and discrimination due

to race.

310.     As a result of Defendant's actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; increased severity of discrimination by the defendants; being

wrongfully dismissed from the law school; and a significantly documented, permanent increase

in disability rating.

### DEFENDANTS DEAN; CARPENTER; COOPER; BERGER; GRADY & SPARROW DISENROLLED PLAINTIFF MELENDEZ WITHOUT ADHERING TO THE REQUIRED MINIMUM PROCESS SET FORTH BY POLICY, WRONGFULLY TAKING AWAY PLAINTIFF'S PROPERTY INTEREST, VIOLATING: 14TH AMENDMENT; IIED; CONSPIRACY & 42 U.S.C. 1981

**Claim 23 – Defendants Dean; Carpenter; Cooper; Berger; Grady & Sparrow deprived Plaintiff Melendez**

**of a protected property or liberty interest without due process, violating the 14th Amendment**

311.     Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations

and facts contained in the preceding paragraphs.

312.     From in or about August 2020 through September 2023, Plaintiff Melendez was a

student at the UNH.

313.     Plaintiff Melendez was pursuing a public education from the University of New

Hampshire.

314.    A public education is a property interest protected by the Due Clause of the 14th
Amendment.

315.    Defendants Dean; Carpenter; Cooper; Berger; Grady and Sparrow disenrolled Plaintiff
Melendez without adhering to the required minimum process set forth by policy, wrongfully
taking away Plaintiff's property interest, violating the 14th Amendment.

316.    Plaintiff Melendez was disenrolled under the law school policy, "Rule VI: Academic
Standing and Review."

317.    Under Section "D" of Rule VI, the Assistant Dean of Students (Defendant Berger) "at the
end of each semester, identify any student ineligible under the standards in Rule VI(A) to
continue as a degree candidate."

318.    Despite Defendant Berger being aware Plaintiff Melendez was never able to receive the
required accommodations or opportunity to attend class, Defendant Berger intentionally
assigned Plaintiff Melendez to the jurisdiction of CASS specifically for receiving the five failing
grades in the Fall 2022 semester.

319.    Under Section "E" of Rule VI, the Assistant Dean of Students (Defendant Berger) "shall:
1) Assure an understanding of the student's rights and obligations; 2) Assure an understanding
that the student must take the initiative and responsibility both to assess the causes of deficient
performance and to develop a plan to overcome the deficiency; and 3) Make suggestions for or
help arrange such therapy or other assistance as the student may reasonably request."

320.    Defendant Berger did not complete any of the 3 required components of Section "E."

321.    Defendant Berger did not assure there was an understanding of Plaintiff's rights as to
the CASS process, rights to disability accommodations, or right to utilize a Leave of Absence to
postpone all official proceedings and requirements until medically able to proceed.

322.    Defendant Berger communicated solely with Plaintiff Melendez through email.

323.     The email conversations between Plaintiff Melendez and Defendant Berger

demonstrate the significant confusion Plaintiff Melendez had regarding CASS's process and

rights that were never resolved before proceeding to disenroll Plaintiff Melendez.

324.     Defendant Berger never made suggestions or helped arrange any assistance Plaintiff

Melendez requested, such as assistance in understanding the CASS process, or providing an

explanation of the reason Plaintiff Melendez was required to complete CASS's process, when

the failing grades are the direct result of not receiving class accommodations.

325.     Under Section "F" of Rule VI, "Submission of Plan:" 1) "The student must present a

written plan for overcoming deficiencies to CASS before the deadline set by CASS;" 2) "The

Assistant Dean for Students shall investigate any instance of failure of a student to present a

plan and shall advise the student about the consequences of such failure;" 3) "The Assistant

Dean for Students shall forward to CASS a statement indicating that such advice was given."

326.      Defendant Berger failed to complete her obligations under Section F.

327.     Defendant Berger was obligated to investigate the reason Plaintiff Melendez did not

present a plan.

328.     Defendant Berger recklessly failed to discover or intentionally ignored the

discriminatory factors that prevented Plaintiff Melendez from completing the plan CASS

required.

329.     The plan instructs the student, Plaintiff Melendez, to discuss Plaintiff's inadequacies and

reasons for failing the courses.

330.     The plan further instructs Plaintiff to specify a course of action to rectify self-

deficiencies.

331.    The plan CASS requires Plaintiff Melendez to complete is, in essence, a coerced
        confession that the failing grades were a result of Plaintiff's performance, and not discrimination
        by the Defendants.

332.    Defendant Berger was exclusively responsible to counsel Plaintiff Melendez on the
        consequences of not completing the plan required by CASS, and failed to provide Plaintiff
        Melendez this benefit and protection of the school's policy.

333.    Defendant Berger does not have policy authority to forego or transfer her
        responsibilities and obligations to Plaintiff Melendez under Section F.

334.    Defendant Berger was obligated under Section F to forward a statement to CASS stating
        obligations under Section F are complete.

335.    Defendant Berger, having never given Plaintiff any counsel or advice, could not have
        legitimately forwarded any statement to CASS stating the Assistant Dean of Student's
        obligations were completed.

336.    Without the necessary documentation from the Assistant Dean of Students under
        Section F, CASS would not have the authority to continue to any further section.

337.    Defendants Dean; Carpenter; Cooper; Berger; Grady and Sparrow approved the
        disenrollment of Plaintiff Melendez illegitimately under Section I of Rule VI, without first
        assuring Plaintiff's rights or completing necessary investigation, counsel, or documentation.

338.    Defendants' actions to disenroll Plaintiff violate school policy prima facie, violating
        Plaintiff's right to due process under the Fourteenth Amendment.

339.    In addition to violating school policy, Defendants' illegitimate process of disenrolling
        Plaintiff Melendez occurred entirely while Plaintiff was on an approved, Medical Leave of
        Absence.

340.    All official proceedings are suspended while a student is on a Leave of Absence.

341.        Plaintiff was not afforded the benefit of having official proceedings suspended while on
           an active Medical Leave of Absence.

342.        Plaintiff Melendez advised Defendants that Plaintiff was on an active Medical Leave of
           Absence and intend to appeal the disenrollment upon returning.

343.        Defendants Dean; Carpenter; Cooper; Berger; Grady and Sparrow denied Plaintiff's right
           to suspend official proceedings while on a Medical Leave of Absence, effectively denying
           Plaintiff Melendez's right to appeal the illegitimate disenrollment.

344.        Defendants had no reason to believe their actions were lawful as Defendants' actions
           violated school policy.

345.        The damage was foreseeable, irrational, and not motivated by any conceivable
           legitimate reason.

346.        Defendants' actions were malicious as the number of individuals involved and policy
           violations can only be explained by malicious intent.

347.        As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;
           aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
           suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
           documented, permanent increase in disability rating.

**Claim 24 – Defendants Dean; Carpenter; Cooper; Berger; Grady & Sparrow's deprivation of Plaintiff Melendez's 14th Amendment right recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations and facts
contained in the preceding paragraphs.

348.        Defendants Dean; Carpenter; Cooper; Berger; Grady and Sparrow's depriving Plaintiff
           Melendez of a protected property or liberty interest, a public education, specified in Claim 23

(Paragraphs 311-347), recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under NH Common Law.

349.    Defendants' actions are outrageous as they maintained a significant level of authority and responsibility to assist Plaintiff Melendez, but intentionally failed to provide the obligated benefit to Plaintiff Melendez.

350.    Plaintiff Melendez was disenrolled from the law school against policy, while Plaintiff was being monitored for suicide during a Medical Leave of Absence.

351.    Defendants' actions were malicious as the level of indifference towards Plaintiff demonstrates Defendants absolute lack of concern for Plaintiff's health and safety.

352.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

**Claim 25 – Defendants Dean; Carpenter; Cooper; Berger; Grady & Sparrow conspired to deprive Plaintiff Melendez of Amendment rights and inflicted emotional damage, violating Conspiracy**

353.    Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations and facts contained in the preceding paragraphs.

354.    Defendants Dean; Carpenter; Cooper; Berger; Grady and Sparrow conspired to deprive Plaintiff Melendez of Amendment rights and inflicted emotional damage, specified in Claim 23 (paragraphs 311-347), likewise, violating Conspiracy.

355.    Defendants discussed the illegitimacy of Plaintiff's disenrollment, and conspired to proceed despite knowing it was wrong.

356.    Defendants discussed these matters through verbal and written means (i.e. email; texts).

42

357.    Given the following facts, Defendants' action to disenroll Plaintiff Melendez was
intentional and malicious: 1) Plaintiff possesses the necessary aptitude to graduate law school;
2) Plaintiff successfully completed two years of law school; 3) Plaintiff never received necessary
accommodations to gain opportunity to attend class; 4) Defendants were aware of Plaintiff's
disabilities and the effect of not being afforded necessary accommodations; 5) Plaintiff's
significant circumstance was known by all the Defendants involved; 6) With the obligations and
authority owed to Plaintiff Melendez by the involved administration, malicious intent is the only
explanation as to Plaintiff Melendez's abnormal receiving of failing grades, especially in the final
year.

358.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

**Claim 26 – Defendants Dean; Carpenter; Cooper; Berger; Grady & Sparrow's deprivation of Plaintiff
Melendez's 14th Amendment right was motivated by race, violating 42 U.S.C. 1981**

359.    Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations
and facts contained in the preceding paragraphs.

360.    Defendants Dean; Carpenter; Cooper; Berger; Grady and Sparrow's depriving Plaintiff
Melendez of a protected property or liberty interest, a public education, specified in Claim 23
(Paragraphs 311-347), was motivated by race, violating 42 U.S.C. 1981

361.    Defendants' actions were motivated by race as: 1) Plaintiff Melendez is Hispanic; 2)
Plaintiff is a minority at the school; 3) no other race is experiencing illegitimate disenrollments;
4) Defendants did not have any legitimate reason to disenroll Plaintiff Melendez; 5) Defendants'
actions directly violate school policy.

43

362.     Defendants' baseless and illegitimate disenrollment of Plaintiff Melendez doesn't occur

without race being a motivating factor.

363.     In discriminating against Plaintiff Melendez based on his race, Defendants acted with

willful and/or reckless disregard of Plaintiff's protected rights.

364.     Defendants' actions were oppressive as Plaintiff suffered harm and discrimination due

to race.

365.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

### DEFENDANTS DEAN, CARPENTER, & COOPER WITHHELD ADVOCACY AS RETALIATION AGAINST PLAINTIFF MELENDEZ VIOLATING: IIED, CONSPIRACY, & 42 U.S.C. 1981

**Claim 27 – Defendants Dean, Carpenter, and Cooper wrongfully withheld advocacy as retaliation recklessly inflicting emotional damage on Plaintiff Melendez, violating IIED**

366.     Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations

and facts contained in the preceding paragraphs.

367.     Defendants Dean, Carpenter, and Cooper were aware of the discrimination Plaintiff

Melendez has been subjected to during and following the Fall 2022 semester.

368.     Despite knowing Plaintiff's situation, Defendants intentionally decided to not assist

Plaintiff Melendez, exposing Plaintiff to significant discrimination, humiliation, and removal from

the law school, recklessly inflicting emotional damage on Plaintiff, violating IIED under NH

Common Law.

369.     Defendants Dean, Carpenter, and Cooper have the authority and obligation to prevent

Plaintiff Melendez from experiencing discrimination and harm as a student.

370.    Plaintiff Melendez was a 3L student who was denied the necessary and requested
disability accommodations to attend class, and received five failing grades as a result of being
denied accommodations.

371.    Plaintiff was illegitimately disenrolled from the law school while on a Medical Leave of
Absence.

372.    The level of discrimination by the number of Defendants involved, takes any legitimate
cause Defendants have for their lack of protecting Plaintiff Melendez, and demonstrates
Defendants' knowledge and condoning the of the discrimination against Plaintiff.

373.    The damage was foreseeable, irrational, and not motivated by any conceivable
legitimate reason, and was retaliation for Plaintiff filing the instant civil action.

374.    As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly
documented, permanent increase in disability rating.

**Claim 28 – Defendants Dean, Carpenter and Cooper conspired to wrongfully withhold advocacy as
retaliation, recklessly inflicting emotional damage on Plaintiff Melendez, violating Conspiracy**

375.    Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations
and facts contained in the preceding paragraphs.

376.    Defendants Dean, Carpenter and Cooper conspired to wrongfully withhold advocacy as
retaliation, specified in Claim 27 (paragraphs 366-374) recklessly inflicted emotional damage on
Plaintiff Melendez, violating Conspiracy under NH Common Law.

377.    The level of discrimination by the number of Defendants involved, takes any legitimate
cause Defendants have for their lack of protecting Plaintiff Melendez, and demonstrates
Defendants' knowledge, condoning, and conspiring of discrimination against Plaintiff Melendez.

378.     The damage was foreseeable, irrational, and not motivated by any conceivable

legitimate reason, and was retaliation for Plaintiff filing the instant civil action.

379.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly

documented, permanent increase in disability rating.

**Claim 29 – Defendants Dean, Carpenter and Cooper wrongful withholding of advocacy was
motivated by race, violating 42 U.S.C. 1981**

380.     Plaintiff Melendez re-alleges and incorporates herein by reference, all the allegations

and facts contained in the preceding paragraphs.

381.     Defendants Dean, Carpenter and Cooper wrongful withholding of advocacy, specified in

Claim 27 (paragraphs 366-374) was motivated by race, violating 42 U.S.C. 1981.

382.     Defendants' actions are motivated by race as 1) Plaintiff Melendez is Hispanic; 2)

Plaintiff is a minority at the school; 3) Defendants' have no legitimate reason for the widespread

acts of discrimination; 4) Defendants are completely indifferent to the health and safety of

students of other races.

383.     Defendants' actions don't occur without race being a motivating factor.

384.     In discriminating against Plaintiff Melendez based on his race, Defendants acted with

willful and/or reckless disregard of Plaintiff's protected rights.

385.     Defendants' actions were oppressive as Plaintiff suffered harm and discrimination due

to race.

386.     As a result of Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; emotional distress; being wrongfully dismissed from the law school; and a significantly documented, permanent increase in disability rating.

## **PRAYER FOR RELIEF**

A. Compensatory damages for all past and future economic losses incurred by the Plaintiff resulting from the Defendants' misconduct to be determined at trial pursuant to 42 U.S.C. § 12133 and 29 U.S.C. § 794a.

B. General damages for all past and future mental suffering, emotional distress, loss of reputation and embarrassment suffered by the Plaintiff resulting from the Defendants' misconduct to be determined at trial pursuant to 42 U.S.C. § 12133 & 29 U.S.C. § 794a.

C. Enhanced Compensatory damages.

D. Pre-judgment and post-judgment interest.

E. Declare that the Defendants' acts, taken in their official capacities, as alleged above violate 42 U.S.C. § 12132 and 14th Amendment.

F. Declare that the Defendants' acts, taken in their individual capacities, as alleged above violate 42 U.S.C. § 12132, NH Common Law, and 14th Amendment.

G. Costs incurred in this action.

H. An order demanding a public apology from the Defendants for Plaintiff's embarrassment and loss of reputation caused by the Defendants' misconduct.

I. Such other further specific and general relief as may become apparent from discovery as this matter matures for trial.

J. A jury trial on all appropriate issues.

K. Any and all other relief this Court may deem appropriate.

Date: <u>November 27, 2023</u>

Signature: <u>/s/ Michael Melendez, pro se</u>
Name: Michael Melendez

Address: 395 Mendon Road
Apt 12A
North Smithfield, RI 02896
Telephone No.: (915) 490-6715

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Third Amended Complaint with Jury Demand was emailed to counsel for the

defendants at:

**Gregory Manousos**
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 788-5024
gmanousos@morganbrown.com

**Jeffrey Collins**
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 788-5024
Jcollins@morganbrown.com

**Jenna Asarese**
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 788-5024
jasarese@morganbrown.com

Date: November 27, 2023                    Signature: /s/ Michael Melendez, pro se
                                           Name: Michael Melendez

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Hampshire ☑

|  |  |
|---|---|
| MICHAEL MELENDEZ (Pro Se) | ) ) ) ) |
| *Plaintiff(s)* | ) ) |
| v. | ) Civil Action No. 2023-CV00172SM |
| UNIVERSITY OF NEW HAMPSHIRE; Et. Al | ) ) ) |
| *Defendant(s)* | ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Biron Bedard
> 2 White Street
> Concord, NH 03301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Michael Melendez
> 395 Mendon Road
> Apt 12A
> North Smithfield, RI 02896
> (915) 490-6715

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 11/27/2023

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2023-CV00172SM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of New Hampshire  ☑

| | |
|---|---|
| MICHAEL MELENDEZ (Pro Se) | ) )  ) ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| UNIVERSITY OF NEW HAMPSHIRE; Et. Al | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No. 2023-CV00172SM

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Melissa Christensen
> 2 White Street
> Concord, NH 03301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Michael Melendez
> 395 Mendon Road
> Apt 12A
> North Smithfield, RI 02896
> (915) 490-6715

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  11/27/2023  
_____

_____
                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 2023-CV00172SM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Hampshire ☑

|  |  |
|---|---|
| MICHAEL MELENDEZ (Pro Se) | )<br>)<br>)<br>) |
| *Plaintiff(s)* | )<br>) |
| v. | )  Civil Action No. 2023-CV00172SM |
| UNIVERSITY OF NEW HAMPSHIRE; Et. Al | )<br>)<br>) |
| *Defendant(s)* | )<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> James Dean
> 105 Main Street
> Durham, NH 03824

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Michael Melendez
> 395 Mendon Road
> Apt 12A
> North Smithfield, RI 02896
> (915) 490-6715

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ___11/27/2023___

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2023-CV00172SM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Hampshire ▼

| | |
|---|---|
| MICHAEL MELENDEZ (Pro Se) <br><br> _____ <br> *Plaintiff(s)* <br> v. <br><br> UNIVERSITY OF NEW HAMPSHIRE; Et. Al <br><br> _____ <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 2023-CV00172SM

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Jon Cavicchi
2 White Street
Concord, NH 03301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael Melendez
395 Mendon Road
Apt 12A
North Smithfield, RI 02896
(915) 490-6715

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 11/27/2023 _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 2023-CV00172SM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Hampshire   ☑

|  |  |
|---|---|
| MICHAEL MELENDEZ (Pro Se) | ) ) ) ) |
| _____ Plaintiff(s) | ) ) |
| v. | ) Civil Action No. 2023-CV00172SM ) |
| UNIVERSITY OF NEW HAMPSHIRE; Et. Al | ) ) |
| _____ Defendant(s) | ) ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Michael Dube
2 White Street
Concord, NH 03301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael Melendez
395 Mendon Road
Apt 12A
North Smithfield, RI 02896
(915) 490-6715

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____  11/27/2023

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 2023-CV00172SM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                    *Server's signature*

                                            _____
                                                    *Printed name and title*


                                            _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Hampshire ☑

| | |
|---|---|
| MICHAEL MELENDEZ (Pro Se) <br><br> _____ <br> *Plaintiff(s)* <br> v. <br> UNIVERSITY OF NEW HAMPSHIRE; Et. Al <br><br> _____ <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 2023-CV00172SM

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Matthew Grady
2 White Street
Concord, NH 03301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael Melendez
395 Mendon Road
Apt 12A
North Smithfield, RI 02896
(915) 490-6715

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 11/27/2023                                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 2023-CV00172SM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Hampshire  ☑

| | |
|---|---|
| MICHAEL MELENDEZ (Pro Se) | ) ) ) ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 2023-CV00172SM |
| UNIVERSITY OF NEW HAMPSHIRE; Et. Al | ) ) ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Dale Kenny
> 2 White Street
> Concord, NH 03301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Michael Melendez
> 395 Mendon Road
> Apt 12A
> North Smithfield, RI 02896
> (915) 490-6715

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   11/27/2023

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 2023-CV00172SM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Hampshire  ☑

| | |
|---|---|
| MICHAEL MELENDEZ (Pro Se) | ) ) ) ) |
| _Plaintiff(s)_ | ) ) |
| v. | ) Civil Action No. 2023-CV00172SM |
| UNIVERSITY OF NEW HAMPSHIRE; Et. Al | ) ) ) |
| _Defendant(s)_ | ) ) ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

Morgan Brown & Joy LLP
200 State Street
11th Floor
Boston, MA 02109

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael Melendez
395 Mendon Road
Apt 12A
North Smithfield, RI 02896
(915) 490-6715

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: 11/27/2023

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2023-CV00172SM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .


I declare under penalty of perjury that this information is true.


Date: _____          _____

                                                    *Server's signature*

                                         _____

                                                    *Printed name and title*


                                         _____

                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

District of New Hampshire  [▼]

|  |  |
|---|---|
| MICHAEL MELENDEZ (Pro Se) | ) <br> ) <br> ) <br> ) |
| _____ <br> *Plaintiff(s)* | ) <br> ) |
| v. | )    Civil Action No. 2023-CV00172SM |
| UNIVERSITY OF NEW HAMPSHIRE; Et. Al | ) <br> ) |
| _____ <br> *Defendant(s)* | ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Albert Scherr
2 White Street
Concord, NH 03301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael Melendez
395 Mendon Road
Apt 12A
North Smithfield, RI 02896
(915) 490-6715

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____11/27/2023_____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 2023-CV00172SM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____        _____
                                                    *Server's signature*

                                            _____
                                                    *Printed name and title*


                                            _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Hampshire ▼

|  |  |
|---|---|
| MICHAEL MELENDEZ (Pro Se) | ) ) ) ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 2023-CV00172SM |
| UNIVERSITY OF NEW HAMPSHIRE; Et. Al | ) ) ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Seth Oranburg
> 2 White Street
> Concord, NH 03301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Michael Melendez
> 395 Mendon Road
> Apt 12A
> North Smithfield, RI 02896
> (915) 490-6715

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:    11/27/2023

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 2023-CV00172SM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of New Hampshire  ▼

| | |
|---|---|
| MICHAEL MELENDEZ (Pro Se) | ) <br> ) <br> ) <br> ) |
| _____ <br> *Plaintiff(s)* | ) <br> ) |
| v. | )  Civil Action No. 2023-CV00172SM |
| UNIVERSITY OF NEW HAMPSHIRE; Et. Al | ) <br> ) |
| _____ <br> *Defendant(s)* | ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

>   Rachel Shapiro
>   200 State Street
>   11th Floor
>   Boston, MA 02109

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

>   Michael Melendez
>   395 Mendon Road
>   Apt 12A
>   North Smithfield, RI 02896
>   (915) 490-6715

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____ 11/27/2023 _____

                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 2023-CV00172SM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .


I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                            *Server's signature*

                                                      _____
                                                            *Printed name and title*


                                                      _____
                                                            *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Hampshire ☑

| | |
|---|---|
| MICHAEL MELENDEZ (Pro Se) | ) ) ) ) |
| _Plaintiff(s)_ | ) |
| v. | ) ) Civil Action No. 2023-CV00172SM |
| UNIVERSITY OF NEW HAMPSHIRE; Et. Al | ) ) ) |
| _Defendant(s)_ | ) ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

Elizabeth Woodcock
2 White Street
Concord, NH 03301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael Melendez
395 Mendon Road
Apt 12A
North Smithfield, RI 02896
(915) 490-6715

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date:    11/27/2023                                                    _____
                                                                           _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 2023-CV00172SM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: