FILED - USDC -NH
2023 JAN 10 PM2:55

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

MELENDEZ, MICHAEL (Pro Se)

vs.                                                          CIVIL ACTION NO. 2023-CV-00172SM

UNIVERSITY OF NEW HAMPSHIRE; Et. Al.

## PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

1. Plaintiff hereby submits this Objection to Defendants' Motion to Dismiss the Amended Complaint.

2. Plaintiff Melendez requests permission to file a new motion for leave to amend the complaint to address matters discussed below. (proposed Fourth Amended Complaint attached).

3. Plaintiff Melendez supports this motion with the attached supporting memorandum.

### Legal Standard

4. To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

5. The Court accepts as true all well-pleaded facts and draws all reasonable inferences in Plaintiff's favor, *Parker v. Hurley*, 514 F.3d 87, 90 (1st Cir. 2008).

### Arguments

### I – ADA Claim

6. Defendants' argument to dismiss Plaintiff's ADA Discrimination claim should be denied as Plaintiff's claim contains sufficient factual allegations to state a claim that is plausible.

1

7. Under Title II of the ADA, 42 U.S.C. § 12132 ("Title II"), to state a plausible claim under the ADA, Plaintiff Melendez must allege: "(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Parker v. Universidad de P.R.*, 225 F.3d 1, 5 (1st Cir. 2000).

8. Plaintiff Melendez satisfies the first element by disclosing the following disabilities that qualify Plaintiff under the ADA: "PTSD (combat related); Insomnia; Paranoia; Major Depressive Disorder; and ADHD." Dkt. 28 (Third Amended Complaint) at ¶ 23.

9. Plaintiff Melendez satisfies the second and third element with the explanation that public exposure aggravates Plaintiff's symptoms of social impairment, mentally denying Plaintiff Melendez the ability to attend class. Id. at ¶ 58-61.

10. Plaintiff Melendez's requests for disability accommodations were made on numerous occasions, to numerous individuals (Defendants Cooper, Berger, and Hinton), and through multiple methods (verbally; emails; through an advisor, Melissa Davis), but were denied without any legitimate or disclosed reason. Id. at ¶ 66, 68.

11. Plaintiff Melendez provides evidence to plausibly demonstrate the alleged accommodations would have been effective, by demonstrating Plaintiff Melendez was able to successfully complete the 1L year, statistically the most difficult year, with the utilization of remote learning during the COVID-19 Pandemic. Id. at ¶ 158-161.

12. Plaintiff Melendez provides further evidence to plausibly demonstrate the alleged accommodations would have been effective, by demonstrating Plaintiff received failing grades in all the semester classes, except for the single class that provided the requested accommodations, Criminal Clinic. Id. at ¶ 165-167, 169.

13. Plaintiff Melendez alleges Defendants had no legitimate reason to deny the requested accommodations. Id. at ¶ 174-175.

14. Defendants' additional argument that all complaints against individual capacity should be dismissed due to the ADA not providing for individual capacity is moot as Plaintiff is raising claims under New Hampshire Common Law that include individual liability, making individual capacity proper. Id. at ¶ 51.

## II – Intentional Infliction of Emotional Distress

15. Defendants' argument to dismiss Plaintiff's IIED claims should be denied as Defendant does not provide a sufficiently developed argument for Plaintiff to respond. Defendants' argument appears to arbitrarily combine mischaracterized elements derived from separate claims, then presents this as the only support to dismiss Plaintiff's claims. Between the lack of claim references, details, or cites, it is unclear what claims or elements Defendants are challenging.

## III – Defamation

16. Defendants' Defamation argument should be dismissed as Plaintiff Melendez removed all Defamation claims in Plaintiff's proposed Fourth Amended Complaint. (Plaintiff's Fourth Amended Complaint).

## IV – False Light

17. Defendants' argument to dismiss the False Light Claims in Plaintiff's Third Amended Complaint should be denied as Plaintiff intends to amend the complaint.

18. However, Plaintiff will address the argument for False Light as it applies to Plaintiff's Fourth Amended Complaint.

19. The tort of False Light has not yet been recognized by New Hampshire law. *Hamberger v. Eastman*, 106 N.H. 107 (1964). However, it is a question of policy whether to recognize a new cause of action and provide the relief plaintiff seeks. *Rockhouse Mt. Property Owners Assoc., Inc.*

*v. Town of Conway*, 127 N.H. 593, 597 (1986). Furthermore, New Hampshire Supreme Court has stated it is willing to consider an argument developing a cause of action specifically for the tort of False Light. *Hynes v. New Hampshire Democratic Party*, 175 N.H. 781, 792 (2023).

20. The Court has created a two-prong test to answer the policy question: 1) "whether the interest that the plaintiffs assert should receive any legal recognition;" and 2) "whether the relief that the plaintiffs request would be an appropriate way to recognize it." *Rockhouse Mt. Property Owners Assoc., Inc.* at 597-598.

21. *Restatement (Second) of Torts* § 652E, which articulates the elements for a False Light claim, satisfies the first prong, as it demonstrates the already existing, significant, legal recognition for claims of False Light.

22. Plaintiff Melendez is asking for compensatory damages and enhanced compensatory damages, both damages recognized by New Hampshire Law, and are appropriate to claims of personal injury and malice, satisfying the second prong.

23. To make a False Light claim the plaintiff must demonstrate that 1) Defendant gave publicity to a matter concerning another that places the other before the public in a false light; 2) the false light in which the other was placed would be highly offensive to a reasonable person; and 3) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. *Howard v. Antilla*, 294 F.3d 244, 248 (1st Cir. 2002).

**False Light – Defendant Raust**

24. In Plaintiff's Fourth Amended complaint, Plaintiff makes two claims of False Light (Claim 3 & 10)

25. In Claim 3 (paragraphs 87 – 105) Plaintiff Melendez satisfies the first two elements with the claim "Defendant Raust recklessly and widely implied to the class that an unregistered, female "guest" of Plaintiff Melendez was attending the class without authorization, offensively portraying

Plaintiff as a student engaged in inappropriate behavior with a female student during class in a career field that reputation is vital. Fourth Amended Complaint at ¶ 87 – 105.

26. The third element is satisfied when Defendant Raust acted with disregard to the falsity of the publicized matter, demonstrated by Defendant's lack of knowledge of the student's identity prior to making any assumptions, comments, or engaging with Plaintiff Melendez. Id.

27. Defendant Raust concluded the student was Plaintiff's unauthorized "guest" and humiliated Plaintiff prior to discovering the registered student's identity. Id.

28. The recognized New Hampshire tort most similar to Plaintiff Melendez's False Light claim is a Defamation of Character claim under New Hampshire Common Law.

29. To state a Defamation of Character claim in New Hampshire, Plaintiff must demonstrate that Defendant "failed to exercise reasonable care in publishing, without a valid privilege, a false and defamatory statement of fact about plaintiff to a third party." *Indep. Mech. Contractors, Inc. v. Burke & Sons, Inc.*, 138 N.H. 110, 118 (1993).

30. A Defamation of Character would not apply to the instant case, as Plaintiff Melendez isn't claiming a defamatory statement occurred, but a defamatory implication of facts and circumstances. Fourth Amended Complaint at ¶ 87 – 105.

31. Plaintiff Melendez demonstrates a claim of False Light is most appropriate for Claim 3.

**False Light – Defendant Sparrow**

32. In Claim 10, Plaintiff Melendez claims Defendant Sparrow, widely published the following statement, "The content is based on your reflection and thoughts about your academic performance and what steps you can and will take to improve it." Id. at ¶ 178.

33. Defendant Sparrow's comment satisfies the first two elements of False Light, as Defendant Sparrow's comment identifies Plaintiff Melendez, then maliciously and inappropriately implies

the Fall 2022 failing grades are due to Plaintiff's performance and not due to disability reasons. Id. at ¶ 179.

34. Plaintiff demonstrates the third element, that Defendant acted with reckless disregard to the falsity of the publicized matter as: 1) "Defendant Sparrow is aware Plaintiff did not receive disability accommodations necessary to attend class; 2) Defendant Sparrow is aware Plaintiff has no negligence regarding the disability accommodations or ability to attend class; 3) Defendant Sparrow made this comment in retaliation to Plaintiff filing discrimination complaints, filing the instant civil action, and in attempts to degrade Plaintiff's character. Id. at ¶ 177-184.

35. The recognized New Hampshire tort most similar to Plaintiff Melendez's False Light claim is a Defamation of Character claim under New Hampshire Common Law.

36. To state a Defamation of Character claim in New Hampshire, Plaintiff must demonstrate that Defendant "failed to exercise reasonable care in publishing, without a valid privilege, a false and defamatory statement of fact about plaintiff to a third party." *Indep. Mech. Contractors, Inc. v. Burke & Sons, Inc.* at 118.

37. A Defamation of Character would not apply to the instant case, as Plaintiff Melendez isn't claiming a defamatory statement occurred, but a defamatory implication of facts and circumstances. Fourth Amended Complaint ¶ 177 – 184.

38. Plaintiff Melendez demonstrates a claim of False Light is most appropriate for Claim 10 of Plaintiff's Fourth Amended Complaint (paragraphs 177 – 184).

### V – Race Discrimination Claims

39. Defendants' race discrimination claims argument should be dismissed as moot, as Plaintiff Melendez removed all 42 U.S.C. 1981 claims in Plaintiff's proposed Fourth Amended Complaint. (Plaintiff's Fourth Amended Complaint).

### VI – Conspiracy

40. Defendants' argument to dismiss Plaintiff's Conspiracy claim should be denied as Plaintiff's claim contains sufficient factual allegations to state a Conspiracy claim that is plausible.

41. To succeed in a claim of conspiracy, Plaintiff must demonstrate that (1) there existed an unlawful object to be accomplished, (2) there was an agreement between two or more persons on the object or course of action, (3) that one or more unlawful overt acts occurred, and (4) damages proximately resulted from the acts. *Univ. Sys. of New Hampshire v. U.S. Gypsum Co.*, 756 F. Supp. 640 (D.N.H. 1991).

42. Plaintiff satisfies the first two elements with the claims Defendants created an agreement to: 1) collectively withhold disability accommodations; 2) wrongfully issue failing grades; and 3) refrain from using individual authority that would prevent Plaintiff from failing the semester. Third Amended Complaint ¶ 150 – 154, 181.

43. Plaintiff demonstrates the illegal agreement occurred and satisfies the third element with the claim, "Defendants withholding the necessary accommodations and issuing failing grades was retaliation…" Id. at ¶ 154.

44. Plaintiff satisfies the fourth and final element by defining the damages Plaintiff Melendez suffered as a result of Defendants' actions, to include mental and emotional distress. Id. at ¶ 187.

45. Accordingly, Defendants' argument against Plaintiff's conspiracy claims should be denied.

### VII – ADA & Section 504 Retaliation

46. Defendants' arguments concerning ADA and Section 504 retaliation claims should be denied as moot, as Plaintiff is not making claims of retaliation under ADA or Section 504. Plaintiff's Third Amended Complaint; Plaintiff's Fourth Amended Complaint.

### VIII – Due Process

47. Defendants' argument to dismiss Plaintiff's Due Process claim should be denied as Plaintiff's claim contains sufficient factual allegations to state a Due Process claim that is plausible.

48. "The Due Process Clause prohibits a state from depriving a person of 'life, liberty, or property, without due process of law.'" *Gonzalez-Droz v. Gonzalez-Colon*, 660 F.3d 1, 13 (1st Cir. 2011) (quoting U.S. Const. amend. XIV, § 1.).

49. A procedural due process claim has two components: 1) plaintiff must prove that he has been deprived of a protected property or liberty interest; and 2) plaintiff must prove that the process provided to protect the interest was constitutionally inadequate. *Rocket Learning, Inc. v. Rivera-Sanchez*, 715 F.3d 1, 11 (1st Cir. 2013); *accord Johnson v. Rodriguez*, 943 F.2d 104, 109 (1st Cir. 1991).

50. Plaintiff Melendez meets the first element with the claim to have been wrongfully deprived of his public education at the UNH law school. Third Amended Complaint at ¶ 313 – 315.

51. A public education is a legitimate property interest that is protected by the Due Process Clause *Haidak v. Univ. of Massachusetts-Amherst*, 933 F.3d 56, 65 (1st Cir. 2019).

52. Plaintiff Melendez's Fourteenth Amendment claim satisfies the second element by demonstrating, in significant detail, the specific manner in which Plaintiff Melendez lost a protected interest, public education, without the protection of an adequate process. Third Amended Complaint at ¶ 311 – 347.

53. Accordingly, Defendants' argument against Plaintiff's Fourteenth Amendment claim should be denied.

### IX – N.H. RSA 354-A

54. Defendants' arguments concerning N.H. RSA 354-A claims should be denied as moot, as Plaintiff is not making claims under N.H. RSA 354-A. Plaintiff's Third Amended Complaint; Plaintiff's Fourth Amended Complaint.

## CONCLUSION

For the reasons set forth above, the Court should deny Defendant's request that Plaintiff's Third Motion to Amend be denied and Plaintiff's case be dismissed in its entirety.

Plaintiff respectfully requests permission to file the proposed Leave to Amend (simultaneously filed) to:

1) Remove all 42 U.S.C. 1981 claims; 2) Remove the Defamation claim against Defendant Berger; Amend two False Light claims to align with federal law; and 4) Renumber claims as appropriate.

Date: <u>January 8, 2024</u>

Signature: <u>/s/ *Michael Melendez, pro se*</u>
<u>Name: Michael Melendez</u>
<u>Address: 6253 Catalina Drive,</u>
<u>Bldg. 1, Unit 121,</u>
<u>North Myrtle Beach, SC 29582</u>
<u>Telephone No.: (915) 490-6715</u>

## CERTIFICATE OF SERVICE

I certify that on January 8, 2024, a copy of the foregoing (PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT) was e-mailed to counsel for the defendant(s) at:

**Gregory Manousos**
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 788-5024
gmanousos@morganbrown.com

**Jeffrey Collins**
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 788-5024
jcollins@morganbrown.com

**Jenna Asarese**
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 788-5024
jasarese@morganbrown.com

Date: <u>January 8, 2024</u>                                    Signature: *<u>/s/ Michael Melendez, pro se</u>*
                                                                Name: <u>Michael Melendez</u>