FILED - USDC -NH
2024 MAR 18 AM 11:35

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>MELENDEZ, MICHAEL (Pro Se)</u>

vs.                                                            CIVIL ACTION NO. 2023-CV-00172SM

<u>UNIVERSITY OF NEW HAMPSHIRE; Et. Al.</u>

### AFFIDAVIT OF MICHAEL MELENDEZ
### IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT

I, Michael Melendez, of full age, hereby state under oath as follows:

1. I am a Pro Se litigant with mailing address: 6253 Catalina Drive, Building 1, Unit 121, North Myrtle Beach, SC 29582.

2. I submit this Affidavit in support of Plaintiff's Motion for Leave to Supplement Complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, in the above-referenced matter.

3. The following factual allegations have been added:

    a. At all times relevant hereto, Defendant John Doe was an agent or employee of the University of New Hampshire.

    b. At all times relevant hereto, Defendant John Doe worked for the Enterprise Technology and Services department at the University.

    c. At all times relevant hereto, Defendant Gregory Manousos was an agent or representative of the University of New Hampshire.

1

4. Parties added: John Doe; Gregory Manousos

5. Claims added:

    a. Claim 19 (¶282 – 296) Defendant John Doe abused his official position to wrongfully access Plaintiff Melendez's email account, violating Intrusion (Plaintiff's Fifth Amended Complaint).

    b. Claim 20 (¶297 – 308) Defendants Dean and John Doe continued discriminatory and hostile behavior towards Plaintiff Melendez, violating IIED (Plaintiff's Fifth Amended Complaint).

    c. Claim 21 (¶309 – 312) Defendants Dean and John Doe made an agreement to continue discriminatory and hostile behavior towards Plaintiff Melendez, violating Conspiracy (Plaintiff's Fifth Amended Complaint).

    d. Claim 22 (¶313 – 327) Defendant Manousos used his position and authority in attempts to coerce Plaintiff Melendez from accessing the court, violating IIED (Plaintiff's Fifth Amended Complaint).

6. Pursuant to Local Rule 7.1 (c), Plaintiff has made a good faith attempt, but was unable to successfully obtain concurrence/agreement from all parties.

7. Defendant Manousos makes a claim of "frivolous" as the sole reason Plaintiff's supplemental complaint should not proceed.

8. On March 11, 2024, Pursuant to Local Rule 7.1(c), Plaintiff Melendez contacted Defendant Manousos with a copy of an intended supplemental complaint. (Plaintiff's Email - March 11, 2024).

9. Instead of discussing legal matters, Defendant Manousos only intended to discuss University of New Hampshire's administrative matters. (Defendant Manousos' Email – March 11, 2024).

10. Defendant Manousos is not an administrator of the university, and had no reason to disregard the legal discussions in favor of discussing the university's administrative matters.

11. On March 12, 2024, Plaintiff Melendez advised Defendant Manousos of Plaintiff's intent on filing the supplemental complaint, and reminded Defendant Manousos of the necessity to cooperate and adhere to proper legal procedures. (Plaintiff's Email – March 12, 2024).

12. On March 14, 2024, instead of discussing the relevant legal matters of Plaintiff's intended supplemental complaint, Defendant Manousos only desired to discuss the university's administrative matters and threaten Plaintiff Melendez. (Defendant Manousos' Email – March 14, 2024).

13. Defendant Manousos wrongfully accuses Plaintiff Melendez of creating frivolous claims as an attempt to defend against the instant legal proceedings. (Defendant Manousos' Email – March 14, 2024).

14. A claim is frivolous when: "(1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

15. In Plaintiff's intended supplemental complaint, Plaintiff plainly specifies the tangible evidence Plaintiff intends on submitting to support Plaintiff's legally recognized claims:

    a. Claim 19 (Intrusion): A system generated receipt demonstrating the unauthorized access to Plaintiff's account by the university's staff. (UNH Email – January 2, 2024) (Note* Email is from Plaintiff's back-up file).

    b. Claim 20 (IIED): Testimony from "Tara" (UNH IT Staff) confirming the absence of Plaintiff's account.

16. Furthermore, Defendant Manousos' argument does not state Plaintiff is manufacturing false statements, but rather is an attempt to argue Defendants' perspective on the transpired events, confirming the merit in Plaintiff's claims. (Defendant Manousos' Email – March 14, 2024).

17. Plaintiff Melendez is aware of the current pending motion, and submits this under Rule 15(d), which states "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense."

18. Reasons why the amended information wasn't on the original complaint:

    - The incidents occurred after the original filing and is a supplemental filing.

19. Plaintiff Melendez is seeking to supplement his complaint prior to any deadline.

20. The above-mentioned case is currently in the pleading phase, and Defendants have yet to answer.

21. A copy of this Motion was sent via e-mail to:

**Gregory Manousos**
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605

(617) 788-5024
gmanousos@morganbrown.com


**Jeffrey Collins**
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 788-5024
jcollins@morganbrown.com

**Jenna Asarese**
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 788-5024
jasarese@morganbrown.com


22. I verify that the foregoing is true and correct.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: March 15, 2024                    Signature: /s/ Michael Melendez, pro se
                                        Name: Michael Melendez