```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Michael Melendez

                                  Case No. 23-cv-172-SM-TSM
   v.                               Opinion No. 2024 DNH 094

University of New Hampshire, et al.


O R D E R

Michael Melendez, proceeding pro se, brings claims against the University of New Hampshire and its employees, alleging violations of the Americans with Disabilities Act, the Rehabilitation Act, and the Fourteenth Amendment. Melendez's claims arise from his experiences as a law student at the University of New Hampshire and the school's decision to disenroll him because of failing grades. Melendez was granted leave three times to amend his complaint.[1] He then moved to supplement his complaint, which was denied, and his motion for reconsideration was also denied.

---

[1] After the defendants moved to dismiss his complaint, Melendez was granted leave to file a first amended complaint on July 19, 2023. Doc. no. 15. The defendants again moved to dismiss, and the court denied Melendez's motion to file a second amended complaint without prejudice. End. Or. Oct. 31, 2023. Melendez then was granted leave to file a third amended complaint. Doc. no. 30. When the defendants again moved to dismiss, Melendez sought leave to file a fourth amended complaint, which was granted. Doc. no. 38. In response to the defendants' motion to dismiss the fourth amended complaint, Melendez again sought to amend, which was denied. Doc. no. 60; Doc. No. 61; End. or. Sept. 10, 2024.

Melendez filed an interlocutory appeal of the court's order (endorsed order September 10, 2024) granting in part and denying in part his motion for reconsideration of the denial of his request to supplement his complaint. He moves for a stay pending appeal. The defendants object to the motion to stay. For the reasons that follow, the motion to stay pending appeal is denied.

## Discussion

Melendez asks to stay the court's endorsed order denying, in part, his motion for reconsideration of the decision to deny his motion for leave to supplement his complaint, that was issued on September 10, 2024. Although Melendez focuses on the September 10 order, the defendants understood, and the court agrees, that Melendez is seeking a stay of the entire case, including the defendants' motion to dismiss and the motions for sanctions, pending resolution of his interlocutory appeal.

Whether to grant a stay pending appeal is governed by "the four-factor test set forth in Nken v. Holder." United States v. Texas, 144 S. Ct. 797 (2024) (Mem.). The court considers "'(1) [w]hether the stay applicant has made a strong showing that it is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether [the] issuance of the stay will substantially injure the other parties

2

interested in the proceeding, and (4) where the public interest lies.'"  Dist. 4 Lodge of the Int'l Ass'n of Machinists & Aerospace Workers Loc. Lodge 207 v. Raimondo, 18 F.4th 38, 42 (1st Cir. 2021) (quoting Nken, 556 U.S. at 426) (additional quotation marks and citation omitted); Ass'n to Preserve & Protect Livelihoods v. Town of Bar Harbor, 2024 WL 3088752, at *1 (D.Me. June 21, 2024).  "The first two factor are the most critical."  Dist. 4 Lodge, 18 F.4th at 42 (internal quotation marks omitted).

Melendez makes no argument that addresses the factors necessary to support a stay.  Because Melendez has not shown a likelihood of success on the merits, the court need not address the remaining factors.  See Ass'n to Preserve & Protect Livelihoods, 2024 WL 3088752, at *1 (noting that failure to show a likelihood of success on the merits is grounds to deny a motion to stay pending appeal).

   A.  Likelihood of Success

As the defendants point out, Melendez is unlikely to succeed on the merits of his appeal because an interlocutory order is not usually appealable and because the court's denial of his motion to supplement was not an abuse of discretion.  The court addresses the merits issues separately.

1. <u>Interlocutory Appeal</u>

In general, parties may not appeal before final judgment. 28 U.S.C. § 1291; <u>Coinbase, Inc. v. Bielski</u>, 599 U.S. 736, 140 (2023). For that reason, interlocutory appeals, those taken before final judgment, require an exception, which exists in certain circumstances, such as for appeals from decisions related to injunctions, related to receivers and receiverships, and in admiralty cases, § 1292(a), and when a district judge states in an order that an interlocutory appeal would "materially advance the ultimate termination of the litigation," § 1292(b). Jurisdiction also exists for immediate appeal under the collateral order doctrine when an order would "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment."[2] <u>Will v. Hallock</u>, 546 U.S. 345, 349 (2006) (internal quotation marks omitted); accord <u>Doe v. Mass. Inst. of Tech.</u>, 46 F.4th 61, 65 (1st Cir. 2022).

Melendez makes no argument that his interlocutory appeal falls within any exception to the final judgment rule, which would provide jurisdiction for his appeal. The court's decision denying Melendez's motion to supplement his complaint does not

---

[2] Other exceptions also exist in circumstances unrelated to this case.

fall into any exception to the final judgment rule or under the collateral order doctrine. For that reason, Melendez has not shown a strong likelihood or any likelihood that he will succeed on appeal.

    B.  <u>Merits</u>

In addition, Melendez has not shown a likelihood on the merits of his appeal. Melendez moved to "supplement" his complaint under Federal Rule of Civil Procedure 15(d) to add two defendants, an unnamed individual in the information technology department at the law school and the defendants' lead attorney in this case, and to add four additional causes of action. This motion was Melendez's fifth attempt to amend his complaint. The defendants objected to the motion.

Rule 15(d) allows the court to grant leave for a party to supplement a pleading to add "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." A motion to supplement under Rule 15(d) "may be denied where the referenced events occurred before the filing of the original complaint," where supplementation would cause undue delay, where supplementation would be futile, and where supplementation could cause undue prejudice to the opposing party. <u>U.S. ex rel. Gadbois v. PharMerica Corp.</u>, 809 F.3d 1, 7 (1st Cir. 2015). The magistrate judge recommended that the

5

district judge deny Melendez's motion because the supplemental claims were futile and because supplementation would cause undue prejudice to the defendants.  Doc. no. 60.  The undersigned district judge approved and adopted that recommendation.  Doc. no. 61.

In his objection to the report and recommendation, Melendez argued that he stated viable causes of action for intrusion, intentional infliction of emotional distress (against two defendants), and conspiracy.  He also argued briefly that his supplementation would not cause prejudice to the defendants.  Although the district judge understood that the objection was filed late, the court considered Melendez's objection and concluded that it did not change the outcome.

Melendez then moved for reconsideration, arguing that his objection was filed within the time allowed and that the report and recommendation was contrary to the applicable law.[3]  The court granted the motions for reconsideration to the extent Melendez argued that his objection was timely filed, but denied the motions to the extent they argued that the report and

---

[3] It appears that Melendez may have misunderstood the report and recommendation to recommend dismissal of the claims alleged in the Fourth Amended Complaint.  Instead, the report and recommendation addressed only the supplemental claims.  The Fourth Amended Complaint remains the applicable pleading in this case.

recommendation was contrary to the law.  End. Or. Sept. 10, 2024.

Because the court agreed with Melendez on the issue of the timeliness of his objection, that issue was resolved in his favor.  Melendez has not shown a likelihood that he will succeed on appeal to the extent he is challenging the denial of his motion to supplement.  As such, Melendez has not made the required showing to support a stay of this case pending appeal.

C.   Irreparable Harm, Injury to Other Parties, and Public Interest

As noted above, Melendez did not address any of the four factors necessary to support a stay pending appeal.  He does not contend that he will suffer irreparable harm absent a stay, and the court perceives no irreparable harm to Melendez in these circumstances.  Further, the remaining two factors, injury to the defendants and the public interest, do not support staying this case pending appeal, because a stay would delay resolution of Melendez's claims when he would suffer no irreparable harm from continuing the proceedings.

Because Melendez has not shown a likelihood of success on the merits of his appeal or that he would suffer irreparable harm absent a stay, he has not provided grounds to impose a stay pending appeal.

7

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion for a stay pending appeal (doc. no. 65) is denied.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

November 8, 2024

cc:  Michael Melendez, pro se
     Counsel of Record

8