UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Michael Melendez</u>

v.                                                                  Case No. 23-cv-00172-SM-TSM

<u>University of New Hampshire, et al.</u>

ORDER ON PARTIES' MOTIONS
<u>FOR SANCTIONS PURSUANT TO RULE 11</u>

Self-represented plaintiff Michael Melendez ("Melendez") was enrolled as a student at the University of New Hampshire's Franklin Pierce Law School ("UNH Law") from August 2020 to September 2023, when he was disenrolled from the program. On March 3, 2023, Melendez filed this action against the University of New Hampshire ("UNH") and three of its employees, asserting claims for violations of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and the Fourteenth Amendment to the Constitution. Following a number of amendments to the complaint in which Melendez added new defendants and new claims, this court issued a Report and Recommendation recommending the dismissal of all except for Melendez's claims for disability discrimination under the ADA and for violations of his right to procedural due process under the Fourteenth Amendment. The matter is before the undersigned magistrate judge for an order on the parties' motions for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (Doc. Nos. 50 and 51). After consideration of the parties' written submissions, and for all the reasons detailed herein, the court denies both motions.

## BACKGROUND

The instant motions for sanctions arose out of the circumstances surrounding Melendez's motion to supplement his Fourth Amended Complaint in March 2024. The facts relevant to that motion and the parties' decisions to pursue sanctions are described briefly as follows.

### *Facts Leading Up to Melendez's Motion to Supplement*

Melendez filed his initial complaint in this action on March 3, 2023. Doc. No. 1. He named UNH and three individuals as defendants and asserted seven claims. Id. Defendants filed a partial motion to dismiss on June 16, 2023, and on June 23, 2023, Melendez filed an assented-to motion to amend his complaint. Doc. Nos. 6 & 13. The court allowed plaintiff's motion to amend and denied defendants' motion to dismiss without prejudice. In his First Amended Complaint, Melendez named UNH and eight individuals as defendants and asserted six different causes of action. Doc. No. 15.

On September 22, 2023, defendants filed a motion to dismiss the First Amended Complaint. Doc. No. 19. Instead of filing an opposition, Melendez filed another motion for leave to amend his complaint. Doc. No. 24. On October 31, 2023, the court denied plaintiff's motion without prejudice on the grounds that the proposed complaint was excessively long and unnecessarily redundant, and gave Melendez until November 30, 2023, to file a renewed motion to amend his complaint. Melendez filed a third motion for leave to amend his complaint on November 29, 2023. Doc. No. 28.

Defendants opposed Melendez's motion on the grounds that the proposed amendments were futile and defendants would suffer undue prejudice if the court granted the motion. Doc. No. 29. On December 14, 2023, the court determined that defendants' arguments should be addressed in the context of a motion to dismiss pursuant to Fed. R. Civ. P. 12 so the parties would have a

2

greater opportunity to develop their arguments. Accordingly, it granted Melendez's motion to amend the complaint and denied defendants' motion to dismiss without prejudice. In his Third Amended Complaint, Melendez named UNH, nineteen individuals, and defense counsel's law firm, Morgan, Brown and Joy, LLP ("Morgan, Brown"), as defendants in the case and alleged twenty-nine separate causes of action. Doc. No. 30.

Defendants moved to dismiss the Third Amended Complaint with prejudice, and on January 10, 2024, Melendez filed an opposition to the motion. Doc. Nos. 32 & 35. On the same date, Melendez filed another motion to amend his complaint to eliminate certain claims and address certain "deficiencies" identified by defendants in their pending motion to dismiss. See Doc. Nos. 36 & 36-1. Defendants did not oppose the motion, although they reserved their right to refile their motion to dismiss following the filing of a Fourth Amended Complaint. Doc. No. 37.

Given defendants' position, the court allowed Melendez's motion to amend and denied defendants' motion to dismiss without prejudice. However, it cautioned plaintiff that the litigation "has been pending since March 3, 2023" and that any additional motions to amend would "be viewed with greater scrutiny." In his Fourth Amended Complaint, Melendez continued to name UNH, Morgan, Brown and nineteen individuals as defendants. Doc. No. 38. He also alleged eighteen separate causes of action. Id.

### *Melendez's Motion to Supplement His Complaint*

On February 2, 2024, defendants filed a motion to dismiss the Fourth Amended Complaint, and on February 16, 2024, Melendez filed an opposition to the motion. Doc. Nos. 39 & 41. On March 11, 2024, while the motion to dismiss remained pending, Melendez notified defendants' lead litigation counsel in this case, Gregory Manousos, Esq., of his intent to file a motion to supplement the Fourth Amended Complaint to add claims arising out of the unauthorized access

3

to, and subsequent deletion of, Melendez's UNH email account. See Doc. Nos. 42-3 at 1-2 and 42-2 at ¶¶ 282-312. He also provided Attorney Manousos with a copy of the proposed supplemental complaint. See Doc. No. 42-3 at 1. The parties exchanged emails regarding Melendez's proposed motion, which are described in detail in this court's Report and Recommendation on Plaintiff's Motion for Leave to Supplement Complaint and are incorporated herein by reference. See Doc. No. 60 at 10-11. Significantly, in his emails to Melendez regarding the proposed supplement, Attorney Manousos sought to convince Melendez why the factual allegations supporting the additional claims were refuted by the record and why the proposed supplemental complaint was meritless. See Doc. No. 42-3 at 2, 6-8. He also warned Melendez as follows:

> Should you proceed with the proposed Motion to [Supplement] and therefore present demonstrably false statements to the Court, UNH will oppose the Motion. In addition, because the proposed Motion is frivolous and not advanced in good faith, we will ask the Court to require you to pay UNH's attorney's fees in opposing this Motion and to issue other sanctions against you, as appropriate.

Id. at 6.

Melendez was unpersuaded by Attorney Manousos' arguments, and on March 18, 2023, he filed a Motion for Leave to Supplement Complaint ("Motion to Supplement"). Doc. No. 42. Therein, Melendez sought to supplement his Fourth Amended Complaint by asserting three additional claims based on the alleged facts that Attorney Manousos contested in his communications with plaintiff. He also sought to assert a fourth claim, against Attorney Manousos, based on the Attorney Manousos' efforts to dissuade Melendez from seeking to supplement his complaint.[1] In their instant motion, defendants argue that they are entitled to

---

[1] A full description of Melendez's proposed supplemental claims and the factual allegations supporting those claims can be found in the Report and Recommendation on Plaintiff's Motion for Leave to Supplement Complaint (Doc. No. 60).

4

sanctions because the claims contained in the Motion to Supplement were frivolous, caused undue delay, and imposed a significant burden on defendants and the court.

On April 1, 2024, Defendants filed an Opposition to Plaintiff's Motion for Leave to Supplement the Complaint ("Opposition"). Doc. No. 45. In their Opposition, defendants argued that the court should deny Melendez's Motion to Supplement because the proposed claims were futile and would cause defendants undue prejudice, and because Melendez failed to comply with Local Rule 7.1(c) before filing his motion. They also noted, in passing, that Melendez's proposed supplement was "harassing, frivolous, not advanced in good faith, and represents a further abuse of the legal process." Doc. No. 45 at 2. In a footnote to their Opposition, defendants stated that they "will be filing, under separate cover, a Motion for Sanctions in connection with Plaintiff's abuse of process and bad faith litigation tactics." Id. at 2 n.1.

Although defendants did not file their present motion for sanctions until April 29, 2024, in the Conclusion to their Opposition, they requested the following ruling:

> For the reasons set forth above, Defendants respectfully request that Plaintiff's Motion to Supplement the Complaint be denied, especially considering the Court's statement that further motions to amend would be viewed with greater scrutiny, and Plaintiff's case be dismissed in its entirety[.] *Defendants further request that the Court award its fees and such other relief as the Court deems appropriate.*

Id. at 15 (emphasis added). In his motion for sanctions, Melendez argues that this request constituted an improper motion for sanctions that violated Fed. R. Civ. P. 11.

### *The Parties' Motions for Sanctions*

On April 2, 2024, one day after defendants filed their Opposition, Melendez contacted Attorney Manousos, pursuant to Local Rule 7.1(c),[2] to inform him of his intent to file a motion for

---

[2] Local Rule 7.1(c) provides in relevant part: "Any party filing a motion other than a dispositive motion shall certify to the court that a good faith attempt has been made to obtain concurrence in the relief sought."

5

sanctions in accordance with Rule 11 and to provide him with a copy of the proposed motion. Doc. No. 50-2 at 1.  Subsequently, on April 8, 2024, defendants provided Melendez with a copy of their own proposed motion for sanctions.  See Doc. No. 50-3 at 3.  In an accompanying email, defendants informed plaintiff that they intended to file the motion on April 29, 2024, unless Melendez withdrew or "appropriately amended" his Motion to Supplement.  Id.

On April 25, 2024, Melendez filed the pending Rule 11 Motion for Sanctions against Attorney Manousos, his co-counsel, Jeffrey T. Collins, Esq.,[3] and defense counsel's law firm, Morgan, Brown.  In support of his motion, Melendez argues that sanctions are warranted under Rule 11 because "Defendants knowingly filed a frivolous motion for sanctions under the 'Conclusion' of their April 1, 2024 [Opposition]," Doc. No. 50-1 at ¶ 12, defendants' counsel relied on unauthorized discovery material to dispute the facts alleged in support of Melendez's supplemental claims, and Attorneys Manousos and Collins failed to withdraw the April 1, 2024, request for sanctions after acknowledging that it was improper.  See generally Doc. No. 50-1. Melendez requests that the court grant his motion and impose whatever sanctions the court "deems appropriate."  Id. at ¶ 52.

Defendants filed their pending motion for Rule 11 sanctions against Melendez on April 29, 2024.  Defendants argue that they are entitled to sanctions because the claims contained in the Motion to Supplement were frivolous, caused undue delay, and imposed a significant burden on defendants and the court.  Doc. No. 51-1 at 2.  They also argue that "despite being provided with objective evidence that his proposed amended claims relating to a minor email glitch were in fact not grounded in fact, Plaintiff nevertheless furthered his frivolous and bad faith litigation tactics

---

[3] On June 10, 2024, Attorney Collins withdrew his appearance in the case and was terminated as counsel for defendants.  See Doc. No. 58.

6

by adding [Attorney Manousos] as an additional Defendant and adding an additional claim related to [him]." Id. Pursuant to Rule 11, defendants request an order requiring Melendez to pay for the reasonable attorney's fees they incurred in connection with their Opposition to the Motion to Supplement, and "prohibiting Plaintiff from filing any further motions seeking to amend his Complaint, or any other frivolous pleadings, without first seeking and obtaining leave of this Court." Doc. No. 51 at 2-3.

## LEGAL STANDARD

Both parties move for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. "Rule 11 permits a court to impose sanctions on a party or lawyer for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose. CQ Int'l Co., Inc. v. Rochem Int'l, Inc., USA, 659 F.3d 53, 60 (1st Cir. 2011) (citing Fed. R. Civ. P. 11(b)). "A claim is frivolous when it is 'either not well-grounded in fact or unwarranted by existing law or a good faith argument for an extension, modification or reversal of existing law.'" In re Ames, 993 F.3d 27, 34 (1st Cir. 2021) (quoting Cruz v. Savage, 896 F.2d 626, 632 (1st Cir. 1990)). In determining whether a Rule 11 violation occurred, "a court generally must use an objective standard, asking what is reasonable under the circumstances. Factors to be considered include 'the complexity of the subject matter, the party's familiarity with it, the time available for inquiry, and the ease (or difficulty) of access to the requisite information.'" Id. (internal citation omitted) (quoting Navarro-Ayala v. Nunez, 968 F.2d 1421, 1425 (1st Cir. 1992)). Ordinarily, "some degree of fault is required, but the fault need not be a wicked or subjectively reckless state of mind; rather an individual must, at the very least, be culpably careless to commit a violation." Id. at 34-35 (internal quotation marks omitted) (quoting Roger Edwards, LLC v. Fiddes & Son Ltd., 437 F.3d 140, 142 (1st Cir. 2006)). "The mere fact that a claim ultimately proves unavailing,

without more, cannot support the imposition of Rule 11 sanctions." CQ Int'l Co., 659 F.3d at 60 (alteration omitted) (quoting Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P., 171 F.3d 52, 58 (1st Cir. 1999)).

Significantly, Melendez's status as a self-represented party does not render him immune from Rule 11 sanctions. Vizcaino v. Isaac, No. 15-11565-LTS, 2016 WL 1163652, at *5 (D. Mass. Feb. 12, 2016); see also Bone v. Hadco Corp., No. CIV 00-293-JD, 2001 WL 531531, at *3 (D.N.H. May 10, 2001) (noting that "[p]ro se parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure" and putting self-represented plaintiff on notice of his obligations under Rule 11). The Rule "appl[ies] to anyone who signs a pleading, motion, or other paper" and "the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings[.]" Vizcaino, 2016 WL 1163652, at *5 (quoting Vizvary v. Vignati, 134 F.R.D. 28, 31 (D.R.I. 1990)). Nevertheless, "the court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations." Id. (quoting Vizvary, 134 F.R.D. at 31). Where, as here, a party seeks sanctions against a self-represented litigant, "the objective standard to be applied regarding Rule 11 asks what a reasonable person in the *pro se* litigant's position would have done. Arguments that a lawyer should or would recognize as groundless may not seem so to the *pro se* litigant." Id. (internal citation omitted) (quoting Vizvary, 134 F.R.D. at 31).

## DISCUSSION

### I.    Plaintiff's Motion for Sanctions

As described above, Melendez moves for Rule 11 sanctions against Attorney Manousos, Attorney Collins, and Morgan, Brown on the grounds that they filed "an improper and frivolous Motion for Sanctions on April 1, 2024," when they asked the court to award defendants attorney's

fees and other appropriate relief in the "Conclusion" of defendants' Opposition to plaintiff's Motion to Supplement. Doc. No. 50 at 1; Doc. No. 50-1 at ¶ 12. However, plaintiff's motion is based on the mistaken premise that the Opposition constituted a formal motion for sanctions. Although defendants included a passing request for attorney's fees in their Opposition, they did not move for sanctions or otherwise indicate that they were seeking relief pursuant to Rule 11. Nor did the court interpret the Opposition as a motion for affirmative relief. Rather, in their Opposition, defendants stated that they "will be filing, under separate cover, a Motion for Sanctions in connection with Plaintiff's abuse of process and bad faith litigation tactics." Doc. No. 45 at 2 n.1. The record demonstrates that defendants subsequently provided Melendez with specific notice and a copy of Defendants' Motion for Sanctions on April 8, 2024, and filed that motion with the court on April 29, 2024. See Doc. No. 50-3 at 3; Doc. No. 51. In short, there is no basis for Melendez's characterization of the Opposition as a Rule 11 motion for sanctions, much less an improper and frivolous motion for sanctions.

      Melendez attempts to dispute any such conclusion by arguing that defendants' present Motion for Sanctions is a "second motion for sanctions in accordance with Rule 11[,]" which defense counsel drafted after they "became aware that their April 1, 2024 motion[ ] for sanctions was improper[.]" See Doc. No. 50-1 at ¶¶ 34-38. However, this argument is belied by defendants' statement, in their April 1, 2024, Opposition, that they planned to file a separate Motion for Sanctions, and by the title and substance of the Opposition, which are directed at opposing Melendez's Motion to Supplement and make no mention of Rule 11. Moreover, under Rule 11, "[a] motion for sanctions must be made separately from any other motion[,]" "must describe the specific conduct that allegedly violates Rule 11(b)[,]" and must be served upon the opposing party at least 21 days prior to filing with the court. Fed. R. Civ. P. 11(c)(2). Defendants' actions in filing

a separate motion for sanctions against Melendez pursuant to Rule 11, providing Melendez with advance notice of their intent to file the motion on April 8, 2024, and waiting until April 29, 2024, to file their motion with the court demonstrates that they were aware of the procedural requirements for filing a motion for sanctions under Rule 11 and were not attempting to pursue Rule 11 sanctions as part of the Opposition to the Motion to Supplement. Accordingly, Melendez has not shown that there is any basis for an award of sanctions against defendants' counsel.

Finally, in his motion for sanctions, Melendez argues that Attorney Manousos improperly relied on "unauthorized discovery" material to dispute the facts alleged in support of his Motion to Supplement. Specifically, Melendez asserts that Attorney Manousos violated Rule 26(d) of the Federal Rules of Civil Procedure and acted "unethically" by investigating the facts underlying Melendez's claims and relying on those facts to support the Opposition prior to the start of formal discovery in the case. See Doc. No. 50-1 at ¶¶ 22-32. This argument is unpersuasive and does not support an award of sanctions.

Rule 26(d) provides in relevant part that "[a] party may not seek discovery from any source before the parties have conferred" regarding a plan to complete discovery. Fed. R. Civ. P. 26(d)(1). However, the term "discovery," as used in Rule 26(d), refers to formal discovery requests rather than informal discovery such as interviews of potential witnesses and informal investigations of underlying facts. See Fed. R. Civ. P. 26(d), Advisory Committee Notes to 1993 Amendment (explaining that subdivision (d) was revised "to provide that formal discovery – as distinguished from interviews of potential witnesses and other informal discovery – not commence until the parties have met and conferred as required by subdivision (f)."); Am. Bank v. City of Menasha, 627 F.3d 261, 265 (7th Cir. 2010) (Noting that "[t]he word 'discovery' is not a synonym for investigation[,]" and explaining that informal investigatory activities such as talking to clients and

10

witnesses, reading newspaper accounts, and accessing online resources are not typically considered "discovery"); Redus v. CSPH, INC., No. 3:15-2364-M, 2017 WL 2079807, at *6 (N.D.Tex. May 15, 2017) ("[T]he term 'discovery as it is generally used in Federal Rules of Civil Procedure 26 through 37 does not generally include informally investigating facts and issues by contacting potential witnesses who are free to ignore the communication if they elect to do so, as opposed to formal discovery requests that are expressly governed by a Federal Rule and to which a party is legally required to comply."). Because there is no indication that Attorney Manousos engaged in any formal, as opposed to informal, discovery, the record does not support Melendez's assertion that defense counsel violated Rule 26(d) or otherwise acted improperly by investigating the factual basis for plaintiff's proposed supplemental claims. For this reason as well, plaintiff's motion for sanctions is denied.

## II.     Defendants' Motion for Sanctions

Defendants also move for Rule 11 sanctions against Melendez on the grounds that he filed a frivolous Motion to Supplement, even after defense counsel presented him with factual evidence demonstrating why his proposed claims were baseless. See Doc. No. 51-1 at 9-13. Melendez argues that this motion should be denied because defendants failed to comply with the 21-day notice requirement set forth in Rule 11(c)(2), the Motion to Supplement contained sufficient factual allegations to support the proposed supplemental claims, and defendants rely on unauthorized discovery to support their motion for sanctions. For the reasons described above, defendants' reliance on evidence that they obtained as part of their own investigation of the facts relating to Melendez's supplemental claims was not improper. Accordingly, this court turns to the remaining issues raised by the parties.

11

### A. Whether defendants complied with Rule 11's notice requirement

A threshold issue raised by Melendez's opposition to defendants' motion is whether defendants complied with Rule 11's notice requirement. As indicated above, a party moving for sanctions under Rule 11 must adhere to certain procedural requirements. "The motion '<u>must</u> be made separately from any other,' and it '<u>must</u> be served [on the offending attorney or unrepresented party] under [Federal Rule of Civil Procedure] 5, but it <u>must not be filed or be presented to the court</u> if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.'"[4] <u>Triantos v. Guaetta & Benson, LLC</u>, 91 F.4th 556, 561 (1st Cir. 2024) (alterations and emphasis in original) (quoting Fed. R. Civ. P. 11(c)(2)). The purpose of these provisions is to provide a "safe harbor" that allows a party accused of sanctionable conduct "'to privately withdraw a questionable contention without fear that the withdrawal will be viewed by the court as an admission of a Rule 11 violation.'" <u>Id.</u> (quoting <u>Young v. City of Providence ex rel. Napolitano</u>, 404 F.3d 33, 39 (1st Cir. 2005)). The parties dispute whether defendants satisfied these requirements or whether they filed their motion for sanctions one day too soon.

On April 8, 2024, defendants served Melendez with a copy of their proposed motion for Rule 11 sanctions, along with an email informing plaintiff of their intent to file the motion on April 29, 2024, unless Melendez withdrew or "appropriately amended" his Motion to Supplement. <u>See</u> Doc. No. 50-3 at 3. On April 29, 2024, 21 days after service, defendants filed their motion for sanctions with the court. <u>See</u> Doc. No. 51. Nevertheless, Melendez argues that defendants failed to comply with the safe harbor provision of Rule 11 because April 29, 2024, was the twenty-first

---

[4] Rule 5 of the Federal Rules of Civil Procedure sets forth the procedures for serving and filing pleadings and other papers.

day after the date of service and should have been included as part of the notice period. Doc. No. 56-1 at ¶¶ 9-10. Specifically, Melendez argues that under Rule 6 of the Federal Rules of Civil Procedure, which applies to the computation of any time period specified in the Rules, a party must "exclude the day of the event that triggers the period" and "include the last day of the period . . . ." Id. at ¶ 7 (quoting Fed. R. Civ. P. 6(a)(1)(A) & (C)). He further argues that by filing their motion on April 29, 2024, 21 days after the date of service, defendants failed to provide him with the full 21-day safe harbor period required under Rule 11. Id. at ¶ 10. In other words, he contends that they filed their motion one day too soon and that defendants' motion for sanctions should be denied on this basis.

It is unclear whether Melendez's argument is sufficient to defeat defendants' motion for sanctions. On the one hand, the procedural requirements of Rule 11 "are mandatory rather than suggested" and defendants filed their motion for sanctions before the expiration of the full 21-day safe harbor period. See Triantos, 91 F.4th at 561. On the other hand, there can be no question that defendants "attempt[ed] to comply with the requirements of the safe-harbor provisions" and Melendez had no intention of withdrawing or amending his Motion to Supplement. See id. at 563 (citation omitted) (concluding that sanctions order could not stand where parties seeking sanctions made no attempt to comply with the safe harbor provisions of Rule 11, district court failed to grapple with those requirements, and allowing sanctions order to stand would undermine the objectives of Rule 11). This court concludes that it is unnecessary to resolve this question because even if the court were to determine that defendants satisfied Rule 11's procedural requirements, it would still deny their motion for sanctions on the merits.

B. <u>Whether sanctions are warranted</u>

The record demonstrates that in his communications with Melendez regarding the proposed Motion to Supplement, Attorney Manousos presented Melendez with specific evidence showing why his proposed claims lacked merit. In particular, he provided Melendez with information explaining why plaintiff was incorrect to conclude that his UNH email account had been accessed without authorization. <u>See</u> Doc. Nos. 50-2 at 5-6 and 50-3 at ¶¶ 2-7. He also provided Melendez with the means to confirm that his UNH email account remained active and that his factual allegations regarding the deletion of his account were inaccurate. <u>See</u> Doc. No. 50-2 at 3-5. Additionally, Attorney Manousos warned Melendez that defendants would seek sanctions if plaintiff proceeded to "present demonstrably false statements to the Court" by filing his Motion to Supplement. <u>Id.</u> at 5. Melendez filed his Motion to Supplement despite the evidence and warning he received from Attorney Manousos. Thus, the record indicates that his Motion to Supplement lacked a sufficient factual basis to support the proposed claims. <u>See</u> <u>Ryan v. Clemente</u>, 901 F.2d 177, 179-80 (1st Cir. 1990) (upholding sanctions based on allegations that state officials failed to investigate an illegal scheme despite evidence to the contrary).

Nevertheless, this court finds that the circumstances presented in this case weigh against the imposition of sanctions at this stage in the litigation. As an initial matter, courts have shown reluctance to impose sanctions in the form of an award of attorneys' fees against pro se litigants. <u>See, e.g.</u>, <u>Triantos</u>, 91 F.4th at 562-63 (considering plaintiff's pro se status in connection with a determination that plaintiff did not waive his procedural objections to a sanctions order directing him to pay attorneys' fees and costs by failing to raise those objections in his opening brief on appeal); <u>Johnson v. Continental Airlines Corp.</u>, No. 03-11992-PBS, 2008 WL 11510809, at *4 (D. Mass. Feb. 22, 2008) (declining to impose sanctions against self-represented plaintiff that would

14

have required him to pay legal fees and costs incurred by defendants in connection with one of plaintiff's motions despite plaintiff's continuous filing of frivolous pleadings following dismissal of his lawsuit); Bone, 2001 WL 531531, at *3 ("because of the plaintiff's pro se status, the court is reluctant to impose the sanction of an award of attorneys' fees against the plaintiff at this time."). Moreover, courts appear more inclined to impose sanctions upon a self-represented party where the party engaged in a pattern of frivolous filings or improper litigation tactics, and where the court issued a prior warning regarding the offending behavior. See Orekoya v. Rainer, No. 13-11964-NMG, 2013 WL 4828249, at **2-3 (D. Mass. Sept. 6, 2013) (imposing one thousand dollar sanction upon plaintiff for engaging in a pattern of vexatious filings despite prior warning from the court that he could be subject to sanctions for such behavior); Johnson, 2008 WL 11510809, at **1, 4 (finding that defendant's request to enjoin plaintiff from further filings was justified under circumstances where the court previously warned plaintiff that it "has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation[,]" and plaintiff continued to file numerous pleadings after dismissal of the action). In the instant case, Melendez obtained the court's permission or defendants' consent before filing each of his prior motions to amend his complaint, and there is no indication that any of those filings were frivolous or improper. Nor has the court ever warned Melendez that further efforts to amend or supplement his complaint could result in sanctions. Furthermore, Melendez's arguments regarding defendants' use of "unauthorized discovery" material to dispute the facts alleged in his Motion to Supplement suggest that plaintiff may have misunderstood the significance of the evidence presented by Attorney

15

Manousos, including the ability of that evidence to undermine his proposed supplemental claims. Accordingly, this court finds that sanctions are not warranted.[5]

This court also finds that sanctions are unwarranted due to the unique circumstances surrounding plaintiff's mental health. Melendez alleges that he suffers from a number of mental health disorders, including combat-related post-traumatic stress disorder, insomnia, paranoia, major depressive disorder, and attention deficit hyperactivity disorder. Fourth Amended Complaint (Doc. No. 38) at ¶ 28. He further alleges that the Department of Veteran's Affairs and the Social Security Administration each rated him 100% disabled, and that the aggravation of his symptoms can render him mentally incapable of completing social, work-related, or other necessary tasks. Id. at ¶¶ 29, 59. Although it is unclear whether and to what extent Melendez's mental health conditions have impacted him in the context of this litigation, the nature of his alleged condition further convinces the court that sanctions are inappropriate at this stage in the proceedings. For this reason as well, defendants' motion for sanctions is denied. However, Melendez is cautioned that "by signing pleadings filed in this court, all parties certify to the court their reasonable belief that their pleadings are filed with a proper purpose, that their claims and defenses are warranted, and that their allegations and denials of allegations have evidentiary support." Bone, 2001 WL 531531, at *3 (citing Fed. R. Civ. P. 11(b)). Any violations of Rule 11(b) in this case may result in sanctions against the offending party.

---

[5] To the extent defendants request sanctions in the form of an order "prohibiting Plaintiff from filing any further motions seeking to amend his Complaint, or any other frivolous pleadings, without first seeking and obtaining leave of this Court[,]" their motion is unnecessary. See Doc. No. 51 at 3. At this stage in the litigation, Melendez must obtain the court's permission before amending or supplementing his complaint. Additionally, any future filing of frivolous pleadings could subject Melendez to sanctions under Rule 11.

## CONCLUSION

For the foregoing reasons, Plaintiff's Rule 11 Motion for Sanctions (Doc. No. 50) and Defendants' Motion for Sanctions (Doc. No. 51) are denied.

**SO ORDERED**.

                                                  Talesha L. Saint-Marc
                                                  United States Magistrate Judge

January 6, 2025

cc:      Michael Melendez, pro se
         Counsel of record