UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Michael Melendez</u>

    v.                                                 Case No. 23-cv-172-SM-TSM

<u>University of New Hampshire, et al.</u>

### O R D E R

    Michael Melendez, proceeding pro se, brings claims against the University of New Hampshire and its employees, alleging violations of the Americans with Disabilities Act, the Rehabilitation Act, and the Fourteenth Amendment. Melendez moves to disqualify defendants' counsel, Gregory A. Manousos, and to strike defendants' filings, asserting that Attorney Manousos is not a member of this court's bar and cannot practice here in the absence of local counsel. In response, Manousos provided his affidavit that demonstrates he was admitted to the New Hampshire bar in June 2024, when local counsel withdrew. Doc. nos. 89 & 89-1.

    Melendez's challenge to Manousos's status arises from the following circumstances. At the beginning of the case, which was filed in March of 2023, Manousos represented defendants under pro hac vice status, as a member in good standing of the bars in several states and the bars of United States District Courts in other districts. Doc. no. 4; End. or., June 16, 2023. Jeffrey T. Collins served as local counsel. Collins withdrew

after Manousos was admitted to the New Hampshire bar.  Doc. nos. 58, 89-1.  Thereafter, Manousos made filings on defendants' behalf with a Court of Appeals bar number but not his New Hampshire bar number.[1]  Doc. nos. 69, 75, and 79.  After Melendez moved to disqualify him for not being a member of the bar of this court, Manousos began including his New Hampshire bar number on filings.  Doc. nos. 89 and 90.

Manousos represents in his affidavit that he is a member of the New Hampshire bar, which is the first step to admission to the bar of this court, and he provided New Hampshire bar number 278303.  See LR 83.1.  Melendez provides no evidence to dispute that representation.  Manousos, however, does not represent or otherwise demonstrate that he has been sworn in to the bar of this court.

Melendez moved to have Manousus disqualified from representing defendants in this case and to have all filings made by Manousus on defendants' behalf stricken because Manousos did not provide "a district court bar number."  Doc. no. 83.  In that respect, Melendez is correct.  Manousos did not address his

---

[1] Melendez filed notice of an interlocutory appeal on October 9, 2024, and Manousos's first filing since Collins's withdrawal was on October 21, 2024, after the notice of appeal. Manousos may have confused the bar number he was using for purposes of Melendez's interlocutory appeal with his New Hampshire bar number in this case.  As such, Manousos's errors have helped to create the issue about his bar status.

2

membership in this court's bar in his objection to Melendez's motion, which may have perpetuated the problem.  Nevertheless, the court is satisfied, based on the court's administrative record, that Manousos is a member of the bar of this court, having been sworn in on June 4, 2024.

Therefore, Melendez raised an appropriate issue pertaining to Manousos's bar membership, which has been addressed and corrected.[2]

## Conclusion

For the foregoing reasons, plaintiff's motions to disqualify and strike (doc. nos. 83, 84, 85, 86, 87, 91, and 92) and motion for a hearing (doc. no. 93) are denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 30, 2025

cc: Michael Melendez, pro se
    Counsel of record

---

[2] Defendants state in their objection that they will move for sanctions against Melendez for filing the motions related to Manousos's bar membership.  Given the circumstances, sanctions do not appear to be warranted.

3