UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Michael Melendez</u>

    v.

<u>University of New Hampshire, et al.</u>

Case No. 23-cv-172-SM-TSM
Opinion No. 2024 DNH 024

O R D E R

Michael Melendez, proceeding pro se, brings claims against the University of New Hampshire and its employees, alleging violations of the Americans with Disabilities Act, the Rehabilitation Act, and the Fourteenth Amendment. The court previously approved the magistrate judge's report and recommendation to dismiss all but two of Melendez's claims.[1] Doc. no. 100. In addition to objecting to the report and recommendation, Melendez moved to amend his complaint, which motion is addressed in this order. Melendez also moves for reconsideration of the court's order denying his motions to disqualify defendants' counsel, to strike defendants' filings, and for a hearing on those motions, and moves to strike

---

[1] Melendez moved for "reconsideration" of the magistrate judge's report and recommendation, which was construed as an objection to the report and recommendation, based on his citation to Federal Rule of Civil Procedure 72, and was considered by the court. For that reason, the motion for reconsideration, document no. 78, is terminated.

defendants' objection to his motion for reconsideration.  For the reasons that follow, Melendez's motions are denied.

    A.   <u>Motion to Amend Complaint (doc. no. 77)</u>

Melendez filed his initial complaint in this case on March 3, 2023. In response to the defendants' motion to dismiss the claims, Melendez moved to amend, which was granted.  End. Or. July 19, 2023.  Melendez filed his first amended complaint on July 19, 2023.

When the defendants moved to dismiss that complaint, Melendez moved to amend, which the magistrate judge denied without prejudice to allow Melendez an opportunity to file a motion to amend with a more focused amended complaint.  End. Or. Oct. 31, 2023.  The court then allowed Melendez to file an amended complaint (docketed as the Third Amended Complaint). End. Or Dec. 14, 2023.  The defendants again moved to dismiss, and Melendez moved to amend the complaint.  Doc. no. 36.  That motion to amend was also granted, and the Fourth Amended Complaint was filed the same day.  End. Or. Jan. 25, 2024; doc. no. 38.

The defendants moved to dismiss the Fourth Amended Complaint, and Melendez moved to "supplement" the complaint with a Fifth Amended Complaint.  Doc. no. 42.  The defendants

2

objected due to the futility of Melendez's claims. The magistrate judge recommended that the motion to supplement be denied. Doc. no. 60. The court approved the report and recommendation and then granted in part (as to the timeliness of Melendez's objection) and otherwise denied motion for reconsideration. Doc. no. 61; End. Or. July 31, 2024; End. Or. Sept. 10, 2024.

Melendez filed an interlocutory appeal of the order denying his motion to supplement and moved to stay the case pending appeal. Doc. nos. 65 & 66. The court denied the motion to stay. Doc. no. 72. The magistrate judge issued a report and recommendation in response to the defendants' pending motion to dismiss (doc. no. 39) recommending that the court dismiss all but two of Melendez's claims. Doc. no. 74. The court has approved the report and recommendation, leaving just two claims, Counts 1 and 14.

In his pending motion to amend, Melendez proposes an amended complaint, which he titles "Sixth Amended Complaint," that recasts his claims, including the 16 claims that have been dismissed, in slightly different forms based on the same facts. For the reasons given in the report and recommendation (document no. 74) and the defendants' objection (doc. no. 90), the dismissed claims lack merit and would be futile to revive

through an amended complaint. Therefore, the motion to amend (document no. 77) is denied.

    B.  <u>Motion to Reconsider Order Denying Melendez's Motions to Disqualify, to Strike, and for a Hearing (doc. no. 101)</u>

Melendez noted that defendants' counsel, Attorney Gregory A. Manousos, did not include his New Hampshire bar number in filings made after local counsel withdrew in this case. As a result, Melendez moved to strike every filing and moved to disqualify Manousos from representing the defendants in this case. The court determined that Manousos is a member of the New Hampshire bar and has been sworn in to this court, but, through an apparent oversight, Manousos had not included his New Hampshire bar number in filings made on behalf of the defendants. For that reason, the court denied Melendez's motions to disqualify Manousos and to strike filings made by him. Doc. no. 98. The court also denied Melendez's motion for a hearing on his motions. <u>Id.</u>

Melendez moves for reconsideration on grounds that the order violates Local Rule 7.1(a), that the order violates Melendez's First Amendment right to petition the court, and because the court has demonstrated bias against Melendez. "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." <u>Salmon v. Lang</u>, 57

F.4th 296, 323 (1st Cir. 2022) (internal quotation marks omitted). To succeed on a motion to reconsider an interlocutory order, the moving party must "demonstrate that the order was based on a manifest error of fact or law." LR 7.2(d). Melendez has not demonstrated manifest error.

### 1. Local Rule 7.1(a)

Melendez contends that the court's order violates LR 7.1(a) because defendants filed a single objection to several of his motions in document no. 90. LR 7.1(a), however, states: "Objections to pending motions and affirmative motions for relief shall not be combined in one filing." The rule does not preclude filing a single objection to several pending motions, as the defendants did. Therefore, Melendez has shown no error.

### 2. First Amendment Right to Petition the Court

"[T]he [First Amendment] Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." Borough of Duryea, Pa. v. Guarnieri, 564 U.S. 379, 387 (2011). Melendez contends that the court violated the Petition Clause by not expressly addressing his challenges to defendants' filings based on LR 7.1(a) and Federal Rule of Civil Procedure 11. Even if

the Petition Clause applied in these circumstances, which Melendez has not demonstrated, he is mistaken that the court did not consider those issues and resolve them on the merits – defendants did not violate LR 7.1(a) and Attorney Manousos did not violate Rule 11. No constitutional violation occurred.[2]

### 3. Bias

Melendez also contends that the court's order demonstrates bias against him because the court did not resolve the merits of his motions to strike and did not hold a hearing on his motions. Contrary to Melendez's view, the court did consider and resolve the merits of his motions to strike and determined that Melendez had not demonstrated grounds to strike defendants' filings. Under the circumstances presented, there was no need for a hearing or oral argument on the motions, see LR 7.2(d), and for that reason the court denied Melendez's motion for a hearing. Melendez has not shown any ground to support a claim of bias.

### C. Motion to Strike (doc. no. 103)

Most recently, Melendez moved to strike defendants' objection to his motion for reconsideration under Federal Rule

---

[2] To the extent Melendez believes the Petition Clause gives him a right to have the court expressly address every issue he raises, despite a lack of merit, he is mistaken.

of Civil Procedure 11, arguing that it causes unnecessary delay and was intended to harass him by raising the possibility of sanctions.  He is again mistaken.  Defendants are entitled to object to his motion for reconsideration.  If defendants move for sanctions, which the court suggests may not be appropriate at this particular stage in the case, Melendez will have an opportunity to respond.

Melendez has provided no ground to strike defendants' objection to his motion for reconsideration.

## Conclusion

For these reasons, plaintiff's motions to amend, for reconsideration, and to strike (doc. nos. 77, 101, and 103) are denied.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

February 25, 2025

cc:  Michael Melendez, pro se
     Counsel of Record