UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>MELENDEZ, MICHAEL (Pro Se)</u>

vs.     CIVIL ACTION NO. 2023-CV-00172SM

<u>UNIVERSITY OF NEW HAMPSHIRE; Et. Al.</u>

## PLAINTIFF'S MOTION TO RECUSE
## MAGISTRATE SAINT-MARCS

Plaintiff Melendez, pro se, respectfully requests the Court recuse Magistrate Talitha Saint-Marcs in accordance with 28 U.S. Code § 455, as Magistrate Talitha Saint-Marcs' impartiality is reasonably questioned.

## LEGAL REVIEW

Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S. Code § 455(a).

The very purpose of [28 U.S. Code § 455(a)] is to promote confidence in the judiciary by avoiding **even the appearance** of impropriety whenever possible. […] Thus, it is critically important in a case of this kind to identify the facts that might reasonably cause an objective observer to question [a magistrate's] impartiality.

*Liljeberg v. Health Svcs. Acq. Corp.*, 486 U.S. 847, 865 (1988) (citations omitted) (emphasis added).

"A *pro se* document is [to]be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

1

## ARGUMENT

Magistrate Saint-Marcs' impartiality is reasonably questioned as Saint-Marcs intentionally denied Plaintiff's equal right to: 1) Court access; and 2) seek redress with a federal district judge, violating Plaintiff's equal protection of the law.

**Law Review – First Amendment**

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

U.S. Const. amend. I

"No person shall be […] deprived of life, liberty, or property, without due process of law […] compensation." U.S. CONST. amend. V.

"A written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing[.]" Fed. R. Civ. P. 6(c)(1).

> A party may serve and file objections to the order within 14 days after being served with a copy. […] The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

### Equal Access

Magistrate Saint-Marcs denied Plaintiff equal access to Court by violating Rule 6(c).

**Rule 6(c) Violation**

The Court's June 6, 2025 Order provided Plaintiff's initial notice of the June 16, 2025 hearing. Court's June 6, 2025 Order.

The Court's June 6, 2025 Order provided less than the minimum 14-day notice of a

hearing. See Rule 6(c)(1).

The Court's June 6, 2025 Order of the June 16, 2025 hearing violated FRCP Rule 6(c)(1) and denied Plaintiff's equal protection of the law.

**Rule 6(c) Intentional**

On June 16, 2025, Plaintiff Melendez filed a Motion for Reconsideration regarding the Rule 6(c) violation. Dkt. 113.

On June 26, 2025, Magistrate Saint-Marcs denied Plaintiff's objection regarding the timeframe of Rule 6(c). See June 27, 2025 Order.

In attempts to justify the denial of the minimum requirement of Rule 6(c), Magistrate Saint-Marcs states, "The court acted well within its inherent authority to schedule the informal discovery conference at its own convenience." See June 27, 2025 Order.

Magistrate Saint-Marcs order allows "convenience" as justification to violate Plaintiff's statutory 14-day protection of Rule 6(c). See June 27, 2025 Order.

Magistrate Saint-Marcs' attempting to provide justification of the violation of Rule 6(c) demonstrates Magistrate Saint-Marcs' violation of Plaintiff's rights was intentional.

**Redress with Federal Judge**

Magistrate Saint-Marcs denied Plaintiff's equal right to seek redress with a federal district judge regarding the Rule 6(c) violation by: 1) intentionally violating Rule 72; and 2) Knowingly misleading the Court.

**Intentionally Violated Rule 72**

On June 16, 2025, Plaintiff Melendez filed a Rule 72 Motion for Reconsideration regarding the Court's June 6, 2025 Order. Dkt. 113.

On July 11, 2025, Plaintiff Melendez filed a Rule 72 Motion for Reconsideration regarding the Court's June 27, 2025 Order. Dkt. 116.

Per Rule 72, both of Plaintiff's Motions for Reconsideration (Dkts. 113; 116) must have been considered by the "district judge." See Rule 72.

Plaintiff's Motions for Reconsideration (Dkts. 113; 116) were reviewed and signed by Magistrate Talitha Saint-Marcs. Court's June 27, 2025 Order; July 7, 2025 First Order.

Magistrate Saint-Marcs' June 27, 2025 and July 7, 2025 orders denied Plaintiff's equal protection of Rule 72, to seek redress directly with the district judge, violating Plaintiff's Fifth Amendment right.

Magistrate Saint-Marcs' intention to violate Rule 72 is demonstrated by Saint-Marcs' signature on both Rule 72 Orders (June 27, 2025; July 7, 2025).

**Misleading**

On June 16, 2025 Plaintiff filed a Rule 72 Motion for Reconsideration regarding the June 16, 2025 hearing. Dkt. 113.

On July 2, 2025 Plaintiff filed a Rule 72 Reply regarding the June 16, 2025 hearing. Dkt. 115.

Per Rule 72, Plaintiff's Motion for Reconsideration (Dkt. 113) and Reply (Dkt. 115) are to be considered by the District Court Judge. See Rule 72.

4

On July 7, 2025, Magistrate Saint-Marcs states Plaintiff "failed to file any documents or other materials by the deadline [July 3, 2025]." Court's July 7, 2025 Second Order.

As of August 11, 2025, the District Judge has yet to consider Plaintiff's Motion for Reconsideration (Dkt. 113) or Reply (Dkt. 115). See entire record.

Magistrate Saint-Marcs stating that Plaintiff "failed to file any documents or other materials by the deadline" is misleading as it is contradicted by Plaintiff's currently pending filings (Dkts. 113; 115), and denies Plaintiff the right to seek redress directly with the District judge, violating Plaintiff's Fifth Amendment right.

**Knowingly**

On July 7, 2025, Magistrate Saint-Marcs issued two separate orders. See July 7, 2025 Record.

Magistrate Saint-Marcs' first order on July 7, 2025 makes the following statements:

> On July 2, 2025, plaintiff filed a document (Doc. No. 115) that was construed as a Motion to add a "reply" to defendants' Doc. No. 114 Objection. The newly filed document (Doc. No. 115) is best viewed as a Reply in support of plaintiff's earlier Motion for Reconsideration (Doc. No. 113).

Magistrate Saint-Marcs' July 7, 2025 First Order.

Magistrate Saint-Marcs' July 7, 2025 First Order indisputably demonstrates Magistrate Saint-Marcs' personal knowledge of Plaintiff's filings prior to the July 3, 2025 deadline.

On July 7, 2025, Magistrate Saint-Marcs second order states Plaintiff "failed to file any documents or other materials by the deadline [July 3, 2025]." Court's July 7, 2025 Second Order.

Magistrate Saint-Marcs first July 7, 2025 Order acknowledging Plaintiff's filings demonstrates Magistrate Saint-Marcs had knowledge that the statement in the Second Order

5

that Plaintiff "failed to file any documents or other materials by the deadline" is knowingly misleading, denying Plaintiff's right to seek redress with the District Judge.

## CONCLUSION

For the foregoing reasons, Plaintiff Melendez, pro se, respectfully requests the Court recuse Magistrate Talitha Saint-Marcs.

Date: August 11, 2025    Signature: /s/ *Michael Melendez, pro se*
    Name: Michael Melendez

**CERTIFICATE OF SERVICE**

I certify the foregoing (Plaintiff's Motion to Recuse Magistrate Talitha Saint-Marcs) was e-mailed to counsel for the defendant(s) at:

**Gregory Manousos**
Morgan, Brown & Joy, LLP
28 State Street, 16th Floor
Boston, MA 02109
(617) 788-5024
gmanousos@morganbrown.com

| | |
|---|---|
| Date: August 11, 2025 | Signature: /s/ *Michael Melendez, pro se* |
| | Name: Michael Melendez |