UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Melendez

    v.                                     Case No. 23-cv-172-SM-TSM
                                         Opinion No. 2025 DNH 094

University of New Hampshire, et al.

O R D E R

Plaintiff Michael Melendez, proceeding pro se, filed several motions to reconsider Magistrate Judge Saint-Marc's rulings in this case (document numbers 116, 117, and 118), which are construed as objections to the Magistrate Judge's challenged decisions under Federal Rule of Civil Procedure 72(a). Defendants object to Melendez's motions.

Background

The court provides a summary of the background for the pending motions for reconsideration as follows.

The Magistrate Judge held a preliminary pretrial conference ("PPTC") on April 7, 2025. In the resulting order adopting defendants' discovery plan, the Magistrate Judge noted that Melendez "declined to provide input on the discovery plan and failed to appear at the PPTC." Doc. no. 110, at 1.

At defendants' request, the Magistrate Judge held an informal discovery conference by video on June 16, 2025, but Melendez did not appear for the conference.[1]  She issued an endorsed order the same day directing Melendez to show cause why the court should not grant defendants leave to move to dismiss the case because of Melendez's failure to prosecute and set June 27, 2025, as the deadline for Melendez to show cause.  End. Or. June 16, 2025.

Melendez moved on June 16 for reconsideration of the Magistrate Judge's decision to hold the informal discovery conference, but his motion was docketed after the hearing.  Doc. no. 113.  Defendants objected to the motion.  The Magistrate Judge denied Melendez's motion for reconsideration in an endorsed order issued on June 27, 2025.  Five days after the endorsed order issued, Melendez filed a "motion" as a reply to defendants' objection to his motion for reconsideration.  Doc. no. 115.  On July 7, the Magistrate Judge considered Melendez's reply (document number 115) and concluded that it did not alter her decision on his motion for reconsideration.  End. Or. July 7, 2025 (First Order).  The same day, the Magistrate Judge

---

[1] Notice of the conference was docketed on June 6, 2025, along with a note that Melendez did not respond to the clerk's office's efforts to get dates for the conference.

2

issued an endorsed order that granted defendants' request for leave to move to dismiss the case for lack of prosecution.  End. Or. July 7, 2025 (Second Order).

Melendez moved for reconsideration and to strike the Magistrate Judge's June 27 endorsed order that denied his motion to reconsider her decision to hold the informal discovery conference.  Doc. no. 116.  He also moved for reconsideration of and to strike the Magistrate Judge's endorsed order, the First Order on July 7, that considered his reply but concluded that it did not alter her decision on his motion to reconsider the decision to hold the informal discovery conference.  Doc. no. 117.  Further, he moved for reconsideration of the Magistrate Judge's Second Order issued on July 7 that granted defendants leave to move to dismiss for lack of prosecution.  Doc. no. 118.

## Discussion

In each of the pending motions for reconsideration, Melendez states that the Magistrate Judge denied him his right under Rule 72 to seek review of her decision by the district judge.  He is mistaken.  Under Rule 72(a), the court reviews a party's objection to a magistrate judge's order and "must modify or set aside any part of the order that is clearly erroneous or is contrary to law."  In contrast, a motion for reconsideration

of a magistrate judge's ruling "is directed to the magistrate judge." LR 7.1(d).  Because Melendez moved for <u>reconsideration</u> of the Magistrate Judge's rulings instead of filing <u>objections</u> to those rulings, the motions for reconsideration were properly directed to the Magistrate Judge, and she properly ruled on those motions.

Despite Melendez's mistaken titles on his most recent motions, the court construed those motions as objections under Rule 72(a).  The court reviewed the Magistrate Judge's rulings, which Melendez challenges.  At bottom, Melendez believes that the informal discovery conference was not properly scheduled and argues that he was not given sufficient time to respond with dates for the conference.  Melendez demonstrates, however, that he was given notice and an opportunity to respond, but he failed to do so within the time allowed or at any time after that until the conference was over.  He also did not participate in the conference, despite having notice.

The Magistrate Judge's rulings are not clearly erroneous or contrary to law.

## Conclusion

For these reasons, plaintiff's motions for reconsideration (doc. nos. 116, 117, & 118) are denied.

4

The Magistrate Judge's rulings in Endorsed Orders issued on June 27, 2025, and July 7, 2025, are affirmed.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

August 13, 2025

cc: Michael Melendez, pro se
    Counsel of Record