UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Michael Melendez,
     Plaintiff

                          Case No. 23-cv-172-SM-TSM
     v.                        Opinion No. 2025 DNH 104

University of New Hampshire, et al.,
     Defendants


### O R D E R


Pending before the court is defendants' Motion to Dismiss for Failure to Prosecute.  See Fed. R. Civ. P. 41(b).  Plaintiff has not objected.  For the reasons discussed, that motion is granted.


### Background

More than two and a half years ago, pro se plaintiff Michael Melendez filed this suit against the University of New Hampshire and three of its employees.  Originally, he claimed defendants violated the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Fourteenth Amendment to the Constitution.  Since then, however, he has amended his complaint four times, each time adding new claims and additional

defendants (subsequent motions to amend that complaint have been denied).[1]

In his Fourth Amended Complaint, Melendez named twenty one defendants and advanced eighteen causes of action. Most have been dismissed and Melendez's viable claims have been reduced to just two: Count One, asserting violations of the ADA; and Count Fourteen, asserting that various individual defendants violated Melendez's right to procedural due process. See Report and Recommendation dated November 12, 2024 (document no. 74), approved by Order dated February 10, 2025 (document no. 100).

More recently, however, progress toward resolution of those two remaining claims has stagnated. Melendez has refused to meaningfully participate in discovery, ignored orders of the court, and focused his efforts almost entirely on challenging what he perceives to be procedural errors in the court's management of this matter and defendants' efforts to resolve it on the merits. The court need not belabor the point, but a few examples may prove illustrative.

---

[1]    In January of 2024, the court "cautioned" Melendez that "this case has been pending since March 3, 2023 and that protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend. Consequently, any further motions to amend will be viewed with greater scrutiny."

I.    <u>Court Orders and Scheduled (Mandatory) Hearings</u>.

During the course of this litigation Melendez ignored the court's order that he work with defense counsel to prepare a proposed discovery plan and then failed to attend the court-ordered preliminary pretrial conference.  <u>See</u> Endorsed Order dated April 2, 2025 ("The preliminary pretrial conference will not be canceled, and at least one counsel or representative for each party <u>will be required to attend</u>.") (emphasis supplied). <u>See also</u> Order Adopting Discovery Plan (document no. 110) ("On April 7, 2025, this court held a preliminary pretrial conference to consider a proposed discovery plan, which defendants filed on April 1, 2025.  Plaintiff declined to provide input on the discovery plan and failed to appear.").

Subsequently, Melendez neglected to attend the conference scheduled by the court specifically to address his obstructive and uncooperative conduct (discussed below).  In the wake of his failure to attend that conference, Melendez was ordered to show cause why defendants should not be granted leave to file the now-pending motion to dismiss for failure to prosecute.  He failed to respond or otherwise comply with that court directive as well.  And, as noted above, he has not responded to defendants' pending motion to dismiss.

II.  <u>Meritless Motion Practice and Delay</u>.

Since the start of this litigation, Melendez has filed roughly thirty motions of various sorts, largely focusing on perceived procedural irregularities.  Several of those were "motions to strike" various filings, or to disqualify opposing counsel.  All were denied.  <u>See, e.g.,</u> Endorsed Order dated January 30, 2025.  He has filed six "motions for reconsideration," most of which focused, again, on perceived procedural errors (such as the proper way to count days under the Federal Rules).  None resulted in granting Melendez the substantive relief he sought.  Several other of Melendez's motions have been denied without substantial discussion as meritless.  <u>See</u> Endorsed Order dated April 21, 2025.  Still others have simply been frivolous.  <u>See, e.g.,</u> Motion for Reconsideration of Order on Motion for Reconsideration (document no. 116).

Melendez's motion practice suggests that he has little desire (or intention) to actually litigate the <u>merits</u> of his claims.  Instead, he seems singularly focused on what he sees as procedural irregularities with the court's management of the case and defendants' efforts to litigate it.

III. <u>Non-Compliance with Discovery Obligations</u>.

Perhaps Melendez's most troubling conduct - and that which is preventing this case from moving forward - is his repeated failure to meet any of his discovery obligations.

On April 1, 2025, the court noted that the parties had yet to file a discovery plan.  Accordingly, it directed them to file a proposed joint discovery plan within 24 hours.  Defendants attempted to comply, but noted that they were unable to obtain Melendez's assent because he stated that "he did not intend to participate in the filing of a joint discovery plan and instead planned to file additional motions."  Defendants' Rule 26(f) Discovery Plan (document no. 109) at 1.

Later that month, defendants served Melendez with their First Set of Interrogatories.  Melendez found every question posed to him objectionable and refused to provide a single substantive response.  So, for example, in response to the request that he list each element of damages he is claiming, Melendez responded as follows:

> Objection – Misleading: Each party has a limited set
> of interrogatories.  Multiple parties submitting one
> document without any specifics confuses the number of
> interrogatories each party utilized.

> Objection – Form: Each interrogatory is to be simple
> and brief.  Defendant's question is complex.
>
> Objection – Overbroad: Defendant's question makes a
> broad request for documents, making the request
> overbroad per se.
>
> Objection – Unduly Burdensome: Defendant's question
> calls for a narrative, not allowing for a simple
> response.
>
> Objection – Unduly Burdensome: Information can be
> found on Plaintiff's complaint.

Plaintiff's Response to Interrogatories (document no. 120-3).

Melendez's responses to all other interrogatories were virtually

identical; he did not provide a substantive response to a single

one.  Melendez responded in the same manner to defendants'

request for production and refused to provide any documents

(including, for example, "any and all documents . . . relating

to or concerning plaintiff's request(s) for accommodation.").

See Plaintiff's Answer to Defendants' Request for Production

(document no. 120-4).  Melendez has also failed to provide the

initial disclosures mandated by Rule 26.  The deadline for doing

so - May 30, 2025 - passed more than three months ago.


Nevertheless, defendants reached out to Melendez and asked

whether, in accordance with the Federal Rules, he intended to

supplement his responses to their discovery requests.  He failed

to respond, prompting defendants to seek assistance from the

court.  In turn, the court scheduled a conference at which it
expected to resolve the ongoing discovery disputes.  Court staff
reached out to Melendez to find a convenient date on which to
conduct that conference, but he failed/refused to provide one.
Then, once the court scheduled that conference, Melendez failed
to attend and offered no explanation for his absence (despite
having received actual notice of the conference's time and
date).  See, e.g., Endorsed Order date June 16, 2025 ("Mr.
Melendez was aware of the informal discovery conference, as
demonstrated by his communications with the Clerk's Office on
June 13, 2025.  Once again, however, he failed to attend or
inform the court why he was unable to participate in the
conference.").  See also Order of Motions to Reconsider
(document no. 124) ("At bottom, Melendez believes that the
informal discovery conference was not properly scheduled and
argues that he was not given sufficient time to respond with
dates for the conference.  Melendez demonstrates, however, that
he was given notice and an opportunity to respond, but he failed
to do so within the time allowed or at any time after that until
the conference was over.  He also did not participate in the
conference, despite having notice.") (emphasis supplied).

In short, Melendez has refused to provide any information
regarding the factual basis for his claims, the nature of his

7

alleged disability, the accommodations he claims were requested
but denied, his alleged damages, or the witnesses he plans to
call.  Neither Melendez's conduct nor his objections to
defendants' discovery requests are consistent with his
obligation to act in good faith.  Rather, they are
obstructionist, create needless and protracted delay, and add
unnecessary costs and burdens on defendants, their counsel, and
court staff.


IV.    Defendants Seek Leave to File a Motion to Dismiss.

    Eventually, defendants sought leave of the court to file a
motion to dismiss for failure to prosecute, pursuant to Rule
41(b).  The court briefly chronicled some of Melendez's
obstructive conduct, pointing specifically to his complete
refusal to participate in the discovery process, and directed
him to show cause why that motion should not be granted.  See
Endorsed Order dated June 16, 2025.  Faced with the possibility
that his entire case might be resolved on procedural grounds
rather than on the actual merits, Melendez still elected to
remain silent and ignored the court's show cause order.


    In the absence of an objection from Melendez, the
magistrate judge granted defendants leave to file a motion to
dismiss for failure to prosecute.  Melendez has, then, been

fully and fairly warned that his case was subject to dismissal under Rule 41(b). Nevertheless, he has, once again, chosen not to respond and the date for objecting to defendants' motion has passed. Instead, consistent with his established pattern in this litigation, Melendez filed yet another motion - this one seeking the recusal of the magistrate judge (document no. 123).

Parenthetically, the court notes that Melendez engaged in similar dilatory conduct before the Court of Appeals. On October 09, 2024, he filed an interlocutory appeal of this court's order denying his motion to "supplement" his Fourth Amended Complaint. See Notice of Interlocutory Appeal (document no. 66). The Court of Appeals directed Melendez to respond to a show cause order. He ignored that order. In response, the court dismissed his appeal "for lack of diligent prosecution." See Judgment in Case no. 24-1923 (March 26, 2025) (citing First Circuit Local Rule 3.0(b)).

## Discussion

Rule 41 of the Federal Rules of Civil Procedure, entitled "Dismissal of Actions," provides that:

> If the plaintiff fails to prosecute or to comply with
> these rules or a court order, a defendant may move to
> dismiss the action or any claim against it. Unless
> the dismissal order states otherwise, a dismissal

> under this subdivision (b) and any dismissal not under
> this rule — except one for lack of jurisdiction,
> improper venue, or failure to join a party under Rule
> 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  In discussing the provisions of Rule
41(b), the Court of Appeals has made the following observations:

> Rule 41(b) of the Federal Rules of Civil Procedure
> expressly authorizes a district court to dismiss a
> case for failure of the plaintiff to prosecute or
> comply with any order of court.  Dismissal with
> prejudice is a harsh sanction, which should be
> employed only when a plaintiff's misconduct has been
> extreme, and only after the district court has
> determined that none of the lesser sanctions available
> to it would truly be appropriate.  A finding of
> extreme misconduct is justified if there is extremely
> protracted inaction, disobedience of court orders,
> ignorance of warnings, contumacious conduct, or some
> other aggravating circumstance such as prejudice to
> the defendant, glaring weaknesses in the plaintiff's
> case, and the wasteful expenditure of a significant
> amount of the district court's time.

Est. of Solis-Rivera v. United States, 993 F.2d 1, 2-3 (1st Cir.
1993) (emphasis supplied; citations and internal punctuation
omitted).  The court is certainly mindful that parties' claims
should, whenever possible, be resolved on the merits.
Nevertheless, in this case nearly all of the factors listed
above (as well as Melendez's failure to object) counsel in favor
of granting defendants' motion to dismiss.

As noted, Melendez has failed to comply with several orders
of the court, either directing him to respond to a pending
motion or ordering him to attend a court-scheduled conference or
hearing.  He has also refused to meaningfully participate in
discovery (despite the court's efforts to intervene and resolve
any disputes).  That, in turn, has significantly delayed
resolution of this matter and prejudiced defendants by wholly
impeding their ability to understand precisely what Melendez is
claiming and to gather evidence in their own defense.

Melendez has repeatedly been advised that continued
misconduct could result in sanctions.  See, e.g., Order on
Motions for Sanctions (document no. 88) at 14 ("Attorney
Manousos warned Melendez that defendants would seek sanctions if
plaintiff proceeded to 'present demonstrably false statements to
the Court' by filing his Motion to Supplement.  Melendez filed
his Motion to Supplement despite the evidence and warning he
received from Attorney Manousos.  Thus, the record indicates
that his Motion to Supplement lacked a sufficient factual basis
to support the proposed claims.") (emphasis supplied); id. at 16
("Melendez is cautioned that by signing pleadings filed in this
court, all parties certify to the court their reasonable belief
that their pleadings are filed with a proper purpose, that their
claims and defenses are warranted, and that their allegations

and denials of allegations have evidentiary support.  Any
violations of Rule 11(b) in this case <u>may result in sanctions</u>
against the offending party.") (emphasis supplied; citations
omitted).


Melendez was also aware that his behavior over the course
of this litigation exposed him to the even more severe sanction
of dismissal.  On June 16, 2025, the court ordered Melendez to
show cause why defendants should not be granted leave to file a
motion to dismiss under Rule 41(b).  He was given until June 27
to respond.  <u>See</u> Endorsed Order dated June 16, 2025.  Despite
the court's clear directive, Melendez failed to respond.
Nevertheless, the court, acting sua sponte, afforded Melendez
additional time (until July 3) to respond to its show cause
order.  <u>See</u> Endorsed Order dated June 27, 2025.  Again, however,
Melendez failed to answer or engage.  Accordingly, the court
granted defendants leave to file the Rule 41(b) motion to
dismiss.  <u>See</u> Endorsed Order dated July 7, 2025.  And, finally,
even when defendants filed their motion to dismiss, Melendez
again failed to respond, offering neither an explanation nor an
excuse for his conduct.


The actions described above are not consistent with mere
oversight or confusion on the part of an inexperienced pro se

litigant.  Rather, they reflect conscious and deliberate acts of
defiance with the apparent aim of delaying (or even preventing)
the court from reaching the merits of Melendez's remaining
claims.  Those tactics have imposed significant burdens on
defendants and this court, substantially delayed resolution of
this matter, and prejudiced defendants' ability to present a
defense.

## Conclusion

Melendez has demonstrated a pattern of noncompliance,
neglect, and intentional disregard for both the Federal Rules of
Civil Procedure and court orders.  He has repeatedly ignored
court directives and deadlines and, critically, he has failed to
meaningfully participate in any aspect of the discovery process.
His responses to discovery requests were not made in good faith
and consisted solely of rote meritless objections.  When
defendants reminded him of his discovery obligations under the
Federal Rules, he refused to engage.  Then, without explanation
or notice to the court, he failed to attend the court-scheduled
conference that was convened to resolve the very discovery
impasse that Melendez had created.  And, perhaps most tellingly,
when faced with defendants' pending motion to dismiss, Melendez
chose to remain silent and has offered the court no reason to
deny that motion.

The picture that emerges is one of a plaintiff who is unconstrained by court orders, rules, and procedures, singularly focused on meritless distractions, and, perhaps more importantly, one who seems to have little interest in actually litigating the merits of his claims.  Nevertheless, defendants, court staff, and the court itself have all patiently accommodated Melendez due to his pro se status and attempted to get him back on track.  Those efforts have proved unsuccessful and the court is not inclined to indulge his behavior any longer.  The time has come to dismiss the case, as Melendez has plainly demonstrated that no lesser sanction would induce him to comply with his obligations under the Federal Rules and the directives of the court - particularly those relating to his discovery obligations.  See generally Goguen v. Allen, 780 F.3d 437, 457 n.58 (1st Cir. 2015) ("We have long held, and oft repeated, that pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules."); Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998) ("litigants have an unflagging duty to comply with clearly communicated case-management orders, and this duty extends even to litigants who proceed pro se.").

14

For the forgoing reasons, as well as those set forth in defendants' memorandum (document no. 120), defendants' Motion Requesting Dismissal for Failure to Prosecute (**document no. 119**) is granted. Plaintiff's complaint is dismissed with prejudiced. See Fed. R. Civ. P. 41(b).

Plaintiff's Motion for Recusal of the Magistrate Judge (**document no. 123**), as well as his Motion for Reconsideration of Order on Motion for Reconsideration (**document no. 126**), are denied as both meritless and moot. The Clerk of Court shall enter judgment in accordance with this order and close the case.

      **SO ORDERED.**

                                     Steven J. McAuliffe
                                    United States District Judge

September 8, 2025

cc:  Michael Melendez, pro se
     Counsel of Record

15